UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALAN COOPER,

    Plaintiff,

v.

Civil No.

JOHN LAWRENCE STEELE, PRENDA
LAW, INC., AF HOLDINGS, LLC AND
INGENUITY13, LLC,

    Defendant.

## NOTICE OF REMOVAL

Defendant John Steele ("Steele") hereby removes this action, entitled *Alan Cooper v. John Lawrence Steele, Prenda Law, Inc., AF Holdings, LLC, Ingenuity13, LLC*, from Hennepin County, Minnesota District Court to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for removal states as follows:

1.     This action was commenced by plaintiff Alan Cooper by service of process on Steele on January 25, 2013. Attached for filing is a true and correct of the Complaint, as well as of the Notice of Filing of Notice of Removal, which will be filed with the Clerk of the Fourth Judicial District Court of the County of Hennepin, Minnesota. The other defendants listed in the Complaint are Prenda Law, Inc., AF Holdings LLC and Ingenuity13, LLC. Prenda Law, Inc. was served on March 13, 2013. Neither AF Holdings LLC nor Ingenuity13 LLC has been served with process.

2. The Complaint asserts state-law claims for violations of the Minnesota Deceptive Trade Practices Act (Minn. Stat. § 325D.44), and for state common-law claims of invasion of privacy, civil conspiracy and alter-ego liability. (Complaint, ¶¶ 42-92.)

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and thus removal is proper under 28 U.S.C. § 1441(a). Plaintiff is a citizen of Minnesota and the Defendants are not; Defendant Steele is a citizen of Florida, Defendant Prenda Law, Inc. was incorporated in Illinois with its principal place of business in Illinois; Defendants AF Holdings, LLC and Ingenuity13, LLC were organized under the laws of the Federation of St. Kitts and Nevis and their principal places of business are not in Minnesota. (Complaint, ¶¶ 2-6.) Plaintiff seeks monetary damages, injunctive relief, declaratory relief and punitive damages, the amount of which could exceed $75,000, exclusive of interests and costs.

4. The Order issued September 13, 2013, which denied Plaintiff's motion for default judgment against Prenda Law, Inc., and granted Plaintiff leave to amend his complaint to add a claim for punitive damages, was the first pleading, motion, order, or other paper in this action from which Steele could have ascertained that the amount in controversy in this case could exceed $75,000. The case stated by the Complaint was not removable because the amount in controversy was not ascertainable on the face of the Complaint. In a motion for default judgment that was served on Prenda Law, Inc., but not received by Steele through "service or otherwise", *see* Certificate of Service, Pl.'s Mtn. for Default Judgment, Plaintiff sought $4.6 million in damages. The September 13, 2013 Order, which was served on Steele, referenced Plaintiff's motion for default judgment

and was the first time Steele received notice of the amount in controversy through "service or otherwise." 28 U.S.C. § 1446(b)(3). This Notice is filed within thirty (30) days of receipt of service of the September 13, 2013, Order and is therefore timely pursuant to 28 U.S.C. § 1446(b).

5. Consistent with 28 U.S.C. § 1446(a), Steele is providing this Notice, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This Notice has been prepared and signed by Steele pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Id.*

6. Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Fourth Judicial District Court of the County of Hennepin, Minnesota.

7. By filing this Notice of Removal, Steele expressly preserves and does not waive any defenses that may be available to him. Moreover, by seeking to prove that the amount in controversy is greater than the jurisdictional amount, Steele does not concede that the jurisdictional amount is recoverable. Rather, Steele denies that any amount or relief is recoverable by Plaintiff.

8. All of the defendants have consented to removal.

WHEREFORE, Steele requests that this case proceed in this Court as an action properly removed thereto.

/s/ John Steele
Pro se
1111 Lincoln Road Suite 400
Miami Beach, Florida 33139