Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

13-cv-2622

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| Alan Cooper,<br><br>       Plaintiff<br><br>v.<br><br>John Lawrence Steele, Prenda Law Inc., AF Holdings, LLC, Ingenuity13, LLC,<br><br>       Defendants | Court File No.:<br><br><br>**SUMMONS** |



SCANNED
SEP 2 4 2013
U.S. DISTRICT COURT MPLS

THIS SUMMONS IS DIRECTED TO JOHN LAWRENCE STEELE.

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at **100 South Fifth Street, Suite 1900, Minneapolis, MN 55402.**

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

    5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

written Answer to protect your rights or you may lose the case.

6.    **ALTERNATIVE DISPUTE RESOLUTION.**    The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.    You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_____       ____1_/_23_/_2013_____

Plaintiff's attorney's signature                            Dated

Paul Godfread
Godfread Law Firm, P.C.
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
612-284-7325
paul@godfreadlaw.com

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

STATE OF MINNESOTA                                    DISTRICT COURT
COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| Alan Cooper,<br><br>        Plaintiff<br><br>v.<br><br>John Lawrence Steele, Prenda Law Inc., AF Holdings, LLC, Ingenuity13, LLC,<br><br>        Defendants | Court File No.:<br><br><br>**Complaint** |

Alan Cooper, for his Complaint states and alleges as follows:

## INTRODUCTION

Defendant John Steele and the law firm Prenda Law, Inc. have falsely used Plaintiff Alan Cooper's name as an officer or director of two St. Kitts & Nevis based limited liability companies for the purpose of concealing the their true owners and to defraud others. All Defendants have worked together and used Plaintiff's name in furtherance of their scheme to demand settlements relating to alleged copyright infringement from individuals across the nation. Plaintiff asks this court for damages and injunctive relief so that he can be compensated for unlawful use of his name and to prevent any further unlawful use.

## JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Mille Lacs County, Minnesota.

2. Defendant John Lawrence Steele is an individual residing in Cook County, IL. Steele's tortious conduct described in this Complaint was directed at Minnesota and he has knowingly caused the injuries described in this Complaint within Minnesota.

1

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

Furthermore, he also owns land in Aitkin County, MN. Therefore he is subject to personal jurisdiction pursuant to Minn. Stat. § 543.19.

3. Defendant Prenda Law, Inc. is a corporation with principal offices in Chicago, Illinois. Prenda has directed its tortious activities described in this Complaint towards individuals residing in the State of Minnesota and otherwise directed its business activities within the State of Minnesota including filing lawsuits within the State and sending settlement demands to residents of Minnesota.

4. Defendant Prenda Law, Inc. has at various times operated under the names "Steele Hansmeier, PLLC" and "Anti Piracy Law Group" but these entities are either identical, alter-ego identities, or are successor or predecessor firms. All of these law firms have the same principals, business model, and clients.

5. Defendant AF Holdings, LLC is a Nevis based limited liability company and has brought several lawsuits in the State of Minnesota fraudulently using Plaintiff's name as an officer or director. AF Holdings, LLC's conduct directed at Minnesota subjects it to personal jurisdiction within the state because this lawsuits arises out of its activities within Minnesota.

6. Defendant Ingenuity13, LLC is a Nevis based limited liability company and has brought several lawsuits in the State of Minnesota fraudulently using Plaintiff's name as an officer or director. Ingenuity13, LLC's conduct directed at Minnesota subjects it to personal jurisdiction within the state because this lawsuits arises out of its activities within Minnesota.

7. Venue is appropriate in Hennepin County because the tortious acts occurred in part within Hennepin County, including the use of Alan Cooper's name, by Defendants and for the benefit of Defendants in lawsuits filed in the U.S. District Court for the

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

District of Minnesota, located in Hennepin County.

## FACTS

8. Plaintiff had been hired in 2006 as a caretaker for a property Steele owns in Aitkin County.

9. Plaintiff was allowed to stay in a guest house on the property and helped with remodeling and general maintenance of the property.

10. While visiting his property, Steele had on several occasions discussed his plans and early successes in carrying out a massive, nationwide copyright enforcement litigation strategy.

11. Steele had also told Plaintiff that if anyone asked about any companies, that Plaintiff was not to answer and to call Steele directly.

12. Plaintiff confronted Steele, but was unable to determine what companies Steele was talking about.

13. Steele has in fact sued tens of thousands of individuals for copyright infringement nationwide.

14. Plaintiff has not participated in any part of Steele's litigation activities.

15. Steele and his law firm, Steele Hansmeier, PLLC, now known as Prenda Law, Inc. have gained significant attention due to the scope of their litigation.

16. Steele claims that he is merely "of counsel" with Prenda Law, Inc., but in fact controls operations at Prenda Law, Inc.

17. Sometime in November 2012, Plaintiff was informed that his name was being used as an officer or director of AF Holdings, LLC, a client of Prenda Law, Inc.

18. In various lawsuits filed in the past year, AF Holdings, LLC through its counsel has filed copies of copyright assignment agreements that bear the signature of an "Alan

3

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

Cooper" signing on behalf of AF Holdings, LLC.

19. A copy of one such assignment is attached as Exhibit A to this Complaint.

20. The signature of "Alan Cooper" in Exhibit A was not made by Plaintiff.

21. On at least one occasion, an "Alan Cooper" has acted as the manager of another client of Prenda Law, Ingenuity13, LLC.

22. A copy of one such document is attached as Exhibit B to this Complaint.

23. Again, Plaintiff did not sign the document shown as Exhibit B.

24. As described above, Steele and Plaintiff entered into an agreement for Cooper to care for Steele's property, a copy of that agreement is attached as Exhibit C.

25. Steele and the other Defendants used the signature in Exhibit C or another of Plaintiff's signatures as the model for creating the signature that appears on Exhibit A.

26. AF Holdings, LLC has filed over 200 copyright lawsuits in federal district courts across the nation within the past year.

27. Ingenuity13, LLC has filed over 50 copyright lawsuits in federal district courts across the nation within the past year.

28. All Defendants knew that Plaintiff's name was being used, without Plaintiff's knowledge, as an officer, director, or shareholder of both AF Holdings, LLC and Ingenuity13, LLC.

29. All Defendants intended to use Alan Cooper's name for their own benefit on AF Holdings, LLC and Ingenuity13, LLC documents.

30. All Defendants have in fact benefited from using Plaintiff's name for their own benefit on AF Holdings, LLC and Ingenuity13, LLC documents.

31. Defendants knew that Alan Cooper had not authorized the use of his name or signature on AF Holdings, LLC and Ingenuity13, LLC documents.

4

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

32. Both Steele and Prenda Law, Inc. participated in the creation of AF Holdings, LLC and Ingenuity13, LLC.

33. Defendants Steele and Prenda Law have actual control of Defendants AF Holdings LLC and Ingenuity13, LLC.

34. AF Holdings, LLC and Ingenuity13, LLC exist solely as instruments of Steele and Prenda Law, Inc.

35. Both Steele and Prenda Law, Inc. chose to organize AF Holdings, LLC and Ingenuity13, LLC in the nation of St. Kitts & Nevis because of the strict corporate privacy laws in that country.

36. Plaintiff's counsel made several attempts to contact Defendants about the use of the name "Alan Cooper" in lawsuits by AF Holdings, LLC and Ingenuity13, LLC.

37. Defendant Steele, when he heard that Prenda Law, Inc. had been contacted by Plaintiff's counsel did not respond to Plaintiff's counsel but rather called Plaintiff several times within a matter of minutes.

38. Despite repeated requests by Plaintiff's counsel, Defendants have not offered any explanation as to why Alan Cooper's name appears on documents relating to lawsuits filed by AF Holdings, LLC and Ingenuity13, LLC.

39. Plaintiff through his counsel filed the letter attached as Exhibit D in cases filed by AF Holdings, LLC and Ingenuity13, LLC in the District of Minnesota.

40. Defendants have claimed that the letter is "false" but have never attempted to explain what in particular about the allegations contained within that letter are false.

41. Defendants have never identified another person by the name of Alan Cooper who could plausibly have signed the documents shown as Exhibit A or Exhibit B.

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

## COUNT I

## INVASION OF PRIVACY - APPROPRIATION

42. Plaintiff repeats and realleges the above as if fully set forth below.

43. Defendants have appropriated Plaintiff's name for their own benefit.

44. Defendants did not have Plaintiff's permission to use his name to sign documents on behalf of AF Holdings, LLC or Ingenuity13, LLC

45. Defendants knew that the did not have Plaintiff's permission to use his name to sign documents on behalf of AF Holdings, LLC or Ingenuity13, LLC

46. Defendants intended to benefit and in fact did benefit by using Alan Cooper's name for corporate documents to conceal the true identities of officers, directors, and shareholders of AF Holdings, LLC and Ingenuity13, LLC.

## COUNT II

## VIOLATION OF MINN. STAT. § 325D.44

47. Plaintiff repeats and realleges the above as if fully set forth below.

48. Defendants, working in concert, have engaged in the following deceptive trade practices prohibited by Minn. Stat. § 325D.44.

49. By using Plaintiff's name as if he had signed documents on their behalf, Defendants have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

50. Plaintiff is not the source of any of Defendants' goods or services and has never sponsored, approved or certified any of Defendants' goods or services.

51. By using Plaintiff's name in connection with documents signed on behalf of AF Holdings, LLC and Ingenuity13, LLC, Defendants have caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or

6

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

certification by, another, namely Alan Cooper.

52. Plaintiff has no affiliation, connection, or association with Defendants and has never certified Defendants or their actions.

53. By filing documents in court, bearing Plaintiff's name, Defendant Prenda Law, Inc. has created the false appearance of affiliation, connection, association, or certification of Defendants' activities

54. Defendants actions, taken as a whole, create a likelihood that there would be confusion or misunderstanding relating to whether Alan Cooper was involved in any way with Defendants and their business activities.

## COUNT III

## CIVIL CONSPIRACY

55. Plaintiff repeats and realleges the above as if fully set forth below

56. All Defendants have entered an agreement to use Plaintiff's name as if he were an officer or director of Defendants AF Holdings, LLC and Ingenuity13, LLC.

57. The use of Plaintiff's name in this manner is both unlawful and tortious.

58. By entering into this agreement, all Defendants have conspired to commit tortious acts as described within this Complaint.

59. Plaintiff has been damaged by these unlawful and tortious acts.

60. Each Defendant must therefore be held liable for any tortious act committed by any other Defendant.

## COUNT III

## ALTER EGO - PIERCING CORPORATE VEIL - AF HOLDINGS, LLC

61. Plaintiff repeats and realleges the above as if fully set forth below.

62. AF Holdings, LLC is not a properly organized limited liability corporation.

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

63. Upon information and belief, AF Holdings, LLC is a mere instrumentality of Steele and Prenda Law, Inc.

64. AF Holdings, LLC has never had an officer or director named Alan Cooper who signed the document shown as Exhibit A.

65. Upon information and belief, either Steele or someone working at his request signed the document as "Alan Cooper" shown as Exhibit A.

66. Upon information and belief, AF Holdings, LLC has no true officers or directors.

67. Upon information and belief, AF Holdings, LLC has fraudulently used Plaintiff's name and thereby used the LLC to perpetrate a fraud.

68. Upon information and belief, AF Holdings, LLC is and at all times was insufficiently capitalized for purposes of corporate undertaking.

69. Upon information and belief, AF Holdings, LLC observed little or no corporate formalities.

70. Upon information and belief, AF Holdings, LLC was insolvent or non-existent at time of the copyright assignment in question and throughout 2012 when it initiated numerous lawsuits.

71. Upon information and belief, AF Holdings, LLC's funds, to the extent it had any, were used solely for the benefit of the dominant members.

72. Upon information and belief, AF Holdings, LLC did not have functioning officers or directors other than its attorneys including Defendant John Steele.

73. Upon information and belief, AF Holdings, LLC has little or no corporate records.

74. Upon information and belief, AF Holdings, LLC's existence was a mere facade for individual dealings of its dominant members.

75. For the reasons above, AF Holdings, LLC's owners or members must be liable for AF

8

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

Holdings, LLC's actions.

## COUNT IV

### ALTER EGO - PIERCING CORPORATE VEIL - INGENUITY13, LLC

76. Plaintiff repeats and realleges the above as if fully set forth below.

77. Ingenuity13, LLC is not a properly organized limited liability corporation.

78. Upon information and belief, Ingenuity13, LLC is a mere instrumentality of Steele and Prenda Law, Inc.

79. Ingenuity13, LLC has never had an officer or director named Alan Cooper who could have signed the document shown as Exhibit B.

80. Defendant Prenda Law, Inc. is obligated to retain the original signed version of the document shown as Exhibit B.

81. Plaintiff's counsel has requested to see or to be provided with a copy of the original signed version of the document shown as Exhibit B.

82. Defendants have not produced for Plaintiff's counsel copies of the signed version of the document shown as Exhibit B.

83. Upon information and belief, Ingenuity13, LLC has no true officers or directors.

84. Upon information and belief, Ingenuity13, LLC has fraudulently used Plaintiff's name and thereby used the LLC to perpetrate a fraud.

85. Upon information and belief, Ingenuity13, LLC is and at all times was insufficiently capitalized for purposes of corporate undertaking.

86. Upon information and belief, Ingenuity13, LLC observed little or no corporate formalities.

87. Upon information and belief, Ingenuity13, LLC was insolvent or non-existent at time of the copyright assignment in question and throughout 2012 when it initiated

9

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

numerous lawsuits.

88. Upon information and belief, Ingenuity13, LLC's funds, to the extent it had any, were used solely for the benefit of the dominant members.

89. Upon information and belief, Ingenuity13, LLC did not have functioning officers or directors other than its attorneys including Defendant John Steele.

90. Upon information and belief, Ingenuity13, LLC has little or no corporate records.

91. Upon information and belief, Ingenuity13, LLC's existence was a mere facade for individual dealings of its dominant members.

92. For the reasons above, Ingenuity13, LLC's owners or members must be liable for Ingenuity13, LLC's actions.

## COUNT V

### ALTER EGO - PIERCING CORPORATE VEIL - PRENDA LAW, INC.

93. Plaintiff repeats and realleges the above as if fully set forth below.

94. Prenda Law, Inc. was an Illinois based corporation engaged in the practice of law.

95. Prenda Law, Inc. was not properly organized as a professional services corporation under Illinois law, as required of law firms organized as corporations.

96.  Prenda Law, Inc. did not file an annual renewal due in late 2012.

97. Despite having not filed an annual renewal, Prenda Law, Inc. continued to provide legal services including litigating cases on behalf of AF Holdings, LLC and Ingenuity13, LLC which made use of documents purportedly signed by Plaintiff.

98. Upon information and belief, Prenda Law, Inc. is a mere instrumentality of Steele.

99. Upon information and belief, officers of Prenda Law, Inc. have fraudulently used Plaintiff's name and thereby used the corporation to perpetrate a fraud.

100. Upon information and belief, Prenda Law, Inc. is and at all times was insufficiently

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

capitalized for purposes of corporate undertaking.

101. Upon information and belief, Prenda Law, Inc. observed little or no corporate formalities.

102. Upon information and belief, Prenda Law, Inc. was insolvent or non-existent at time of transaction in question.

103. Upon information and belief, Prenda Law, Inc.'s funds, to the extent it had any, were used solely for the benefit of the dominant shareholder.

104. Upon information and belief, Prenda Law, Inc. has little or no corporate records.

105. Upon information and belief, Prenda Law, Inc. was controlled by individuals other than its shareholders.

106. Upon information and belief, Prenda Law, Inc.'s existence was a mere facade for individual dealings of Steele.

107. For the reasons above, Prenda Law, Inc.'s owners or shareholders must be liable for it's actions.


WHEREFORE, Plaintiff Alan Cooper prays for judgment of the Court against the Defendants for the following relief:

1.      Monetary damages against all parties;

2.      Reasonable costs and disbursements;

3.      Injunctive relief, including, an order forbidding the further use of Plaintiff Alan Cooper's name in connection with any of Defendants' activities;

4.      Declarative relief, including, a determination that Plaintiff never acted signed documents on behalf of AF Holdings, LLC or Ingenuity13, LLC and has never been an officer or director of AF Holdings, LLC or Ingenuity13, LLC;

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

5.      Leave of the Court to amend this Complaint to add a claim for punitive

damages;

6.      For such other relief as the Court determines to be fair and equitable.


Dated: January 23, 2013                    GODFREAD LAW FIRM, PC

By: _____
Paul Godfread (389316)
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
(612) 284-7325

Attorney for Plaintiff, Alan Cooper




## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable

attorney and witness fees may be awarded pursuant to Minnesota Statutes § 549.211,

subd. 2, to the party against whom the allegations in this pleading are asserted.


Dated: January 22, 2013                    GODFREAD LAW FIRM, PC

By: _____
Paul Godfread (389316)


12

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

# Exhibit A

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

## COPYRIGHT ASSIGNMENT AGREEMENT

This Copyright Assignment Agreement is dated effective as of December 20, 2011, by and among Heartbreaker Digital LLC ("Assignor") and AF Holdings, LLC, a Nevis limited liability company ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.    Assignment. Assignor hereby irrevocably assigns, conveys and otherwise transfers to Assignee, and its respective successors, licensees, and assigns, all rights, title and interest worldwide in and to that certain work titled "Popular Demand" and associated with copyright registration number PA0001754383 (collectively the "Work") and all proprietary rights therein, including, without limitation, all copyrights, trademarks, design patents, trade secret rights, moral rights, and all contract and licensing rights, and all claims and causes of action of respect to any of the foregoing, whether now known or hereafter to become known. In the event Assignor has any right in the Work which cannot be assigned, Assignor agrees to waive enforcement worldwide of such right against Assignee, its distributors, and customers or, if necessary, exclusively license such right worldwide to Assignee. These rights may be assigned by Assignee.

2.    Representations and Warranties. Assignor represents and warrants that: (a) the Work was created solely by Assignor, Assignor's full-time employees during the course of their employment, or independent contractors who assigned all right, title and interest in their work to Assignor; (b) Assignor is the owner of all rights, title and interest in the tangible forms of the Work and all intellectual property rights protecting them; (c) the Work and the intellectual property rights protecting them are free and clear of all encumbrances, including, without limitation, security interests, licenses, liens, charges or other restrictions; (d) the use, reproduction, distribution, or modification of the Work does not and will not violate the rights of any third parties in the Work including, but not limited to, trade secrets, publicity, privacy, copyrights, and patents; (e) the Work is not in the public domain; and (f) Assignor has full power and authority to make and enter into this Agreement. Assignor agrees to defend, indemnify, and hold harmless Assignee, its officers, directors and employees for any claims, suits or proceedings alleging breach of these warranties.

3.    Entire Agreement. This Agreement constitutes the entire agreement between Assignor and Assignee with respect to the subject matter herein and supersedes any prior or contemporaneous agreements, written or oral.

4.    Modifications. This Agreement may be modified only by a written agreement signed by both Assignor and Assignee.

5.    Governing Law. This Agreement shall be governed by and enforced in accordance with the State of California and the Ninth Circuit, without giving effect to any conflicts of laws principles.

CASE 0:12-cv-01449-JNE-FLN    Document 15-2    Filed 11/07/12    Page 3 of 3

6.      **Severability**. If one or more provisions of this Agreement are held to be illegal or unenforceable under applicable law, such illegal or unenforceable portion(s) shall be limited or excluded from this Agreement to the minimum extent required so that this Agreement shall otherwise remain in full force and effect and enforceable in accordance with its terms.

7.      **Assignment**. Assignee may assign or otherwise transfer this Agreement without consent or notice.

8.      Perfection. Assignors agree at the request and expense of Assignee to execute any documents or perform any actions which Assignee may request to perfect this assignment or otherwise implement this Agreement. Assignor agrees that this assignment may be submitted by Assignee to the United States Copyright Office to reflect the assignment.

9.      **Confidentiality**. Neither party shall reveal the terms of this Agreement to any third party unless ordered to do so by a court of competent jurisdiction.

10.     Jurisdiction. Each party agrees to submit to the exclusive personal jurisdiction and venue of the courts of the Island of Nevis with respect to any disputes arising hereunder.

Agreed and Accepted as of the first date written above.

_____                    _____
Raymond Rogers, on behalf of:                       Alan Cooper, on behalf of:

**Assignor**                                         **Assignee**
Heartbreaker Digital LLC                             AF Holdings, LLC

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

# Exhibit B

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Petitioner*

# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter Of a Petition By | ) |
| | ) |
| INGENUITY13 LLC, | )    **No.** |
| | ) |
| | )    Judge: |
| | ) |
| | )    **VERIFIED PETITION TO** |
| | )    **PERPETUATE TESTIMONY** |
| | ) |
| _____ | ) |

      1.     Petitioner Ingenuity13 LLC by and through its undersigned attorney, hereby petitions this Court for an order pursuant to Federal Rule of Civil Procedure 27 authorizing the issuance of subpoenas *duces tecum* to the Internet Service Providers ("ISPs") listed on Exhibit A to this petition.

      2.     Petitioner is limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis. Petitioner produces adult entertainment content and this content is being unlawfully reproduced and distributed over the Internet via the BitTorrent file transfer protocol. An individual or individuals wrongfully reproduced and distributed Petitioner's copyrighted works via the BitTorrent protocol in violation of Petitioner's exclusive rights under United States Copyright Act, 17 U.S.C. §§ 101, *et seq*. Petitioner anticipates bringing a civil action against the person or persons engaging in such unlawful activity. This action would be cognizable in a United States court as United States courts have exclusive jurisdiction over copyright actions. Without knowing the identity or identities of the anonymous infringers, Petitioner has no means to

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

1  name and serve the individual or individuals in an action with summons and complaint. The purpose

2  of this petition is to ascertain these identity or identities.

3         3.    Petitioner seeks the name, address, telephone number, e-mail address and

4  Media Control Access number of each account holder associated with the Internet Protocol ("IP")

5  addresses listed on Exhibit B to this petition. Each of the IP addresses was identified by Petitioner's

6  agents as being associated with infringing activity on the corresponding dates and times listed on

7  Exhibit B. The reasons to perpetuate the testimony are multiple. First, without this information

8  Petitioner has no means to name and serve a complaint on the infringing parties. Second, on

9  information and belief, this information is destroyed in the regular course of business and will be

10  unavailable to Petitioner after it is destroyed. An example of an ISP's data retention policy is shown

11  as Exhibit C. Finally, under the Cable Communications Policy Act, 47 U.S.C. § 551(c)(2)(B), a court

12  order is necessary to discover an account holder's identity.

13         4.    The names and addresses of the person or persons whom Petitioner expects to

14  be adverse parties are unknown to Petitioner. The individual or individuals responsible for infringing

15  Petitioner's works are known to Petitioner only by an IP address—a number that is assigned to

16  devices, such as computers, that are connected to the Internet. Petitioner used geolocation to trace

17  the IP addresses of the expected adverse party or parties to a point of origin within the State of

18  California.

19         5.    The name and address of each responding party is set forth on Exhibit A to

20  this petition. Petitioner is seeking the name, address, telephone number, e-mail address and Media

21  Control Access number of each account holder associated with the Internet Protocol ("IP") addresses

22  listed on Exhibit B to this petition.

23              **FACTUAL ALLEGATIONS**

24         6.    Petitioner is the owner of the copyright for the motion picture set forth in

25  Exhibit D to this petition.

26         7.    As set forth below, Petitioner has actionable claims for direct and contributory

27  copyright infringement and a claim for civil conspiracy against the individual or individuals who

28

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

1    engaged in infringing activities via the IP addresses set forth on Exhibit B hereto based on the

2    parties' use of the BitTorrent protocol to illegally reproduce and distribute Petitioner's work(s).

3    **A. The Unknown Infringers used BitTorrent to Infringe Petitioner's Copyrights**

4            8.     BitTorrent is a modern file sharing method ("protocol") used for distributing

5    data via the Internet. BitTorrent protocol is a decentralized method of distributing data. Instead of

6    relying on a central server to distribute data directly to individual users, the BitTorrent protocol

7    allows individual users to distribute data among themselves by exchanging pieces of the file with

8    each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol, every

9    user simultaneously receives information from and transfers information to one another.

10           9.     The BitTorrent protocol is an extremely popular method for transferring data.

11    A group of individuals transferring data among one another (the "swarm") will commonly include

12    peers from many, if not every, state in the United States and several countries around the world. And

13    every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of

14    other peers.

15          10.     The BitTorrent protocol is also an extremely popular method for unlawfully

16    copying, reproducing, and distributing files in violation of the copyright laws of the United States. A

17    broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of

18    media are available for illegal reproduction and distribution via the BitTorrent protocol.

19          11.     Efforts at combating BitTorrent-based copyright infringement have been

20    stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from

21    unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy

22    efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and

23    efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy

24    measures.

25          12.     The infringing parties in this action were all observed using the BitTorrent

26    protocol to unlawfully reproduce and distribute Plaintiff's copyrighted work by exchanging pieces

27    with one another either directly or via a chain of data distribution.

28

**VERIFIED PETION TO PERPETUATE TESTIMONY**

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

**B.  Each infringer installed a BitTorrent Client on his or her computer**

13.    The individual or individuals associated with the infringing activity installed a BitTorrent Client onto his or her computer(s). Normal commercial computers do not come pre-loaded with BitTorrent software. Each infringer must have separately installed on their respective computers special software that allows peer-to-peer sharing of files by way of the Internet.  The infringers use software known as BitTorrent clients. Among the most popular BitTorrent clients are Vuze (formerly Azureus), µTorrent, Transmission and BitTorrent 7, although many others are used as well.

14.    Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

**C.  The Initial Seed, Torrent and Tracker**

15.    A BitTorrent user who wants to upload a new file, known as an "Initial Seeder," starts by creating a "torrent" descriptor file using the client he or she installed onto his or her computer. The Client takes the target computer file, the "initial seed," in this case, one of the copyrighted Works, and divides it into identically sized groups of bits known as "pieces." The Client then gives each one of the computer file's pieces, in this case, pieces of one of the copyrighted works, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the torrent file.

16.    When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test whether the piece is free of errors. In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and ensure that the piece is authentic and uncorrupted.

17.    Torrents files also have an "announce" section, which specifies the Uniform Resource Locator ("URL") of a "tracker" and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by the Client on peer computers to verify the integrity of the data they receive. The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides

peers with the URL address(es). The tracker computer or computers direct a peer user's computer to another peer user's computer that have particular pieces of the file, in this case, one of the copyright Works on them, and facilitates the exchange of data among the computers. Depending on the BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized tracking).

**D. Torrent Sites**

18.    "Torrent Sites" are websites that index torrent files that are currently being made available for copying and distribution by the people using the BitTorrent protocol. There are numerous torrent websites, such as www.torrentz.eu or thepiratebay.org.

19.    Upon information and belief, each infringer went to a torrent site to upload and download one of the Petitioner's copyrighted Works.

**E. Uploading and Downloading a Work Through a BitTorrent Swarm**

20.    Once the initial seeder has created a torrent and uploaded it onto one or more torrent sites, then other peers begin to download and upload the computer file to which the torrent is linked (here, one of the copyright Works) using the BitTorrent Client that the peers installed on their computers.

21.    The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here, one of the copyrighted Works, to the peers who are seeking to download the computer file. Once a peer receives a piece of the computer file, it starts transmitting that piece to other peers. In this way, all of the peers and seeders are working together in what is called a "swarm."

22.    Here, each infringing peer member participated in a swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.

23.    In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds of piece saved in the form of a computer file, like the Works here, upload the torrent file onto a torrent site, and deliver a different piece of the computer

VERIFIED PETION TO PERPETUATE TESTIMONY

file to each of the peers. The receiving peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

24.     Once a peer, here an infringer, has downloaded the full file, the BitTorrent Client reassembles the piece and the peer is able to view the video. Also, once a peer has downloaded a full file, that peer becomes known as "an additional seed" because it continues to distribute the torrent file which, in this case, was one of the copyrighted Works.

**F.     Petitioner's Computer Investigators Identified Each Infringer's IP Address as an Infringer of Petitioner's Copyright Works**

25.     Petitioner retained 6881 Forensics, LLC ("6881") to identify the IP addresses used by the individual or individuals that were misusing the BitTorrent protocol to unlawfully distribute Petitioner's copyrighted Work.

26.     6881 used forensic software, "BitTorrent Auditor" to audit a swarm for the presence of infringing transactions.

27.     6881 extracted the resulting data gathered from the investigation, reviewed the evidence logs, and isolated the transactions and the IP addresses associated with the copyrighted work listed on Exhibit D hereto.

28.     The IP addresses and hit dates contained on Exhibits B accurately reflects what is contained in the evidence logs and show that:

      (A)     Each infringer copied a piece of one of Petitioners copyrighted work; and

      (B)     Each infringer was part of a BitTorrent swarm.

29.     6881's technician analyzed each BitTorrent "piece" distributed by the IP addresses listed on Exhibit B and verified that each piece consisted of part of the copyrighted work.

30.     In order for petitioner to be able to take appropriate action to protect its copyrighted work under 17 U.S.C. §§ 101, *et seq*, petitioner must be authorized issuance of subpoenas *duces tecum* to the ISPs listed on Exhibit A to this petition.

31.     No prior application has been made for the relief sought herein.

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

1       WHEREFORE, petitioner requests that an order be made and entered directing that petitioner

2 may compel the production of documents to the extent of determining the name, current (and

3 permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of

4 the person or persons whose IP addresses are listed in Exhibit B from the ISPs listed on Exhibit A

5 for the purposes of determining the true identity of unknown infringers.  To further support its

6 Petition, Petitioner attaches as Exhibit F its Memorandum of Law in Support of Petitioner's Verified

7 Petition to Perpetuate Testimony.

8

9

10 Respectfully Submitted,

11                           Ingenuity13 LLC,

12 **DATED: October 28, 2011**

13                  By:       /s/  Brett L. Gibbs, Esq.

14                     Brett L. Gibbs, Esq. (SBN 251000)

15                     Steele Hansmeier PLLC.
                    38 Miller Avenue, #263

16                     Mill Valley, CA 94941
                    415-325-5900

17                     blgibbs@wefightpiracy.com
                    *Attorney for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28

**VERIFIED PETION TO PERPETUATE TESTIMONY**

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

## NOTARIZED VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Verified Petition is, to the best of my knowledge, true and correct.

**DATED: October 28, 2011**                         _____/S/  Alan Cooper_____
                                                                     Alan Cooper, Manager of Ingenuity 13 LLC

I, Brett L. Gibbs, Esq., hereby confirm per Eastern District of California Local Rule 131(f) that counsel for Plaintiff has a signed original notarized version of the above Verified Petition.

**DATED: October 28, 2011**

By:        _____/s/  Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wcfightpiracy.com
*Attorney for Plaintiff*

8
VERIFIED PETION TO PERPETUATE TESTIMONY

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

# Exhibit C



**THIS RENTAL AGREEMENT** (hereinafter referred to as the "Agreement") made and entered into this 17th day of November, 2006, by and between John Steele (hereinafter referred to as "Landlord") and ___Alan Cooper___. THIS IS A MONTH TO MONTH RENTAL AGREEMENT IN WHICH EITHER PARTY MAY CANCEL WITH 30 DAYS NOTICE.

1. **TERM.** Landlord leases to Tenant and Tenant leases from Landlord the above described Premises together with any and all appurtenances thereto, on a month to month basis.

2. **RENT.** In exchange for paying monthly rent, the Renter agrees to work on the Landlord's property on projects designated by Landlord. Renter agrees to complete all work to the best of his ability. Landlord will determine the projects, but in no event will the time requirement be less than 15 hours a month. Satisfaction of the Renters work to satisfy the Rent requirement of this lease will be at the sole discretion of the Landlord.

3. **Blank**

4. **USE OF PREMISES.** The Premises shall be used and occupied by Tenant and Tenant's immediate family, consisting of one daughter, exclusively, as a private single family dwelling, and no part of the Premises shall be used at any time during the term of this Agreement by Tenant for the purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single family dwelling. Tenant shall not allow any other person, other than Tenant's immediate family or transient relatives and friends who are guests of Tenant, to use or occupy the Premises without first obtaining Landlord's written consent to such use. Tenant shall comply with any and all laws, ordinances, rules and orders of any and all governmental or quasi-governmental authorities affecting the cleanliness, use, occupancy and preservation of the Premises.

5. **CONDITION OF PREMISES.** Tenant stipulates, represents and warrants that Tenant has examined the Premises, and that they are at the time of this Lease in good order, repair, and in a safe, clean and tenantable condition.

6. **ASSIGNMENT AND SUB-LETTING.** Tenant shall not assign this Agreement, or sub-let or grant any license to use the Premises or any part thereof without the prior written consent of Landlord. A consent by Landlord to one such assignment, sub-letting or license shall not be deemed to be a consent to any subsequent assignment, sub-letting or license. An assignment, sub-letting or license without the prior written consent of Landlord or an assignment or sub-letting by operation of law shall be absolutely null and void and shall, at Landlord's option, terminate this Agreement.

7. **ALTERATIONS AND IMPROVEMENTS.** Tenant shall make no alterations to the buildings or improvements on the Premises or construct any building or make any other improvements on the Premises without the prior consent of Landlord. Any and all alterations, changes, and/or improvements built, constructed or placed on the Premises by Tenant shall, unless otherwise provided by written agreement between Landlord and Tenant, be and become the property of Landlord and remain on the Premises at the expiration or earlier termination of this Agreement.

8. **blank**

9. **HAZARDOUS MATERIALS.** Tenant shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.



10. **UTILITIES.** Tenant shall be responsible for arranging for and paying for all utility services required on the Premises for his own use.

11. **MAINTENANCE AND REPAIR; RULES.** Tenant will, at its sole expense, keep and maintain the Premises and appurtenances in good and sanitary condition and repair during the term of this Agreement and any renewal thereof. Without limiting the generality of the foregoing, Tenant shall:

    (a) Not obstruct the driveways, sidewalks, courts, entry ways, stairs and/or halls, which shall be used for the purposes of ingress and egress only;

    (b) Keep all windows, glass, window coverings, doors, locks and hardware in good, clean order and repair;

    (c) Not obstruct or cover the windows or doors;

    (d) Not leave windows or doors in an open position during any inclement weather;

    (e) Not hang any laundry, clothing, sheets, etc. from any window, rail, porch or balcony nor air or dry any of same within any yard area or space;

    (f) Not cause or permit any locks or hooks to be placed upon any door or window without the prior written consent of Landlord;

    (g) Keep all air conditioning filters clean and free from dirt;

    (h) Keep all lavatories, sinks, toilets, and all other water and plumbing apparatus in good order and repair and shall use same only for the purposes for which they were constructed. Tenant shall not allow any sweepings, rubbish, sand, rags, ashes or other substances to be thrown or deposited therein. Any damage to any such apparatus and the cost of clearing stopped plumbing resulting from misuse shall be borne by Tenant;

    (i) And Tenant's family and guests shall at all times maintain order in the Premises and at all places on the Premises, and shall not make or permit any loud or improper noises, or otherwise disturb other residents;

    (j) Keep all radios, television sets, stereos, phonographs, etc., turned down to a level of sound that does not annoy or interfere with other residents;

    (k) Deposit all trash, garbage, rubbish or refuse in the locations provided therefore and shall not allow any trash, garbage, rubbish or refuse to be deposited or permitted to stand on the exterior of any building or within the common elements;

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

    (l)   Abide by and be bound by any and all rules and regulations affecting the Premises or the common area appurtenant thereto which may be adopted or promulgated by the Condominium or Homeowners' Association having control over them.

12. **DAMAGE TO PREMISES.** In the event the Premises are destroyed or rendered wholly uninhabitable by fire, storm, earthquake, or other casualty not caused by the negligence of Tenant, this Agreement shall terminate from such time except for the purpose of enforcing rights that may have then accrued hereunder. The rental provided for herein shall then be accounted for by and between Landlord and Tenant up to the time of such injury or destruction of the Premises, Tenant paying rentals up to such date and Landlord refunding rentals collected beyond such date. Should a portion of the Premises thereby be rendered uninhabitable, the Landlord shall have the option of either repairing such injured or damaged portion or terminating this Lease. In the event that Landlord exercises its right to repair such uninhabitable portion, the rental shall abate in the proportion that the injured parts bears to the whole injured Premises, and such part so injured shall be restored by Landlord as speedily as practicable, after which the full rent shall recommence and the Agreement continue according to its terms.

13. **INSPECTION OF PREMISES.** Landlord and Landlord's agents shall have the right at all reasonable times during the term of this Agreement and any renewal thereof to enter the Premises for the purpose of inspecting the Premises and all buildings and improvements thereon. And for the purposes of making any repairs, additions or alterations as may be deemed appropriate by Landlord for the preservation of the Premises or the building. Landlord and its agents shall further have the right to exhibit the Premises and to display the usual "for sale", "for rent" or "vacancy" signs on the Premises at any time within forty-five (45) days before the expiration of this Lease. The right of entry shall likewise exist for the purpose of removing placards, signs, fixtures, alterations or additions, that do not conform to this Agreement or to any restrictions, rules or regulations affecting the Premises.

14. **SUBORDINATION OF LEASE.** This Agreement and Tenant's interest hereunder are and shall be subordinate, junior and inferior to any and all mortgages, liens or encumbrances now or hereafter placed on the Premises by Landlord, all advances made under any such mortgages, liens or encumbrances (including, but not limited to, future advances), the interest payable on such mortgages, liens or encumbrances and any and all renewals, extensions or modifications of such mortgages, liens or encumbrances.

16. **SURRENDER OF PREMISES.** Upon the expiration of the term hereof, Tenant shall surrender the Premises in as good a state and condition as they were at the commencement of this Agreement, reasonable use and wear and tear thereof and damages by the elements excepted.

17. **ANIMALS.** Tenant shall obtain permission from Landlord for all be entitled to keep any animals on the premises.

18. **QUIET ENJOYMENT.** Tenant, upon payment of all of the sums referred to herein as being payable by Tenant and Tenant's performance of all Tenant's agreements contained herein and Tenant's observance of all rules and regulations, shall and may peacefully and quietly have, hold and enjoy said Premises for the term hereof.

19. **INDEMNIFICATION.** Landlord shall not be liable for any damage or injury of or to the Tenant, Tenant's family, guests, invitees, agents or employees or to any person entering the Premises or the building of which the Premises are a part or to goods or equipment,

or in the structure or equipment of the structure of which the Premises are a part, and Tenant hereby agrees to indemnify, defend and hold Landlord harmless from any and all claims or assertions of every kind and nature.

20. **DEFAULT.** If Tenant fails to comply with any of the material provisions of this Agreement, other than the covenant to pay rent, or of any present rules and regulations or any that may be hereafter prescribed by Landlord, or materially fails to comply with any duties imposed on Tenant by statute, within seven (7) days after delivery of written notice by Landlord specifying the non-compliance and indicating the intention of the Landlord to terminate the Lease by reason thereof, Landlord may terminate this Agreement. If Tenant fails to pay rent when due and the default continues for seven (7) days thereafter, Landlord may, at Landlord's option, declare the entire balance of rent payable hereunder to be immediately due and payable and may exercise any and all rights and remedies available to Landlord at law or in equity or may immediately terminate this Agreement.

21. **LATE CHARGE.** In the event that any payment required to be paid by Tenant hereunder is not made within three (3) days of when due, Tenant shall pay to Landlord, in addition to such payment or other charges due hereunder, a "late fee" in the amount of twenty five dollars.

22. **ABANDONMENT.** If at any time during the term of this Agreement Tenant abandons the Premises or any part thereof, Landlord may, at Landlord's option, obtain possession of the Premises in the manner provided by law, and without becoming liable to Tenant for damages or for any payment of any kind whatever. Landlord may, at Landlord's discretion, as agent for Tenant, relet the Premises, or any part thereof, for the whole or any part thereof, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting, and, at Landlord's option, hold Tenant liable for any difference between the rent that would have been payable under this Agreement during the balance of the unexpired term, if this Agreement had continued in force, and the net rent for such period realized by Landlord by means of such reletting. If Landlord's right of reentry is exercised following abandonment of the Premises by Tenant, then Landlord shall consider any personal property belonging to Tenant and left on the Premises to also have been abandoned, in which case Landlord may dispose of all such personal property in any manner Landlord shall deem proper and Landlord is hereby relieved of all liability for doing so.

23. **ATTORNEYS' FEES.** Should it become necessary for Landlord to employ an attorney to enforce any of the conditions or covenants hereof, including the collection of rentals or gaining possession of the Premises, Tenant agrees to pay all expenses so incurred, including a reasonable attorneys' fee.

24. **RECORDING OF AGREEMENT.** Tenant shall not record this Agreement on the Public Records of any public office. In the event that Tenant shall record this Agreement, this Agreement shall, at Landlord's option, terminate immediately and Landlord shall be entitled to all rights and remedies that it has at law or in equity.

25. **GOVERNING LAW.** This Agreement shall be governed, construed and interpreted by, through and under the Laws of the State of Minnesota.

26. **SEVERABILITY.** If any provision of this Agreement or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Agreement nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

27. **BINDING EFFECT**. The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

28. **DESCRIPTIVE HEADINGS**. The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations of the Landlord or Tenant.

29. **CONSTRUCTION**. The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

30. **NON-WAIVER**. No indulgence, waiver, election or non-election by Landlord under this Agreement shall affect Tenant's duties and liabilities hereunder.

31. **MODIFICATION**. The parties hereby agree that this document contains the entire agreement between the parties and this Agreement shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

32. **NOTICE**. Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

If to Landlord to: John Steele 21067 220th St McGrath, MN 56350

If to Tenant to:

Landlord and Tenant shall each have the right from time to time to change the place notice is to be given under this paragraph by written notice thereof to the other party.

SIGNED THIS 17TH OF NOVEMBER, 2006

Landlord: _____

John Steele, 21067 220th St. McGrath MN 56350.

Tenant: _____

ALAN AGREES TO PAY $500 ON FEB 1 AND $500 MAR. 1 FOR SECURITY DEPOSIT

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

# Exhibit D

# (Including its Exhibits A-F as Filed)

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

# GODFREAD LAW FIRM, P.C.
100 South Fifth Street, Suite 1900, Minneapolis, MN 55402

November 29, 2012

**Via ECF**
The Honorable Richard H. Kyle
772 Federal Building
316 N. Robert Street
St. Paul, MN 55101

The Honorable Joan N. Erickson
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Re:**    **Alan Cooper - AF Holdings, LLC and Ingenuity13, LLC**

Dear Judge Kyle and Judge Erickson:

I represent Alan Cooper who is concerned that his name or identity is being used without his consent as the CEO of AF Holdings, LLC, a plaintiff in several cases pending in the District of Minnesota. His name appears in attachments to the pleadings in these cases. Perhaps, the CEO of AF Holdings has the same name as my client, we have substantial information that would indicate that this is not a mere coincidence. I would like to be certain my client is not at risk of liability for the outcome of these cases and others like it and that he is not being made a front for the litigation activities of plaintiffs. I have attempted to contact counsel for AF Holdings and their reaction has not been reassuring.

My client had for several years acted as a caretaker for a Minnesota property owned by an attorney by the name of John Steele. When visiting his property, Steele had on numerous occasions bragged to my client about a plan involving massive copyright litigation in multiple jurisdictions. He also specifically instructed my client to contact him if anyone asked about various corporations, that Cooper was to call him. When Cooper confronted Steele about that, Steele told him not to worry about it. Needless to say, my client was suspicious, but did not know what to make of this situation. Upon learning about the many lawsuits filed by AF Holdings and learning that AF Holdings has a CEO with an identical name he began to investigate further, eventually prompting him to retain counsel.

Steele has filed numerous lawsuits across the country similar to the ones before this court involving copyright infringement over Bittorrent and may be heavily involved in the cases filed here by AF Holdings. Steele has appeared on behalf of AF Holdings in at least one case (see Ex. A). Steele also shares an office address (161 N. Clark Street, Chicago, IL 60601) with the office listed on the website of plaintiff's counsel (www.wefightpiracy.com) (see Ex. B and C). Steele's former law firm, Steele Hansmeier, appears to be the predecessor firm to Prenda Law and used the same domain name (see Ex. D - a screenshot of a cached copy of Steele's law firm Steele Hansmeier at www.wefightpiracy.com in February 2011) Steele Hansmeier has also represented Ingenuity 13, which also appears to have a similar case pending here (0:12-cv-02686-RHK-JJG) which apparently also has a manager named Alan Cooper. (See Ex. E, page 8). From these exhibits, it is also clear that attorney Dugas shares a phone number with attorney Gibbs of Steele Hansmeier (415-325-5900).

paul@godfreadlaw.com
www.godfreadlaw.com

phone 612-284-7325
fax 612-465-3609

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

Hon. Richard H. Kyle and Hon. Joan N. Ericksen
November 29, 2012
Page Two

When investigating this matter and calling the number listed on the wefightpiracy.com website, I confirmed that Steele is currently "of counsel" with Prenda Law. I called and emailed local counsel, Michael Dugas to give notice of representation and to find out if there was in fact a different Alan Cooper with AF Holdings. Within an hour after giving notice to Prenda Law and local counsel of my representation, Steele himself called my client several times in a row and asked if he had been talking to attorneys in Minnesota. Because I had not yet heard from attorneys Dugas or Steele, I looked for an alternative phone number for attorney Dugas and found a different number than the one that appears on the pleading (312-880-9160, See Ex. F). This number appears as attorney Steele's number in Exhibit A as well. Calling that number, I heard a voicemail message which said "Prenda Law." I again left a message, but have received no response. Because I have received no response from Dugas or Steele, and because Steele has contacted my client, my suspicions are now increased.

Today, I received an email from another attorney from Prenda Law, Paul Duffy, suggesting that their client, AF Holdings, probably would not volunteer information. I reasserted my request to confirm that there was another Alan Cooper at AF Holdings. Shortly before sending this letter, Duffy emailed me again and said that I should not contact his office again.

My client would like certainty that his identity is not being used without his knowledge and against his will as the would be CEO of AF Holdings, LLC or as a manager of Ingenuity13, LLC. Because both are Nevis based companies, discovering the true officers or directors is at best difficult. I have attempted to contact plaintiffs' attorneys, but have not received a response that would allow me to advise my client that he should not be concerned.

I respectfully request leave to file a motion to intervene and to seek discovery regarding the true identity of AF Holdings, LLC's CEO and Ingenuity 13, LLC's manager, Alan Cooper.

Sincerely,

Paul Godfread

Exhibits

cc:     John Steele, Esq. (via email)
        Paul Duffy, Esq. (via email)
        Michael Dugas (via ECF)

paul@godfreadlaw.com
www.godfreadlaw.com

phone 612-284-7325
fax 612-465-3609

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

Case 1:12-cv-00048-BAH   Document 32   Filed 04/20/12   Page 1 of 5

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case : 1:12-cv-00048 |
| | ) | |
| DOES 1 – 1058, | ) | Judge : Hon. Beryl A. Howell |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MOTION FOR PRO HAC VICE ADMISSION OF JOHN L. STEELE

I, Paul A. Duffy, hereby move pursuant to Local Civil Rule 83.2(d) for the *pro hac vice* admission of John L. Steele to the bar of this Court to act as co-counsel in this action. Mr. Steele is of counsel with the firm of Prenda Law, Inc., and is a member in good standing of the bar of the State of Illinois and the U.S. District Court for the Northern District of Illinois. On the basis of the foregoing, it is respectfully requested that this Court admit Mr. Steele *pro hac vice* for the purpose of appearing and participating as co-counsel on behalf of Plaintiff, AF Holdings, Inc., in this action.

Dated: April 20, 2012

Respectfully submitted,

By:   /s/ Paul A. Duffy

Paul A. Duffy (D.C. Bar # IL0014 )
Prenda Law Inc.
161 N. Clark Street, Suite3200
Chicago, IL  60601
Telephone: (312) 880-9160
Facsimile:  (312) 893-5677
Attorneys for Plaintiff,
AF Holdings LLC

Exhibit A
Pg 1 of 5

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 20, 2012, I caused a true and

correct copy of the foregoing Motion For Pro Hac Vice Admission to be electronically filed with

the Clerk of the District Court using the CM/ECF system, which sent notification of such filing

to all counsel of record.

Dated: April 20, 2012

/s/   Paul A. Duffy
Paul A. Duffy

**Exhibit** __A__
**Pg.** __2__ **of** __5__

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

Case 1:12-cv-00048-BAH   Document 32   Filed 04/20/12   Page 3 of 5

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| AF HOLDINGS LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case : 1:12-cv-00048 |
| DOES 1 – 1058, | ) Judge : Hon. Beryl A. Howell |
| Defendants. | ) |

## DECLARATION OF JOHN L. STEELE

I, John Steele, declare pursuant to 28 U.S.C. § 1746 and Local Civil Rule 83.2(d):

1.      I am of counsel with the law firm of Prenda Law, Inc., counsel for Plaintiff, AF Holdings, LLC in the above-captioned action. I submit this declaration in support of Paul A. Duffy's Motion pursuant to Local Civil Rule 83.2(d) for the *pro hac vice* admission of John Steele to the bar of this Court.

2.      My full name is John L. Steele.

3.      My office address is 161 N. Clark Street, Suite 3200, Chicago, Illinois 60601. My office telephone number is (312) 880-9160.

4.      I have also been admitted to practice before, and am a member in good standing of, the bars of the United States Court District Court for the Northern District of Illinois, and the State of Illinois.

5.      I have not been disciplined by any bar.

6.      I have been admitted *pro hac vice* to this Court in one case (1:12-mc-00150-ESH-AK) in the previous two years.

**Exhibit** ___A___
**Pg** _3_ **of** _5_

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

7.      I do not engage in the practice of law from an office located in the District of Columbia. I am not a member of the District of Columbia bar, nor do I have an application for membership pending.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:      April 20, 2012

/s/ John Steele

John Steele
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677

**Exhibit** A
**Pg** 4 **of** 5

Case 1:12-cv-00048-BAH    Document 32    Filed 04/20/12    Page 5 of 5

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| AF HOLDINGS LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case : 1:12-cv-00048 |
| ) | |
| DOES 1 – 1058, ) | Judge : Hon. Beryl A. Howell |
| ) | |
|     Defendants. ) | |
| ) | |

### [PROPOSED] ORDER

Upon consideration of the Motion for *Pro Hac Vice* Admission of John L. Steele, it is

hereby

ORDERED that John L. Steele be specially admitted to appear and participate in the

above-captioned matter as counsel for Plaintiff AF Holdings, LLC.

Dated: April 20, 2012                      _____

                                         Hon. Beryl A. Howell
                                         United States District Court Judge

Exhibit A
Pg 5 of 5

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

11/27/12    Chicago Divorce Lawyer, Child Support Attorney, Child Custody Lawyers, Family Law Attorneys – Ste…



## WELCOME TO THE STEELE LAW FIRM, LLC
### with Offices in Chicago, IL.

**Family Law ● Bankruptcy ● Divorce ● Child Custody
Child Support ● Prenuptial Agreements**

If you are going through a divorce, or if your financial troubles are leading you to consider bankruptcy, you now have the opportunity to take a situation that isn't working out and make it better.

All of our clients have unique personal problems that they need help with. We are in the business of solving these problems, whether they be related to family law matters, such as divorce, child custody or child support, or consumer bankruptcymatters. Contacting a lawyer can be the first step toward taking hold of your future and building a better life.

**If you are looking for an attorney who will do what it takes to get you relief from your legal concerns, contact us to schedule a free initial consultation about your case.**

### Quality Legal Assistance in Illinois

The Steele Law Firm is one of Chicagoland's premier family law and consumer bankruptcy law firms. Our attorneys and staff are committed to providing high quality, accessible, compassionate service to our clients. We give each client and case the individual attention they deserve, and do everything in our power to reach our clients' overall needs and goals.

Our main office is located in the Loop in downtown Chicago, and we also have an office location in the Chicago suburb of Naperville. We represent clients with matters in Cook County, DuPage County, Kane County, Lake County, and Will County family courts, and the Northern, Southern and Central Districts of Illinois federal bankruptcy courts.

Whether you are looking for an advocate in a divorce proceeding, need help enforcing a child support order, want to know whether Chapter 7 or Chapter 13 bankruptcy is better for you, you need the advice and assistance of a skilled, experienced Illinois attorney to help you protect all of your legal rights.

Give us a call today at (312) 893-5888 or 1-800-DIVORCE (in Northern Illinois) or contact us to learn more about how we can help you or to set up a FREE consultation.

**Rate Information:**

Fixed Hourly Rates
Fixed Flat Fees Available
**FREE Consultation**

**We Accept Major Credit Cards**
● Visa
● MasterCard
● American Express
● Discover

**We Can Assist You With:**

» Matrimonial Law
» Family Law
» Divorce
» Domestic Relations
» Dissolution of Marriage and Legal Separation
» Litigation in Trial Courts
» Negotiated Settlements
» Alternative Dispute Resolution, such as Collaborative Law and Mediation
» Appeals to Reviewing Courts
» Financial Discovery and Analysis
» Property Division
» Retirement Benefits
» Qualified Domestic Relations Orders (QDROs)
» Paternity
» Adoption

### Sidebar navigation

Divorce And Family Law

Child Custody

Child Support

Modification & Enforcement

Collaborative Divorce & Mediation

Prenuptial & Postnuptial Agreements

Spousal Support / Maintenance

Domestic Violence & Orders of Protection

Adoption

Bankruptcy

**STEELE LAW FIRM, LLC**
Phone: 312-893-5888 Toll-Free (in Northern Illinois):
1-800-DIVORCE

**Office Locations:**

**Downtown Chicago**
161 N Clark St., Suite 3200
Chicago, IL 60601

**Naperville**
2135 CityGate Ln, Suite 300
Naperville, IL 60563



Exhibit B
Pg 1 of 2

1/2

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

11/27/12        Chicago Divorce Lawyer, Child Support Attorney, Child Custody Lawyers, Family Law Attorneys – Ste...



- Child Custody, including Joint Custody and Sole Custody
- Child Visitation
- Child Support
- Child Abductions
- Maintenance, formerly known as Alimony
- Spousal Support
- Marital Settlement Agreements
- Premarital Agreements
- Postnuptial Agreements
- Annulments
- Domestic Violence
- Post-Decree and Post-Judgment Issues and Modifications
- Restraining Orders
- Separation Agreements

**We are a debt relief agency.**

www.steele-law.com

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

11/27/12                                          Prenda Law INC.

## PRENDA LAW INC.
### Intellectual Property Attorneys

About the firm   Firm Resources   Attorneys           Practice Areas   Giving   Case Samples

Call: 1-800-380-0840

## DISCLAIMER

The information provided on Prenda Law, Inc.'s website is not intended to be legal advice, but merely conveys general information related to legal issues commonly encountered. This information is not intended to create any legal relationship between Prenda Law, Inc. Intellectual Property Attorneys or any attorney and the user. Neither the transmission nor receipt of these website materials will create an attorney-client relationship between sender and receiver.

The information is not guaranteed to be correct, complete, or current. We make no warranty, expressed or implied, about the accuracy or reliability of the information at this website or at any other website to which this site is linked.

Please note that recovery results vary per client. The recovery amounts in each case reflect the specific facts of that case. Further, recovery amounts in past cases are not a guarantee of future results.

There are no photos of clients on this website. Photos used on this website have been purchased from stock photography companies.

This website is not intended to create and does not create an attorney-client relationship between the user and Prenda Law, Inc. Intellectual Property Attorneys. An attorney-client relationship with us cannot be formed by reading the information at this website. The only way to become our client is through a mutual agreement in a formal letter. This website is not soliciting clients and does not propose any type of transaction. You should not act or rely on any information at this website without seeking the advice of an attorney. The determination of whether you need legal services and your choice of a lawyer are very important matters that should not be based on websites or advertisements.

THIS SITE IS PROVIDED ON AN "AS IS", "AS AVAILABLE" BASIS AND PRENDA LAW INC. EXPRESSLY DISCLAIMS ALL WARRANTIES, INCLUDING THE WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND NONINFRINGEMENT.

PRENDA LAW DISCLAIMS ALL RESPONSIBILITY FOR ANY LOSS, INJURY, CLAIM, LIABILITY, OR DAMAGE OF ANY KIND RESULTING FROM, ARISING OUT OF OR ANY WAY RELATED TO (A) ANY ERRORS IN OR OMISSIONS FROM THIS SITE AND ITS CONTENT, INCLUDING BUT NOT LIMITED TO TECHNICAL INACCURACIES AND TYPOGRAPHICAL ERRORS, (B) ANY THIRD PARTY WEBSITES OR CONTENT THEREIN DIRECTLY OR INDIRECTLY ACCESSED THROUGH LINKS IN THIS SITE, INCLUDING BUT NOT LIMITED TO ANY ERRORS IN OR OMISSIONS THEREFROM, (C) THE UNAVAILABILITY OF THIS SITE OR ANY PORTION THEREOF, (D) YOUR USE OF THIS SITE, OR (E) YOUR USE OF ANY EQUIPMENT OR SOFTWARE IN CONNECTION WITH THIS SITE.

## PERSONAL INFORMATION SUBMITTED TO THE WEBSITE

Any information that you send us in an email message might not be confidential or privileged. Prenda Law, Inc. makes effort to protect personal information submitted by users of the website, including through the use of firewalls and other security measures on our servers. However, no server is 100 percent secure, and you should take this into account when submitting personal or confidential data about yourself on any website, including this one.

Additionally, while the website does not gather your name, email address or similar information about you without your knowledge or consent, the website does permit you to voluntarily submit data about yourself so that we can provide you with requested services. The information gathered will be incorporated into our mailing database and will not be sold to third parties for marketing purposes. At your request, we will remove your personal information from our files.

If you are interested in having us represent you, you should call us so we can determine whether the matter is one for which we are willing or able to accept professional responsibility. We will not make this determination by email communication.

The telephone numbers for our office are listed in this website. We reserve the right to decline any representation. We may be required to decline representation if it would create a conflict of interest with our other clients.

## PRACTICE JURISDICTIONS

Prenda Law, Inc. is an Illinois law firm. Always directly confirm with the individual attorney whom you contact whether he or she practices the type of law with which you need assistance in your jurisdiction.

Exhibit C
Pg 1 of 3

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

11/27/12                                    Prenda Law INC.

## TERMS OF USE MAY BE MODIFIED BY THE FIRM

Prenda Law, Inc. periodically changes, adds, or updates the material in this website without notice. Prenda Law, Inc. assumes no liability or responsibility for any errors or omissions in the contents of this website. Your use of this website is at your own risk. Under no circumstances shall Prenda Law, Inc. or any other party involved in the creation, production or delivery of this website be liable to you or any other person for any indirect, special, incidental, or consequential damages of any kind arising from your access to, or use of, this website.

## THIRD-PARTY WEBSITES

This website may occasionally contain links to third party websites for the convenience of our users. Prenda Law, Inc. does not endorse any of these third party sites and does not intent to imply any association between the firm and the party(ies) involved. Furthermore, Prenda Law, Inc. does not control these third party websites and cannot represent that their policies and practices will be consistent with these Terms of Use. If you use any links to websites not maintained by Prenda Law, Inc., you do so at your own risk. Prenda Law, Inc. is not responsible for the contents or availability of any linked sites. These links are provided only as a convenience to the recipient.

## LEGAL AND ETHICAL REQUIREMENTS

Prenda Law, Inc. has tried to comply with all legal and ethical requirements in compiling this website. We do not want to represent clients based on their review of any portion of this website that does not comply with legal or ethical requirements.

To the extent that the professional responsibility rules of any jurisdiction require us to designate a principal office or an attorney responsible for this website, Prenda Law, Inc. designates its office in 161 N Clark St., Suite 3200, Chicago, IL 60601 and its telephone number as (312) 880-9160.

## STATE ADVERTISING DISCLAIMERS

**Alabama:** No representation is made that the quality of the legal services to be performed is greater than the quality of legal services performed by other lawyers.

**Colorado:** Colorado does not certify attorneys as specialists in any field.

**Florida:** The hiring of a lawyer is an important decision that should not be based solely upon advertisements. Before you decide, ask us to send you free written information about our qualifications and experience.

**Illinois:** Unless otherwise stated, our attorneys claiming certification in an area of law are not certified by the Illinois Board of Legal Specialization.

**Iowa:** The determination of the need for legal services and the choice of a lawyer are extremely important decisions and should not be based solely upon advertisements or self-proclaimed expertise. This disclosure is required by rule of the Supreme Court of Iowa.

NOTICE TO THE PUBLIC: Memberships and offices in legal fraternities and legal societies, technical and professional licenses, and memberships in scientific, technical and professional associations and societies of law or field of practice do not mean that a lawyer is a specialist or expert in a field of law, nor do they mean that such a lawyer is necessarily any more expert or competent than any other lawyer. All potential clients are urged to make their own independent investigation and evaluation of any lawyer being considered. This notice is required by rule of the Supreme Court of Iowa.

**Kentucky and Oregon:** THIS IS AN ADVERTISEMENT.

**Mississippi:** The Mississippi Supreme Court advises that a decision on legal services is important and should not be based solely on advertisements.

**Missouri:** Neither the Supreme Court of Missouri nor the Missouri Bar reviews or approves certifying organizations or specialist designations.

**Nevada:** The State Bar of Nevada does not certify any lawyer as a specialist or expert.

**New Mexico:** LAWYER ADVERTISEMENT.

**Tennessee:** None of the attorneys in this firm are certified as a Civil Trial, Criminal Trial, Business Bankruptcy, Consumer Bankruptcy, Creditor's Rights, Medical Malpractice, Legal Malpractice, Accounting Malpractice, Estate Planning or Elder Law specialist by the Tennessee Commission on Continuing Legal Education and Specialization. Certification as a specialist in all other listed areas is not currently available in Tennessee.

**Wyoming:** The Wyoming State Bar does not certify any lawyer as a specialist or expert. Anyone considering a lawyer should independently investigate the lawyer's credentials and ability, and not rely upon advertisements or self-proclaimed expertise.

## LAWYER'S LISTINGS

The information in the directory of lawyers is provided by the listees. Prenda Law, Inc. does not warrant the validity of the information, nor does it guarantee the quality of the work product.

The determination of the need for legal services and the choice of a lawyer are extremely important decisions and should not be based solely upon advertisements or self-proclaimed expertise. Prenda Law, Inc. does not review the contents of the listings, which are provided by the listees or any links; Prenda Law, Inc. is not responsible for any material or information contained in the linked sites or provided by listees.

A description or indication of limitation of practice by a lawyer does not mean that any agency or board has certified such lawyer as a specialist or expert in any indicated field of law practice, nor does it mean that such lawyer is necessarily any more expert or competent than any other lawyer.

All potential clients are urged to make their own independent investigation and evaluation of any lawyer being considered.

## OWNERSHIP, LICENSE & RESTRICTIONS ON USE

As between Prenda Law, Inc. and you, all right, title and interest (including all copyrights, trademarks and other intellectual property rights) in this website belongs to Prenda Law, Inc., its licensors, or listees. In addition, the names, images, pictures, logos and icons identifying Prenda Law, Inc. products and services in many countries are proprietary marks of Prenda Law, Inc. and/or its subsidiaries or affiliates. Except as expressly provided below, nothing contained herein shall be construed as conferring any license or right, by implication, estoppel or otherwise, under copyright or other intellectual property rights.

Exhibit  C
Pg  2  of  3

11/27/12                                    Prenda Law INC.

You are hereby granted a nonexclusive, nontransferable, limited license to view and use information retrieved from this website provided solely for your personal, informational, non-commercial purposes, and provided you do not remove or obscure the copyright notice or other notices. Except as expressly provided above, no part of this website, including but not limited to materials retrieved there from and the underlying code, may be reproduced, republished, copied, transmitted, or distributed in any form or by any means. In no event shall materials from this website be stored in any information storage and retrieval system without prior written permission from Prenda Law, Inc. Intellectual Property Attorneys.

Use, duplication, or disclosure by or for the United States Government is subject to the restrictions set forth in DFARS 252.227-7013 (c)1)(ii) and FAR 52.227-19.

## LIMITATION OF LIABILITY

A covered party (as defined below) shall not be liable for any direct, indirect, incidental, special, or consequential damages of any kind whatsoever (including, without limitation, attorneys' fees and lost profits or savings) in any way due to, resulting from, or arising in connection with this site, including its content, regardless of any negligence of any covered party. "Covered party" means Prenda Law, Inc., its affiliates, its listees, and any officer, director, employee, subcontractor, agent, successor, or assign Prenda Law, Inc., its affiliates, and its listees.

## GOVERNING LAWS IN CASE OF DISPUTE; JURISDICTION

These Terms of Use shall be governed by and construed in accordance with the laws of the State of Illinois, USA, as they apply to agreements made and solely performed therein. Disputes arising hereunder shall be exclusively subject to the jurisdiction of the federal courts of the United States of America and/or the state courts of Illinois and jurisdiction therefore shall rest solely in Illinois, USA.

## ENTIRE AGREEMENT; SEVERABILITY

These Terms of Use incorporate by reference any notices contained on this Site and constitute the entire agreement with respect to your access to and use of this Site. If any provision of these Terms and Conditions is unlawful, void or unenforceable, then that provision shall be deemed severable from the remaining provisions and shall not affect their validity and enforceability.

Material available in Prenda Law, Inc. website is protected by copyright law.

Prenda Law, Inc. All rights reserved.



Home | About the Firm | Firm Resources | Attorneys | Practice Areas | Giving | Case Samples | Terms of Service
© 2012 Copyright 2011 Prenda Law Inc. All Rights Reserved.
You may reproduce materials available at this site for your own personal use and for non-commercial distribution. All copies must include the above copyright notice.
ATTORNEY ADVERTISING DISCLAIMER. The contents of this website should not be construed as legal advice on any specific fact or circumstance. Its content was prepared by Prenda Law Inc. (an Illinois law firm organized as a limited liability company with its principal office at 161 North Clark Street, Suite 3200, Chicago, Illinois 60601, Ph 1-800-380-0840) for general information purposes only. Your receipt of such information does not create an attorney-client relationship with Prenda Law Inc. or any of its lawyers. You should not act or rely on any of the information contained here without seeking professional legal advice. They and the Firm cannot file actions in all states without associating locally licensed attorneys and/or becoming admitted in that jurisdiction for a limited purpose.
Prenda Law Inc. lawyer responsible for the contents of this website is Paul Duffy.

Exhibit ___
Pg __3__ of _3_

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

11/28/12                                    Steele | Hansmeier PLLC

| INTERNET ARCHIVE | http://wefightpiracy.com/ | Go | JAN FEB MAR | Close |
| | 1 captures 7 Feb 11 - 7 Feb 11 | | ◄ 7 ► 2010 2011 2012 | Help |

## STEELE | HANSMEIER

- Home
- About Us
- Services
- Contact Us
- Disclaimer

- Steele | Hansmeier Jun 19, 2010 Steele | Hansmeier PLLC is a law firm dedicated to eradicating digital piracy. We represent prominent content producers and commence legal action against individuals and businesses who steal our client's content.



- Combating Piracy in the Digital Age Jun 19, 2010 Our practice includes addressing the unique legal issues posed by Internet-based piracy, where the vast majority of infringement occurs under the cover of IP addresses



- Preserving the Creative Arts Jun 19, 2010 We view our mission as preserving the creative arts for future generations. If left unchecked, digital piracy represents an existential threat to creative arts professionals around the world.

web.archive.org/web/20110207181155/http://wefightpiracy.com/

Exhibit _D_
Pg _1_ of _4_

1/4

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

11/28/12                                    Steele | Hansmeier PLLC



- Steele | Hansmeier 

- Combating Piracy in the Digital Age

- Preserving the Creative Arts 

Contact Us

# About Us

Steele | Hansmeier PLLC is a Chicago-based law firm that provides legal services to content producers and creative professionals. Our focus is pursuing individuals and businesses who infringe on the copyrights associated with our clients' creative works. Our practice includes addressing the unique legal issues posed by Internet-based piracy, where the vast majority of infringement occurs under the cover of Internet Protocol ("IP") addresses.

We view our mission as a small part of the overall effort to preserve the creative arts for future generations. In our view, the ease with which digital content is pirated represents an existential threat to the future of professional content producers. Our clients understand all too well the problems posed by the unauthorized redistribution of their copyrighted works, particularly given the capital investment associated with producing and marketing professional works.

# Services

The legal services offered by Steele | Hansmeier PLLC reflect the lifecycle of a creative work. Such services include:

- Due diligence efforts to determine whether a proposed creative work lacks originality or infringes on another creative work;
- Developing a plan for protecting and enforcing U.S. and international copyrights;
- Securing U.S. copyrights and coordinating with third parties to secure international copyrights in both Berne and non-Berne Convention countries; and
- Enforcing U.S. copyrights and coordinating with third parties to enforce international copyrights.

Many of our services involve coordinating with third party attorneys (e.g. international copyright work) and third party technology providers (e.g. copyright enforcement). Our consistent focus is to provide our clients with strong returns on the capital they invest in our time and that of our third party service providers.

top

# Due Diligence

Before investing substantial capital into the production and/or distribution of a creative work, a creative artist may wish to conduct a basic level of due

Exhibit D
Pg 2 of 4

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

11/28/12                                       Steele | Hansmeier PLLC

diligence into determining the degree to which their work resembles other copyrighted creative works. The methods for conducting this sort of due diligence vary based on the medium, through most forms of creative work lend themselves to digital due diligence. For example, an audio file can be digitally fingerprinted based on a variety of characteristics (e.g. rhythm, length, melody, etc.). This fingerprint can be compared to those of other audio files. Similar results would then be reviewed to determine whether a copyright issue exists. If such an issue exists, then the creative artist can attempt to obtain a license from the copyright holder of the original work. A creative artist's bargaining power is much stronger before they invest millions of dollar into marketing and distributing a creative work.

In 2008, Joe Satriani filed a copyright infringement lawsuit against the Grammy Award-winning band, Coldplay. Satriani's suit alleged that Coldplay's hit song, *Vida la Vida*, contained substantial portions of Satriani's, *If I Could Fly*. The parties eventually reached an out-of-court monetary settlement for an undisclosed financial sum.

In addition to avoiding infringement lawsuits, it is important to know whether a given creative work will even be afforded the protection of the copyright laws of the jurisdictions in which the artist intends to market the creative work. Steele | Hansmeier PLLC offers services to assist creative artists in conducting the forms of due diligence described in this section.

## Protection Planning

Another category of services offered by Steele | Hansmeier PLLC is assisting creative artists plan their copyright strategy in advance of the creation and/or publication of their creative works. Despite the existence of international treaties, such as the Berne Convention, the world as a whole essentially remains a patchwork of copyright laws with varying degrees of enforcement. By way of example, a creative artist's approach to copyright protection in the United States should look much different than the artists approach to copyright protection in China. We offer to assist creative artists in developing copyright protection strategies worldwide.

## Securing Copyrights

Once a creative work has been produced and/or published, it is generally important to register a copyright in every country where the copyright holder may wish to assert their rights. We offer to assist creative artists by coordinating the registration of their copyrights around the world, as required.

In the United States it is particularly important to register one's copyrights. As a general rule, copyright registration is a prerequisite to filing a copyright infringement lawsuit in U.S. federal court and a timely filing will preserve remedies that may be lost indefinitely if one does not timely register his or her copyright.

## Enforcing Copyrights

Copyright enforcement is a rapidly evolving field. Recent advances in communications technology have dramatically lowered the cost and increased the profitability of mass-piracy. As piracy evolves, so too must copyright enforcement strategies. Steele | Hansmeier PLLC offers services on the cutting edge of copyright enforcement, including: 1) DMCA enforcement services; 2) pirate pursuit services; and 3) advising on comprehensive paradigm shifts in copyright enforcement.

# Disclaimer

Our website is intended to provide only an overview of Steele | Hansmeier PLLC. Nothing on this website is meant to be or should be relied on as legal advice. Commentary on this website is not necessarily up to date. This website is not intended to be an offer to represent you, nor is it intended to establish an attorney client privilege.

## Links

-Berne Convention
-Copyright Office
-Copyright Overview
-Copyright Statutes
-Creative Commons

## Resources

-Patry Blog
-Geist Blog (Canadian law)
-IP Watch

## Pages

- About Us
- Contact Us
- Disclaimer
- Services

Exhibit D
Pg 3 of 4

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

11/28/12                                     Steele | Hansmeier PLLC

Latest News

Google fights piracy



According to an article published on Digital Trends, Google is taking steps to implement several anti-piracy measures, which will ideally make it more difficult for searchers to located pirated material. First, Google is increasing its responsiveness to takedown requests of so-called "reliable copyright holders." Second, its autocomplete function will filter out greater amounts of infringing results. [...]

Pixar's president discusses copyright laws



According to a recently published article in the Salt Lake Tribune, Ed Catmull, president of Pixar Studios, linked international copyright protection to Pixar's ability to continue investing in the cutting-edge technology that's brought us such movies as Wall-E, Monster's, Inc., and Up – all of which are presumably registered trademarks of Pixar Animation Studios. At [...]

Robin Hood is the week's most pirated movie



Ridley Scott's Robin Hood, starring Russell Crowe and Cate Blanchett, is not only popular in the theaters, but also among the BitTorrent crowd. According to BitTorrent news site, TorrentFreak, Robin Hood, despite its relatively lower IMDB rating, beat out both Iron Man 2 and the Expendables for the the top spot on the piracy chart [...]

© Copyright Steele | Hansmeier PLLC - Design by Kriesi.at - Wordpress Themes

- RSS
- Facebook
- Twitter
- flickr

top

Exhibit D    4/4
Pg  4  of  4

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

1
2
3
4

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Petitioner*

5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| 10 | In the Matter Of a Petition By | ) | |
| 11 | INGENUITY13 LLC, | ) | **No.** |
| 12 | | ) | **Judge:** |
| 13 | | ) | **VERIFIED PETITION TO** |
| 14 | | ) | **PERPETUATE TESTIMONY** |
| 15 | _____ | ) | |

16    1.    Petitioner Ingenuity13 LLC by and through its undersigned attorney, hereby

17 petitions this Court for an order pursuant to Federal Rule of Civil Procedure 27 authorizing the

18 issuance of subpoenas *duces tecum* to the Internet Service Providers ("ISPs") listed on Exhibit A to

19 this petition.

20    2.    Petitioner is limited liability company organized and existing under the laws

21 of the Federation of Saint Kitts and Nevis. Petitioner produces adult entertainment content and this

22 content is being unlawfully reproduced and distributed over the Internet via the BitTorrent file

23 transfer protocol. An individual or individuals wrongfully reproduced and distributed Petitioner's

24 copyrighted works via the BitTorrent protocol in violation of Petitioner's exclusive rights under

25 United States Copyright Act, 17 U.S.C. §§ 101, *et seq.* Petitioner anticipates bringing a civil action

26 against the person or persons engaging in such unlawful activity. This action would be cognizable in

27 a United States court as United States courts have exclusive jurisdiction over copyright actions.

28 Without knowing the identity or identities of the anonymous infringers, Petitioner has no means to

Exhibit _E_
Pg _1_ of _8_

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

1  name and serve the individual or individuals in an action with summons and complaint. The purpose

2  of this petition is to ascertain these identity or identities.

3        3.    Petitioner seeks the name, address, telephone number, e-mail address and

4  Media Control Access number of each account holder associated with the Internet Protocol ("IP")

5  addresses listed on Exhibit B to this petition. Each of the IP addresses was identified by Petitioner's

6  agents as being associated with infringing activity on the corresponding dates and times listed on

7  Exhibit B. The reasons to perpetuate the testimony are multiple. First, without this information

8  Petitioner has no means to name and serve a complaint on the infringing parties. Second, on

9  information and belief, this information is destroyed in the regular course of business and will be

10  unavailable to Petitioner after it is destroyed. An example of an ISP's data retention policy is shown

11  as Exhibit C. Finally, under the Cable Communications Policy Act, 47 U.S.C. § 551(c)(2)(B), a court

12  order is necessary to discover an account holder's identity.

13        4.    The names and addresses of the person or persons whom Petitioner expects to

14  be adverse parties are unknown to Petitioner. The individual or individuals responsible for infringing

15  Petitioner's works are known to Petitioner only by an IP address—a number that is assigned to

16  devices, such as computers, that are connected to the Internet. Petitioner used geolocation to trace

17  the IP addresses of the expected adverse party or parties to a point of origin within the State of

18  California.

19        5.    The name and address of each responding party is set forth on Exhibit A to

20  this petition. Petitioner is seeking the name, address, telephone number, e-mail address and Media

21  Control Access number of each account holder associated with the Internet Protocol ("IP") addresses

22  listed on Exhibit B to this petition.

23        **FACTUAL ALLEGATIONS**

24        6.    Petitioner is the owner of the copyright for the motion picture set forth in

25  Exhibit D to this petition.

26        7.    As set forth below, Petitioner has actionable claims for direct and contributory

27  copyright infringement and a claim for civil conspiracy against the individual or individuals who

28

VERIFIED PETION TO PERPETUATE TESTIMONY

Exhibit E
Pg 2 of 8

1  engaged in infringing activities via the IP addresses set forth on Exhibit B hereto based on the

2  parties' use of the BitTorrent protocol to illegally reproduce and distribute Petitioner's work(s).

3  **A. The Unknown Infringers used BitTorrent to Infringe Petitioner's Copyrights**

4      8.    BitTorrent is a modern file sharing method ("protocol") used for distributing

5  data via the Internet. BitTorrent protocol is a decentralized method of distributing data. Instead of

6  relying on a central server to distribute data directly to individual users, the BitTorrent protocol

7  allows individual users to distribute data among themselves by exchanging pieces of the file with

8  each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol, every

9  user simultaneously receives information from and transfers information to one another.

10      9.    The BitTorrent protocol is an extremely popular method for transferring data.

11  A group of individuals transferring data among one another (the "swarm") will commonly include

12  peers from many, if not every, state in the United States and several countries around the world. And

13  every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands

14  of other peers.

15      10.    The BitTorrent protocol is also an extremely popular method for unlawfully

16  copying, reproducing, and distributing files in violation of the copyright laws of the United States. A

17  broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of

18  media are available for illegal reproduction and distribution via the BitTorrent protocol.

19      11.    Efforts at combating BitTorrent-based copyright infringement have been

20  stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from

21  unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy

22  efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and

23  efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy

24  measures.

25      12.    The infringing parties in this action were all observed using the BitTorrent

26  protocol to unlawfully reproduce and distribute Plaintiff's copyrighted work by exchanging pieces

27  with one another either directly or via a chain of data distribution.

28

3

**VERIFIED PETION TO PERPETUATE TESTIMONY**

Exhibit E
Pg 3 of 8

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

**B. Each Infringer installed a BitTorrent Client on his or her computer**

13.    The individual or individuals associated with the infringing activity installed a BitTorrent Client onto his or her computer(s). Normal commercial computers do not come pre-loaded with BitTorrent software. Each infringer must have separately installed on their respective computers special software that allows peer-to-peer sharing of files by way of the Internet. The infringers use software known as BitTorrent clients. Among the most popular BitTorrent clients are Vuze (formerly Azureus), µTorrent, Transmission and BitTorrent 7, although many others are used as well.

14.    Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

**C. The Initial Seed, Torrent and Tracker**

15.    A BitTorrent user who wants to upload a new file, known as an "Initial Seeder," starts by creating a "torrent" descriptor file using the client he or she installed onto his or her computer. The Client takes the target computer file, the "initial seed," in this case, one of the copyrighted Works, and divides it into identically sized groups of bits known as "pieces." The Client then gives each one of the computer file's pieces, in this case, pieces of one of the copyrighted works, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the torrent file.

16.    When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test whether the piece is free of errors. In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and ensure that the piece is authentic and uncorrupted.

17.    Torrents files also have an "announce" section, which specifies the Uniform Resource Locator ("URL") of a "tracker" and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by the Client on peer computers to verify the integrity of the data they receive. The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides

Exhibit E
Pg 4 of 8

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

1    peers with the URL address(es). The tracker computer or computers direct a peer user's computer to

2    another peer user's computer that have particular pieces of the file, in this case, one of the copyright

3    Works on them, and facilitates the exchange of data among the computers. Depending on the

4    BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer

5    can act as a tracker (decentralized tracking).

6    **D. Torrent Sites**

7        18.    "Torrent Sites" are websites that index torrent files that are currently being

8    made available for copying and distribution by the people using the BitTorrent protocol. There are

9    numerous torrent websites, such as www.torrentz.eu or thepiratebay.org.

10        19.    Upon information and belief, each infringer went to a torrent site to upload

11    and download one of the Petitioner's copyrighted Works.

12    **E. Uploading and Downloading a Work Through a BitTorrent Swarm**

13        20.    Once the initial seeder has created a torrent and uploaded it onto one or more

14    torrent sites, then other peers begin to download and upload the computer file to which the torrent is

15    linked (here, one of the copyright Works) using the BitTorrent Client that the peers installed on their

16    computers.

17        21.    The BitTorrent protocol causes the initial seed's computer to send different

18    pieces of the computer file, here, one of the copyrighted Works, to the peers who are seeking to

19    download the computer file. Once a peer receives a piece of the computer file, it starts transmitting

20    that piece to other peers. In this way, all of the peers and seeders are working together in what is

21    called a "swarm."

22        22.    Here, each infringing peer member participated in a swarm through digital

23    handshakes, the passing along of computer instructions, uploading and downloading, and by other

24    types of transmissions.

25        23.    In this way, and by way of example only, one initial seeder can create a

26    torrent that breaks a movie up into hundreds of piece saved in the form of a computer file, like the

27    Works here, upload the torrent file onto a torrent site, and deliver a different piece of the computer

28

Exhibit E
Pg 5 of 8

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

file to each of the peers. The receiving peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

24.     Once a peer, here an infringer, has downloaded the full file, the BitTorrent Client reassembles the piece and the peer is able to view the video. Also, once a peer has downloaded a full file, that peer becomes known as "an additional seed" because it continues to distribute the torrent file which, in this case, was one of the copyrighted Works.

**F.   Petitioner's Computer Investigators Identified Each Infringer's IP Address as an Infringer of Petitioner's Copyright Works**

25.     Petitioner retained 6881 Forensics, LLC ("6881") to identify the IP addresses used by the individual or individuals that were misusing the BitTorrent protocol to unlawfully distribute Petitioner's copyrighted Work.

26.     6881 used forensic software, "BitTorrent Auditor" to audit a swarm for the presence of infringing transactions.

27.     6881 extracted the resulting data gathered from the investigation, reviewed the evidence logs, and isolated the transactions and the IP addresses associated with the copyrighted work listed on Exhibit D hereto.

28.     The IP addresses and hit dates contained on Exhibits B accurately reflects what is contained in the evidence logs and show that:

(A)     Each infringer copied a piece of one of Petitioners copyrighted work; and

(B)     Each infringer was part of a BitTorrent swarm.

29.     6881's technician analyzed each BitTorrent "piece" distributed by the IP addresses listed on Exhibit B and verified that each piece consisted of part of the copyrighted work.

30.     In order for petitioner to be able to take appropriate action to protect its copyrighted work under 17 U.S.C. §§ 101, *et seq*, petitioner must be authorized issuance of subpoenas *duces tecum* to the ISPs listed on Exhibit A to this petition.

31.     No prior application has been made for the relief sought herein.

6

VERIFIED PETION TO PERPETUATE TESTIMONY

Exhibit E
Pg 6 of 8

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

1    WHEREFORE, petitioner requests that an order be made and entered directing that petitioner

2    may compel the production of documents to the extent of determining the name, current (and

3    permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of

4    the person or persons whose IP addresses are listed in Exhibit B from the ISPs listed on Exhibit A

5    for the purposes of determining the true identity of unknown infringers.   To further support its

6    Petition, Petitioner attaches as Exhibit F its Memorandum of Law in Support of Petitioner's Verified

7    Petition to Perpetuate Testimony.

8

9

10    Respectfully Submitted,

11                                    Ingenuity13 LLC,

12    **DATED: October 28, 2011**

13                        By:        /s/  Brett L. Gibbs, Esq.

14
                                Brett L. Gibbs, Esq. (SBN 251000)
15                              Steele Hansmeier PLLC.
                                38 Miller Avenue, #263
16                              Mill Valley, CA 94941
                                415-325-5900
17                              blgibbs@wefightpiracy.com
                                *Attorney for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28

Exhibit _E_
Pg _7_ of _8_

Case 2:11-mc-00084-JAM-DAD   Document 1   Filed 10/28/11   Page 8 of 8

1

## NOTARIZED VERIFICATION

2

3      I declare under penalty of perjury under the laws of the United States of America that the

4   foregoing information contained in this Verified Petition is, to the best of my knowledge, true and

5   correct.

6

7

8   **DATED: October 28, 2011**                        _____/S/  Alan Cooper_____
                                                      Alan Cooper, Manager of Ingenuity 13 LLC

9

10     I, Brett L. Gibbs, Esq., hereby confirm per Eastern District of California Local Rule 131(f)

11   that counsel for Plaintiff has a signed original notarized version of the above Verified Petition.

12

13

    **DATED: October 28, 2011**

14

15                                    By:      _____/s/  Brett L. Gibbs, Esq._____

16                                    Brett L. Gibbs, Esq. (SBN 251000)
                                      Steele Hansmeier PLLC.
17                                    38 Miller Avenue, #263
                                      Mill Valley, CA 94941
18                                    415-325-5900
                                      blgibbs@wcfightpiracy.com
19                                    *Attorney for Plaintiff*

20

21

22

23

24

25

26

27

28

                                          8
                        VERIFIED PETION TO PERPETUATE TESTIMONY

Exhibit E
Pg 8 of 8

.1/29/12                pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1615554847

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back          Location . All MNCIS Sites - Case Search   Help

# REGISTER OF ACTIONS
## CASE No. 27-CV-12-17079

| | | |
|---|---|---|
| Guava LLC vs CenturyLink Inc | § § § § § § § | Case Type: **Civil Other/Misc.** |
| | | Date Filed: **08/10/2012** |
| | | Location: **- Hennepin Civil** |
| | | Judicial Officer: **Steenson DuFresne, Mary E.** |

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **Defendant** | CenturyLink Inc | **DAVID EARLE CAMAROTTO** *Retained* 612-333-3000(W) |
| **Plaintiff** | **Guava LLC** | **MICHAEL KEVIN DUGAS** *Retained* 312-880-9160(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 08/10/2012 | Motion |
| 08/20/2012 | Notice of Case Assignment (Judicial Officer: Steenson DuFresne, Mary E. ) |
| 09/24/2012 | Proposed Document |
| 09/24/2012 | Certificate of Representation |
| 09/24/2012 | Memorandum |
| 09/24/2012 | Affidavit-Other |
| 09/24/2012 | Affidavit of Service |
| 09/27/2012 | Notice of Appearance |
| 09/27/2012 | Notice of Appearance |
| 09/27/2012 | Motion |
| 09/27/2012 | Responsive Motion |
| 09/28/2012 | Order-Other |
| 09/28/2012 | Notice of Appearance |
| 10/01/2012 | Motion Hearing  (9:15 AM) (Judicial Officer Steenson DuFresne, Mary E.) Result: Held |
| 10/01/2012 | Taken Under Advisement (Judicial Officer Steenson DuFresne, Mary E. ) |
| 10/12/2012 | Correspondence |
| 10/15/2012 | Correspondence |
| 10/29/2012 | Telephone Motion Hearing  (9:30 AM) (Judicial Officer Steenson DuFresne, Mary E.) Result: Held |
| 10/29/2012 | Order Granting Motion (Judicial Officer: Steenson DuFresne, Mary E. ) |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant CenturyLink Inc** | | | |
| | **Total Financial Assessment** | | | **422.00** |
| | **Total Payments and Credits** | | | **422.00** |
| | **Balance Due as of 11/29/2012** | | | **0.00** |
| 09/25/2012 | Transaction Assessment | | | 322.00 |
| 09/25/2012 | E-File Electronic Payment | Receipt # EP27C-2012-12417 | CenturyLink Inc | (322.00) |
| 09/25/2012 | Transaction Assessment | | | 100.00 |
| 09/25/2012 | E-File Electronic Payment | Receipt # EP27C-2012-12420 | CenturyLink Inc | (100.00) |
| | | | | |
| | **Plaintiff Guava LLC** | | | |
| | **Total Financial Assessment** | | | **622.00** |
| | **Total Payments and Credits** | | | **622.00** |
| | **Balance Due as of 11/29/2012** | | | **0.00** |
| 08/20/2012 | Transaction Assessment | | | 422.00 |
| 08/21/2012 | Mail Payment | Receipt # 1227-2012-19301 | Prenda Law Inc | (422.00) |
| 09/27/2012 | Transaction Assessment | | | 100.00 |
| 09/27/2012 | E-File Electronic Payment | Receipt # EP27C-2012-12743 | Guava LLC | (100.00) |
| 09/28/2012 | Transaction Assessment | | | 100.00 |
| 09/28/2012 | E-File Electronic Payment | Receipt # EP27C-2012-12816 | Guava LLC | (100.00) |



Exhibit **E**
Pg **1** of **1**

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

# AFFIDAVIT OF SERVICE

STATE OF MINNESOTA )
                          ) ss
COUNTY OF RAMSEY   )              Court File No. _____

Timothy L. Wolter, being duly sworn, on oath says: that on the 25th day of January, 2013 at 8:22 AM he served the attached Summons; Complaint; Exhibits to Complaint; Plaintiff's First Set of Interrogatories; Plaintiff's First Set of Requests for Admissions upon John Lawrence Steele, therein named, personally at 300 South Sixth Street, Minneapolis, County of Hennepin, State of Minnesota, by handing to and leaving with John Lawrence Steele, a true and correct copy thereof.



_____

Subscribed and sworn to before me
this 28th day of January, 2013.

_____
Notary Public

Carrielynn M. Veitch
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31 2015

Client / Matter #: Alan Cooper v. John L. Steele, et al