13 cv 2622

# EXHIBIT A



SCANNED

SEP 2 4 2013

U.S. DISTRICT COURT MPLS

Filed in Fourth Judicial District Court
2/26/2013 10:58:16 AM
Hennepin County Civil, MN

**State of Minnesota**                                                      **District Court**

| County of | | Judicial District: |
|---|---|---|
| FILED PSL | | Court File Number: |
| 13 FEB 26 AM 9:33 | | Case Type: |

_____Alan Cooper_____
Plaintiff/Petitioner                    BY _____DEPUTY
                                        HENN. CO. DISTRICT
                                        COURT ADMINISTRATOR
vs.

_____John Steele et al_____
Defendant/Respondent

**ORDER**

☐ **DENYING**

☑ **GRANTING**

**In Forma Pauperis Application**
**(Minn. Stat. § 563.01)**

---

## Order Denying In Forma Pauperis Application

Based on the affidavit of the applicant _____ and the authority of Minn. Stat. § 563.01, the Court FINDS:

☐ The action is frivolous.

☐ The applicant is not found to be indigent and is not entitled to proceed in forma pauperis.

**IT IS ORDERED THAT:** The applicant's request to proceed in forma pauperis is **DENIED**.

Dated: _____                    _____
                                          Judge of District Court

---

## Order Granting In Forma Pauperis Application

Based on the affidavit of the applicant ___Alan Cooper___ and the authority of Minn. Stat. § 563.01, the Court FINDS:

1.  The applicant's claims are not frivolous and applicant is indigent and entitled to proceed in forma pauperis.
2.  ☑ The applicant does not have the ability to pay all or a portion of the fees, costs, and security for costs.
    ☐ The applicant has the ability to pay $ _____ towards the fees, costs, and security for costs.

**IT IS ORDERED THAT:**

1.  The applicant is authorized to proceed in forma pauperis.
2.  ☑ The applicant shall not be required to pay any portion of fees, costs and security.
    ☐ The applicant shall pay $ _____ towards costs, fees and security, and shall be due immediately upon filing.
3.  All necessary pleadings in this proceeding shall be served by the Sheriff of the appropriate county as requested without payment of any fees or costs.
4.  If, following commencement of the action, the applicant becomes able to pay all or a portion of the fees, the Court may order payment of $75.00 or reimbursement or partial payment of all or a portion of the fees, costs, and security for costs.
5.  If funds are recovered by either settlement or judgment in this action, the costs deferred and expenses directed by the Court to be paid in this order shall be included in such settlement or judgment and shall be paid directly to the Court Administrator by the opposing party.
6.  ☐ No further payment towards fees, costs and security shall be required of the applicant for a period of one (1) year from the date of issuance of this Order, unless otherwise ordered by the Court. The applicant shall reapply if the applicant seeks to proceed in forma pauperis after the one year period.
    ☐ Further payment towards fees, costs and security may be required of the applicant. The applicant shall reapply if the applicant seeks to proceed in forma pauperis in the future.
7.  This order expires one year from the date of this order, unless otherwise amended or altered by the court.

Dated: 2-26-17                    _____
                                  Judge of District Court
                                  **JUDGE LLOYD ZIMM**

State of Minnesota
Hennepin County

District Court
Fourth Judicial District

**Court File Number: 27-CV-13-3463**

Case Type: Civil Other/Misc.

## Notice of Judicial Assignment-
## General Civil Block Cases

PRENDA LAW INC
161 N CLARK STREET SUITE 3200
CHICAGO IL 60601

---

**Alan Cooper vs John Lawrence Steele, Prenda Law Inc, AF Holdings LLC, and Ingenuity13 LLC**

Date Case Filed: February 26, 2013
All future papers must include the above file number, name of assigned judge, attorney identification number, and must otherwise conform to format requirements or they will be returned.

This case is assigned the following judicial officer for all further proceedings:

**District Court Judge Ann Leslie Alton**
612-348-8083

**Mailing Address:** 300 South Sixth Street, MC 332, Minneapolis, MN 55487-0332

**Parties:** If you receive this notice and have obtained an attorney, notify him/her of this assignment immediately.

**Attorneys:** <u>Only the first listed attorney for a party is being sent this notice.</u> If you are the attorney receiving this notice, <u>contact all other attorneys</u> representing your party of the judge assignment and requirements.

The filing attorney/party is responsible for notifying all attorneys/parties not listed on the Certificate of Representation of the judge assignment and requirements.

Per Supreme Court order, e-filing is mandatory in this case for all attorneys and government agencies. Unrepresented parties are excluded by this order. Attorneys or government agencies must also e-serve all documents required or permitted to be served on other attorneys or government agencies. Upon receipt of this notice, attorneys and government agencies shall immediately add their firm/agency's service contact(s) for this case to the e-filing system. For further information on e-filing, go to: http://www.mncourts.gov/district/4/?page=3953.

All future hearings and trial dates will be scheduled by the courtroom staff. Check with the Court Display Monitors on the Public Service Level for the location on the day of the hearing.

Informational Statements, if required, are due within sixty days of initial case filing.

A notice to remove this judicial officer must comply with Minnesota Rules of Civil Procedure 63.03 and Minnesota Statute § 542.16.

Failure to timely file any required document or other failure to comply with the General Rules of Practice for the District Courts may result in the impositions of sanctions, including possible dismissal of the case or striking of the Answer.

The Minnesota Supreme Court has adopted time objectives for the disposition of civil cases. The Fourth Judicial District adheres to these objectives which are: 90% of the cases should be disposed of within 12 months, 97% within 18 months, and 99% within 24 months of filing.

Dated: February 26, 2013

Mark S. Thompson
Court Administrator
Hennepin

cc:  John Lawrence Steele
     PAUL ALLEN GODFREAD

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

STATE OF MINNESOTA                           DISTRICT COURT
COUNTY OF HENNEPIN                     FOURTH JUDICIAL DISTRICT

---

| | |
|---|---|
| Alan Cooper, <br><br> Plaintiff, <br><br> v. <br><br> John Lawrence Steele; Prenda Law, Inc.; AF Holdings, LLC; Ingenuity13, LLC. <br><br> Defendants | Court File No.: 27-CV-13-3464 <br><br><br> **NOTICE OF MOTION AND MOTION FOR DEFAULT** |

---

TO: The Court and Defendants,

PLEASE TAKE NOTICE, that Plaintiff Alan Cooper will move this court for a default judgment

against Defendant Prenda Law, Inc. pursuant to Minn. R. Civ. P. 55. Plaintiff Alan Cooper

moves the court for judgment against Prenda Law Inc. as prayed for in the Complaint.

Prenda Law Inc. was served a copy of the Summons and Complaint and failed to respond

within the time allowed. Alan Cooper's motion is supported by the accompanying

memorandum, affidavits, and exhibits.


DATE: 5-6-2013

                              GODFREAD LAW FIRM, P.C.
                              By _____
                              Paul Godfread (#389316)
                              100 South Fifth Street, Suite 1900
                              Minneapolis, MN 55402
                              (612) 284-7325
                              paul@godreadlaw.com
                              *Attorney for Plaintiff, Alan Cooper*

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF HENNEPIN | DISTRICT COURT<br>FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Alan Cooper,<br><br>       Plaintiff,<br><br>       v.<br><br>John Lawrence Steele; Prenda Law, Inc.;<br>AF Holdings, LLC; Ingenuity13, LLC.<br><br>       Defendants | Court File No.: 27-CV-13-3464<br><br><br>**MEMORANDUM IN SUPPORT OF<br>DEFAULT JUDGMENT** |

Plaintiff brings this motion on the facts set forth in the accompanying affidavit of no answer and the exhibits attached. Rule 55.01(b) of the Minnesota Rules of Civil Procedure provides that a motion for default judgment be presented to the court pursuant to motion and notice. Prenda Law, Inc. was served a copy of the summons and complaint, and has not yet served Plaintiff or his attorney with an answer.

## I.    PRENDA LAW, INC. WAS SERVED AND FAILED TO ANSWER

Defendant Prenda Law, Inc. has not served plaintiff with an answer or notice of any answer being filed with the court.  Prenda Law was served through its registered agent and the Illinois Secretary of State. *See* Godfread Aff., Ex. A. Service was completed on March 18, 2012. *See Id.*, Ex. B. Plaintiff is therefore entitled to a judgment of default against defendant.

Furthermore, Prenda Law has demonstrated that it has actual knowledge of the complaint because it has filed two frivolous and essentially identical retaliatory lawsuits that reference this lawsuit and cite it as the basis for defamation claims against plaintiff and his attorney. *See Prenda Law v. Godfread et al.*, (13-L-75 St. Clair Co., IL) removed; (3:13-CV-207 (S.D.Ill.) and *Duffy v. Godfread et al.* (No. 13-L-1656, Cook Co., IL,

1

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

removed; 1:13-CV-1569 (N.D.Ill.). Furthermore, because the subject matter of this lawsuit impacts many of the lawsuits Prenda Law has been prosecuting, at least one federal judge has ordered Prenda Law to answer questions regarding its misappropriation of Alan Cooper's identity for use in its litigation scheme. *See* Godfread Aff. Ex. H (describing proceedings in *Ingenuity13 v. John Doe*, 12-cv-8333 ODW (C.D. Cal.)). In response to that order, attorneys for Prenda Law invoked their Fifth Amendment rights against self-incrimination. *See* Godfread Aff., Ex. I. A negative inference can be drawn from a party's pleading the fifth in civil proceedings. *Crockarell v. Crockarell*, 631 N.W. 2d 829, 833-834 (Minn. App. 2001). Here, default judgment is appropriate simply for the failure to answer, but Prenda Law has gone further and essentially admitted wrongdoing.

## II.   ESTIMATES OF DAMAGES BASED ON PUBLIC RECORDS

Prenda Law's misappropriation of Alan Cooper's name has been extensive. As pled in the complaint, Prenda Law and its attorneys created two shell companies, AF Holdings, LLC and Ingenuity13, LLC to be sham plaintiffs in copyright litigation across the country. In order for these sham plaintiffs to obtain copyrights to be used in the lawsuits, Prenda Law forged copyright assignment agreements which used Plaintiff Alan Cooper's name as the would be signatory for AF Holdings and Ingenuity13.

Plaintiff requests that the court consider evidence relating to damages that can be ascertained from public records and documents. Though it is unclear how much Defendants have unlawfully earned through the blatant misappropriation of Plaintiff's name, there are public documents which may be used to give a reasonable estimate. Prenda has by some estimates obtained over $15 million through its copyright litigation, which uses the threat of a lawsuit to obtain settlements in the neighborhood of $3,400. *See* Godfread Aff., Ex. C.

2

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

### A.    Number of Cases Prenda Law Has Filed.

By searching public records of court filings Prenda Law has made on behalf of its sham clients, AF Holdings and Ingenuity13, it is possible to estimate the amount of money Prenda Law may have made through AF Holdings and Ingenuity13. All of these cases are based upon the misappropriation of Alan Cooper's identity in order to create sham parties and to provide those parties with the copyrights needed to pursue the claims. Using the federal courts PACER system, Plaintiff's attorney calculated estimates of lawsuits filed that were based upon the misappropriation of Alan Cooper's identity.

### B.    Prenda Law's AF Holdings Lawsuits And Settlement Totals

Prenda and its affiliate attorneys have represented AF Holdings in 213 lawsuits filed in federal courts across the country, with an estimated 3,219 defendants. *See* Godfread Aff., Ex. D. Each one of these lawsuits is a based on a claim of copyright infringement which is supported by an assignment agreement purportedly signed by plaintiff Alan Cooper. Of that number, it has named 68 individuals. If one subtracts those 68 from the 3,219 total, we are left with 3,151 defendants. Assuming Prenda Law was able to reach settlements with 30% of those 3,151 defendants, that would bring the number to roughly 945 individuals. Multiplying 945 by the $3,400 settlement demand would mean Prenda Law has collected in the neighborhood of $3,213,000 from cases with AF Holdings as the nominal plaintiff.

### C.    Prenda Law's Ingenuity13 Lawsuits And Settlement Totals.

Prenda Law and its affiliate attorneys have represented Ingenuity13 in 71 lawsuits filed in federal courts across the country, with an estimated 1,400 defendants. *See* Godfread Aff., Ex. E and F. (Prenda Law has used two spelling variations of Ingenuity13, with and without a space). Assuming Prenda Law was able to reach settlements with 30% of those 1,400 defendants, we are left with 420 individuals. Multiplying 420 by the

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

$3,400 settlement demand would mean Prenda Law has collected in the neighborhood of $1,428,000 from its cases with Ingenuity13 as the nominal plaintiff.

*The total estimate of Prenda Law's AF Holdings and Ingenuity13 proceeds is $4,641,000.*

### D.  Prenda Law Has Kept All Settlement Proceeds

While Prenda Law has often used other law firms as local counsel when prosecuting its sham lawsuits, it handles all settlements and collects all proceeds. This was admitted in a deposition of AF Holdings earlier this year, where when AF Holdings' representative, attorney Paul Hansmeier was asked where settlement funds for AF Holdings go for cases where AF Holdings is represented by another law firm, Mr. Hansmeier responded that those funds would go into Prenda Law's trust account. *See* Godfread Aff., Ex. G.  Mr. Hansmeier further stated that AF Holdings, the supposed client, had never received any funds that went into Prenda Law's trust account. *See Id.*

### III.  PRENDA LAW'S UNLAWFUL SCHEME CONTINUES TO THIS DAY

The total estimated by Plaintiff's counsel that Prenda Law has taken through cases Though these numbers appear to be large, they may in fact underestimate the settlement totals. Several cases with only one defendant have been the basis for additional discovery and then settlement demands against hundreds more. For example, in *AF Holdings v. Harris*, 2:12-cv-02133-GMS (D. Ariz.), Prenda filed a copyright lawsuit against one defendant, Mr. Harris. Prenda then used that lawsuit as the basis for issuing subpoenas and identifying many more individuals, who will eventually be sent settlement demand letters. *See* Godfread Aff., Ex. J. It may be impossible to fully account for all of Prenda Law's unlawful activities.

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

## CONCLUSION

The estimates provided within this motion and supporting documents may be the only way to calculate the amounts Prenda Law has taken through the unlawful use of Plaintiff's identity to perpetrate a massive scam on the federal court system. Though Prenda Law's scheme has been uncovered by some federal judges, it appears to continue using Plaintiff's name in further litigation. Plaintiff asks that this Court enter judgment in his favor.

DATE: 5·6·2013

GODEREAD LAW FIRM, P.C.

By _Paul (____)_

Paul Godfread (#389316)
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
(612) 284-7325
paul@godreadlaw.com
*Attorney for Plaintiff, Alan Cooper*

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

STATE OF MINNESOTA                           DISTRICT COURT
COUNTY OF HENNEPIN                  FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| Alan Cooper, <br><br> Plaintiff, <br><br> v. <br><br> John Lawrence Steele; Prenda Law Inc.; AF Holdings, LLC; Ingenuity13, LLC; <br><br> Defendant. | Court File No.: 27-cv-13-3464 <br><br><br> **AFFIDAVIT OF NO ANSWER, IDENTIFICATION, NON-MILITARY STATUS, PROOF AND COSTS AND DISBURSEMENTS** |

STATE OF MINNESOTA            )
                             ) ss.:
COUNTY OF HENNEPIN            )

    I, Paul Godfread, being first duly sworn on oath, state:

1. I am the attorney for Plaintiff Alan Cooper in this action.

2. That the Summons and Complaint were served on Defendant Prenda Law, Inc. and said Summons and Complaint with proof of service thereof have been filed in the office of the clerk court;

3. The time allowed by law and specified in said Summons for the Defendant to answer the Complaint has elapsed, that no answer has been received by or served upon Plaintiff or his attorney and Defendant has not otherwise properly defended in the action; that accordingly the Defendant is in default.

4. On February 18, after having attempted personal service on Prenda Law, Inc.'s registered agent, Paul Duffy, I filed with the Illinois Secretary of State the attached Affidavit of Compliance for Service on the Secretary of State, pursuant to the Illinois Business Corporation Act and in compliance with Minn. Stat. § 5.25 subd.4, along with a copy of the Summons and Complaint.

1

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

5.   I received the Affidavit of Compliance stamped by the Illinois Secretary of State and then I personally sent, via certified mail, the Affidavit of Compliance, Summons, and Complaint to defendant Prenda Law, Inc.'s registered agent on March 15, 2013.

6.   I received confirmation from the US Postal Service that the Affidavit of Compliance, Summons, and Complaint were received by Prenda Law, Inc. on March 18, 2013.

7.   I have verified with the Illinois Secretary of State, that Defendant Prenda Law, Inc. currently maintains an address of its registered agent at 161 N. Clark Street, Chicago, IL 60601, which is the address where they were served.

8.   I further state that neither Defendant Prenda Law, Inc., nor any of its agents, officers, or principals are in the military service of the United States; and that this affidavit is made in compliance with the Servicemembers Civil Relief Act of 2003.

9.   Attached to this Affidavit are true and correct copies of the following documents:

a.      Certificate of Compliance for Service through the Illinois Secretary of State. (EXHIBIT A)

b.      Certified Mail receipts confirming service on Prenda Law, Inc. onMarch 18, 2013. (EXHIBIT B)

c.      Article in Forbes published 10/15/2012, "How Porn Copyright Lawyer John Steele Has Made A 'Few Million Dollars' Pursuing (Sometimes Innocent) 'Porn Pirates'" (EXHIBIT C)

d.      PACER search report for "AF Holdings" showing 217 cases filed between 1/1/2010 and 4/30/2013. (EXHIBIT D)

e.      PACER search report for "Ingenuity13" (no space) showing 28 cases filed between 1/1/2010 and 4/30/2013. (EXHIBIT E)

f.      PACER search report for "Ingenuity 13" (with space) showing 43 cases filed between 1/1/2010 and 4/30/2013. (EXHIBIT F)

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

g.      Excerpt (pages 94 - 99) from transcript of deposition of Paul Hansmeier
        for AF Holdings; *AF Holdings, LLC v. Joe Navasca*, 3:12-cv-02396
        (N.D.Cal) (EXHIBIT G)

h.      Article by Dan Browning in Star Tribune on March 11, 2013 title
        "Lawyers in BitTorrent copyright trolling cases under
        scrutiny." (EXHIBIT H)

i.      Transcript of Order to Show Cause Hearing on April 2, 2013 in
        *Ingenuity 13 LLC v. John Doe et al.*, 12-cv-8333 ODW (C.D. Cal.)
        (EXHIBIT I)

j.      Copy of subpoena notice letter filed in *AF Holdings, LLC v. Harris*,
        2:12-cv-02144-GMS (EXHIBIT J)

11.  Based on the available public information, defendant Prenda Law, Inc. has
     made approximately $4,641,000 through the unlawful misappropriation of
     Plaintiff Alan Cooper's name.

12.  Based on the available public information and upon information and belief,
     defendant Prenda Law, Inc. continues to unlawfully use Plaintiff's name in its
     litigation and settlement scheme.

Dated: 5/6/2013

_____
Paul Godfread


Sworn to and subscribed before me the
6TH day of MAY , 20 13

_____
NOTARY PUBLIC

STEFANO BENVENUTI
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2018

3

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# EXHIBIT A

Form **BCA-5.25**
(Rev. Jan. 2003)

**AFFIDAVIT OF COMPLIANCE FOR SERVICE
ON SECRETARY OF STATE UNDER THE
BUSINESS CORPORATION ACT**

File # _6812-298-9_

**Jesse White**
Secretary of State
Department of Business Services
Springfield, IL 62756
217-524-6748
www.cyberdriveillinois.com

Remit payment in check or money
order payable to Secretary of State.

This space for use by Secretary of State.

**FILED**

MAR 0 1 2013

JESSE WHITE
SECRETARY OF STATE

SUBMIT IN DUPLICATE

Date: _3/1/2013_

Filing Fee: $10 .

Approved: _JL_

1. Title and Number of Case:

   Alan Cooper _____ first named plaintiff

   John Steele _____ v. _____ first named defendant      Number _NA_ _____

2. Name of corporation being served: _Prenda Law Inc._

3. Title of court in which an action, suit or proceeding has been commenced: _Hennepin County District_

4. Title of instrument being served: _Summons, Complaint, Initial Discovery_

5. Basis for service on the Secretary of State: (check and complete appropriate box)

   a. ☑ The corporation's registered agent cannot with reasonable diligence be found at the registered office of record in Illinois.

   b. ☐ The corporation has failed to appoint and maintain a registered agent in Illinois.

   c. ☐ The corporation was dissolved on _____ , _____ ; the conditions
       Month & Day                Year
       of paragraphs (a) or (b) above exist; and the action, suit or proceeding has been instituted against or has affected the corporation within five (5) years thereafter.

   d. ☐ The corporation's authority to transact business in Illinois has been withdrawn/revoked (circle one) on _____ , _____
       Month & Day                Year

   e. ☐ The corporation is a foreign corporation that has transacted business in Illinois without procuring authority, contrary to the provisions of the Business Corporation Act of 1983.

6. Address to which the undersigned will cause a copy of the attached process, notice or demand to be sent by certified or registered mail: _161 N Clark St. #3200, Chicago, IL 60601_

7. The undersigned affirms, under penalties of perjury, that the facts stated herein are true, correct and complete.

   _____            February 18            2013
   Signature of Affiant                 Month & Day            Year

   ( 612 )     284-7325
             Telephone Number

**Return to** (please type or print clearly):

_Godfread Law Firm, PC_
         Name
_100 S. 5th Street, #1900_
         Street
_Minneapolis, MN 55402_
City/Town     State      ZIP

Printed by authority of the State of Illinois. June 2005 — 5M — C 213.10

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# EXHIBIT B

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ $5.85 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | $2.55 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $11.50 |

Postmark Here
TWIN CITIES AMC
MAR 15 2013
ST. PAUL, MN 55111-9998

7012 2210 0001 0581 1962

Sent To _Prenda Law Inc._
Street, Apt No; or PO Box No. _161 N Clark S #3200_
City, State, ZIP+4 _Chicago IL 60601_

PS Form 3800, August 2006                    See Reverse for Instructions

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

4/15/13                              USPS.com® - Track & Confirm

English        Customer Service        USPS Mobile                                    Register / Sign In

# ᴢUSPS.COM·

Search USPS.com or Track Packages

Quick Tools              Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

# Track & Confirm

GET EMAIL UPDATES      PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70122210890105811962 | Priority Mail® | Delivered | March 18, 2013, 1:38 pm | CHICAGO, IL 60601 | Expected Delivery By: March 18, 2013 |
| | | | | | Certified Mail™ |
| | | | | | Return Receipt |
| | | Arrival at Unit | March 18, 2013, 10:36 am | CHICAGO, IL 60604 | |
| | | Depart USPS Sort Facility | March 16, 2013, 3:07 am | SAINT PAUL, MN 55121 | |
| | | Arrive USPS Sort Facility | March 16, 2013, 3:06 am | SAINT PAUL, MN 55121 | |
| | | Acceptance | March 15, 2013, 6:47 pm | SAINT PAUL, MN 55111 | |

## Check on Another Item

What's your label (or receipt) number?

Find

LEGAL                    ON USPS.COM                ON ABOUT.USPS.COM          OTHER USPS SITES
Privacy Policy ›         Government Services ›      About USPS Home ›          Business Customer Gateway ›
Terms of Use ›           Buy Stamps & Shop ›        Newsroom ›                 Postal Inspectors ›
FOIA ›                   Print a Label with Postage › Mail Service Updates ›   Inspector General ›
No FEAR Act EEO Data ›   Customer Service ›         Forms & Publications ›     Postal Explorer ›
                         Site Index ›               Careers ›

Copyright© 2013 USPS. All Rights Reserved.

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# EXHIBIT C

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# Forbes



**Kashmir Hill**, Forbes Staff
Welcome to The Not-So Private Parts where technology & privacy collide

TECH | 10/15/2012 @ 2:09PM | 22,115 views

# How Porn Copyright Lawyer John Steele Has Made A 'Few Million Dollars' Pursuing (Sometimes Innocent) 'Porn Pirates'



Attorney John Steele is currently suing approximately 20,000 Internet users.



The rather long list of "People Most Hated By The Internet" — that guy who sued the Oatmeal, RIAA, Hunter Moore, Julia Allison, Violentacrez... — would be incomplete were it not to include John Steele. Steele is a lawyer who has partnered with the pornography industry to go after "pirates" who download their XXX films without paying for them. He has filed over 350 of these suits, and says he is currently suing approximately 20,000 people.

The tactic is similar to the one employed by the recording industry years ago to sue people who were amassing huge music libraries through peer-to-peer sharing rather than buying CDs. But where RIAA wanted to scare people out of illegal downloads by getting massive, scary judgments in highly publicized cases against individual Napster users, Steele and the lawyers like him are content to get relatively small settlements from individuals who pay up quietly to avoid being linked by name in public court filings for allegedly watching a film such as "Illegal Ass 2."

"I'm considered the original copyright troll," says John Steele, almost proudly. "At least my wife loves me. When I read about myself on the Internet, I think, 'Who is this jerk?'"

Attorneys like Steele identify allegedly guilty parties by monitoring file-sharing on BitTorrent (an increasingly surveilled place) and capturing the IP addresses of people sharing movies made by their porn producing clients. They then name the IP addresses as John Does in a copyright infringement lawsuit, and get a judge to force an ISP to reveal the paying customers behind the IP addresses. They sometimes sue hundreds of people at a time this way. Those people then get a letter from the lawyer informing them that they're accused of

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

downloading a particular movie and that they have the
opportunity to pay a settlement (usually around $3,000)
to make the legal matter go away, or risk being taken to
court. Steele's tactics are controversial, and have inspired a
huge online backlash with critical stories from Ars
Technica, TechDirt, and specialized sites such as
DieTrollDie. Those who believe that everything should be
free online are especially vocal.



Buzzfeed did a underline_rather long piece laying out why Steele's
suits inspire such criticism.  To boil it down to two
reasons:

*Unless you're Sasha
Grey, you probably
don't want your
name publicly linked
with this movie.*

- **ONE:** The paying customer behind the IP address may not
  be the person who downloaded "Tranny Donkey Porn From Mars." A judge
  overseeing a lawsuit in New York against 176 John Does accused of downloading
  "My Little Panties 2" expressed concerns after the lawyer representing Digital
  Sin in the suit "estimated that 30% of the names turned over by ISPs are not
  those of individuals who actually downloaded or shared copyrighted material.
  Counsel stated that the true offender is often the 'teenaged son ... or the
  boyfriend if it's a lady.' Alternatively, the perpetrator might turn out to be a
  neighbor in an apartment building that uses shared IP addresses or a dormitory
  that uses shared wireless networks," wrote Judge Alison Nathan, in an order
  giving the John Does and the ISPs 60 days to try to quash the subpoena.

"Just because wrong person arrested for murder doesn't mean murder
shouldn't be a crime," quips Steele. "We assess the situation and try to get the
facts. There's certain fact patterns that suggest it's not the right person."

He doesn't elaborate on what fact patterns suggest the person they're suing
isn't a porn lover but says most of their targets tend to be "20 to 40-something
males."

Still Steele says even if the person isn't the porn perp, he thinks the person still
plays a role in the crime. "Don't let people commit criminal acts on your
network," he says. "If you lend your gun to someone who commits a crime,
you're responsible." (Ed. Note: Probably not in a court of law though.)

- **TWO:** Some criticize the suits as a perversion of the justice system, and some of
  the judges asked to force ISPs to turn over the information are expressing
  discomfort about being asked to do so. "[T]he potential for abuse is very high.
  The infringed work is a pornographic film. To save himself from embarrassment,
  even if he is not the infringer, the subscriber will very likely pay the settlement
  price," wrote Judge Otis Wright in a California case against 10 John Does
  accused of illegally downloading "Blonde Ambition." Critics say that the lawyers
  bringing these suits have no plan to take them to trial, but simply want to get
  identifying information for alleged copyright infringers and then shame them
  into paying a few thousand dollars to make the problem go away – whether they
  did the downloading or not. "The Court will not idly watch what is essentially an
  extortion scheme, for a case that plaintiff has no intention of bringing to trial,"
  wrote Wright in a June order that asked Cox Communications to out John Doe 1
  to porn company Malibu Media, but said that Malibu needed to sue the rest of its
  John Does individually (making the mass outing and settlement request process
  much harder and more expensive, as they can't sue hundreds of people at one
  time).

Steele, who was previously a family law attorney handling divorce cases before
discovering the exciting world of porn copyright law, says his firm, Steele
Hansmeier, was one of the first to partner with the porn industry and start
filing these suits; he filed his first porn case in 2010. He claims to have come
up with the idea of pursuing people for illegal downloads while in law school at

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

the University of Minnesota (from which he graduated in 2006).

"When we were in law school, we could look at the router and see people ripping movies and songs. We thought, 'Wouldn't it be amazing if we could find a way to identify these people and go after them?'" he says. "Adult entertainment companies were only ones that would work with us."

Now there are many lawyers and porn companies – who have been struggling in the age of free salacious Internet content — seeking to make profits this way. Hundreds of these cases have made or are making their way through court systems around the country, and tens of thousands John Does have been sued. (Surprise! Lots of people watch porn on the Internet.) Steele says he files 20 lawsuits a month, and would like to increase this to 300.

"[Copyrighted porn being downloaded for free] is a huge problem," says Steele. "I think we've made a difference. Otherwise, we wouldn't have made so many people so mad."

"Critics say we never actually file suit against people, just get their information, then pressure them to settle. But we're prepared to fight if you don't want to settle," says Steele. In the "early stages," they didn't do this, but Steele says they are now willing to name names and take these cases to trial, bringing to bear other evidence, gathered from inspecting the accused's computer and hard drive and interviewing friends and family about their porn habits. "We collect quite a bit of info about the Does."

He points the finger at "other attorneys" who are abusing the process to get John Does to pay up without due process, whether they're guilty of illegal porn consumption or not.

"Almost everyone who has not settled, we have sued," says Steele. "There's a backlog right now."

Steele has never taken one of his John Does to court though he says he relishes the opportunity for a trial. "If I have judgments in my hands, wouldn't that be a wonderful thing to show everyone to make other people settle?" he says.

I asked Steele, who works with approximately two dozen "adult entertainment clients" how many of these cases he has settled. He says a "fair number" would be 5,000.

These firms generally ask people to settle by paying them $3,000. Doing the math, I suggest Steele has made $15 million settling these suits.

"Maybe a little less. We don't track the amount we've recovered. More than a few million," he says, declining to offer exact numbers. "We've done reductions based on people's situations. We decided we're not going after people in the military or active service."

There is trouble on the horizon, though. As mentioned before, some judges have expressed skepticism about these suits and are trying to make it harder for lawyers to file them en masse against hundreds of John Does.

Steele expresses annoyance at this: "When we sue 100 Does, we don't always get 100 names. Sometimes, it just ends up being 40 people," he says. "In one case, 27 'Doe' IP addresses all belonged to one person."

"When one side trying to find procedural loopholes, it speaks to the strength of

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

their case," he continues.

Steele's other problem is that ISPs are starting to push back against complying with these subpoenas. In Chicago, Comcast intervened in a case that involved some of its subscribers saying that porn company AF Holdings was abusing the legal system "to shake down the Doe defendants," getting their identifying information in order to embarrass and harass them into paying a settlement. In that case, the judge quashed the subpoenas.

"Comcast has objected to 30 or 40 of our subpoenas. Couple they've won and couple where they've lost. We have great relationships with many ISPS, but not with Comcast," says Steele. "It's a business decision for them. They don't want to lose their clients. But if you step into shoes of your subscribers, you become responsible. Comcast is sheltering people so they can make money."

In August, Prenda Law, another firm that pursues these types of case, filed a lawsuit in Illinois against AT&T, Comcast Cable Communications and their corporate executives "for aiding hackers targeting adult content" by refusing to turn over identifying information in these suits.

"It's really simple," says Steele. "We caught someone stealing."

Some of those accused of stealing porn movies are starting to fight back. In addition to creating online forums with instructions as to how to fight these suits, some innocent parties have sued porn companies and their lawyers in return. Earlier this year, California woman Liuxia Wong sued Hard Drive Productions (represented by John Steele) for trying to extort her, accusing her of illegally downloading "Amateur Allure Jen" and requesting $3,4000 from her to settle the suit. She and her husband had an open Wi-Fi network and said they had no idea who might have downloaded the movie. Steele settled the suit for an undisclosed amount.

"We're very comfortable with who came out ahead in the case," he says. "The way it ended caused us no pain."

Other possible roadblocks: This summer, a class action lawsuit popped up in Kentucky accusing a bunch of porn companies of racketeering, fraud and defamation for their attempts to get people to pay for illegal downloads. Steele says he's unconcerned. Eight state attorney generals have called him about extortion claims. "Once I explain, they're reassured," he says.

This fall, various ISPS announced plans to collaborate in a deal negotiated by copyright holders and the Obama administration: a "six strikes" program in which ISPs will issue warnings to their customers when they see them infringing on copyrights. I ask Steele if he's worried that will effectively stop illegal downloads (and thus negate the need for porn companies to go after downloaders in court, making him unnecessary).

"I doubt the effectiveness of this," he says. "Little pop-up windows? I don't see the downside of getting caught. If consumer groups agree with it, can't be that bad."

Steele says part of the problem is the culture of the Internet: people thinking content is and should be free there. "Eighteen-year-olds call us [after receiving settlement letters], confused," he says. "They don't know they're doing anything wrong."

Asked about the criticism inherent in shaming people into paying settlements

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

by threatening to associate them with dirty movies they've watched, Steele is unapologetic.

"People don't like to get caught doing anything wrong," he says. "They should be embarrassed about the stealing."

---

This article is available online at:
http://www.forbes.com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyer-john-steele-justifies-his-pursuit-of-sometimes-innocent-porn-pirates/

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# EXHIBIT D

4/30/13                                    PACER Case Locator - View



**PACER**
Case Locator

All Court Types Party Search
Tue Apr 30 17:33:12 2013
217 records found

User: go0870 P
Client:
Search: All Court Types Party Search Name af holdings filed 1/1/2010 to 4/30/2013 All Courts Page: 1

---

### Civil Results

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 1 AF Holdings LLC (pla) | azdce | 2:2012-cv-02124 | 820 | 10/09/2012 | 03/20/2013 |
| 2 AF Holdings LLC (pla) | azdce | 2:2012-cv-02125 | 820 | 10/09/2012 | 02/21/2013 |
| 3 AF Holdings LLC (pla) | azdce | 2:2012-cv-02127 | 820 | 10/09/2012 | 03/18/2013 |
| 4 AF Holdings LLC (pla) | azdce | 2:2012-cv-02130 | 820 | 10/09/2012 | 04/09/2013 |
| 5 AF Holdings LLC (pla) | azdce | 2:2012-cv-02131 | 820 | 10/09/2012 | 01/10/2013 |
| 6 AF Holdings LLC (pla) | azdce | 2:2012-cv-02132 | 820 | 10/09/2012 | 04/04/2013 |
| 7 AF Holdings LLC (pla) | azdce | 2:2012-cv-02134 | 820 | 10/09/2012 | 01/31/2013 |
| 8 AF Holdings LLC (pla) | azdce | 2:2012-cv-02144 | 820 | 10/08/2012 | |
| 9 AF Holdings LLC (pla) | azdce | 2:2012-cv-02136 | 820 | 10/09/2012 | 02/13/2013 |
| 10 AF Holdings LLC (pla) | caedce | 2:2012-cv-05709 | 820 | 07/02/2012 | 01/25/2013 |
| 11 AF Holdings LLC (pla) | caedce | 2:2012-cv-05720 | 820 | 07/02/2012 | 08/28/2012 |
| 12 AF Holdings LLC (pla) | caedce | 2:2012-cv-05724 | 820 | 07/02/2012 | 12/21/2012 |
| 13 AF Holdings LLC (pla) | caedce | 2:2012-cv-05712 | 820 | 07/02/2012 | 12/20/2012 |
| 14 AF Holdings LLC (pla) | caedce | 2:2012-cv-05722 | 820 | 07/02/2012 | 01/29/2013 |
| 15 AF Holdings LLC (pla) | caedce | 2:2012-cv-07384 | 820 | 08/28/2012 | 01/28/2013 |
| 16 AF Holdings LLC (pla) | caedce | 2:2012-cv-07387 | 820 | 08/28/2012 | 01/28/2013 |
| 17 AF Holdings LLC (pla) | caedce | 2:2012-cv-07388 | 820 | 08/28/2012 | 10/02/2012 |
| 18 AF Holdings LLC (pla) | caedce | 2:2012-cv-07391 | 820 | 08/28/2012 | 01/28/2013 |
| 19 AF Holdings LLC (pla) | caedce | 2:2012-cv-07407 | 820 | 08/29/2012 | 01/28/2013 |
| 20 AF Holdings LLC (pla) | caedce | 2:2012-cv-08320 | 820 | 09/27/2012 | 01/28/2013 |
| 21 AF Holdings LLC (pla) | caedce | 2:2012-cv-08321 | 820 | 09/27/2012 | 01/28/2013 |
| 22 AF Holdings LLC (pla) | caedce | 2:2012-cv-05725 | 820 | 07/02/2012 | 01/25/2013 |
| 23 AF Holdings LLC (pla) | caedce | 2:2012-cv-06636 | 820 | 08/01/2012 | 01/25/2013 |
| 24 AF Holdings LLC (pla) | caedce | 2:2012-cv-06637 | 820 | 08/01/2012 | 01/25/2013 |
| 25 AF Holdings LLC (pla) | caedce | 2:2012-cv-06667 | 820 | 08/02/2012 | 12/12/2012 |
| 26 AF Holdings LLC (pla) | caedce | 2:2012-cv-06657 | 820 | 08/02/2012 | 10/22/2012 |
| 27 AF Holdings LLC (pla) | caedce | 2:2012-cv-06669 | 820 | 08/02/2012 | 01/25/2013 |
| 28 AF Holdings LLC (pla) | caedce | 2:2012-cv-06665 | 820 | 08/02/2012 | 12/21/2012 |
| 29 AF Holdings LLC (pla) | caedce | 2:2012-cv-08325 | 820 | 09/27/2012 | 01/28/2013 |
| 30 AF Holdings LLC (pet) | caedce | 2:2012-cv-01075 | 820 | 04/23/2012 | 02/11/2013 |
| 31 AF Holdings LLC (pla) | caedce | 2:2011-cv-03076 | 820 | 11/21/2011 | 06/06/2012 |
| 32 AF Holdings LLC (pla) | caedce | 2:2012-cv-01063 | 820 | 04/23/2012 | 07/26/2012 |
| 33 AF Holdings LLC (pla) | caedce | 2:2012-cv-01064 | 820 | 04/23/2012 | 02/14/2013 |
| 34 AF Holdings LLC (pla) | caedce | 2:2012-cv-01066 | 820 | 04/23/2012 | 02/11/2013 |
| 35 AF Holdings LLC (pla) | caedce | 2:2012-cv-01067 | 820 | 04/23/2012 | 02/11/2013 |
| 36 AF Holdings LLC (pla) | caedce | 2:2012-cv-06670 | 820 | 08/02/2012 | 12/10/2012 |
| 37 AF Holdings LLC (pla) | caedce | 2:2012-cv-06659 | 820 | 08/02/2012 | 01/25/2013 |
| 38 AF Holdings LLC (pla) | caedce | 2:2012-cv-07401 | 820 | 08/29/2012 | 01/28/2013 |
| 39 AF Holdings LLC (pla) | caedce | 2:2012-cv-07402 | 820 | 08/29/2012 | 01/18/2013 |
| 40 AF Holdings LLC (pla) | caedce | 2:2012-cv-07403 | 820 | 08/29/2012 | 01/28/2013 |
| 41 AF Holdings LLC (pla) | caedce | 2:2012-cv-07405 | 820 | 08/29/2012 | 01/29/2013 |
| 42 AF Holdings LLC (pla) | caedce | 2:2012-cv-07406 | 820 | 08/29/2012 | 11/02/2012 |
| 43 AF Holdings LLC (pla) | caedce | 2:2012-cv-01068 | 820 | 04/23/2012 | 02/08/2013 |
| 44 AF Holdings LLC (pla) | caedce | 2:2012-cv-01073 | 820 | 04/23/2012 | 12/21/2012 |
| 45 AF Holdings LLC (pla) | caedce | 2:2012-cv-01076 | 820 | 04/23/2012 | 09/24/2012 |
| 46 AF Holdings LLC (pla) | caedce | 2:2012-cv-01078 | 820 | 04/23/2012 | 02/11/2013 |
| 47 AF Holdings LLC (pla) | caedce | 2:2012-cv-01079 | 820 | 04/23/2012 | 02/01/2013 |
| 48 AF Holdings LLC (pla) | caedce | 2:2012-cv-01080 | 820 | 04/23/2012 | 06/29/2012 |
| 49 AF Holdings LLC (pla) | caedce | 2:2012-cv-01654 | 820 | 06/20/2012 | 02/11/2013 |
| 50 AF Holdings LLC (pla) | caedce | 2:2012-cv-01662 | 820 | 06/20/2012 | |
| 51 AF Holdings LLC (pla) | caedce | 2:2012-cv-01663 | 820 | 06/20/2012 | 02/20/2013 |
| 52 AF Holdings LLC (pla) | caedce | 2:2012-cv-01968 | 820 | 07/26/2012 | 01/18/2013 |
| 53 AF Holdings LLC (pla) | caedce | 2:2012-cv-02204 | 820 | 08/23/2012 | 02/13/2013 |
| 54 AF Holdings LLC (pla) | caedce | 2:2012-cv-02206 | 820 | 08/24/2012 | 02/13/2013 |

Receipt 04/30/2013 17:33:13 47560319

User go0870 P
Client
Description All Court Types Party Search

Name af holdings filed 1/1/2010 to 4/30/2013 All Courts Page: 1

Pages 1 ($0.10)

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

4/30/13

PACER Case Locator - View



**All Court Types Party Search**
Tue Apr 30 17:33:12 2013
217 records found

User: go0870 P
Client:
Search: All Court Types Party Search Name af holdings filed 1/1/2010 to 4/30/2013 All Courts Page: 2



**Civil Results**

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 55 AF Holdings LLC (pla) | caedce | 2:2012-cv-02207 | 820 | 08/24/2012 | 02/11/2013 |
| 56 AF Holdings LLC (pla) | candce | 4:2011-cv-03067 | 820 | 06/21/2011 | 01/25/2012 |
| 57 AF Holdings LLC (pla) | caedce | 2:2012-cv-01655 | 820 | 06/20/2012 | 01/22/2013 |
| 58 AF Holdings LLC (pla) | caedce | 2:2012-cv-01656 | 820 | 06/20/2012 | 04/02/2013 |
| 59 AF Holdings LLC (pla) | caedce | 2:2012-cv-01657 | 820 | 06/20/2012 | 02/11/2013 |
| 60 AF Holdings LLC (pla) | caedce | 2:2012-cv-01658 | 820 | 06/20/2012 | 11/06/2012 |
| 61 AF Holdings LLC (pla) | caedce | 2:2012-cv-01659 | 820 | 06/20/2012 | 02/13/2013 |
| 62 AF Holdings LLC (pla) | caedce | 2:2012-cv-01660 | 820 | 06/20/2012 | 02/13/2013 |
| 63 AF Holdings LLC (pla) | caedce | 2:2012-cv-01661 | 820 | 06/20/2012 | 02/08/2013 |
| 64 AF Holdings LLC (pla) | candce | 3:2011-cv-03335 | 820 | 07/07/2011 | 12/01/2011 |
| 65 AF Holdings LLC (pla) | candce | 5:2011-cv-03336 | 820 | 07/07/2011 | 03/27/2012 |
| 66 AF Holdings LLC (pla) | candce | 5:2011-cv-05633 | 820 | 11/21/2011 | 02/16/2012 |
| 67 AF Holdings LLC (pla) | candce | 4:2012-cv-02049 | 820 | 04/24/2012 | 02/07/2013 |
| 68 AF Holdings LLC (pla) | candce | 3:2012-cv-02396 | 820 | 05/10/2012 | |
| 69 AF Holdings LLC (pla) | candce | 3:2012-cv-02397 | 820 | 05/10/2012 | 09/11/2012 |
| 70 AF Holdings LLC (pla) | candce | 3:2012-cv-02405 | 820 | 05/10/2012 | 07/25/2012 |
| 71 AF Holdings LLC (pla) | candce | 3:2012-cv-02416 | 820 | 05/10/2012 | 09/20/2012 |
| 72 AF Holdings LLC (pla) | candce | 5:2012-cv-02417 | 820 | 05/10/2012 | 11/12/2012 |
| 73 AF Holdings LLC (pla) | candce | 4:2012-cv-02408 | 820 | 05/10/2012 | 08/20/2012 |
| 74 AF Holdings LLC (pla) | candce | 3:2012-cv-03249 | 820 | 06/22/2012 | 09/19/2012 |
| 75 AF Holdings LLC (pla) | candce | 4:2012-cv-03248 | 820 | 06/22/2012 | 01/18/2013 |
| 76 AF Holdings LLC (pla) | candce | 3:2012-cv-03251 | 820 | 06/22/2012 | 10/09/2012 |
| 77 AF Holdings LLC (pla) | candce | 3:2012-cv-03250 | 820 | 06/22/2012 | 10/22/2012 |
| 78 AF Holdings LLC (pla) | ilndce | 1:2012-cv-03567 | 820 | 05/09/2012 | 03/18/2013 |
| 79 AF Holdings LLC (pla) | ilndce | 1:2012-cv-03568 | 820 | 05/09/2012 | 03/08/2013 |
| 80 AF Holdings LLC (pla) | ilndce | 1:2012-cv-03569 | 820 | 05/09/2012 | 02/13/2013 |
| 81 AF Holdings LLC (pla) | ilndce | 1:2012-cv-03570 | 820 | 05/09/2012 | 03/14/2013 |
| 82 AF Holdings LLC (pla) | ilndce | 1:2012-cv-03571 | 820 | 05/09/2012 | 03/14/2013 |
| 83 AF Holdings LLC (pla) | ilndce | 1:2012-cv-03572 | 820 | 05/09/2012 | 09/26/2012 |
| 84 AF Holdings LLC (pla) | ilndce | 1:2012-cv-04226 | 820 | 05/31/2012 | 08/20/2012 |
| 85 AF Holdings LLC (pla) | ilndce | 1:2012-cv-04229 | 820 | 05/31/2012 | 02/13/2013 |
| 86 AF Holdings LLC (pla) | ilndce | 1:2012-cv-04232 | 820 | 05/31/2012 | 04/26/2013 |
| 87 AF Holdings LLC (pla) | ilndce | 1:2012-cv-04234 | 820 | 05/31/2012 | 03/20/2012 |
| 88 AF Holdings LLC (pla) | ilndce | 1:2012-cv-04235 | 820 | 05/31/2012 | 03/15/2013 |
| 89 AF Holdings LLC (pla) | ilndce | 1:2012-cv-04236 | 820 | 05/31/2012 | 11/28/2012 |
| 90 AF Holdings LLC (pla) | ilndce | 1:2012-cv-04237 | 820 | 05/31/2012 | 03/14/2013 |
| 91 AF Holdings LLC (pla) | ilndce | 1:2012-cv-04239 | 820 | 05/31/2012 | 03/15/2013 |
| 92 AF Holdings LLC (pla) | candce | 3:2012-cv-03253 | 820 | 06/22/2012 | 12/06/2012 |
| 93 AF Holdings LLC (pla) | candce | 3:2012-cv-04218 | 820 | 08/09/2012 | 12/27/2012 |
| 94 AF Holdings LLC (pla) | candce | 5:2012-cv-04219 | 820 | 08/09/2012 | 02/08/2013 |
| 95 AF Holdings LLC (pla) | candce | 5:2012-cv-04447 | 820 | 08/23/2012 | 01/29/2013 |
| 96 AF Holdings LLC (pla) | candce | 5:2012-cv-04448 | 820 | 08/23/2012 | 01/17/2013 |
| 97 AF Holdings LLC (pla) | candce | 5:2012-cv-04446 | 820 | 08/23/2012 | 02/13/2013 |
| 98 AF Holdings LLC (pla) | casdce | 3:2012-cv-01519 | 820 | 06/20/2012 | |
| 99 AF Holdings LLC (pla) | casdce | 3:2012-cv-01522 | 820 | 06/20/2012 | 01/28/2013 |
| 100 AF Holdings LLC (pla) | casdce | 3:2012-cv-01523 | 820 | 06/20/2012 | 01/31/2013 |
| 101 AF Holdings LLC (pla) | casdce | 3:2012-cv-01525 | 820 | 06/21/2012 | 02/11/2013 |
| 102 AF Holdings LLC (pla) | casdce | 3:2012-cv-01840 | 820 | 07/26/2012 | 02/06/2013 |
| 103 AF HOLDINGS LLC (pla) | dcdce | 1:2011-cv-01274 | 820 | 07/13/2011 | 03/01/2012 |
| 104 AF HOLDINGS LLC (pla) | dcdce | 1:2012-cv-00048 | 820 | 01/11/2012 | |
| 105 AF Holdings LLC (pla) | flmdce | 8:2012-cv-01693 | 820 | 07/30/2012 | 12/14/2012 |
| 106 AF Holdings LLC (pla) | mndce | 0:2012-cv-01447 | 820 | 06/15/2012 | 10/29/2012 |
| 107 AF Holdings LLC (pla) | mndce | 0:2012-cv-01446 | 820 | 06/15/2012 | 10/25/2012 |
| 108 AF Holdings LLC (pla) | mndce | 0:2012-cv-01449 | 820 | 06/15/2012 | 02/28/2013 |

Receipt 04/30/2013 17:33:54 47560533

User go0870 P
Client
Description All Court Types Party Search

Name af holdings filed 1/1/2010 to 4/30/2013 All Courts Page: 2

Pages 1 ($0.10)

4/30/13                                PACER Case Locator - View



**PACER**
**Case Locator**

**All Court Types Party Search**
Tue Apr 30 17:33:12 2013
217 records found

User:  go0870 P
Client:
Search:  All Court Types Party Search Name af holdings filed 1/1/2010 to 4/30/2013 All Courts Page: 3

### Civil Results

| | Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| 109 | AF Holdings LLC (pla) | mndce | 0:2012-cv-01448 | 820 | 06/15/2012 | 08/31/2012 |
| 110 | AF Holdings LLC (pla) | mndce | 0:2012-cv-02688 | 820 | 10/19/2012 | 01/07/2013 |
| 111 | AF Holdings LLC (pla) | mndce | 0:2012-cv-02687 | 820 | 10/19/2012 | 03/01/2013 |
| 112 | AF Holdings LLC (pla) | mndce | 0:2012-cv-02689 | 820 | 10/19/2012 | 02/20/2013 |
| 113 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-04240 | 820 | 05/31/2012 | 02/27/2013 |
| 114 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-04243 | 820 | 05/31/2012 | 02/01/2013 |
| 115 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-04244 | 820 | 05/31/2012 | 03/26/2013 |
| 116 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-05074 | 820 | 06/26/2012 | 02/06/2013 |
| 117 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-05075 | 820 | 06/26/2012 | 03/14/2013 |
| 118 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-05077 | 820 | 06/26/2012 | 03/29/2013 |
| 119 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-05080 | 820 | 06/26/2012 | 08/08/2012 |
| 120 | AF Holdings LLC (pla) | flndce | 8:2012-cv-01692 | 820 | 07/30/2012 | 12/18/2012 |
| 121 | AF HOLDINGS LLC (pla) | gamdce | 5:2012-cv-00429 | 820 | 10/27/2012 | 01/09/2013 |
| 122 | AF Holdings LLC (pla) | ilcdce | 1:2012-cv-01258 | 820 | 07/30/2012 | 03/14/2013 |
| 123 | AF Holdings LLC (pla) | ilcdce | 1:2012-cv-01398 | 820 | 10/03/2012 | 03/14/2013 |
| 124 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-03564 | 820 | 05/09/2012 | 11/28/2012 |
| 125 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-03565 | 820 | 05/09/2012 | 08/29/2012 |
| 126 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-03566 | 820 | 05/09/2012 | 09/18/2012 |
| 127 | AF Holdings LLC (pla) | miedce | 4:2012-cv-14443 | 820 | 10/07/2012 | 02/27/2013 |
| 128 | AF Holdings LLC (pla) | miedce | 2:2012-cv-14444 | 820 | 10/07/2012 | 03/21/2013 |
| 129 | AF Holdings LLC (pla) | miedce | 2:2012-cv-14445 | 820 | 10/08/2012 | 03/25/2013 |
| 130 | AF Holdings LLC (pla) | miedce | 2:2012-cv-14450 | 820 | 10/08/2012 | 03/11/2013 |
| 131 | AF Holdings LLC (pla) | miedce | 2:2012-cv-14451 | 820 | 10/08/2012 | |
| 132 | AF Holdings LLC (pla) | miedce | 4:2012-cv-14455 | 820 | 10/08/2012 | |
| 133 | AF Holdings LLC (pla) | miedce | 2:2012-cv-14459 | 820 | 10/08/2012 | 03/20/2013 |
| 134 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-05081 | 820 | 06/26/2012 | 03/06/2013 |
| 135 | AF Holdings LLC (pla) | ilndce | 1:2012-cv-08030 | 820 | 10/08/2012 | 03/14/2013 |
| 136 | AF HOLDINGS LLC (pla) | kywdce | 3:2011-cv-00491 | 820 | 09/01/2011 | 03/07/2012 |
| 137 | AF Holdings LLC (cd) | miedce | 4:2012-cv-14455 | 820 | 10/08/2012 | |
| 138 | AF Holdings LLC (pla) | miedce | 2:2012-cv-13434 | 820 | 08/06/2012 | 11/14/2012 |
| 139 | AF Holdings LLC (pla) | miedce | 2:2012-cv-13436 | 820 | 08/06/2012 | 10/31/2012 |
| 140 | AF Holdings LLC (pla) | miedce | 4:2012-cv-14442 | 820 | 10/07/2012 | 03/25/2013 |
| 141 | AF Holdings LLC (pla) | ohsdce | 1:2011-cv-00593 | 820 | 08/26/2011 | 02/02/2012 |
| 142 | AF Holdings LLC (pla) | ordce | 3:2012-cv-02131 | 820 | 11/21/2012 | 12/18/2012 |
| 143 | AF Holdings LLC (pla) | sddce | 4:2011-mc-00112 | | 10/31/2011 | 11/30/2011 |
| 144 | AF Holdings LLC (pla) | txsdce | 4:2011-cv-03042 | 820 | 08/19/2011 | 05/04/2012 |
| 145 | AF Holdings LLC (pla) | vaedce | 2:2011-cv-00383 | 820 | 07/06/2011 | 11/21/2011 |
| 146 | AF Holdings LLC (pla) | vaedce | 2:2012-cv-00555 | 820 | 10/10/2012 | 12/28/2012 |
| 147 | AF Holdings LLC (pla) | vaedce | 1:2012-cv-01256 | 820 | 11/07/2012 | 02/28/2013 |
| 148 | AF Holdings LLC (pla) | miwdce | 1:2012-cv-00812 | 820 | 08/06/2012 | 04/04/2013 |
| 149 | AF Holdings LLC (pla) | miwdce | 1:2012-cv-01100 | 820 | 10/08/2012 | 03/17/2013 |
| 150 | AF Holdings LLC (pla) | miwdce | 1:2012-cv-01101 | 820 | 10/08/2012 | 02/14/2013 |
| 151 | AF Holdings LLC (pla) | miwdce | 1:2012-cv-01102 | 820 | 10/08/2012 | 03/25/2013 |
| 152 | AF Holdings LLC (pla) | miwdce | 1:2012-cv-01256 | 820 | 11/13/2012 | 03/21/2013 |
| 153 | AF Holdings LLC (pla) | mndce | 0:2011-cv-01794 | 820 | 07/06/2011 | 11/15/2011 |
| 154 | AF Holdings LLC (pla) | mndce | 0:2012-cv-01445 | 820 | 06/15/2012 | 10/01/2012 |
| 155 | AF Holdings, LLC (pla) | candce | 3:2012-cv-02415 | 820 | 05/10/2012 | 02/08/2013 |
| 156 | AF Holdings, LLC (pla) | candce | 3:2012-cv-04982 | 820 | 09/24/2012 | 02/08/2013 |
| 157 | AF Holdings, LLC (cd) | ctdce | 3:2012-cv-01401 | 820 | 10/01/2012 | |
| 158 | AF Holdings, LLC (pla) | ctdce | 3:2012-cv-01401 | 820 | 10/01/2012 | |
| 159 | AF Holdings, LLC (pla) | flsdce | 1:2011-cv-23036 | 820 | 08/23/2011 | 03/20/2012 |
| 160 | AF Holdings, LLC (pla) | flsdce | 1:2011-cv-24460 | 820 | 12/13/2011 | 12/13/2011 |
| 161 | AF Holdings, LLC (pla) | flsdce | 1:2011-cv-24473 | 820 | 12/13/2011 | 05/23/2012 |
| 162 | AF Holdings LLC (pla) | vaedce | 1:2012-cv-01257 | 820 | 11/07/2012 | 02/28/2013 |

| | |
|---|---|
| User go0870 P | Receipt 04/30/2013 17:34:10 47560623 |
| Client | |
| Description All Court Types Party Search | |
| Name af holdings filed 1/1/2010 to 4/30/2013 All Courts Page: 3 | |
| Pages 1 ($0.10) | |



**All Court Types Party Search**
**Tue Apr 30 17:33:12 2013**
**217 records found**

User: go0870 P
Client:
Search: All Court Types Party Search Name af holdings filed 1/1/2010 to 4/30/2013 All Courts Page: 4

**Civil Results**

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 163 AF Holdings LLC (pla) | vaedce | 1:2012-cv-01258 | 820 | 11/07/2012 | 03/20/2013 |
| 164 AF Holdings LLC (pla) | vawdce | 3:2012-cv-00055 | 820 | 10/10/2012 | 03/19/2013 |
| 165 AF HOLDINGS LLC, (pla) | ilndce | 1:2012-cv-03548 | 999 | 05/09/2012 | 05/09/2012 |
| 166 AF HOLDINGS LLC, (pla) | ilndce | 1:2012-cv-04222 | 820 | 05/31/2012 | 03/13/2013 |
| 167 AF Holdings LLC, (pla) | ilndce | 1:2012-cv-06128 | 820 | 08/03/2012 | 02/15/2013 |
| 168 AF Holdings, LLC (pla) | candce | 5:2012-cv-02048 | 820 | 04/24/2012 | 11/06/2012 |
| 169 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-22151 | 820 | 06/07/2012 | 10/24/2012 |
| 170 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-22152 | 820 | 06/07/2012 | 12/06/2012 |
| 171 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-22155 | 820 | 06/08/2012 | 10/10/2012 |
| 172 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-22156 | 820 | 06/08/2012 | 10/09/2012 |
| 173 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-22157 | 820 | 06/08/2012 | 12/05/2012 |
| 174 AF Holdings, LLC (cd) | gandce | 1:2012-cv-03482 | 820 | 10/05/2012 | 03/06/2013 |
| 175 AF Holdings, LLC (pla) | gandce | 1:2012-cv-03482 | 820 | 10/05/2012 | 03/06/2013 |
| 176 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-20320 | 820 | 01/27/2012 | 05/29/2012 |
| 177 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-20922 | 820 | 03/06/2012 | 10/12/2012 |
| 178 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-22146 | 820 | 06/07/2012 | 10/10/2012 |
| 179 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-22147 | 820 | 06/07/2012 | 12/05/2012 |
| 180 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-22148 | 820 | 06/07/2012 | 08/28/2012 |
| 181 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-22149 | 820 | 06/07/2012 | 11/30/2012 |
| 182 AF Holdings, LLC (pla) | flsdce | 1:2012-cv-22150 | 820 | 06/07/2012 | 10/10/2012 |
| 183 AF Holdings, LLC (pla) | candce | 5:2012-cv-02394 | 820 | 05/10/2012 | 02/08/2013 |
| 184 AF Holdings, LLC (pla) | candce | 3:2012-cv-02393 | 820 | 05/10/2012 | 03/11/2013 |
| 185 AF Holdings, LLC (pla) | candce | 3:2012-cv-02404 | 820 | 05/10/2012 | 02/05/2013 |
| 186 AF Holdings, LLC (pla) | candce | 3:2012-cv-02392 | 820 | 05/10/2012 | 07/12/2012 |
| 187 AF Holdings, LLC (pla) | candce | 3:2012-cv-02403 | 820 | 05/10/2012 | 11/30/2012 |
| 188 AF Holdings, LLC (pla) | candce | 4:2012-cv-02411 | 820 | 05/10/2012 | 02/08/2013 |
| 189 AF Holdings, LLC (pla) | madce | 4:2012-cv-40130 | 820 | 09/27/2012 | 12/10/2012 |
| 190 AF Holdings, LLC (pla) | gandce | 1:2012-cv-03542 | 820 | 10/11/2012 | 03/15/2013 |
| 191 AF Holdings, LLC (pla) | gandce | 2:2012-cv-00262 | 820 | 11/02/2012 | 03/18/2013 |
| 192 AF Holdings, LLC (pla) | gandce | 2:2012-cv-00263 | 820 | 11/02/2012 | 03/14/2013 |
| 193 AF Holdings, LLC (pla) | ilndce | 1:2012-cv-03516 | 999 | 05/08/2012 | 05/11/2012 |
| 194 AF Holdings, LLC (pla) | ilndce | 1:2012-cv-04227 | 820 | 05/31/2012 | 02/01/2013 |
| 195 AF Holdings, LLC (pla) | ilndce | 1:2012-cv-04707 | 999 | 06/15/2012 | 06/15/2012 |
| 196 AF Holdings, LLC (cd) | madce | 1:2012-cv-12105 | 820 | 11/12/2012 | |
| 197 AF Holdings, LLC (pla) | madce | 3:2012-cv-30164 | 820 | 09/27/2012 | 02/22/2013 |
| 198 AF Holdings, LLC (pla) | madce | 4:2012-cv-11797 | 820 | 09/27/2012 | 02/26/2013 |
| 199 AF Holdings, LLC (pla) | madce | 1:2012-cv-11843 | 820 | 10/03/2012 | 04/24/2013 |
| 200 AF Holdings, LLC (pla) | madce | 1:2012-cv-12105 | 820 | 11/12/2012 | |
| 201 AF HOLDINGS, LLC (pla) | njdce | 3:2012-cv-06013 | 820 | 09/26/2012 | 04/26/2013 |
| 202 AF HOLDINGS, LLC (pla) | njdce | 1:2012-cv-06031 | 820 | 09/26/2012 | 04/26/2013 |
| 203 AF HOLDINGS, LLC (pla) | njdce | 1:2012-cv-06032 | 820 | 09/27/2012 | 04/26/2013 |
| 204 AF Holdings, LLC (pla) | paedce | 5:2012-cv-05430 | 820 | 09/24/2012 | 04/26/2013 |
| 205 AF Holdings, LLC (pla) | tnmdce | 1:2012-cv-01893 | 820 | 09/21/2012 | 04/29/2013 |
| 206 AF Holdings, LLC (pla) | tnmdce | 3:2012-cv-01189 | 820 | 11/16/2012 | 12/21/2012 |
| 207 AF Holdings, LLC (pla) | tnmdce | 3:2012-cv-01292 | 820 | 12/12/2012 | 01/22/2013 |
| 208 AF Holdings, LLC (pla) | tnmdce | 3:2012-cv-01293 | 820 | 12/12/2012 | 01/25/2013 |
| 209 AF HOLDINGS, LLC (pla) | txsdce | 4:2012-cv-00535 | 820 | 02/22/2012 | 04/25/2012 |
| 210 AF HOLDINGS, LLC (pla) | njdce | 1:2012-cv-06033 | 820 | 09/26/2012 | 04/01/2013 |
| 211 AF HOLDINGS, LLC (pla) | njdce | 2:2012-cv-06210 | 820 | 10/03/2012 | 04/29/2013 |
| 212 AF HOLDINGS, LLC (pla) | paedce | 2:2012-cv-05426 | 820 | 09/24/2012 | 04/25/2013 |
| 213 AF HOLDINGS, LLC (pla) | paedce | 2:2012-cv-05427 | 820 | 09/24/2012 | 03/14/2013 |
| 214 AF HOLDINGS, LLC (pla) | paedce | 2:2012-cv-05428 | 820 | 09/24/2012 | 04/09/2013 |
| 215 AF HOLDINGS, LLC (pla) | paedce | 2:2012-cv-05429 | 820 | 09/24/2012 | 03/29/2013 |

**Appellate Results**

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 216 AF Holdings LLC (pty) | 09cae | 12-56667 | 3820 | 09/11/2013 | 02/12/2013 |

Receipt 04/30/2013 17:34:22 47560685
User go0870 P
Client
Description All Court Types Party Search
Name af holdings filed 1/1/2010 to 4/30/2013 All Courts Page: 4
Pages 1 ($0.10)

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

4/30/13

PACER Case Locator - View

 **PACER**
Case Locator

**All Court Types Party Search**
Tue Apr 30 17:33:12 2013
217 records found

User: go0870 P
Client:
Search: All Court Types Party Search Name af holdings filed 1/1/2010 to 4/30/2013 All Courts Page: 5

**Appellate Results**

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 217 AF Holdings, LLC (pty) | dccae | 12-7135 | 3820 | 12/27/2012 | |

Receipt 04/30/2013 17:34:35 47560761
User go0870 P
Client
Description All Court Types Party Search
Name af holdings filed 1/1/2010 to 4/30/2013 All Courts Page: 5
Pages 1 (50.10)

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# EXHIBIT E

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

4/30/13                                            PACER Case Locator - View



**All Court Types Party Search**
Tue Apr 30 17:35:03 2013
28 records found

User: go0870 P
Client:
Search: All Court Types Party Search Name ingenuity13 filed 1/1/2010 to 4/30/2013 All Courts Page: 1

### Civil Results

| | Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| 1 | Ingenuity13 LLC (pla) | caedce | 2:2012-cv-08333 | 820 | 09/27/2012 | 01/28/2013 |
| 2 | Ingenuity13 LLC (pla) | casdce | 3:2012-cv-01839 | 820 | 07/26/2012 | 02/11/2013 |
| 3 | Ingenuity13 LLC (pla) | casdce | 3:2012-cv-01843 | 820 | 07/26/2012 | 02/11/2013 |
| 4 | Ingenuity13 LLC (pla) | casdce | 3:2012-cv-02093 | 820 | 08/23/2012 | 02/11/2013 |
| 5 | Ingenuity13 LLC (pla) | casdce | 3:2012-cv-02318 | 820 | 09/24/2012 | 02/11/2013 |
| 6 | Ingenuity13 LLC (pla) | casdce | 3:2012-cv-02319 | 820 | 09/24/2012 | 02/08/2013 |
| 7 | Ingenuity13 LLC (pla) | flmdce | 8:2012-cv-01688 | 820 | 07/30/2012 | 12/13/2012 |
| 8 | Ingenuity13 LLC (pla) | flmdce | 8:2012-cv-01691 | 820 | 07/30/2012 | 01/15/2013 |
| 9 | Ingenuity13 LLC (pla) | flmdce | 8:2012-cv-01689 | 820 | 07/30/2012 | 12/12/2012 |
| 10 | Ingenuity13 LLC (pla) | ilndce | 3:2012-cv-50176 | 820 | 05/16/2012 | 08/16/2012 |
| 11 | Ingenuity13 LLC (pla) | ilndce | 1:2012-cv-04238 | 820 | 05/31/2012 | 07/31/2012 |
| 12 | INGENUITY13 LLC (pla) | ilndce | 1:2012-cv-08027 | 820 | 10/08/2012 | 02/01/2013 |
| 13 | INGENUITY13 LLC (pla) | ilndce | 1:2012-cv-08029 | 820 | 10/08/2012 | 03/18/2013 |
| 14 | INGENUITY13 LLC (pla) | ilndce | 1:2012-cv-08031 | 820 | 10/08/2012 | 03/05/2013 |
| 15 | Ingenuity13 LLC (pla) | mndce | 0:2012-cv-02686 | 820 | 10/19/2012 | 01/04/2013 |
| 16 | Ingenuity13 LLC (pla) | vaedce | 3:2012-cv-00805 | 820 | 11/07/2012 | 04/23/2013 |
| 17 | Ingenuity13 LLC (pla) | vaedce | 1:2012-cv-01262 | 820 | 11/07/2012 | 11/14/2012 |
| 18 | Ingenuity13 LLC (pla) | vaedce | 1:2012-cv-01255 | 820 | 11/07/2012 | 03/20/2013 |
| 19 | Ingenuity13 LLC (pla) | vaedce | 3:2012-cv-00834 | 820 | 11/07/2012 | 04/26/2013 |
| 20 | INGENUITY13 LLC, (pla) | ilcdce | 1:2012-cv-01259 | 820 | 07/30/2012 | 03/15/2013 |
| 21 | INGENUITY13 LLC, (pla) | ilcdce | 1:2012-cv-01260 | 820 | 07/30/2012 | 03/15/2013 |
| 22 | INGENUITY13 LLC, (pla) | ilcdce | 1:2012-cv-01399 | 820 | 10/03/2012 | 03/19/2013 |
| 23 | Ingenuity13, LLC (pet) | caedce | 2:2011-mc-00084 | 820 | 10/28/2011 | |
| 24 | Ingenuity13, LLC (pla) | caedce | 2:2012-cv-01967 | 820 | 07/26/2012 | 02/11/2013 |
| 25 | Ingenuity13, LLC (pla) | caedce | 2:2012-cv-01969 | 820 | 07/26/2012 | 02/11/2013 |
| 26 | Ingenuity13, LLC (pla) | vaedce | 2:2012-cv-00597 | 820 | 11/07/2012 | 03/01/2013 |
| 27 | Ingenuity13, LLC. (pla) | ilndce | 1:2012-cv-07941 | 820 | 10/03/2012 | 03/18/2013 |
| 28 | Ingenuity13, LLC. (pla) | ilndce | 1:2012-cv-07944 | 820 | 10/03/2012 | 03/15/2013 |

| Receipt 04/30/2013 17:35:03 47560906 |
|---|
| User go0870 P |
| Client |
| Description All Court Types Party Search |
| Name ingenuity13 filed 1/1/2010 to 4/30/2013 All Courts Page: 1 |
| Pages 1 ($0.10) |

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# EXHIBIT F

4/30/13                                    PACER Case Locator - View



**All Court Types Party Search**
Tue Apr 30 17:35:40 2013
43 records found

User: go0870 P
Client:
Search:   All Court Types Party Search Name ingenuity 13 filed 1/1/2010 to 4/30/2013 All Courts Page: 1

### Civil Results

| | Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| 1 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-06635 | 820 | 08/01/2012 | 12/10/2012 |
| 2 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-06660 | 820 | 08/02/2012 | 11/01/2012 |
| 3 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-06662 | 820 | 08/02/2012 | 01/29/2013 |
| 4 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-06668 | 820 | 08/02/2012 | 01/29/2013 |
| 5 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-06664 | 820 | 08/02/2012 | 01/25/2013 |
| 6 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-06666 | 820 | 08/02/2012 | 11/02/2012 |
| 7 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-07404 | 820 | 08/29/2012 | 12/21/2012 |
| 8 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-07408 | 820 | 08/29/2012 | 01/28/2013 |
| 9 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-07410 | 820 | 08/29/2012 | 01/28/2013 |
| 10 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-07385 | 820 | 08/28/2012 | 01/28/2013 |
| 11 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-07386 | 820 | 08/28/2012 | 01/29/2013 |
| 12 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08326 | 820 | 09/27/2012 | 01/28/2013 |
| 13 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08332 | 820 | 09/27/2012 | 01/28/2013 |
| 14 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08327 | 820 | 09/27/2012 | 01/28/2013 |
| 15 | Ingenuity 13 LLC (pla) | candce | 3:2012-cv-04976 | 820 | 09/24/2012 | 02/08/2013 |
| 16 | Ingenuity 13 LLC (pla) | candce | 5:2012-cv-04979 | 820 | 09/24/2012 | 02/08/2013 |
| 17 | Ingenuity 13 LLC (pla) | candce | 3:2012-cv-04981 | 820 | 09/24/2012 | 02/08/2013 |
| 18 | Ingenuity 13 LLC (pla) | candce | 5:2012-cv-04980 | 820 | 09/24/2012 | 02/13/2013 |
| 19 | Ingenuity 13 LLC (pla) | candce | 3:2012-cv-04977 | 820 | 09/24/2012 | 02/08/2013 |
| 20 | Ingenuity 13 LLC (pla) | candce | 4:2012-cv-04978 | 820 | 09/24/2012 | 02/08/2013 |
| 21 | Ingenuity 13 LLC (pla) | flmdce | 8:2012-cv-01690 | 820 | 07/30/2012 | 12/14/2012 |
| 22 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08334 | 820 | 09/27/2012 | 12/21/2012 |
| 23 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08330 | 820 | 09/27/2012 | 01/28/2013 |
| 24 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08336 | 820 | 09/27/2012 | 01/28/2013 |
| 25 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08328 | 820 | 09/27/2012 | 01/28/2013 |
| 26 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08324 | 820 | 09/27/2012 | 01/29/2013 |
| 27 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08322 | 820 | 09/27/2012 | 01/28/2013 |
| 28 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08331 | 820 | 09/27/2012 | 01/28/2013 |
| 29 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08329 | 820 | 09/27/2012 | 12/21/2012 |
| 30 | Ingenuity 13 LLC (pla) | cacdce | 2:2012-cv-08323 | 820 | 09/27/2012 | 01/28/2013 |
| 31 | Ingenuity 13 LLC (pla) | candce | 3:2012-cv-04217 | 820 | 08/09/2012 | 01/25/2013 |
| 32 | Ingenuity 13 LLC (pla) | candce | 3:2012-cv-04216 | 820 | 08/09/2012 | 02/04/2013 |
| 33 | Ingenuity 13 LLC (pla) | candce | 5:2012-cv-04445 | 820 | 08/23/2012 | 02/05/2013 |
| 34 | Ingenuity 13 LLC (pla) | candce | 3:2012-cv-04449 | 820 | 08/23/2012 | 02/05/2013 |
| 35 | Ingenuity 13 LLC (pla) | candce | 3:2012-cv-04450 | 820 | 08/23/2012 | 02/11/2013 |
| 36 | Ingenuity 13 LLC (cd) | ilndce | 1:2012-cv-06131 | 820 | 08/03/2012 | |
| 37 | Ingenuity 13 LLC (pla) | ilndce | 1:2012-cv-04225 | 820 | 05/31/2012 | 03/18/2013 |
| 38 | Ingenuity 13 LLC (pla) | ilndce | 1:2012-cv-06129 | 820 | 08/03/2012 | 03/15/2013 |
| 39 | Ingenuity 13 LLC (pla) | ilndce | 1:2012-cv-06131 | 820 | 08/03/2012 | |
| 40 | Ingenuity 13 LLC (pla) | ilndce | 1:2012-cv-07943 | 820 | 10/03/2012 | 02/20/2013 |
| 41 | Ingenuity 13, LLC (pla) | flsdce | 1:2012-cv-22756 | 820 | 07/26/2012 | 11/27/2012 |
| 42 | Ingenuity 13, LLC (pla) | flsdce | 1:2012-cv-22757 | 820 | 07/26/2012 | 12/11/2012 |
| 43 | Ingenuity 13, LLC (pla) | vaedce | 2:2012-cv-00520 | 820 | 09/18/2012 | 02/07/2013 |

Receipt 04/30/2013 17:35:41 47561116

User go0870 P
Client
Description All Court Types Party Search
      Name ingenuity 13 filed 1/1/2010 to 4/30/2013 All Courts Page: 1
Pages 1 ($0.10)

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# EXHIBIT G

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1

2              UNITED STATES DISTRICT COURT

3        FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5                       --oOo--

6    AF HOLDINGS, LLC,                    )
                                          )
7                      Plaintiff,         )
                                          )CASE NO
8           vs.                           )3:12-CV-02396-EMC
                                          )
9    JOE NAVASCA,                         )
                                          )
10                     Defendant.         )
     _____   )

11

12

13

14   DEPOSITION OF:      PAUL HANSMEIER
     TAKEN BY     :      NICHOLAS RANALLO, ESQ.
15                       MORGAN PIETZ, ESQ.
     COMMENCING   :      10:00 - 6:15 P.M.
16   LOCATION     :      PREMIER BUSINESS CENTER
                         225 BUSH STREET, 16TH FLOOR
17                       SAN FRANCISCO, CALIFORNIA 94104
     DAY, DATE    :      TUESDAY, FEBRUARY, 19TH, 2013
18   REPORTED BY  :      ANGIE M. MATERAZZI, CSR NO. 13116
     PURSUANT TO  :      NOTICE OF DEPOSITION
19   ORIGINAL TO  :      BRETT L. GIBBS, ESQ.

20

21   PAGES 1 - 290

22   JOB NO. 131194

23

24

25

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

| 1 | APPEARANCES OF COUNSEL |
|---|---|
| 2 | |
| 3 | |
| 4 | FOR THE PLAINTIFF: |
| 5 | |
| 6 | BRETT L. GIBBS, ESQ.<br>PRENDA LAW, INC. |
| 7 | 38 MILLER AVENUE, #263<br>MILL VALLEY, CALIFORNIA 94941<br>415-325-5990 |
| 8 | BLGIBBS@WEFIGHTPIRACY.COM |
| 9 | |
| 10 | FOR THE DEFENDANT: |
| 11 | NICHOLAS RANALLO, ESQ.<br>LAW OFFICE OF NICHOLAS RANALLO |
| 12 | 371 DOGWOOD WAY<br>BOULDER CREEK, CALIFORNIA 95006 |
| 13 | 831-703-4011<br>NICK@RANALLOLAWOFFICE.COM |
| 14 | |
| 15 | |
| 16 | FOR THE DEFENDANT: |
| 17 | |
| 18 | MORGAN E. PIETZ, ESQ., CO-COUNSEL<br>THE PIETZ LAW FIRM |
| 19 | 3779 HIGHLAND AVENUE, SUITE 206<br>MANHATTAN BEACH, CALIFORNIA 90266<br>310-424-5557 |
| 20 | MPIETZ@PIETZLAWFIRM.COM |
| 21 | |
| 22 | |
| 23 | ---oOo--- |
| 24 | |
| 25 | |

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1   Do you have authority or an interest in the Prenda trust

2   account?

3        A.    No.

4        Q.    How about the Anti-Piracy Law Group, do you

5   personally have authority or an interest in that trust

6   account?

7        A.    No.

8        Q.    How about Anderson & Associates?

9        A.    No.

10       Q.    How about the Alpha Law Firm, LLC?

11       A.    Yes.

12       Q.    Does Alpha Law Firm, LLC, represent AF

13   Holdings?

14       A.    It represents AF Holdings in, I would say four

15   or five cases, currently pending in the District of

16   Minnesota.

17       Q.    Does the Alpha Law Firm represent Guava, LLC?

18            MR. GIBBS:  Objection.  That's outside the

19   deposition noticed topics.

20   BY MR. PIETZ:

21       Q.    Are there any other law firms that have trust

22   accounts where AF Holdings' settlement proceeds are paid

23   directly into the trust account for that law firm or

24   sole practitioners or is it just those three, Prenda,

25   Anti-Piracy Law Group and Anderson & Associates?

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1      MR. GIBBS:  Objection.  Compound question.

2      THE WITNESS:  As I testified before, I'm not

3  familiar with the exact mechanisms by which the money

4  goes from one account to another.  Those -- to best of

5  my knowledge those are the ones.

6  BY MR. PIETZ:

7      Q.   You just testified that Alpha Law Firm

8  represents AF Holdings.  Has AF Holdings collected any

9  settlement proceeds in the cases where Alpha Law Firm is

10  counsel of record?

11      MR. GIBBS:  Objection.  Outside the scope of

12  the topics in the notice of deposition.

13      THE WITNESS:  Yes.

14  BY MR. PIETZ:

15      Q.   And when AF Holdings collected those

16  settlement proceeds, were they paid directly into the

17  Alpha Law Firm?

18      A.   No.

19      Q.   How did Alpha Law Firm receive the money?

20      A.   The Alpha Law Firm did not receive the money.

21      Q.   Who received the money?

22      A.   The proceeds were directed to the Prenda Law

23  trust account.

24      Q.   So to be clear.  When Alpha Law Firm settles

25  AF Holdings cases, the proceeds are paid to the Prenda

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1   Law Firm, not to the Alpha Law Firm; is that correct?

2       A.   They are deposited into the Prenda Law trust

3   account, yeah.

4       Q.   So what if Alpha Law Firm or yourself needs

5   those proceeds to file further litigation, how do you

6   access the funds?

7           MR. GIBBS:  Objection.  Calls for speculation.

8   Objection.  Outside the notice of deposition topics.

9           THE WITNESS:  I don't understand the question.

10  BY MR. PIETZ:

11      Q.   I believe you testified earlier that

12  settlements of AF Holdings' proceeds are paid into a

13  trust account, so that the money can be used by

14  attorneys in conducting litigation, whether it's paying

15  past expenses or paying ISPs to turn over the names.

16  You just testified that you've settled AF Holdings'

17  cases on behalf of Alpha Law Firm and that the

18  settlement proceeds in those cases were deposited into

19  Prenda Law's trust account.  So if Alpha Law Firm needs

20  to access those funds to file new lawsuits on behalf of

21  AF Holdings or pay litigation expenses for AF Holdings,

22  how does Alpha Law Firm access the funds?

23          MR. GIBBS:  Objection.  Outside the notice of

24  deposition topics.

25          THE WITNESS:  So you're saying in the future

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1   if Alpha Law Firm filed cases on behalf of AF Holdings,

2   how would we get the money?

3        Q.   No.  Let's try it again.  I believe you

4   testified earlier that AF Holdings' settlement proceeds

5   are paid into law firm trust accounts, so that the

6   lawyers litigating AF Holdings cases can use the

7   proceeds to spend on expenses incurred in connection

8   with the litigation, like paying ISPs for their time in

9   responding to subpoenas.  Now, you just testified a

10  moment ago that AF Holdings has indeed settled cases

11  where counsel of record is the Alpha Law Firm and that

12  those settlement proceeds were paid into the trust

13  account of Prenda, not Alpha Law Firm.

14            So my question for you is if Alpha Law Firm

15  was going to use the settlement proceeds to further

16  litigation on behalf of AF Holdings, how would it access

17  the settlement proceeds that have been deposited into

18  the Prenda trust account?

19            MR. GIBBS:  Objection.  Compound question.

20            THE WITNESS:  Just so I understand the

21  question.  You're asking if we were to file cases going

22  forward for AF Holdings, how would we get access to the

23  funds to pay for those expenses?

24  BY MR. PIETZ:

25       Q.   That's not the question I asked.  I'm sorry if

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1  it's confusing.

2       A.   I understand the lead up to the question.

3  It's just the last part of it that I'm having trouble

4  getting my head around.

5       Q.   Fair enough.  Let me ask it a different way.

6  In the cases that Alpha Law Firm have settled for AF

7  Holdings, where the proceeds were deposited into the

8  Prenda trust account, has Alpha Law Firm ever withdrawn

9  those proceeds to use in connection with other AF

10  Holdings' litigation?

11       MR. GIBBS:  Objection.  Compound.  Objection.

12  Not in the notice of deposition topics.

13       THE WITNESS:  Alpha Law Firm has not withdrawn

14  money from a trust account owned and operated by Prenda.

15  BY MR. PIETZ:

16       Q.   Has Prenda sent Alpha Law Firm a check?

17       A.   I think the point you're trying to get is how

18  do we cover litigation expenses on behalf of AF Holdings

19  if the money isn't going to into Alpha Law Firm, but is

20  instead going into Prenda.  So the answer to your

21  question, if that's your question, is that would we ask

22  for reimbursement from Prenda for a certain -- for the

23  litigation expenses, for example, filing fees, or if

24  there's ISPs bills or whatever else.

25       Q.   How would that reimbursement come?  Do you

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1  invoice Prenda Law?  And when I say you, I'm asking

2  about Alpha Law Firm.

3        MR. GIBBS:  Objection.  Outside the scope of

4  the noticed topics.

5        THE WITNESS:  I should clarify.  I'm not

6  speaking on behalf of AF Holdings right now.  I'm just

7  speaking on behalf of myself.  Typically, it would be --

8  we would ask Prenda for reimbursement and they would

9  provide the reimbursement.

10 BY MR. PIETZ:

11     Q.   How would you ask for reimbursements is my

12 more specific question?

13     A.   Generally would we ask the bookkeeper.

14     Q.   Who is the bookkeeper?

15     A.   Someone by the first name of Cathy.

16     Q.   Do you know Cathy's last name?

17     A.   I don't.

18     Q.   Where is she located?

19     A.   She's located in Las Vegas, Nevada.

20     Q.   When you would ask her, how would you ask her?

21 Is it an e-mail?  Is it an invoice?

22        MR. GIBBS:  Objection.  Outside the notice of

23 deposition topics.

24        THE WITNESS:  You're asking me to recall basic

25 bookkeeping transactions that happened a year ago.  I

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# EXHIBIT H

4/30/13                          Lawyers in BitTorrent copyright trolling cases under scrutiny I StarTribune.com

# StarTribune

## Lawyers in BitTorrent copyright trolling cases under scrutiny

Article by: DAN BROWNING

Star Tribune

March 11, 2013 - 6:00 AM

One federal judge calls it a modern-day "shakedown."

A Minnesota attorney says it's merely an effort to hunt down
Internet pirates illegally downloading pornography.

The issue is "copyright trolling" — a practice in which lawyers
threaten lawsuits to wring millions of dollars in settlements from
people suspected of pirating videos online.

Now, defense attorneys have questioned whether a group of men
with ties to Minnesota who are behind hundreds of such suits
nationwide have used straw men as copyright holders when they
asked judges to help them obtain the identities of Internet users.



Public court document called ConnectionsChart with key
players: John L. Steele , Paul Hansmeier, Peter Hansmeier,
Paul Duffy and Brett Gibbs. (Ingenuity 13 v. John Doe, case
no. 12-cv-8333).

, Federal court filing, Central District, California

A federal judge in Los Angeles, concerned about what he called a "possible fraud on the court," intends to get to the
bottom of the dispute at a hearing Monday afternoon. Attorney John L. Steele is among eight key figures ordered to appear
before U.S. District Judge Otis D. Wright II to explain themselves or face sanctions that could include fines or jail.

Steele denies any wrongdoing. "If people sit back and let a fact-finder ... hear evidence, these conspiracies always
dissipate like fog," he said in a recent interview.

But late Friday, his attorneys filed a motion challenging the judge's authority to compel Steele and his associates from
Minnesota and Illinois to appear in the California cases, which were handled by an associate in that state.

How the lawsuits arise

The cases arise from one of the latest forms of Internet piracy, in which people use file-sharing programs such as
BitTorrent to download copyrighted movies. The computers or wireless routers involved can be identified by their "Internet
protocol," a numerical address, but the identities of the users are not clear.

The Star Tribune has identified more than 660 federal lawsuits filed by more than a dozen entities who have asked judges
to help them identify thousands of computer users who may have illegally downloaded copyrighted videos.

Then lawyers send those users a settlement demand — generally ranging from $1,500 to $4,000 — warning that violations
can result in penalties of up to $150,000 if they must go to court.

Steele, a 2006 University of Minnesota Law School graduate licensed in Illinois, has built a national reputation by
specializing in such cases with his one-time partner and former classmate, Paul Hansmeier of Minneapolis.

"That was an area we thought we could make a big difference in because there weren't too many types of people who were
prosecuting these types of suits," Hansmeier said.

Hansmeier said criticism of the litigation comes from copyright pirates and their attorneys who "spread conspiracy
theories" because they lose in court.

Minnesotans listed

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

In June 2010, Steele formed Media Copyright Group in Minnesota with Hansmeier as its manager. Hansmeier's brother, Peter, worked at the firm capturing Internet addresses of suspected copyright infringers. Several months later, the Steele Hansmeier law firm was formed in Minnesota and began filing lawsuits.

Allan Mooney, a Minnesotan who has brokered the sale of Internet-based businesses, said he introduced his friend Paul Hansmeier to some contacts in the porn industry. But he denied knowing that he was listed as the "sole organizer" of MCGIP LLC, a plaintiff in at least 20 lawsuits filed by Steele Hansmeier or contract attorneys.

Mooney also has been listed in court filings — with his name misspelled — as an agent for an entity called Guava LLC, which is registered in the Federation of St. Kitts and Nevis in the West Indies. Guava has been the plaintiff in 21 federal lawsuits since October, including six in Minnesota.

"That would be news to me," Mooney said. "I'm not involved in any of that type of stuff. I'm more or less a personal trainer."

Asked about Guava, Paul Hansmeier sent the Star Tribune notarized affidavits in which Mooney declares that he's "a principal officer" of Guava and that his "standard practice" is to decline comment about the company if strangers call.

Mooney did not respond to efforts to verify that statement.

The name of another Minnesotan, Alan Cooper of Isle, appears as a representative of two West Indies entities that have filed nearly 300 lawsuits nationwide, including nine in Minnesota.

Cooper, a 39-year-old cabin caretaker from the Lake Mille Lacs area, also is named as president, treasurer, secretary and director of a Nevada company involved in at least two infringement suits. That company listed an address that has been linked to Steele in public records.

Cooper said he met Steele in 2006 when he agreed to take care of his 3,500-square-foot cabin on 125 acres in rural Aitkin County.

Cooper filed suit last month in Hennepin County against Steele and others, alleging that the documents bearing his signature are forgeries and that his name was used without his knowledge or consent.

In Florida, Steele sued Cooper and his attorney for libel, but dropped the suit last week and declined to comment on it.

Judges' rulings vary

Presented with lawsuits in copyright trolling cases, some judges have compelled Internet service providers to turn over the identities of suspected pornography downloaders, while others have not.

Steele and Paul Hansmeier acknowledge that they've lost some cases, but say that they've won most of the time, including in Minnesota. They say their most significant victory came last August in a case filed in Washington, D.C.

In that case, U.S. District Judge Beryl A. Howell refused motions by several major Internet service providers — including Comcast, AT&T and Verizon — to quash subpoenas seeking the identities of 1,058 subscribers. Howell wrote that a plaintiff is entitled to ask them to identify customers who might be illegally downloading movies. But because courts have split on the issue, she agreed to stay her order pending an appeal.

In an Illinois case, U.S. District Judge Harold Baker refused to issue subpoenas, saying the subscribers might not be the ones downloading.

"The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies," he wrote. "The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street."

The Electronic Frontier Foundation submitted a brief in the case arguing that the suit should be dismissed and challenging 10 of 11 copyrights the plaintiff claimed were pirated:

Steele withdrew the suit, but declined to explain why.

Fraud on the courts?

Steele Hansmeier has since sold its practice to a Chicago firm called Prenda Law, headed by Paul Duffy.

Steele still works through Prenda Law at times. He declined to comment on the ownership of the entities he represents, saying that the lawsuits have resulted in death threats.

But at least two federal judges are demanding answers.

In Tampa, Fla., U.S. District Judge Mary S. Scriven dismissed "for attempted fraud on the Court" a case that had been brought by an adult film company. And she is a considering sanctions against Steele and others.

The judge's ruling came after the film company's attorney of record failed to appear at a November hearing. A "corporate representative" named Mark Lutz of Las Vegas, Nev., couldn't answer basic questions and turned to a man in the gallery. It was Steele. He explained that he has worked on similar cases, but denied involvement in that case.

Lutz told the judge he makes $1,000 to appear as a corporate representative in infringement cases.

Seeking the mastermind

In Los Angeles, Wright has dismissed a number of the copyright cases and has ordered attorney Brett Gibbs of Prenda Law to explain who pulls the strings. Gibbs identified Steele and Hansmeier, and said Lutz was the CEO of the West Indies copyright holders.

Defense attorney Morgan Pietz challenged Gibbs' assertions last week in a court filing, noting that Lutz had worked as a paralegal for Steele."This 'Lutz as mastermind' story is simply not credible," Pietz wrote.

Wright then ordered Cooper, Steele, Lutz, the Hansmeier brothers, Duffy and a Prenda Law paralegal from Minnesota to appear at Monday's hearing to explain the ownership of the firms alleging copyright violations.

"If it is true that Alan Cooper's identity was misappropriated and the underlying copyright assignments were improperly executed using his identity, then Plaintiff faces a few problems," Wright wrote.

Star Tribune staff writer Abby Simons contributed to this report. Dan Browning • 612-673-4493

© 2011 Star Tribune

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# EXHIBIT I

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1            UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3           HONORABLE OTIS D. WRIGHT

4      UNITED STATES DISTRICT JUDGE PRESIDING

5               - - -

6

7  Ingenuity 13 LLC,        )
               PLAINTIFF,   )

8  VS.                )  NO. CV 12-8333 ODW
                      )

9  John Doe, et al.,      )
           DEFENDANT,  )

10 _____)

11

12

13      REPORTER'S TRANSCRIPT OF PROCEEDINGS

14        LOS ANGELES, CALIFORNIA

15       TUESDAY, APRIL 2, 2013

16

17

18

19       KATIE E. THIBODEAUX, CSR 9858
        U.S. Official Court Reporter

20      312 North Spring Street, #436
       Los Angeles, California 90012

21

22

23

24

25

UNITED STATES DISTRICT COURT,   CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

```
 1   APPEARANCES OF COUNSEL:

 2

 3   FOR RESPONDENT GIBBS:

 4        WAXLER CARNER BRODSKY LLP
          BY:  ANDREW J. WAXLER
 5        -and- BARRY BRODSKY
          1960 E. Grand Avenue
 6        Suite 1210
          El Segundo, CA  90245
 7

 8

 9   FOR DEFENDANT:

10        THE PIETZ LAW FIRM
          BY:  MORGAN E. PIETZ
11        3770 Highland Avenue
          Suite 206
12        Manhattan Beach, CA  90266

13        -and-

14        NICHOLAS RANALLO LAW OFFICES
          BY:  NICHOLAS R. RANALLO
15        371 Dogwood Way
          Boulder Creek, CA  95006
16

17

18   FOR RESPONDENTS DUFFY, VAN DEN HEMEL & PRENDA LAW:

19        KLINEDINST LAW OFFICES
          BY:  HEATHER ROSING
20        -and- PHILIP W. VINEYARD III
          -and- DAVID M. MAJCHRZAK
21        501 W. Broadway
          Suite 600
22        San Diego, CA  92101

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1    APPEARANCES:   (Cont'd)

2

3    FOR RESPONDENT HANSMEIER:

4        BAKER, KEENER & NAHRA LLP
         BY:  PHILLIP A. BAKER
5        -and- DANIEL PATRICK LEONARD
         633 West Fifth Street
6        Fifty-fourth Floor
         Los Angeles,  CA  90071

7

8    FOR RESPONDENT STEELE:

9        MURPHY, PEARSON, BRADLEY & FEENEY
         BY:  THOMAS P. MAZZUCCO
10       -and- TIMOTHY J. HALLORAN
         88 Kearny Street
11       Tenth Floor
         San Francisco, CA  94108

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

```
 1          LOS ANGELES, CALIFORNIA; TUESDAY, APRIL 2, 2013

 2                      10:00 A.M.

 3                      - - - - -

 4

 5

 6          THE CLERK:  Calling Item No. 1,  CR 12-8333, ODW,

 7  Ingenuity 13, LLC, versus John Doe, et al.

 8             Counsel, please state your appearances.

 9          MR. PIETZ:  Morgan Pietz, P-I-E-T-Z, for the

10  putative John Doe defendant in 12-CV-8333.

11          MR. RANALLO:  And Nicholas Ranallo for the same

12  Doe.

13          THE COURT:  Morning, counsel.

14          MR. WAXLER:  Andrew Waxler and Barry Brodsky, both

15  for Brett Gibbs who is here today.

16          THE COURT:  By the way, thank you for your

17  submittal with respect to your efforts to effect service.

18  Thank you.

19          MR. BAKER:  Phil Baker and Dan Leonard specially

20  appearing for Paul Hansmeier.

21          MR. LEONARD:  Morning, your Honor.

22          MR. BAKER:  And he is present today.

23          THE COURT:  Where?

24          MR. BAKER:  Mr. Hansmeier, will you stand up.

25          THE COURT:  Front row.
```

UNITED STATES DISTRICT COURT,   CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1      MR. HALLORAN:  Morning your Honor.  My name is Tim

2  Halloran, Thomas Mazzacco on behalf of John Steele who is

3  also present.

4      THE COURT:  Mr. Steele.

5      MR. STEELE:  Yes.

6      MS. ROSING:  Morning, your Honor.  Heather Rosing

7  with Klinedinst PC with my colleagues Phil Vineyard and

8  Dave Majchrzak appearing on behalf of Paul Duffy, Angela

9  Van Den Hemel and Prenda Law, and Mr. Duffy and

10  Ms. Van Den Hemel are in the audience today.

11      THE COURT:  Thank you.

12          Is that it?

13      MR. BAKER:  Your Honor?

14      THE COURT:  Yes.

15      MR. BAKER:  There are other individuals pursuant

16  to your order here.  They are not represented.

17      THE COURT:  Mark Lutz?

18      MR. BAKER:  Yes, he is present.

19      MR. LUTZ:  Yes.

20      THE COURT:  Mr. Lutz, welcome, sir.  Did Alan --

21  well, do we have an Alan Cooper?  Any Alan Cooper?

22      (No response.)

23      THE COURT:  All right.  Peter Hansmeier?

24      MR. HANSMEIER:  Yes, your Honor.

25      THE COURT:  Good morning, sir.

UNITED STATES DISTRICT COURT,   CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1        MR. HANSMEIER:  Morning.

2        THE COURT:  Any representatives of any other

3   representatives of Prenda Law, Livewire Holdings, AF

4   Holdings other than Mr. Lutz, Ingenuity 13 other than

5   Mr. Lutz and 6881 Forensics, LLC.

6        MS. ROSING:  Mr. Duffy is appearing on behalf of

7   Prenda Law, your Honor.

8        THE COURT:  All right.  Here is my interest, and

9   we can proceed in any way that seems to make sense.  I am

10  pleasantly surprised that we have everyone here.

11  Otherwise, I was going to be forced to draw reasonable

12  inferences from the facts as I know them.

13        It should be clear by now that this court's

14  focus has now shifted dramatically from the area of

15  protecting intellectual property rights to attorney

16  misconduct such misconduct which I think brings discredit

17  to the profession.  That is much more of a concern now to

18  this court than what this litigation initially was about.

19        Mr. Steele -- well, let me do it this way.  I

20  have questions of Mr. Steele.  Mr. Steele can choose to

21  answer those questions or not.  The same applies for

22  Mr. Duffy and Mr. Hansmeier.

23        Now, as the attorneys, how do you all propose

24  we proceed?

25        MR. BAKER:  May I take the podium, your Honor?

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1    THE COURT:  Well, actually, we don't have one, but

2   we do have a lecturn and you are free to use it.

3    MR. MAZZUCCO:  Thomas Mazzucco on behalf of

4   Mr. Steele.

5    Your Honor, in light of some of the

6   information that was in the transcript of March 11th,

7   2013 in this courtroom and some of the concerns that this

8   court has mentioned, at this point in time, if Mr. Steele

9   is called to testify, he is going to exercise his Fifth

10   Amendment privilege against forced testimony.

11    And we state for two reasons, one, there were

12   serious allegations made by the court and others of not

13   just attorney misconduct but the word fraud was used

14   several times in the transcript.

15    THE COURT:  Should have been.

16    MR. MAZZUCCO:  The next step is there is also an

17   issue involving attorney-client privilege.  If Mr. Steele

18   was to testify, that privilege belongs to the client.

19    THE COURT:  Which client might that be?

20    MR. MAZZUCCO:  That would be several of his

21   clients.  Mr. Halloran is going to handle that part of

22   the argument, but that is a two pronged argument, your

23   Honor.

24    THE COURT:  Are you talking about AF Holdings,

25   Ingenuity 13, those clients?

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1      MR. MAZZUCCO:  Yes.

2      THE COURT:  And you think there is a difference

3   between those clients and Mr. Steele?

4      MR. MAZZUCCO:  I think there is, your Honor, yes.

5      THE COURT:  From what I know about this case,

6   there is no difference at all, but that is why I am glad

7   Mr. Steele is here.  Maybe he can clarify some of those

8   things, but if you say answering those kinds of questions

9   would incriminate him, I'll take you at your word.

10      MR. MAZZUCCO:  No, your Honor.  I'm not saying

11   they are going to incriminate him.  I said it is his

12   Fifth Amendment privilege against forced testimony.

13   There was language on the record from March 11th where

14   this court made some accusatory statements about fraud

15   upon the court, things that were in the transcript.

16      THE COURT:  Yes.

17      MR. MAZZUCCO:  You leave my client with no

18   alternative but.

19      THE COURT:  To rebut those statements.

20      MR. MAZZUCCO:  He can rebut those statements in

21   the proper venue, your Honor.  This is an order to show

22   cause in front of this court.

23      THE COURT:  Let's cut to the chase.  I am really

24   not interested in -- I want to know if some of my

25   conjecture is accurate.  The only way I can find out is

UNITED STATES DISTRICT COURT,   CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1   to have the principles here and answer those questions.

2        Now, if you say he will not answer those

3   questions, then I will draw whatever inferences I think

4   are reasonable from the facts as I know them.  This is an

5   opportunity for him to protect himself, to defend and

6   protect himself.  It is up to him.  So you are saying he

7   doesn't want to answer any questions, fine.  I am not

8   going to go through the charade of asking the questions

9   and have him assert the Fifth.

10       MR. MAZZUCCO:  Your Honor, he is not going to

11  respond to your questions.

12       THE COURT:  All right.  Fine.

13       What about Mr. Hansmeier?  What is his

14  position, the same?

15       MR. BAKER:  The exact same, your Honor.

16       THE COURT:  All right.  You may be seated.

17       Mr. Duffy.

18       MS. ROSING:  Your Honor, Mr. Duffy and

19  Ms. Van Den Hemel will also be taking the fifth

20  amendment.  Though, in response to your desire for

21  additional information, I do have approximately 25

22  minutes of argument, and I do have some exhibits that are

23  judicially noticeable.

24       THE COURT:  On what?  Relevant to what?

25       MS. ROSING:  To the seven issues pending before

UNITED STATES DISTRICT COURT,   CENTRAL DISTRICT OF CALIFORNIA

1   this court.

2         THE COURT:  Give me the Cliff Note version.  Just

3   give me a summary, what it is that you would like to --

4         MS. ROSING:  Well, your Honor, what I would like

5   to argue because my clients are entitled to a reasonable

6   opportunity to be heard, we weren't allowed --

7         THE COURT:  Excuse me.  They are giving up that

8   right to be heard.  Now, what have you got to say that is

9   under oath?

10        MS. ROSING:  Well, your Honor, my arguments are

11  legal arguments.

12        THE COURT:  I know.  I am looking for facts.  I

13  really am.  I am not a looking for legal arguments.

14        MS. ROSING:  Well, your Honor --

15        THE COURT:  Can you tell me, for example, who

16  directs the litigation here in California?  Who makes the

17  decision as to whether or not cases are dismissed or

18  settled for how much money?  Can you tell me that?

19        MS. ROSING:  Your Honor, I can't testify.

20        THE COURT:  "Yes" or "no", please.  Because we

21  need to move through this.  Can you tell me that?

22        MS. ROSING:  I personally cannot tell you that,

23  your Honor.

24        THE COURT:  All right.  Do you know whether or not

25  there is another Alan Cooper other than the one that was

UNITED STATES DISTRICT COURT,   CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1    here at the last hearing?

2         MS. ROSING:  I am not aware of another Alan

3    Cooper, your Honor.

4         THE COURT:  All right.  Good.

5             What happens to the settlement money?

6         MS. ROSING:  Your Honor, obviously, I represent

7    Mr. Duffy and Ms. Van Den Hemel.  I don't have personal

8    knowledge of any of this.

9         THE COURT:  Why weren't notices of related cases

10   filed?  Who made the decision to hide from the court the

11   fact that all of these cases were related.

12        MS. ROSING:  I do have a judicially noticeable

13   document on that, your Honor, where the Northern District

14   declined to relate the cases.

15        THE COURT:  That is a different thing.  That is

16   consolidating them.

17        MS. ROSING:  It is actually an order declining to

18   relate them.

19        THE COURT:  Same plaintiff, same film, same causes

20   of action, and they are not related?  Excuse me?

21            Okay.  Tell me this.  Who made the decision

22   not to disclose to the court the fact that the law firms

23   have a financial interest in the outcome of this

24   litigation?

25        MS. ROSING:  Your Honor, there is no evidence

UNITED STATES DISTRICT COURT,   CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

12

1    before this court at all that the law firm or any, well,

2    certainly, my clients, Paul Duffy or Angela Van Den

3    Hemel, have any financial interest in the outcome of this

4    litigation.

5         THE COURT:  Excuse me.  Did you read Hansmeier's

6    deposition?

7         MS. ROSING:  Yes, I did, your Honor.

8         THE COURT:  And then you make the statement you

9    just made?

10        MS. ROSING:  Your Honor, there is no evidence that

11   Mr. Duffy or Ms. Van Den Hemel who is a W2 paralegal at

12   Prenda Law --

13        THE COURT:  I understand that.

14        MS. ROSING:  And I would be happy --

15        THE COURT:  Wait a minute.  The money goes to

16   Prenda Law's trust account; right?

17        MS. ROSING:  Your Honor, I have no personal

18   knowledge, and I can't testify.  But I do have an

19   argument I would like to present to your Honor.

20        THE COURT:  Relative to what?  To anything I just

21   asked?

22        MS. ROSING:  Well, your Honor, it is a legal

23   argument with some objections and some judicially

24   noticeable documents.

25        THE COURT:  Relative to what?

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

1    MS. ROSING:  Well, the seven issues before the

2    court, the Alan Cooper issue, the discovery order issue,

3    the Wagar investigation, the Denton investigation, Form

4    CV30, the relationships, and March 11, the things that

5    are noticed in this court's OSC.

6         But, your Honor, we would be happy to submit

7    this in a brief if that would be more --

8         THE COURT:  Good.  Do that.  Thank you.

9         We are done.

10   (Proceedings concluded.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

```
 1                        CERTIFICATE

 2

 3

 4   I hereby certify that pursuant to Section 753, Title 28,

 5   United States Code, the foregoing is a true and correct

 6   transcript of the stenographically reported proceedings held

 7   in the above-entitled matter and that the transcript page

 8   format is in conformance with the regulations of the

 9   Judicial Conference of the United States.

10   Date:  April 5, 2013

11

12    /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,   CENTRAL DISTRICT OF CALIFORNIA

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

# EXHIBIT J

CASE 0:13-cv-02622-SRN-LIB   Document 1-2   Filed 09/23/13   Page 64 of 151 | Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

Case 2:12-cv-02144-GMS   Document 44-1   Filed 03/25/13   Page 1 of 8

# COX.

Subpoena Compliance Office
Cox Communications, Inc.
1400 Lake Hearn Drive
Atlanta, GA 30319
(404) 269-5873
FAX: (404) 269-1898
SubpoenaResponse@cox.com

March 1, 2013

████████████

Phoenix, AZ 85048-7270

Re:   AF Holdings, L.L.C. v. David Harris
      Case No. 2:12-cv-02144-GMS
      United States District Court, District of Arizona
      Target Details: IP Address _68.2.87.48_on 1/29/2013 5:06:20 AM_

Dear Cox High Speed Internet Customer:

Please be advised that on 2/5/2013 a Civil Subpoena to Produce Documents was received from Steven
Goodhue, Attorney for Plaintiff, Phone # (480) 214-9500. The lawsuit was filed in the District of Arizona
and alleges that the unnamed "Doe" defendants have each infringed movie copyrights owned by the
plaintiff through use of peer-to-peer internet services.

The lawsuits list an Internet Protocol (IP) address for each of the defendants. Our records indicate that one
of the IP addresses listed was assigned to your Cox High Speed Internet account on the date and time
described in the lawsuit.

In order to identify the defendants, the plaintiff has obtained a court order requiring Cox to provide your
name, address, telephone number and email address from our records. The purpose of this notice is to
inform you of the lawsuit so that you have the opportunity to file objections with the court and to raise any
legal defenses you may have. We will comply with this subpoena on 4/1/2013 unless we receive legal
documents that delay or terminate the process on or before 3/31/2013.

To provide you with as much factual information as possible about the status of this and other related
lawsuits and the issues they raise, we have set up a page on our Internet website accessible at your Cox.net
website at
http://ww2.cox.com/residential/support/internet/article.cox?articleId={9b5398e0-6407-11df-ccef-
0000000000001}

Because this matter involves litigation, our Customer Care staff will not be able to assist you with questions
you may have. We regret being placed in the position of sending this letter, but want you to have every
opportunity to protect your interests. We are not permitted to give you legal advice and encourage you to
consult an attorney familiar with copyright law immediately.

Sincerely,

*Wheeler*

Saquonna Wheeler
Subpoena Coordinator
Cox Communications



# Internet Support

The Internet should add convenience, not headaches. From step-by-step instructions to helpful tips, we'll help you install your equipment, troubleshoot problems, and get the most out of your online experience – minus the migraine.

## Legal Demands and Claims of Film Copyright Infringement

Last Updated: Fri, 23 Dec 2011

6 rated this

### Summary

Learn about the legal demands and implications concerning the sharing of peer-to-peer media files via the Internet.

### Solution

### Recent Developments

Beginning in 2010 and continuing to this time, a number of law firms in locations across the country have filed suits, on behalf of independent film owners, against large numbers of unnamed or "Doe" defendants, alleging that they copied or shared films over their Internet service using "Peer-to-Peer" file sharing services.

These firms assert that they identified the IP (Internet Protocol) address for computers that participate in sharing of their files. They identify these "Doe" defendants based on this asserted information.

### IP Addresses

IP addresses are assigned to computer equipment by Internet Service Provider (ISP) companies like Cox for communication over the Internet, in something like the way that telephone numbers are used for voice calls. Although IP addresses change periodically, Cox and other ISPs keep records of the customers they are assigned to for a period of time. As a result, your current IP address may not be the same as it was on an earlier date, such as the date these suits claim to have found infringing copies of their films. These law firms can search for and identify Peer-to-Peer participant computers and their shared content, even when not in use, if connected to the Internet. They may not, however, be able to distinguish between computers that may be connected over an open (unsecured) wi-fi network.

### Court Actions

Some courts have ruled that suits against large numbers of "Doe" defendants from many locations are not permitted. In others, courts have permitted the cases to continue and have ordered ISPs to turn over information identifying the claimed infringing customers.

### Cox Response to Court Orders

IP address records are treated as private by Cox and are protected from disclosure, unless required by law. In cases like those discussed above, the law firms obtain court orders for Cox and other ISPs to turn over information identifying the customers assigned IP addresses they claim to have had infringing material on dates they specify.

Cox uses a trusted company to assist in researching and responding to the large number of these court ordered disclosures. Neustar carefully checks our IP address records and compares them electronically and manually against our customer account information. Neustar then notifies by mail each customer who is identified by our records as one of the claimed defendants before turning over any information to the law firms. These customer letters include a telephone number to call for additional information. (1-877-518-4357 and select option 4).

If you receive a letter from Neustar on our behalf, we recommend that you promptly seek knowledgeable legal advice. Unfortunately, we are required to turn over information by law and cannot provide legal advice or consider individual defenses or circumstances. Such requests can only be addressed to the court. If you do obtain a lawyer and file a "motion to quash", we ask you to provide us with a copy, so that we can withhold the

information until the motion is ruled on.  Other than this recommendation, there is nothing more that Cox can do to assist you in any way.

## Law Firm Actions

Once a law firm has received court ordered information, we understand that it sends letters or make telephone calls to pressure the identified defendant to pay a settlement amount in order to avoid further litigation.  We cannot provide any advice concerning these demands.  Nor can we speculate as to whether such litigation may be pursued.  In addition, we cannot speculate as to the reliability or accuracy of the identification techniques used by the law firms.  Our own internal research, based on the claimed infringer's IP address, however, is carefully and reliably performed.

## Additional Information

If you receive a notice from Cox or a demand from a law firm in one of these cases, now or in the future, we ask that you notify us on the basis to oppose the motion that has been filed with the court.  This can be faxed to Cox at (404) 269-8993.  The only other information that we can provide is by contacting Neustar at 1-877-610-4367 and select option 1.

## Other Resources

There are a number of web sites that offer information concerning the issues in these ongoing lawsuits that are being continually filed.  One resource that may prove helpful to claimed defendants is USCG v. The People | Electronic Frontier Foundation, found on https://www.eff.org.

## General Information

Cox does not endorse the position of any party related to these lawsuits.  We do encourage safe and knowledgeable use of the Internet and work to educate our customers to this end.

The following general information pertains to music and video downloads, file sharing and copyright protection as it relates to Cox Communications and Cox High Speed Internet policies:

- Copyright law protects the rights of copyright holders by giving media publishers the legal power to remove illegally shared content such as music and movies.
- Copyright owners can file suit to obtain information identifying alleged infringers engaged in file sharing.
- Cox places a high value on customer privacy and also recognizes the rights of copyright holders to protect their copyrighted material.  We must however turn over information identifying customers when required by law.
- The Cox online privacy policy is detailed on company web sites, and annual privacy notices are provided to all customers.

## File Sharing and Copyright Infringement

File sharing programs like Bit Torrent and others provide a means for Internet users to download content from others.  Sharing and downloading copyrighted materials like music, movies and television programming without the consent of the copyright owner is illegal and can lead to significant liability for those who download and those who make it available through these programs.  Cox strongly discourages its customers from infringement like this and urge customers to be sure that their computers or wireless networks are not used by others for these purposes.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona

| | |
|---|---|
| AF HOLDINGS, L.L.C. | ) |
| *Plaintiff* | ) |
| v. | ) |
| DAVID HARRIS | ) |
| *Defendant* | ) |

Civil Action No.   2:12-cv-02144-GMS

(If the action is pending in another district, state where:
                                                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Subpoena Compliance/Custodian of Records: Cox Communications LLC, 1400 Lake Hearn Dr, Atlanta, GA 30319.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place:   Law Offices of Steven James Goodhue<br>9375 East Shea Blvd., Suite 100<br>Scottsdale, AZ 85260 | Date and Time:<br><br>03/15/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/05/2013

     *CLERK OF COURT*

                                        OR

_____              _____
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
AF Holdings, L.L.C. _____, who issues or requests this subpoena, are:
Steven James Goodhue, Law Offices of Steven James Goodhue, 9375 East Shea Blvd., Suite 100 Scottsdale, AZ 85260; sjg@sjgoodlaw.com, (480) 214-8900.

CASE 0:13-cv-02622-SRN-LIB   Document 1-2   Filed 09/23/13   Page 69 of 151   Judicial District Court
5/6/2013 12:18:18 PM
Case 2:12-cv-02144-GMS   Document 44-1   Filed 03/25/13   Page 5 of 8   Hennepin County Civil, MN

## SUBPOENA ATTACHMENT

**The times listed below are in Coordinated Universal Time (UTC)**

| IP Address | Date/Time (UTC) |
|---|---|
| 24.251.12.137 | 2013-01-31 21:45:47 |
| 24.251.168.118 | 2013-01-24 04:11:09 |
| 24.251.177.204 | 2012-12-19 19:40:29 |
| 24.251.25.34 | 2013-01-10 17:03:08 |
| 24.251.25.57 | 2013-01-30 23:49:03 |
| 24.255.25.31 | 2012-10-23 22:21:34 |
| 24.255.28.79 | 2012-10-01 01:35:00 |
| 24.255.56.86 | 2013-01-15 02:32:35 |
| 68.104.209.174 | 2013-01-30 11:59:33 |
| 68.106.45.9 | 2012-12-01 00:52:02 |
| 68.107.130.38 | 2012-12-07 15:21:50 |
| 68.2.128.23 | 2012-12-08 13:18:04 |
| 68.2.192.88 | 2012-12-05 09:55:03 |
| 68.2.194.223 | 2013-01-07 01:33:23 |
| 68.2.197.204 | 2013-01-30 00:26:18 |
| 68.2.253.203 | 2013-01-02 11:08:42 |
| 68.2.49.119 | 2013-01-30 09:03:23 |
| 68.2.87.48 | 2013-01-29 05:06:20 |
| 68.2.92.187 | 2012-12-07 07:13:01 |
| 68.225.192.126 | 2012-11-28 10:16:06 |
| 68.225.192.132 | 2012-12-10 18:25:46 |
| 68.225.194.78 | 2013-01-25 10:32:43 |
| 68.228.211.32 | 2012-12-17 20:13:18 |
| 68.228.219.170 | 2012-12-03 19:55:57 |
| 68.228.234.161 | 2013-01-29 10:56:31 |
| 68.228.240.54 | 2013-02-01 10:11:33 |
| 68.230.120.162 | 2012-12-29 20:21:32 |
| 68.230.19.128 | 2013-01-15 22:02:50 |
| 68.230.40.81 | 2012-12-19 00:06:56 |
| 68.230.7.126 | 2012-11-09 17:50:53 |
| 68.3.110.55 | 2013-02-01 00:03:36 |
| 68.3.135.134 | 2013-01-13 17:40:00 |
| 68.3.161.100 | 2013-02-01 05:16:42 |
| 68.3.254.143 | 2012-10-01 09:08:04 |
| 68.3.45.93 | 2013-01-31 07:24:56 |
| 68.3.84.20 | 2012-10-20 06:34:28 |
| 68.98.124.47 | 2013-01-31 06:06:17 |
| 68.98.31.108 | 2012-11-06 12:27:43 |
| 68.98.52.113 | 2012-11-22 03:34:53 |
| 68.98.54.252 | 2013-01-24 18:19:52 |
| 70.162.17.224 | 2012-11-09 03:00:24 |
| 70.162.2.121 | 2012-12-03 16:22:07 |

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

| | |
|---|---|
| 70.162.44.52 | 2012-11-29 17:06:25 |
| 70.162.63.164 | 2012-12-10 16:09:34 |
| 70.171.238.166 | 2013-01-15 22:28:13 |
| 70.171.240.181 | 2013-01-01 19:59:44 |
| 70.171.241.154 | 2012-12-31 15:09:11 |
| 70.176.105.33 | 2013-01-20 22:17:09 |
| 70.176.246.90 | 2013-01-17 13:32:13 |
| 70.176.247.164 | 2013-01-31 00:59:10 |
| 70.176.41.218 | 2013-01-23 15:49:45 |
| 70.184.81.247 | 2012-12-21 19:17:56 |
| 70.190.128.140 | 2013-01-31 00:22:54 |
| 70.190.43.2 | 2013-01-14 22:06:34 |
| 72.200.121.61 | 2012-12-27 15:18:46 |
| 72.201.104.96 | 2012-12-15 11:22:34 |
| 72.201.83.76 | 2013-01-10 14:18:58 |
| 72.208.16.178 | 2012-12-21 04:57:00 |
| 72.208.180.122 | 2013-01-01 14:35:18 |
| 72.208.221.27 | 2013-01-11 23:58:55 |
| 72.208.251.40 | 2012-10-13 16:18:46 |
| 72.211.145.44 | 2012-12-14 05:24:15 |
| 72.211.169.38 | 2012-11-06 11:57:12 |
| 72.223.30.34 | 2013-01-26 15:32:46 |
| 72.223.76.175 | 2012-10-21 22:44:26 |
| 72.223.91.187 | 2013-02-01 02:14:58 |
| 98.165.107.179 | 2012-11-16 02:05:58 |
| 98.165.197.145 | 2012-12-22 03:35:02 |
| 98.167.129.122 | 2012-11-10 02:43:39 |
| 98.177.147.218 | 2013-01-31 19:19:47 |
| 98.177.148.16 | 2013-01-25 12:00:53 |

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:12-cv-02144-GMS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

STATE OF MINNESOTA                      DISTRICT COURT
COUNTY OF HENNEPIN                      FOURTH JUDICIAL DISTRICT

---

Court File No.: 27-CV-13-3464

Alan Cooper,

        Plaintiff,

    v.                              **CERTIFICATE OF SERVICE**

John Lawrence Steele; Prenda Law, Inc.;
AF Holdings, LLC; Ingenuity13, LLC.

        Defendants

---

I, Paul Godfread, hereby certify that the Notice of Motion and Motion for Default, Memorandum

in Support, Supporting Exhibits, and Affidavit of No Answer, Indentification, Non-Millitary

Status, Proof, and Costs and Disbursements were served via first class mail on May 6, 2013 to the

following:

John L. Steele, Esq.
1111 Lincold Road, Suite 400
Miami Beach, FL 33139


Paul Duffy
Prenda Law, Inc.
161 North Clark, Suite 3200
Chicago, IL 60601

DATE: 5-6-2013

                    GODFREAD LAW FIRM, P.C.

                    By _____
                    Paul Godfread (#389316)
                    100 South Fifth Street, Suite 1900
                    Minneapolis, MN 55402
                    (612) 284-7325
                    paul@godreadlaw.com
                    *Attorney for Plaintiff, Alan Cooper*

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

STATE OF MINNESOTA                                   DISTRICT COURT
COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| Alan Cooper,<br><br>               Plaintiff,<br><br>     v.<br><br>John Lawrence Steele; Prenda Law, Inc.; AF Holdings, LLC; Ingenuity13, LLC.<br><br>               Defendants | Court File No.: 27-CV-13-3464<br><br><br>**PROPOSED FINDINGS AND ORDER** |

      The above action came before this Court on Plaintiff's Motion for Default Judgment against Defendant Prenda Law, Inc.. Based on the papers submitted, counsel's arguments, all the records and proceedings, and the entire court file, the Court issues the following Findings and Order.

## FINDINGS

1.    Plaintiff completed service of the Summons and Complaint on Defendant Prenda Law on March 18, 2013.

2.    Defendant Prenda Law, Inc. failed to answer.

3.    The facts as plead in the Complaint are accepted as true.

4.    Defendant Prenda Law, Inc. willfully invaded Alan Cooper's privacy through the misappropriation of his name.

5.    Defendant Prenda Law, Inc. violated Minn. Stat. § 325D.44 through the unlawful use of Alan Cooper's name.

6.    Defendant Prenda Law, Inc. conspired with co-defendants John Lawrence Steele, AF Holdings, LLC, and Ingenuity13, LLC to harm Plaintiff Alan Cooper.

7.    Defendant Prenda Law, Inc. has failed to properly conduct itself as a true corporation and

Filed in Fourth Judicial District Court
5/6/2013 12:18:18 PM
Hennepin County Civil, MN

its shareholders, officers, and directors will be personally liable for its actions.

8.    The Court therefore finds that Plaintiff is entitled to a judgment in the amount of

$4,641,000 enforceable against Prenda Law, Inc. and its shareholders, officers, and

directors.

## ORDER

1.    Plaintiff Alan Cooper's Motion for Default Judgment against Prenda Law, Inc. is

GRANTED.

2.    Defendant Prenda Law, Inc., and its officers and directors shall pay $4,641,000 in damages

to Plaintiff.

3.    Defendant Prenda Law, Inc. and its shareholders, officers, agents, and affiliates shall

immediately cease all further use of Plaintiff Alan Cooper's name.

4.    Defendant Prenda Law, Inc. and its shareholders, officers, agents, and affiliates shall within

10 days from the date of this Order, notify all other courts where it has filed a case on

behalf of AF Holdings, LLC or Ingenuity13, LLC that it has misappropriated Alan

Cooper's name.

5.    Defendant Prenda Law, Inc., and its shareholders, officers, agents, and affiliates shall

immediately cease sending settlement letters on behalf of AF Holdings, LLC and

Ingenuity13, LLC.

SO ORDERED

DATE:_____          _____

                                           Judge Ann Leslie Alton

Filed in Fourth Judicial District Court
5/7/2013 1:06:17 PM
Hennepin County Civil, MN

# GODFREAD LAW FIRM, P.C.

100 South Fifth Street, Suite 1900, Minneapolis, MN 55402

May 7, 2013

**Via Electronic Filing**
Hon. Judge Ann Louise Alton
Hennepin County District Court
300 South Sixth Street
Minneapolis, MN 55487

   **Re:**  **Request for judicial notice of order**
      *Cooper v. Steele, Prenda Law, Inc., AF Holdings, Ingenuity 13*
      27-cv-13-3463

Dear Judge Alton,

   I respectfully request that the Court take judicial notice of the attached Order Issuing
Sanctions filed yesterday by Judge Otis Wright in *Ingenuity 13 LLC v. John Doe,* 2:12-cv-8333
ODW (Doc. #130) in the U.S. District Court for the Central District of California. The
findings of fact made by Judge Wright directly address many of the core issues and
allegations in the *Cooper v. Steele, et al.* case currently pending before you.

         Sincerely,

         s/Paul Godfread
         Paul Godfread

Enclosure

paul@godfreadlaw.com
www.godfreadlaw.com

phone 612-284-7325
fax 612-465-3609



1

2

3

4

5

6

7

**O**

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   INGENUITY 13 LLC,                      Case No. 2:12-cv-8333-ODW(JCx)

12                      Plaintiff,           **ORDER ISSUING SANCTIONS**

13          v.

     JOHN DOE,
14
                     Defendant.
15

16      "The needs of the many outweigh the needs of the few."
17             —Spock, *Star Trek II: The Wrath of Khan* (1982).

18                         **I.    INTRODUCTION**

19      Plaintiffs[1] have outmaneuvered the legal system.[2]   They've discovered the

20   nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable

21   defense costs.   And they exploit this anomaly by accusing individuals of illegally

22   downloading a single pornographic video.   Then they offer to settle—for a sum

23   _____
     [1] The term "Plaintiffs" used in this order refers to AF Holdings LLC, Ingenuity 13 LLC, as well as
24   related entities, individuals, and attorneys that collaborated in the underlying scheme fronted by AF
     Holdings and Ingenuity 13.
25   [2] This order concerns conduct committed in the following related cases: *AF Holdings LLC v. Doe*,
     No. 2:12-cv-6636-ODW(JCx) (C.D. Cal. filed Aug. 1, 2012); *AF Holdings LLC v. Doe*, No. 2:12-cv-
26   6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6662-
     ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6668-ODW(JCx)
27   (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal.
     filed Sept. 27, 2012).
28

Filed in Fourth Judicial District Court
5/7/2013 1:06:17 PM
Hennepin County Civil, MN

1   calculated to be just below the cost of a bare-bones defense.  For these individuals,

2   resistance is futile; most reluctantly pay rather than have their names associated with

3   illegally downloading porn.  So now, copyright laws originally designed to

4   compensate starving artists allow, starving attorneys in this electronic-media era to

5   plunder the citizenry.

6        Plaintiffs do have a right to assert their intellectual-property rights, so long as

7   they do it right.  But Plaintiffs' filing of cases using the same boilerplate complaint

8   against dozens of defendants raised the Court's alert.  It was when the Court realized

9   Plaintiffs engaged their cloak of shell companies and fraud that the Court went to

10   battlestations.

11             **II.    PROCEDURAL HISTORY**

12        The Court issued its February 7, 2013 Order to Show Cause re Sanctions to

13   allow counsel, Brett Gibbs, to explain why he ignored the Court's discovery-stay

14   Order, filed complaints without reasonable investigation, and defrauded the Court by

15   asserting a copyright assignment secured with a stolen identity.  (ECF No. 48.)  As

16   evidence materialized, it turned out that Gibbs was just a redshirt.

17        Gibbs's behavior in the porno-trolling collective was controlled by several

18   attorneys, under whom other individuals also took their orders.  Because it was

19   conceivable that these attorneys (and others) were culpable for Gibbs's conduct, the

20   Court ordered these parties to appear.

21        The following additional parties were ordered to appear: (a) John Steele, of

22   Steele Hansmeier PLLC, Prenda Law, Inc., and/or Livewire Holdings LLC; (b) Paul

23   Hansmeier, of Steele Hansmeier PLLC and/or Livewire Holdings LLC; (c) Paul

24   Duffy, of Prenda Law, Inc.; (d) Angela Van Den Hemel, of Prenda Law, Inc.;

25   (e) Mark Lutz, of Prenda Law, Inc., AF Holdings LLC, and/or Ingenuity 13 LLC;

26   (f) Alan Cooper, of AF Holdings LLC; (g) Peter Hansemeier, of 6881 Forensics, LLC;

27   (h) Prenda Law, Inc.; (i) Livewire Holdings LLC; (j) Steele Hansmeier PLLC; (k) AF

28   Holdings LLC; (l) Ingenuity 13 LLC; (m) 6881 Forensics, LLC; and (n) Alan Cooper,

CASE 0:13-cv-02622-SRN-LIB   Document 1-2   Filed 09/23/13   Page 78 of 151   Filed in Fourth Judicial District Court
Case 2:12-cv-08333-ODW-JC   Document 130   Filed 05/06/13   Page 3 of 11   Page ID #:2891   1:06:17 PM
Hennepin County Civil, MN

1   of 2170 Highway 47 North, Isle, MN 56342.  (ECF Nos. 66, 86.)  These parties were

2   ordered to show cause why they should not be sanctioned for their behind-the-scenes

3   role in the conduct facially perpetrated by Gibbs.  These parties were also ordered to

4   explain the nature of their operations, relationships, and financial interests.

5                    **III.    LEGAL STANDARD**

6       The Court has a duty to supervise the conduct of attorneys appearing before it.

7   *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996).  The power to punish

8   contempt and to coerce compliance with issued orders is based on statutes and the

9   Court's inherent authority. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512

10   U.S. 821, 831 (1994).  Though this power must be exercised with restraint, the Court

11   has wide latitude in fashioning appropriate sanctions to fit the conduct.  *See Roadway*

12   *Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

13       Under the Court's inherent authority, parties and their lawyers may be

14   sanctioned for improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

15   This inherent power extends to a full range of litigation abuses, the litigant must have

16   engaged in bad faith or willful disobedience of a court's order. *Id.* at 992.  Sanctions

17   under the Court's inherent authority are particularly appropriate for fraud perpetrated

18   on the court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991).

19                    **IV.    DISCUSSION**

20   **A.    Findings of fact**

21       Based on the evidence presented on the papers and through sworn testimony,

22   the Court finds the following facts, including those based on adverse inferences drawn

23   from Steele, Hansmeier, Duffy, and Van Den Hemel's blanket refusal to testify.[3]

24       1.    Steele, Hansmeier, and Duffy ("Principals") are attorneys with shattered

25   law practices.  Seeking easy money, they conspired to operate this enterprise and

26

27   [3] Even if their refusal was based on the Fifth Amendment privilege against self-incrimination, the
Court still may draw adverse inferences against them in this civil proceeding. *Baxter v. Palmigiano*,

28   425 U.S. 308, 318 (1976).

Filed in Fourth Judicial District Court
5/6/2013 1:06:17 PM
Hennepin County Civil, MN

formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.

2.   AF Holdings and Ingenuity 13 have no assets other than several copyrights to pornographic movies. There are no official owners or officers for these two offshore entities, but the Principals are the de facto owners and officers.

3.   The Principals started their copyright-enforcement crusade in about 2010, through Prenda Law, which was also owned and controlled by the Principals. Their litigation strategy consisted of monitoring BitTorrent download activity of their copyrighted pornographic movies, recording IP addresses of the computers downloading the movies, filing suit in federal court to subpoena Internet Service Providers ("ISPs") for the identity of the subscribers to these IP addresses, and sending cease-and-desist letters to the subscribers, offering to settle each copyright-infringement claim for about $4,000.

4.   This nationwide strategy was highly successful because of statutory-copyright damages, the pornographic subject matter, and the high cost of litigation. Most defendants settled with the Principals, resulting in proceeds of millions of dollars due to the numerosity of defendants. These settlement funds resided in the Principals' accounts and not in accounts belonging to AF Holdings or Ingenuity 13. No taxes have been paid on this income.

5.   For defendants that refused to settle, the Principals engaged in vexatious litigation designed to coerce settlement. These lawsuits were filed using boilerplate complaints based on a modicum of evidence, calculated to maximize settlement profits by minimizing costs and effort.

6.   The Principals have shown little desire to proceed in these lawsuits when faced with a determined defendant. Instead of litigating, they dismiss the case. When pressed for discovery, the Principals offer only disinformation—even to the Court.

CASE 0:13-cv-02622-SRN-LIB   Document 1-2   Filed 09/23/13   Page 80 of 151   Filed in Fourth Judicial District Court
Case 2:12-cv-08333-ODW-JC   Document 130   Filed 05/06/13   Page 5 of 11   Page ID #:5/6/2013 1:06:17 PM
Hennepin County Civil, MN

7.    The Principals have hired willing attorneys, like Gibbs, to prosecute these cases.  Though Gibbs is culpable for his own conduct before the Court, the Principals directed his actions.   In some instances, Gibbs operated within narrow parameters given to him by the Principals, whom he called "senior attorneys."

8.    The Principals maintained full control over the entire copyright-litigation operation.  The Principals dictated the strategy to employ in each case, ordered their hired lawyers and witnesses to provide disinformation about the cases and the nature of their operation, and possessed all financial interests in the outcome of each case.

9.    The Principals stole the identity of Alan Cooper (of 2170 Highway 47 North, Isle, MN 56342).  The Principals fraudulently signed the copyright assignment for "Popular Demand" using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings.  Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele.  There is no other person named Alan Cooper related to AF Holdings or Ingenuity 13.

10.    The Principals ordered Gibbs to commit the following acts before this Court: file copyright-infringement complaints based on a single snapshot of Internet activity; name individuals as defendants based on a statistical guess; and assert a copyright assignment with a fraudulent signature.  The Principals also instructed Gibbs to prosecute these lawsuits only if they remained profitable; and to dismiss them otherwise.

11.    Plaintiffs have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared.  Plaintiffs' representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies.  But this deception was calculated so that the Court would grant Plaintiffs' early-discovery requests, thereby allowing Plaintiffs to identify defendants and exact settlement proceeds from them.  With these granted requests, Plaintiffs borrow the authority of the Court to pressure settlement.

CASE 0:13-cv-02622-SRN-LIB   Document 1-2   Filed 09/23/13   Page 81 of 151
Case 2:12-cv-08333-ODW-JC   Document 130   Filed 05/06/13   Page 6 of 11   Page ID #:3894

Filed in Fourth Judicial District Court
5/7/2013 1:06:17 PM
Hennepin County Civil, MN

**B.     Sanctions**

Although the Court originally notified the parties that sanctions would be imposed under Federal Rule of Civil Procedure 11(b)(3) and Local Rule 83-3, the Court finds it more appropriate to sanction the parties under its inherent authority. *See In re DeVille*, 361 F.3d 539, 550 (9th Cir. 2004) ("[T]he bankruptcy court's failure to specify, in advance of the disciplinary proceedings, that its inherent power was a basis for those proceedings, did not serve to undercut its sanctioning authority."). The sanctions for Plaintiffs' misconduct are as follows.

*1.     Rule 11 sanctions*

The Court maintains that its prior analysis of Plaintiffs' Rule 11 violations is accurate. (ECF No. 48.) Plaintiffs can only show that someone, using an IP address belonging to the subscriber, was seen online in a torrent swarm. But Plaintiffs did not conduct a sufficient investigation to determine whether that person actually downloaded enough data (or even anything at all) to produce a viewable video. Further, Plaintiffs cannot conclude whether that person spoofed the IP address, is the subscriber of that IP address, or is someone else using that subscriber's Internet access. Without better technology, prosecuting illegal BitTorrent activity requires substantial effort in order to make a case. It is simply not economically viable to *properly* prosecute the illegal download of a single copyrighted video.

Enter Plaintiffs and their cottage-industry lawsuits. Even so, the Court is not as troubled by their lack of reasonable investigation as by their cover-up. Gibbs argued that a deep inquiry was performed *prior* to filing. Yet these arguments are not credible and do not support Gibbs's conclusions. Instead, Gibbs's arguments suggest a hasty after-the-fact investigation, and a shoddy one at that.

For instance, Gibbs characterized Marvin Denton's property as "a very large estate consisting of a gate for entry and multiple separate houses/structures on the property." (ECF No. 49, at 19.) He stated this to demonstrate the improbability that Denton's Wi-Fi signal could be received by someone outside the residence. But

1  Denton's property is not a large estate; it is a small house in a closely packed

2  residential neighborhood.  There are also no gates visible.



20  Gibbs's statement is a blatant lie.  His statement resembles other statements

21  given by Plaintiffs in this and their other cases: statements that sound reasonable but

22  lack truth.  Thus, the Court concludes that Gibbs, even in the face of sanctions,

23  continued to make factual misrepresentations to the Court.

24  Nevertheless, Rule 11 sanctions are inappropriate here because it is the wrong

25  sanctions vehicle at this stage of litigation.  The cases have already been dismissed

26  and monetary sanctions are not available.  Fed. R. Civ. P 11(c)(5)(B) (a court cannot

27  impose a monetary sanction on its own unless it issued the show-cause order before

28  voluntary dismissal).  The more appropriate sanction for these Rule 11 violations is

CASE 0:13-cv-02622-SRN-LIB   Document 1-2   Filed 09/23/13   Page 83 of 151
Case 2:12-cv-08333-ODW-JC   Document 130   Filed 05/06/13   Page 8 of 11   Page ID #:2890

Filed in Fourth Judicial District Court
5/6/2013 1:06:17 PM
Hennepin County Civil, MN

1  what the Court had already imposed: denial of requests for early discovery.  (ECF

2  No. 28.)

3         2.      *Sanctions under the Court's inherent authority*

4         In addition to Gibbs's misrepresentations, there is the matter of the ignored

5  Court Order vacating early discovery.  (ECF No. 28.)  The evidence does not show

6  that the Order was ignored because of miscommunication among Plaintiffs.  The

7  Order was purposely ignored—hoping that the ISPs were unaware of the vacatur and

8  would turn over the requested subscriber information.

9         Then there is the Alan Cooper forgery.  Although a recipient of a copyright

10  assignment need not sign the document, a forgery is still a forgery.  And trying to pass

11  that forged document by the Court smacks of fraud.  Unfortunately, other than these

12  specific instances of fraud, the Court cannot make more detailed findings of fraud.

13         Nevertheless, it is clear that the Principals' enterprise relies on deception.  Part

14  of that ploy requires cooperation from the courts, which could only be achieved

15  through deception.   In other words, if the Principals assigned the copyright to

16  themselves, brought suit in their own names, and disclosed that they had the sole

17  financial interest in the suit, a court would scrutinize their conduct from the outset.

18  But by being less than forthcoming, they defrauded the Court.  They anticipated that

19  the Court would blindly approve their early-discovery requests, thereby opening the

20  door to more settlement proceeds.

21         The Principals also obfuscate other facts, especially those concerning their

22  operations,   relationships,   and   financial   interests.     The   Principals'   web   of

23  disinformation is so vast that the Principals cannot keep track—their explanations of

24  their operations, relationships, and financial interests constantly vary.  This makes it

25  difficult for the Court to make a concrete determination.

26         Still, the Court adopts as its finding the following chart detailing Plaintiffs'

27  relationships.  Though incomplete, this chart is about as accurate as possible given

28  Plaintiffs' obfuscation.

CASE 0:13-cv-02622-SRN-LIB   Document 1-2   Filed 09/23/13   Page 84 of 151
Case 2:12-cv-08333-ODW-JC   Document 130   Filed 05/06/13   Page 9 of 11   Page ID #:57813

Filed in Fourth Judicial District Court
5/6/2013 1:06:17 PM
Hennepin County Civil, MN



As for Van Den Hemel, Lutz, and Hansemeier, they are not without fault even though they acted under orders from the Principals. They were not merely assimilated; they knowingly participated in this scheme, reaping the benefits when the going was good. Even so, their status as non-attorneys *and* non-parties severely limits the sanctions that could be levied against them.

Despite these findings, the Court deems these findings insufficient to support a large monetary sanction—a seven-digit sanction adequate to deter Plaintiffs from continuing their profitable enterprise. Even if the Court enters such a sanction, it is certain that Plaintiffs will transfer out their settlement proceeds and plead paucity. Yet Plaintiffs' bad-faith conduct supports other more fitting sanctions.

/ / /

1     First, an award of attorney's fees to Defendants is appropriate.  This award

2    compensates them for expenses incurred in this vexatious lawsuit, especially for their

3    efforts in countering and revealing the fraud perpetrated by Plaintiffs.

4     So far, only Morgan Pietz and Nicholas Ranallo have appeared.[4]  Upon review,

5    the Court finds Pietz's expenditure of 120.5 hours at an hourly rate of $300 reasonable

6    based on his experience, work quality, and quantity of necessary papers filed with the

7    Court.  (ECF No. 102.)  Although many of these hours were spent after the case was

8    dismissed, these hours were spent in connection with the sanction hearings—time well

9    spent.  Similarly, the attorney's fees and costs incurred by Ranallo also appear

10   reasonable.

11     Therefore, the Court awards attorney's fees and costs in the sum of $40,659.86

12   to Doe: $36,150.00 for Pietz's attorney's fees; $1,950.00 for Ranallo's attorney's fees;

13   $2,226.26 for Pietz's costs; and $333.60 for Ranallo's costs.  As a punitive measure,

14   the Court doubles this award, yielding $81,319.72.[5]  This punitive multiplier is

15   justified by Plaintiffs' brazen misconduct and relentless fraud.  The Principals, AF

16   Holdings, Ingenuity 13, Prenda Law, and Gibbs are liable for this sum jointly and

17   severally, and shall pay this sum within 14 days of this order.

18     Second, there is little doubt that that Steele, Hansmeier, Duffy, Gibbs suffer

19   from a form of moral turpitude unbecoming of an officer of the court.  To this end, the

20   Court will refer them to their respective state and federal bars.

21     Third, though Plaintiffs boldly probe the outskirts of law, the only enterprise

22   they resemble is RICO.  The federal agency eleven decks up is familiar with their

23   prime directive and will gladly refit them for their next voyage.  The Court will refer

24   this matter to the United States Attorney for the Central District of California.  The

25   will also refer this matter to the Criminal Investigation Division of the Internal

26

27   [4] They appeared on behalf of the Doe Defendant in the case *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-
8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012).

28   [5] This punitive portion is calculated to be just below the cost of an effective appeal.

CASE 0:13-cv-02622-SRN-LIB   Document 1-2   Filed 09/23/13   Page 86 of 151   Filed in Fourth Judicial District Court
Case 2:12-cv-08333-ODW-JC   Document 130   Filed 05/06/13   Page 11 of 11   Page ID #:2699 1:06:17 PM
Hennepin County Civil, MN

1   Revenue Service and will notify all judges before whom these attorneys have pending

2   cases. For the sake of completeness, the Court requests Pietz to assist by filing a

3   report, within 14 days, containing contact information for: (1) every bar (state and

4   federal) where these attorneys are admitted to practice; and (2) every judge before

5   whom these attorneys have pending cases.

6       *4.*    *Local Rule 83-3 sanctions*

7       For the same reasons stated above, the Court will refer Duffy and Gibbs to the

8   Standing Committee on Discipline (for this District) under Local Rule 83-3.

9   **V.   CONCLUSION**

10       Steele, Hansmeier, Duffy, Gibbs, Prenda Law, AF Holdings, and Ingenuity 13

11   shall pay, within 14 days of this order, attorney's fees and costs totaling $81,319.72 to

12   Doe. The Court enters additional nonmonetary sanctions in accordance with the

13   discussion above.

14   **IT IS SO ORDERED.**

15   May 6, 2013

16

17   _____

18               **OTIS D. WRIGHT, II**
     **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28

Filed in Fourth Judicial District Court
5/9/2013 1:49:45 PM
Hennepin County Civil, MN

**STATE OF MINNESOTA**                     **DISTRICT COURT**

**COUNTY OF HENNEPIN**           **FOURTH JUDICIAL DISTRICT**

-----------------------------------------------------------

Alan Cooper,                            Judge Ann L. Alton

             Plaintiff,

                            **ORDER SCHEDULING DEFAULT**

                 v.              **JUDGMENT HEARING BLOCK**

John Lawrence Steele, et al.,

              Defendant.   **File #27-CV-13-3463**

-----------------------------------------------------------

    The above-captioned matter has been assigned to the Honorable Ann L. Alton, Judge of District Court. Plaintiff in this matter has moved for the Court to Order a Default Judgment.

**THE DEFAULT JUDGMENT HEARING IS HEREBY SCHEDULED AS FOLLOWS:**

    1)  This matter is set for this Court's Default Judgment Hearing block on **May 20, 2013 at 2:00 PM**. Please report to Courtroom 1453, Hennepin County Government Center, Minneapolis, **by 1:40 PM**.  Several default judgment hearings will be set on this block and the cases will be called at random.

    2)  For all Motions for Default Judgment, **the Plaintiff shall file the original and submit one courtesy copy (emailed in Word format to ann.alton@courts.state.mn.us) of a detailed proposed Findings of Fact, Conclusions of Law and Order for Default Judgment.**

    3)  **NOTE:  The Plaintiff is required to prove the Complaint and damages.  Plaintiff shall provide supporting documentation for the Complaint and damages and attach and incorporate the supporting documentation to the proposed Findings of Fact, Conclusions of Law and Order for Default Judgment.  Any exhibits shall be tabbed.**

- 1 -

Filed in Fourth Judicial District Court
5/9/2013 1:49:45 PM
Hennepin County Civil, MN

**Do NOT submit illegible documents.   You are required to prove your Motion and no Motion for Judgment will be granted on illegible documents.**

4)   The proposed Findings of Fact, Conclusions of Law and Order for Default Judgment and any supporting documentation shall be submitted one week prior to the scheduled hearing.

DATED:  _5 / 9 / 13_

Ann L. Alton
Judge of District Court

Court Clerk – 612-348-8083

- 2 -

Filed in Fourth Judicial District Court
5/13/2013 2:47:36 PM
Hennepin County Civil, MN

**STATE OF MINNESOTA**                              **DISTRICT COURT**

**COUNTY OF HENNEPIN**                    **FOURTH JUDICIAL DISTRICT**

-----------------------------------------------------------

                                                    Judge Ann L. Alton

Alan Cooper,

                  **Plaintiffs,**        <u>ORDER RESETTING DATE</u>
                                          <u>AND TIME OF HEARING</u>

                v.

John L. Steele, et al.,

                **Defendant.**    **File #27-CV-13-3463**

-----------------------------------------------------------

TO THE PARTIES IN THE ABOVE-ENTITLED ACTION.

    **This matter was scheduled for a Default Hearing on
May 20, 2013, at 2:00 PM.**

    **Please be advised that due to a change in the
Court's schedule, this Default Hearing is hereby
rescheduled to May 21, 2013 at 2:00 PM.**

DATED:   5/13/13                 

                                 Ann L. Alton
                                 Judge of District Court

Court Clerk: 612-348-8083

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT

---

Alan Cooper,

Plaintiff,

v.

John Lawrence Steele; Prenda Law, Inc.;
AF Holdings, LLC; Ingenuity13, LLC.

Defendants

Court File No.: 27-CV-13-3464

**SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF DEFAULT
JUDGMENT**

---

Plaintiff supplements his briefing in support of default judgment to address two issues that arose following the initial filing of this motion for default. First, on May 6, the very same day this motion was filed, Judge Wright in the Central District of California issued an order with findings of fact that further establish the facts plead in the complaint. Second, on May 7, one month after its answer was due, Prenda Law filed a barebones, unverified answer. Prenda's answer is insufficient to avoid a default judgment under Minnesota law, because Defendant had no excuse for delay and has no reasonable defense on the merits. Further, Defendant has engaged in a substantial amount of bad faith litigation practices that would otherwise support granting a motion for default judgment.

## ARGUMENT

### I.  A MOTION FOR DEFAULT MUST BE GRANTED UNLESS DEFENDANT CAN SATISFY ALL FOUR *FINDEN* FACTORS.

Minnesota courts may relieve a party in default from judgment only if the defaulting party can demonstrate: 1) a reasonable defense on the merits; 2) a reasonable excuse for its failure or neglect to act; 3) due diligence after notice of entry of judgment; and 4) absence of substantial prejudice to the opponent. *Finden v. Klass*, 268 Minn. 268,

1

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

271, 127 N.W.2d 748, 750 (1964). All four *Finden* factors "must be proven, but a weak

showing on one factor may be offset by a strong showing on the others." *Reid v.*

*Strodtman*, 631 N.W.2d 414, 419 (Minn. App. 2001).

Here, Defendant Prenda fails on at least two of the four *Finden* factors. Prenda

Law has no excuse for its default and it has no reasonable defense on the merits. Though

it is Defendant's burden to demonstrate that it has an excuse and a reasonable defense,

Plaintiff will demonstrate how those factors cannot be shown by Prenda.

## A.    Defendant Prenda Has Demonstrated A Lack Of Excusable Neglect

Neglect of a party itself is excusable and is therefore grounds for refusal to deny a

motion for default judgment. *Thayer v. American Financial Advisers, Inc.*, 322 N.W.2d

599, 602 (Minn. 1982); *Collyer v. Guardian Angels Roman Catholic Church*, 294 N.W.

2d 712, 715 (Minn. 1980). Prenda had actual knowledge of the lawsuit. But instead of

answering, Prenda chose to ignore this lawsuit and harass Plaintiff, through filing multiple

lawsuits and repeated calls.

### 1.    Prenda Has Attempted To Intimidate Cooper With Multiple Lawsuits And Harassing Phone Calls

Defendant Steele was the first of the Defendants to be served when he was served

on January 25, 2013. Steele immediately began to work with the rest of Prenda's

attorneys on a campaign of threats and intimidation aimed at Plaintiff Cooper and

undersigned attorney. Defendant Steele did in fact answer in a timely manner. Three

retaliatory lawsuits were filed against Cooper and undersigned, one with Prenda as

plaintiff, one with Paul Duffy (Prenda's nominal principal as plaintiff), and one with

Steele as Plaintiff). Because Prenda and Prenda's principal, Paul Duffy are plaintiffs in two

of these lawsuits that reference this lawsuit, Prenda obviously had actual knowledge of

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

this lawsuit. After having served the third lawsuit, Steele called Alan Cooper and left this threatening voicemail:

> I know you've been served with a third lawsuit. And there are more coming. Don't worry about that.
> Well, obviously, if I don't hear from you, I'm going to start filing for certain default motions and start getting relief that way.
> I can assure you that just ignoring legal matters, it's not going to go away. I can guarantee you, I'm not going away.
> So I highly recommend you, at least, you know, follow the rules of Minnesota, Illinois, Florida and some other states' soon civil procedure because, otherwise your life is going to get really complicated.
> And I'm saying this as a friend, as well as opposing counsel. So you can reach me if you'd like to discuss setting up a deposition and various other discoveries, and of course, any settlement discussions you'd like to do.
> All right. You have the number.
> Bye.

(*See* Godfread Aff., Ex. K). Steele and Prenda had hoped that Cooper would back out of this lawsuit. The depositions referred to in the voicemail, were scheduled by Prenda to take place on March 11 and 12. (*See* Godfread Aff., Ex. L). It is no small coincidence that this would have prevented Cooper from testifying before Judge Wright in Los Angeles for a hearing also scheduled on March 11. (*See Ingenuity13 v. Doe*, 12-cv-8333, ECF Doc. #48, filed 2/7/2013 (scheduling a hearing for March 11, and specifically requesting an appearance by Alan Cooper to either confirm or refute fraud allegations)). Prenda's retaliation cases were removed to federal court thereby canceling the depositions. Cooper did testify in Los Angeles, under oath, stating that his identity was misappropriated by attorneys for Prenda. Prenda Law then filed notices in many of its cases noting Cooper's testimony, and again citing to this case in Hennepin County. (*See* Godfread Aff., Ex. M).

All of this shows that Prenda knew about this lawsuit as early as February. Even after being served in March, Prenda continued its strategy of ignoring this lawsuit while

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

filing others and harassing Plaintiff and his attorney. Prenda has no possible excuse for its behavior. It has actual knowledge of this lawsuit in advance of service. It was served on March 18, an answer was due by April 8, but Prenda had failed to answer by May 6.

### 2.   Prenda Has Provided Evasive And Frivolous Responses To Discovery

Prenda was served with a Summons, Complaint, Exhibits, and initial discovery documents on March 18, 2013. Prenda did not answer the Complaint, but did provide an extremely evasive and response to interrogatories. Prenda's response is a list of frivolous objections to each and every interrogatory without providing a single responsive answer. (*See* Godfread Aff., Ex. N).  Prenda's response to interrogatories demonstrates a lack of excusable neglect in answering the Complaint, a lack of defense on the merits, and an intention to litigate in bad faith.

### 3.   Prenda Has Offered No Explanation For Its Delay

In order for a motion for default judgment to be denied, it is up to Defendant Prenda to make some factual showing that it had a justifiable reason for its failure to respond to the complaint. Plaintiff offers the evidence above to show that there is no such excuse, but the burden is on Defendant. So far, Defendant has offered nothing.

### B.   Defendant Prenda's Answer Is Insufficient To Avoid Default

"As we view the entire record, it indicates to us that defendants were endeavoring to delay, if not entirely to avoid, the payment of a just obligation. If an answer is so bad that it would have to be stricken out on motion, the court is justified in refusing to use it as a basis to open a default judgment." *Peterson v. W. Davis & Sons*, 216 Minn. 60, 67, 11 N.W. 2d 800, 804 (Minn. 1943). Prenda's answer is not only late and incomplete, tbut it also seems to admit that it doesn't know whether Cooper authorized the signatures it said were authorized. This is in essence, and admission. Prenda without sufficient explanation also ignores answers that refer to exhibits. Prenda's answer would be stricken on a motion, and it fails as a defense against default.

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

### 1.   Prenda Implausibly Asserts A "Lack Of Information" Regarding The Number Of Cases It Has Filed

In its belated Answer, Prenda asserts a "lack of information" sufficient to admit or deny some of the allegations. Some may be justifiable, others are puzzling, and some are the same as an outright admission. For example, Prenda asserts that it has a lack of information as to the allegations in paragraphs 26 and 27 of the Complaint which allege that Prenda's clients, AF Holidngs and Ingenuity13 have filed over 200 and over 50 lawsuits respectively. This is not a plausible answer for Prenda.

Even if Prenda had somehow lost track of how many cases it has filed on behalf of its clients, the numbers are easily found as they are a matter of public record. Under Minn. R. Civ. P. 11.02(d) denials, including those based on a lack of information, must be made only after an inquiry reasonable under the circumstances. There are no circumstances where a law firm could not reasonably determine the number of cases it has filed within the last several years on behalf of its clients. For Defendant to state otherwise is capricious.

### 2.   Prenda Ignores Or Refuses To Respond To Allegations Referencing Exhibits

Rather than answer in full, Prenda has chosen to willfully ignore some allegations. When Prenda was served, it was served with a Summons, Complaint, *and* Exhibits to the Complaint. (*See* Godfread Aff.) Prenda's statement that the Exhibits were not attached is without truth or merit. Defendant Steele made similar evasive responses and even after receiving an additional copy attached to a deficiency letter, Steele has provided no supplemental or amended responses. (*See* Godfread Aff., Ex. O). It seems that both Prenda and Steele have decided to ignore exhibits rather than confront them.

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

### 3. Prenda's Answer Denies Matters Admitted or Proven Elsewhere

Prenda filed the document shown as Exhibit B to the Complaint which has "Alan Cooper" signing as the manager of Ingenuity13. (Compl. Ex. B) It is not plausible that Prenda now has insufficient information to admit or deny that "[o]n at least one occasion, an "Alan Cooper" has acted as the manager of another client of Prenda Law, Ingenuity 13, LLC." (Compl. ¶21, Ans. ¶ 21). Is Prenda now admitting that it *said* "Alan Cooper" was a manager, but it doesn't *know* that he was? It would appear then that either Prenda submitted a forgery to a federal court because it asserted something as true that it didn't know; or Prenda has sufficient information, but refuses to answer. Despite the fact that this very document has a sworn statement by an attorney for Prenda that the original signed and notarized copy would be kept, it has proven very had to come by. Prenda has ignored requests and a subpoena by Plaintiff for that document. It has been requested by other attorneys as well and it still has never surfaced. Either way, this response demonstrates a lack of a reasonable defense for Prenda and that Prenda has no intention of taking any of the accusations seriously.

### 4. Prenda Alleges That It Doesn't Know If Cooper Authorized Signatures

Prenda also alleges a lack of information in regards to whether Alan Cooper authorized the use of his name or signature on AF Holdings or Ingenuity13 documents. (Comp. ¶31, Answer ¶31). Prenda offered such documents as true in hundreds of lawsuits. By alleging a lack of information, Prenda is stating that it has no reason to believe that documents it has offered in hundreds of cases are authentic and it hasn't bothered to find out. Prenda cannot plausibly defend such an allegation on a lack of information. This is the same as an admission of wrongdoing on the key issue of this lawsuit. Prenda and its attorneys misappropriated Alan Cooper's name for use in their lawsuit scheme. An entry of default judgement against Prenda is justified.

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

**II.   The Findings Of Fact In Judge Wright's May 6 Order Further Establish Prenda's Misappropriation of Cooper's Name.**

In addition to the findings that can be made by Prenda's default, there are now findings of fact that establish the very allegations made by Cooper against Prenda in this lawsuit. After several hearings, motions, nearly a thousand pages of exhibits, and sworn testimony with cross examined witnesses, including Plaintiff, Judge Wright issued his Order for Sanctions on May 6, just a few hours after this motion for default was filed. *Ingenuity 13, LLC v. John Doe*, No. 12-cv-08333-ODW-JC, ECF No. 130 (C.D. Cal. May 6, 2013) (Attached as Godfread Aff., Exhibit P). Relevant findings of fact are excerpted below:

> Steele, Hansmeier, and Duffy ("Principals") are attorneys with shattered law practices. Seeking easy money, they conspired to operate this enterprise and formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.

*Ingenuity 13*, at ¶ 1. (referring to John Steele, Paul Hansmeier, and Paul Duffy)

> The Principals stole the identity of Alan Cooper (of 2170 Highway 47 North, Isle, MN 56342). The Principals fraudulently signed the copyright assignment for "Popular Demand" using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings. Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele. There is no other person named Alan Cooper related to AF Holdings or Ingenuity 13.

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

*Id.*, at ¶ 9.

> Plaintiffs have demonstrated their willingness to deceive not just this
> Court, but other courts where they have appeared. Plaintiffs'
> representations about their operations, relationships, and financial
> interests have varied from feigned ignorance to misstatements to
> outright lies.

*Id.*, at ¶ 11.

Alan Cooper is entitled to a default judgment entered in his favor.
Defendant Prenda has failed to answer within the allowed time.  It has no excuse
for such a failure. It has no reasonable defense on the merits. Judge Wright's
findings of fact further demonstrate that not only does Prenda lack a reasonable
defense, *it is a fact* that it has done exactly what was alleged in the Complaint.

## CONCLUSION

Prenda has failed to timely answer the Complaint. Even its late Answer is so
lacking that it cannot be the basis for denying a default judgment. Prenda has
demonstrated that it intends to harass and intimidate Plaintiff, to delay proceedings in this
case, and to generally avoid answering straightforward and relevant questions about its
blatant misconduct.

* * *

8

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

Based on the memoranda, affidavits, and exhibits, default judgment is appropriate.

Plaintiff respectfully requests that this Court enter judgment in his favor.


GODFREAD LAW FIRM, P.C.

DATE:      5/13/2013              By_____
                                 Paul Godfread (#389316)
                                 100 South Fifth Street, Suite 1900
                                 Minneapolis, MN 55402
                                 (612) 284-7325
                                 paul@godreadlaw.com
                                 *Attorney for Plaintiff, Alan Cooper*


## Certificate of Service

Plaintiff hereby certifies that a copy of this memorandum and accompanying affidavits and exhibits were served on Defendant Prenda Law, Inc. through its counsel, Paul Hansmeier through the Minnesota Courts e-File system.

DATE:      5/13/2013              By_____
                                 Paul Godfread (#389316)

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

STATE OF MINNESOTA                    DISTRICT COURT

COUNTY OF HENNEPIN                 FOURTH JUDICIAL DISTRICT

|  |  |
|---|---|
| Alan Cooper, <br><br> Plaintiff, <br><br> v. <br><br> John Lawrence Steele; Prenda Law Inc.; AF Holdings, LLC; Ingenuity13, LLC; <br><br> Defendant. | Court File No.: 27-cv-13-3464 <br><br><br> **AFFIDAVIT OF PAUL GODFREAD** |

STATE OF MINNESOTA           )
                             ) ss.:
COUNTY OF HENNEPIN           )

I, Paul Godfread, being first duly sworn on oath, state:

1. I am the attorney for Plaintiff Alan Cooper in this action.

2. That the Summons and Complaint which were served on Defendant Prenda Law, Inc. on March 18, 2013 had exhibits attached that were identical to the exhibits attached to the Complaint as filed with this court.

3. That the following are true and correct copies of documents offered as exhibits to this motion:

   a. EXHIBIT K - An audio transcription of voicemails left for Alan Cooper by John Steele, entered into evidence in *Ingenuity13 v. Doe*, 12-cv-8333.

   b. EXHIBIT L - A copy of a notice of deposition for Paul Godfread served by defendant Prenda Law.

   c. EXHIBIT M - A copy of one of many "Notice of Allegation" filed by Paul Duffy of Prenda Law shortly after Alan Cooper's sworn testimony was given on March 11.

   d. EXHIBIT N - Prenda's offered responses to interrogatories, dated April 16, 2013.

1

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

e.   **EXHIBIT O** - Deficiency letter written by undersigned counsel to defendant Steele.

f.   **EXHIBIT P** - Judge Wright's Order dated May 6, 2013 in *Ingenuity13, LLC v. John Doe*, 12-cv-8333.

Dated: 5/13/2013

_____
Paul Godfread


Sworn to and subscribed before me the

13TH day of MAY , 20 13



_____
NOTARY PUBLIC

THOMAS R. WHITE
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

# EXHIBIT K

## AUDIO TRANSCRIPTION

```
 1                 UNITED STATES DISTRICT COURT
 2                 CENTRAL DISTRICT OF CALIFORNIA
 3
 4
 5
      INGENUITY 13, LLC, A        )
 6    LIMITED LIABILITY           )
      COMPANY ORGANIZED UNDER      )
 7    THE LAWS OF THE             )
      FEDERATION OF SAINT         )
 8    KITTS AND NEVIS,            )
                                  )
 9          PLAINTIFF,            )
                                  )   CASE NO.
10      VS.                       )   2:12-CV-08333-ODW-JC
                                  )
11    JOHN DOE,                   )
                                  )
12          DEFENDANT.            )
      _____)
13
14
15
16
17                     AUDIO TRANSCRIPTION
18
19
20
21
22
23
24
25    TRANSCRIBED BY KELLI C. NORDEN, CSR NUMBER 7200
```

2



**Kelli Norden and Associates**
C o u r t   R e p o r t e r s
310.820.7733 phone 310.820.7933 fax
11726 San Vicente Boulevard Suite 205
Los Angeles, California 90049
kna@kellinorden.com   www.kellinorden.com

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

## AUDIO TRANSCRIPTION

1      MECHANICAL VOICE:  FIRST SAVED
2  MESSAGE.
3      JOHN STEELE:  ALAN, THIS IS JOHN.
4  I JUST SPOKE WITH YOUR ATTORNEY THAT YOU HAVE FOR
5  MATTERS RELATING TO PRENDA LAW.
6      I -- I SPOKE TO HIM AND HE'S
7  CONFIRMED THAT HE IS NOT REPRESENTING YOU FOR THE
8  VARIOUS CLAIMS AND MATTERS THAT I'M PREPARING
9  AGAINST YOU REGARDING STAYIN' AT MY CABIN AND THE
10  VARIOUS DAMAGES AND OTHER THINGS ASSOCIATED WITH
11  THAT.
12      SO PLEASE CONFIRM IF YOU HAVE A
13  DIFFERENT ATTORNEY THAT'S REPRESENTING YOU IN
14  THOSE -- IN THOSE ISSUES OR IF YOU'LL BE
15  REPRESENTING YOURSELF.  I NEED TO REACH OUT AND
16  PREPARE CERTAIN PAPERWORK AND GET YOU THE
17  PAPERWORK.
18      I WOULD APPRECIATE IF YOU WOULD
19  GIVE ME A CALL BACK.  OBVIOUSLY, IF YOU DON'T,
20  I'LL JUST PROCEED WITH, YOU KNOW, FIRST PRIVATE
21  INVESTIGATOR AND PROCESS SERVER.
22      ALL RIGHT.  WELL, YOU KNOW THE
23  NUMBER.  (708) 669-8131.
24      HAVE A GOOD DAY.
25      MECHANICAL VOICE:  END OF MESSAGE.

3



**Kelli Norden and Associates**
C o u r t   R e p o r t e r s
310.820.7733 phone  310.820.7933 fax
11726 San Vicente Boulevard Suite 205
Los Angeles, California 90049
kna@kellinorden.com  www.kellinorden.com

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

## AUDIO TRANSCRIPTION

```
 1    TO DELETE THIS MESSAGE, PRESS 7.  TO SAVE IT IN
 2    THE -- RESAVED.
 3                       -oOo-
 4
 5              MECHANICAL VOICE:  NEXT MESSAGE.
 6              JOHN STEELE:  ALAN, THIS IS JOHN
 7    STEELE.  I'VE BEEN NOTIFIED BY ATTORNEY PAUL
 8    GODFREAD THAT HE IS NOT REPRESENTING YOU IN THE
 9    TWO ILLINOIS CASES THAT YOU'VE RECENTLY SERVED.
10              I'M CALLING BECAUSE PART OF OUR
11    MEET AND CONFER, WHICH BOTH PARTIES ARE OBLIGATED
12    TO COMPLY WITH AND ENGAGE WITH -- ENGAGE IN, WE
13    NEED TO GO OVER WHEN WE'RE GOING TO BE DEPOSING
14    YOU IN THE CASE FILED IN SAINT CLAIR.
15              WE'RE TENTATIVELY SCHEDULING THIS
16    FOR TWO WEEKS FROM TOMORROW.  I WOULD LIKE TO TRY
17    TO WORK THIS OUT, WHAT'S A CONVENIENT TIME FOR
18    EVERYONE.  IF I HEAR FROM YOU, WE'LL MOVE FORWARD.
19              AND OBVIOUSLY, YOU -- YOU PROBABLY
20    UNDERSTAND YOU HAVE AN OBLIGATION TO, YOU KNOW,
21    WORK WITH ME ON DOING THIS.
22              IT'S LIKE IF YOU REFUSE TO, YOU
23    KNOW, RETURN MY CALLS OR -- OR ENGAGE IN MANDATORY
24    CONFERENCE, THEN I'M GOING TO HAVE TO BE FORCED TO
25    ASK THE JUDGE TO, YOU KNOW, FORCE YOU TO DO THINGS
```

                                                              4



**Kelli Norden and Associates**
C o u r t   R e p o r t e r s
310.820.7733 phone  310.820.7933 fax
11726 San Vicente Boulevard Suite 205
Los Angeles, California 90049
kna@kellinorden.com  www.kellinorden.com

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

## AUDIO TRANSCRIPTION

```
 1    AND IT JUST GETS UGLY FROM THERE.
 2              SO IF YOU DO DECIDE TO GET AN
 3    ATTORNEY IN EITHER OF THOSE MATTERS OR IN THE
 4    OTHER CASES WHICH WE'RE FILING AGAINST YOU IN THE
 5    UPCOMING WEEKS, PLEASE LET THEM -- HAVE THEM GIVE
 6    ME A CALL.  THIS NUMBER'S FINE.  OTHERWISE, I
 7    EXPECT TO HEAR FROM YOU SHORTLY.
 8              ALL RIGHT.  BYE.
 9              MECHANICAL VOICE:  END OF MESSAGE.
10    TO DELETE THIS MESSAGE, PRESS 7.  RESAVED.
11
12                    -oOo-
13
14              MECHANICAL VOICE:  NEXT MESSAGE.
15              JOHN STEELE:  ALAN, THIS IS JOHN
16    STEELE AGAIN.
17              YOU HAVE NOT RESPONDED OR CONTACTED
18    ME REGARDING LITIGATION YOU'RE INVOLVED IN.  I
19    KNOW YOU'VE BEEN SERVED WITH A THIRD LAWSUIT.  AND
20    THERE ARE MORE COMING.  DON'T WORRY ABOUT THAT.
21              WELL, OBVIOUSLY, IF I DON'T HEAR
22    FROM YOU, I'M GOING TO START FILING FOR CERTAIN
23    DEFAULT MOTIONS AND START GETTING RELIEF THAT WAY.
24              I CAN ASSURE YOU THAT JUST IGNORING
25    LEGAL MATTERS, IT'S NOT GOING TO GO AWAY.  I CAN
```

5



**Kelli Norden and Associates**
**C o u r t   R e p o r t e r s**
310.820.7733 phone  310.820.7933 fax
11726 San Vicente Boulevard Suite 205
Los Angeles, California 90049
kna@kellinorden.com   www.kellinorden.com

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

## AUDIO TRANSCRIPTION

```
 1    GUARANTEE YOU, I'M NOT GOING AWAY.
 2              SO I HIGHLY RECOMMEND YOU, AT
 3    LEAST, YOU KNOW, FOLLOW THE RULES OF MINNESOTA,
 4    ILLINOIS, FLORIDA AND SOME OTHER STATES' SOON
 5    CIVIL PROCEDURE BECAUSE, OTHERWISE, YOUR LIFE IS
 6    GOING TO GET REALLY COMPLICATED.
 7              AND I'M SAYING THIS AS A FRIEND, AS
 8    WELL AS OPPOSING COUNSEL.  SO YOU CAN REACH ME IF
 9    YOU'D LIKE TO DISCUSS SETTING UP A DEPOSITION AND
10    VARIOUS OTHER DISCOVERIES, AND, OF COURSE, ANY
11    SETTLEMENT DISCUSSIONS YOU'D LIKE TO DO.
12              ALL RIGHT.  YOU HAVE THE NUMBER.
13    BYE.
14              MECHANICAL VOICE:  END OF MESSAGE.
15    TO DELETE THIS MESSAGE, PRESS 7.  TO SAVE IT IN
16    THE ARCHIVES, PRESS 9.  RESAVED.
17
18         (CONCLUSION OF AUDIO TRANSCRIPTION.)
19                   -oOo-
20
21
22
23
24
25
                                               6
```



**Kelli Norden and Associates**
C o u r t   R e p o r t e r s
310.820.7733 phone  310.820.7933 fax
11726 San Vicente Boulevard Suite 205
Los Angeles, California 90049
kna@kellinorden.com  www.kellinorden.com

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

## AUDIO TRANSCRIPTION

```
 1    STATE OF CALIFORNIA  )
                          )SS
 2    COUNTY OF LOS ANGELES)

 3

 4           I, KELLI C. NORDEN, CERTIFIED SHORTHAND

 5    REPORTER, CERTIFICATE NUMBER 7200, FOR THE STATE

 6    OF CALIFORNIA, HEREBY CERTIFY:

 7           THE FOREGOING PROCEEDINGS WERE TAKEN

 8    BEFORE ME FROM AUDIO PROVIDED TO ME;

 9           THE PROCEEDINGS WERE RECORDED

10    STENOGRAPHICALLY BY ME AND WERE THEREAFTER

11    TRANSCRIBED;

12           THE FOREGOING TRANSCRIPT IS A TRUE AND

13    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

14           I FURTHER CERTIFY THAT I AM NEITHER

15    COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID

16    ACTION, NOR IN ANY WAY INTERESTED IN THE OUTCOME

17    THEREOF.

18           IN WITNESS WHEREOF, I HAVE HEREUNTO

19    SUBSCRIBED MY NAME THIS 13TH DAY OF MARCH, 2013.

20

21

22           _____

23

24

25
                                                    7
```



**Kelli Norden and Associates**
**C o u r t   R e p o r t e r s**
310.820.7733 phone  310.820.7933 fax
11726 San Vicente Boulevard Suite 205
Los Angeles, California 90049
kna@kellinorden.com  www.kellinorden.com

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

## AUDIO TRANSCRIPTION

```
 1    STATE OF CALIFORNIA  )
                          )SS
 2    COUNTY OF LOS ANGELES)

 3

 4         I, KELLI C. NORDEN, CERTIFIED SHORTHAND

 5    REPORTER, CERTIFICATE NUMBER 7200, FOR THE STATE

 6    OF CALIFORNIA, HEREBY CERTIFY:

 7         THE FOREGOING PROCEEDINGS WERE TAKEN

 8    BEFORE ME FROM AUDIO PROVIDED TO ME;

 9         THE PROCEEDINGS WERE RECORDED

10    STENOGRAPHICALLY BY ME AND WERE THEREAFTER

11    TRANSCRIBED;

12         THE FOREGOING TRANSCRIPT IS A TRUE AND

13    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

14         I FURTHER CERTIFY THAT I AM NEITHER

15    COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID

16    ACTION, NOR IN ANY WAY INTERESTED IN THE OUTCOME

17    THEREOF.

18         IN WITNESS WHEREOF, I HAVE HEREUNTO

19    SUBSCRIBED MY NAME THIS 13TH DAY OF MARCH, 2013.

20

21
                     
22    _____

23

24

25
                                            7
```

Kelli Norden and Associates
Court Reporters
310.820.7733 phone 310.820.7933 fax
11726 San Vicente Boulevard Suite 205
Los Angeles, California 90049
kna@kellinorden.com  www.kellinorden.com

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

# EXHIBIT L

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**
**LAW DIVISION**

| | | |
|---|---|---|
| Prenda Law, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-L-75 |
| v. | ) | |
| | ) | |
| Paul Godfread, Alan Cooper and | ) | |
| Does 1-10 | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION

TO: Paul A. Godfread, 1077 Wakefield Ave, St. Paul, MN 5106.


**PLEASE TAKE NOTICE** that pursuant to the Illinois Compiled Statutes and the Rules of the Supreme Court of the State of Illinois, the deposition of the following party will be taken before a duly authorized court reporter.  The deposition shall continue from day to day thereafter, until completed, at 900 IDS Center, 80 S. 8th St., Minneapolis, MN 55402.

| DEPONENT | DATE | TIME |
|---|---|---|
| Paul A. Godfread | March 11, 2013 | 10:00 a.m. |


_____
Paul A. Duffy


Paul A. Duffy (Bar No. 6210496)
161 N. Clark St. Ste. 3200
Chicago, IL 60601
(312) 880-9160
paduffy@wefightpiracy.com

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**
**LAW DIVISION**

Prenda Law, Inc.,                          )
                                           )
                    Plaintiff,             )          No. 13-L-75
         v.                                )
                                           )
Paul Godfread, Alan Cooper and             )
Does 1-10                                  )
                    Defendant.             )

### CERTIFICATE OF SERVICE

Angela Van Den Hemel, non-attorney, certifies that a true and correct copy of the attached Notice of Deposition was served upon:

Paul A. Godfread
1077 Wakefield Ave
St. Paul, MN 55106

by first class mail, fully prepaid, on or before the hour of 5:00 p.m. on February 26, 2012.

Angela Van Den Hemel

Angela Van Den Hemel
161 N. Clark St. Ste. 3200
Chicago, IL 60601
(312) 344-3207

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

# EXHIBIT M

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AF HOLDINGS LLC,

        Plaintiff,

v.

DANIEL LEVINE,

        Defendant.

CASE NO. 1:12-CV-04235

Judge: Hon. Matthew F. Kennelly

### NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:     /s/ Paul Duffy
        Paul Duffy (Bar No. 6210496)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-5677
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiff*

2

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy

3

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

# EXHIBIT N

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

**STATE OF MINNESOTA**                    **DISTRICT COURT**
**COUNTY OF HENNEPIN**          **FOURTH JUDICIAL DISTRICT**

---

Alan Cooper,                        Court File No.: 27-CV-13-3463

     Plaintiff,                  Judge: Honorable Ann Leslie Alton

v.

John Lawrence Steele, Prenda Law Inc., AF
Holdings, LLC, Ingenuity13, LLC,

     Defendants.

---

### DEFENDANT PRENDA LAW INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Prenda Law, Inc. ("Defendant"), pursuant to Rules 26 and 33 of the Minnesota Rules of Civil Procedure, hereby responds and objects to Plaintiff's First Set of Interrogatories ("Interrogatories") as set forth below. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

### PRELIMINARY STATEMENT

1. Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to the Interrogatories, Defendant does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

materiality, and privilege. Further, Defendant makes the responses and objections herein without in any way implying that it considers the Interrogatories, and responses to the Interrogatories, to be relevant or material to the subject matter of this action.

3. Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. Defendant will not respond to an interrogatory which asks for information that is publicly available, including, but not limited to, in newspaper clippings, in court papers, and in documents available on the Internet.

## GENERAL OBJECTIONS

1. Defendant objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the applicable Minnesota Rule of Civil Procedure.

2. Defendant objects to each instruction, definition, and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each instruction, definition, and interrogatory to the extent that it calls for information protected by the work product privilege, attorney-client privilege, or any other applicable privilege. Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Defendant objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Plaintiff from Plaintiff's own files, from documents or information in Plaintiff's possession, or from documents or information that Defendant previously produced to Plaintiff. Responding to

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

such requests would be oppressive, unduly burdensome, and unnecessarily expensive. This objection encompasses, but is not limited to, information contained in all public filings, documents previously produced by Defendant to Plaintiff in the course of other litigation, all correspondence between Plaintiff and Defendant, all other information provided by Defendant to Plaintiff, and all information produced by Defendant to Plaintiff in response to discovery requests of Plaintiff.

5. Plaintiff's Interrogatories which call for information that was produced to Defendant by other entities and that may contain confidential, proprietary, or trade secret information will not be answered by Defendant to the extent that they require furnishing of such information.

6. To the extent that any of Plaintiff's Interrogatories call for information that includes expert material, including but not limited to survey materials, Defendant objects to any such Interrogatories as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such Interrogatories and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

7. Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

## RESPONSES TO INTERROGATORIES

Subject to those General Objections, and to the specific objections set forth below, and without waiving the same, Defendant answers as follows:

3

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

**INTERROGATORY #1:** Identify any persons you believe have personal knowledge of any facts relating to or arising out of the allegations, claims and defenses asserted in this lawsuit.

**RESPONSE:** Defendant objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope.

**INTERROGATORY #2:** Identify any and all witnesses you expect to call to testify at the trial of this matter and summarize the expected content of their testimony.

**RESPONSE:** Defendant objects to this Interrogatory as impermissible at this early stage of litigation. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope.

**INTERROGATORY #3:** Identify any and all exhibits you intend to introduce at the trial of this matter.

**RESPONSE:** Defendant objects to this Interrogatory as impermissible at this early stage of litigation. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope.

**INTERROGATORY #4:** Identify each person you expect to call to testify as an expert witness at the trial of this matter. For each person identified,

    a.  State his area of expertise and the basis for that expertise.

    b.  List any articles, essays, papers, treatises or other writings authored wholly or partially by him.

    c.  State the subject matter about which the expert is expected to testify.

4

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

d. State in detail the substance of the facts and opinions to which the expert is expected to testify.

e. Provide a summary of the bases and individual grounds for each opinion to which the expert is expected to testify.

**RESPONSE:** Defendant objects to this Interrogatory as impermissible at this early stage of litigation. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope.

**INTERROGATORY #5:** Identify all persons from whom you have obtained statements concerning any facts relating to or arising out of the allegations, claims and defenses asserted in this lawsuit and summarize the content and substance for any such statement.

**RESPONSE:** Defendant objects to this Interrogatory as impermissible at this early stage of litigation. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information.

**INTERROGATORY #6:** Identify all communications between you and any entity or individual that regarding the allegations, claims, and defenses in this lawsuit. As to each communications, identify (a) the date of the communication (to the best of your recollection or records); (b) the type of communication (i.e., written or verbal); (c) if a conversation, all persons present during the conversation; and (d) the substance of the communication.

**RESPONSE:** Defendant objects to this Interrogatory as impermissible at this early stage of litigation. Defendant further objects to this Interrogatory as overly broad, and unduly

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information.

**INTERROGATORY #7:** Identify and describe all communications between Defendant Steele and Plaintiff between 2006 and present.

**RESPONSE:** Defendant objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory as it lacks this knowledge regarding the other defendants.

**INTERROGATORY #8:** Describe in detail any and all facts upon which you rely in alleging that Plaintiff is stopped from claiming damages against you.

**RESPONSE:** Defendant objects to this Interrogatory as impermissible at this early stage of litigation. Defendant objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope.

**INTERROGATORY #9:** Identify and describe any and all agreements, contracts, and payments between Defendants and Plaintiff.

**RESPONSE:** Defendant objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information. Defendant further objects to this Interrogatory as it lacks

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

knowledge regarding agreements, contracts, and payments between the other defendants and Plaintiff.

**INTERROGATORY #10:** Identify and describe every officer, director, and member of AF Holdings, LLC from 2006 to present. For each person named, provide the dates that person had served in that position.

**RESPONSE:** Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information. Defendant further objects to this Interrogatory as it lacks this knowledge regarding the other defendants.

**INTERROGATORY #11:** Identify and describe every officer, director, and member of Ingenuity13, LLC from 2006 to present. For each person named, provide the dates that person had served in that position.

**RESPONSE:** Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information. Defendant further objects to this Interrogatory as it lacks this knowledge regarding the other defendants.

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

**INTERROGATORY #12:** Identify and describe any contracts, agreements, and payments between any two Defendants.

**RESPONSE:** Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information. Defendant further objects to this Interrogatory as it lacks this knowledge regarding the other defendants.

**INTERROGATORY #13:** Identify and describe any notes, memoranda, or other documents created by Defendants or Defendants' representatives concerning the Plaintiff.

**RESPONSE:** Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information. Defendant further objects to this Interrogatory as it lacks this knowledge regarding the other defendants.

**INTERROGATORY #14:** Identify the people who signed the document marked Exhibit A which is attached to the Complaint. For each person identified, provide a current mailing address, telephone number, and email address.

**RESPONSE:** Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information. Defendant further objects to this Interrogatory as no "Exhibit A" is attached to the Complaint making this Interrogatory impossible to respond to.

**INTERROGATORY #15:** For each Request for Admission served upon you in which you either deny the allegations therein or provide a qualified response, please identify and provide all information known or available to you that supports your response.

**RESPONSE:** Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information.

**INTERROGATORY #16:** Unless Request for Admission #31 is admitted in full, state in detail the basis for stating that any part of the letter dated November 29, 2012 is false.

**RESPONSE:** Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information.

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

**INTERROGATORY #17:** Identify all people named Alan Cooper that Defendants have contacted or attempted to contact since November 1, 2012.

**RESPONSE:** Defendant objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope.

**INTERROGATORY #18:** Identify all insurance policies held by Defendants and any claims submitted relating to this litigation.

**RESPONSE:** Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope. Defendant further objects to this Interrogatory on the ground that it seeks privileged, confidential, private, or otherwise protected information.

**INTERROGATORY #19:** Identify any and all social media accounts used by Defendants.

**RESPONSE:** Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overly broad, and unduly burdensome. Defendant further objects to this Interrogatory as vague in definition and scope.

Respectfully submitted,

DATED: April 16, 2013

By: _____/s/ Paul Duffy_____

10

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

# EXHIBIT O

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

# GODFREAD LAW FIRM, P.C.

100 South Fifth Street, Suite 1900, Minneapolis, MN 55402

March 27, 2013

**Via First Class Mail**
John L. Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139

Re:     Cooper v. Steele, et al.
         Case No. 27-CV-13-3463

Dear Mr. Steele,

This letter addresses deficiencies your responses to both the first set of interrogatories and the first set of requests for admissions, served on you on January 25, 2013.

The response to interrogatories does not contain a single responsive answer. I note your objections, but you must still answer interrogatories, subject to and without waiving your objections. I will not highlight the deficiencies in each answer to interrogatories because every one of the answers you provided was deficient.

Your objections based on scope or burden are without any support in the law and appear to be calculated to avoid answering straightforward and routine discovery requests. Please also note that because Minnesota Rules of Civil Procedure allow for service of discovery at any time, you must answer to the extent you are able and an objection that an interrogatory is "impermissible at this early stage of litigation," is entirely without merit. Plesae correct your answers by providing the information you have and supplement those answers as litigation proceeds and more information becomes available to you.

Both the response to interrogatories and the response to request for admissions ignore or omit responses to questions that refer to the exhibits. You were served with the exhibits on the same day you were served with the summons, complaint, interrogatories, and requests for admission. For your reference, I have included an additional copy of those exhibits along with a copy of the certificate of service showing that you were served those exhibits on January 25, 2013.

Several interrogatories were not answered because they referred to requests for admissions which you had not responded to at the time you responded to the interrogatories. Please note that you have an ongoing obligation to ammend or correct discovery responses. Now that you have responded to the requests for admissions, you must answer Interrogatories #15 and #16.

In your response to Interrogatory #6, you assert that responsive information or documents would be privileged. Please indicate whether that objection is limited to your communications with AF Holdings, LLC and Ingenuity13, LLC or if you are asserting privilege for communications with others. Please also note if you have a privilege log for communications with people and entities you do not represent.

paul@godfreadlaw.com                                                            phone 612-284-7325
www.godfreadlaw.com                                                              fax 612-465-3609

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

John L. Steele
March 27, 2013
Page Two

Your answers to discovery so far, seem to indicate a bad faith response because you did not respond to any of the interrogatories. Rule 37.01 authorizes a court to award attorney's fees when a party applies for an order compelling a response to discovery requests. If you do not fully respond to the discovery requests served upon you on January 25, 2013, we will seek an order compelling a response and reasonable attorneys fees. If you continue to refuse to respond to discovery requests, we may seek sanctions where appropriate. *See e.g. Chicago Greatwestern Office Condominium Assoc. v. Brooks*, 427 N.W.2d 728 (Minn. Ct. App. 1988) (sanctions, including default judgment, are within the discretion of the trial court for repeated failures to respond to discovery requests and orders to compel).

Please respond in writing with amended and supplemented answers to discovery. If you continue to refuse to answer the interrogatories and requests for admission served upon you, I will have no choice but to seek an order compelling responses.

Sincerely,

Paul Godfread

Enclosures

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

# EXHIBIT P

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

O

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC, | Case No. 2:12-cv-8333-ODW(JCx) |
| Plaintiff, | **ORDER ISSUING SANCTIONS** |
| v. | |
| JOHN DOE, | |
| Defendant. | |

"The needs of the many outweigh the needs of the few."
—Spock, *Star Trek II: The Wrath of Khan* (1982).

## I.   INTRODUCTION

Plaintiffs[1] have outmaneuvered the legal system.[2]  They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs.  And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video.  Then they offer to settle—for a sum

---

[1] The term "Plaintiffs" used in this order refers to AF Holdings LLC, Ingenuity 13 LLC, as well as related entities, individuals, and attorneys that collaborated in the underlying scheme fronted by AF Holdings and Ingenuity 13.

[2] This order concerns conduct committed in the following related cases: *AF Holdings LLC v. Doe*, No. 2:12-cv-6636-ODW(JCx) (C.D. Cal. filed Aug. 1, 2012); *AF Holdings LLC v. Doe*, No. 2:12-cv-6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6662-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6668-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012).

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.

Plaintiffs do have a right to assert their intellectual-property rights, so long as they do it right. But Plaintiffs' filing of cases using the same boilerplate complaint against dozens of defendants raised the Court's alert. It was when the Court realized Plaintiffs engaged their cloak of shell companies and fraud that the Court went to battlestations.

## II.   PROCEDURAL HISTORY

The Court issued its February 7, 2013 Order to Show Cause re Sanctions to allow counsel, Brett Gibbs, to explain why he ignored the Court's discovery-stay Order, filed complaints without reasonable investigation, and defrauded the Court by asserting a copyright assignment secured with a stolen identity. (ECF No. 48.) As evidence materialized, it turned out that Gibbs was just a redshirt.

Gibbs's behavior in the porno-trolling collective was controlled by several attorneys, under whom other individuals also took their orders. Because it was conceivable that these attorneys (and others) were culpable for Gibbs's conduct, the Court ordered these parties to appear.

The following additional parties were ordered to appear: (a) John Steele, of Steele Hansmeier PLLC, Prenda Law, Inc., and/or Livewire Holdings LLC; (b) Paul Hansmeier, of Steele Hansmeier PLLC and/or Livewire Holdings LLC; (c) Paul Duffy, of Prenda Law, Inc.; (d) Angela Van Den Hemel, of Prenda Law, Inc.; (e) Mark Lutz, of Prenda Law, Inc., AF Holdings LLC, and/or Ingenuity 13 LLC; (f) Alan Cooper, of AF Holdings LLC; (g) Peter Hansemeier, of 6881 Forensics, LLC; (h) Prenda Law, Inc.; (i) Livewire Holdings LLC; (j) Steele Hansmeier PLLC; (k) AF Holdings LLC; (l) Ingenuity 13 LLC; (m) 6881 Forensics, LLC; and (n) Alan Cooper,

of 2170 Highway 47 North, Isle, MN 56342.  (ECF Nos. 66, 86.)  These parties were ordered to show cause why they should not be sanctioned for their behind-the-scenes role in the conduct facially perpetrated by Gibbs.  These parties were also ordered to explain the nature of their operations, relationships, and financial interests.

### III.   LEGAL STANDARD

The Court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996).  The power to punish contempt and to coerce compliance with issued orders is based on statutes and the Court's inherent authority. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994).  Though this power must be exercised with restraint, the Court has wide latitude in fashioning appropriate sanctions to fit the conduct.  *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

Under the Court's inherent authority, parties and their lawyers may be sanctioned for improper conduct.  *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).  This inherent power extends to a full range of litigation abuses, the litigant must have engaged in bad faith or willful disobedience of a court's order.  *Id.* at 992.  Sanctions under the Court's inherent authority are particularly appropriate for fraud perpetrated on the court.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991).

### IV.   DISCUSSION

**A.   Findings of fact**

Based on the evidence presented on the papers and through sworn testimony, the Court finds the following facts, including those based on adverse inferences drawn from Steele, Hansmeier, Duffy, and Van Den Hemel's blanket refusal to testify.[3]

1.   Steele, Hansmeier, and Duffy ("Principals") are attorneys with shattered law practices.   Seeking easy money, they conspired to operate this enterprise and

---

[3] Even if their refusal was based on the Fifth Amendment privilege against self-incrimination, the Court still may draw adverse inferences against them in this civil proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.

2.    AF Holdings and Ingenuity 13 have no assets other than several copyrights to pornographic movies. There are no official owners or officers for these two offshore entities, but the Principals are the de facto owners and officers.

3.    The Principals started their copyright-enforcement crusade in about 2010, through Prenda Law, which was also owned and controlled by the Principals. Their litigation strategy consisted of monitoring BitTorrent download activity of their copyrighted pornographic movies, recording IP addresses of the computers downloading the movies, filing suit in federal court to subpoena Internet Service Providers ("ISPs") for the identity of the subscribers to these IP addresses, and sending cease-and-desist letters to the subscribers, offering to settle each copyright-infringement claim for about $4,000.

4.    This nationwide strategy was highly successful because of statutory-copyright damages, the pornographic subject matter, and the high cost of litigation. Most defendants settled with the Principals, resulting in proceeds of millions of dollars due to the numerosity of defendants. These settlement funds resided in the Principals' accounts and not in accounts belonging to AF Holdings or Ingenuity 13. No taxes have been paid on this income.

5.    For defendants that refused to settle, the Principals engaged in vexatious litigation designed to coerce settlement. These lawsuits were filed using boilerplate complaints based on a modicum of evidence, calculated to maximize settlement profits by minimizing costs and effort.

6.    The Principals have shown little desire to proceed in these lawsuits when faced with a determined defendant. Instead of litigating, they dismiss the case. When pressed for discovery, the Principals offer only disinformation—even to the Court.

7.     The Principals have hired willing attorneys, like Gibbs, to prosecute these cases.  Though Gibbs is culpable for his own conduct before the Court, the Principals directed his actions.  In some instances, Gibbs operated within narrow parameters given to him by the Principals, whom he called "senior attorneys."

8.     The Principals maintained full control over the entire copyright-litigation operation.  The Principals dictated the strategy to employ in each case, ordered their hired lawyers and witnesses to provide disinformation about the cases and the nature of their operation, and possessed all financial interests in the outcome of each case.

9.     The Principals stole the identity of Alan Cooper (of 2170 Highway 47 North, Isle, MN 56342).  The Principals fraudulently signed the copyright assignment for "Popular Demand" using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings.  Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele.  There is no other person named Alan Cooper related to AF Holdings or Ingenuity 13.

10.    The Principals ordered Gibbs to commit the following acts before this Court: file copyright-infringement complaints based on a single snapshot of Internet activity; name individuals as defendants based on a statistical guess; and assert a copyright assignment with a fraudulent signature.  The Principals also instructed Gibbs to prosecute these lawsuits only if they remained profitable; and to dismiss them otherwise.

11.    Plaintiffs have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared.  Plaintiffs' representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies.  But this deception was calculated so that the Court would grant Plaintiffs' early-discovery requests, thereby allowing Plaintiffs to identify defendants and exact settlement proceeds from them.  With these granted requests, Plaintiffs borrow the authority of the Court to pressure settlement.

**B.    Sanctions**

Although the Court originally notified the parties that sanctions would be imposed under Federal Rule of Civil Procedure 11(b)(3) and Local Rule 83-3, the Court finds it more appropriate to sanction the parties under its inherent authority. *See In re DeVille*, 361 F.3d 539, 550 (9th Cir. 2004) ("[T]he bankruptcy court's failure to specify, in advance of the disciplinary proceedings, that its inherent power was a basis for those proceedings, did not serve to undercut its sanctioning authority."). The sanctions for Plaintiffs' misconduct are as follows.

*1.    Rule 11 sanctions*

The Court maintains that its prior analysis of Plaintiffs' Rule 11 violations is accurate. (ECF No. 48.) Plaintiffs can only show that someone, using an IP address belonging to the subscriber, was seen online in a torrent swarm. But Plaintiffs did not conduct a sufficient investigation to determine whether that person actually downloaded enough data (or even anything at all) to produce a viewable video. Further, Plaintiffs cannot conclude whether that person spoofed the IP address, is the subscriber of that IP address, or is someone else using that subscriber's Internet access. Without better technology, prosecuting illegal BitTorrent activity requires substantial effort in order to make a case. It is simply not economically viable to *properly* prosecute the illegal download of a single copyrighted video.

Enter Plaintiffs and their cottage-industry lawsuits. Even so, the Court is not as troubled by their lack of reasonable investigation as by their cover-up. Gibbs argued that a deep inquiry was performed *prior* to filing. Yet these arguments are not credible and do not support Gibbs's conclusions. Instead, Gibbs's arguments suggest a hasty after-the-fact investigation, and a shoddy one at that.

For instance, Gibbs characterized Marvin Denton's property as "a very large estate consisting of a gate for entry and multiple separate houses/structures on the property." (ECF No. 49, at 19.) He stated this to demonstrate the improbability that Denton's Wi-Fi signal could be received by someone outside the residence. But

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

1   Denton's property is not a large estate; it is a small house in a closely packed
2   residential neighborhood.  There are also no gates visible.



20      Gibbs's statement is a blatant lie.  His statement resembles other statements
21   given by Plaintiffs in this and their other cases: statements that sound reasonable but
22   lack truth.  Thus, the Court concludes that Gibbs, even in the face of sanctions,
23   continued to make factual misrepresentations to the Court.

24      Nevertheless, Rule 11 sanctions are inappropriate here because it is the wrong
25   sanctions vehicle at this stage of litigation.  The cases have already been dismissed
26   and monetary sanctions are not available.  Fed. R. Civ. P 11(c)(5)(B) (a court cannot
27   impose a monetary sanction on its own unless it issued the show-cause order before
28   voluntary dismissal).  The more appropriate sanction for these Rule 11 violations is

what the Court had already imposed: denial of requests for early discovery. (ECF No. 28.)

### 2. Sanctions under the Court's inherent authority

In addition to Gibbs's misrepresentations, there is the matter of the ignored Court Order vacating early discovery. (ECF No. 28.) The evidence does not show that the Order was ignored because of miscommunication among Plaintiffs. The Order was purposely ignored—hoping that the ISPs were unaware of the vacatur and would turn over the requested subscriber information.

Then there is the Alan Cooper forgery. Although a recipient of a copyright assignment need not sign the document, a forgery is still a forgery. And trying to pass that forged document by the Court smacks of fraud. Unfortunately, other than these specific instances of fraud, the Court cannot make more detailed findings of fraud.

Nevertheless, it is clear that the Principals' enterprise relies on deception. Part of that ploy requires cooperation from the courts, which could only be achieved through deception. In other words, if the Principals assigned the copyright to themselves, brought suit in their own names, and disclosed that they had the sole financial interest in the suit, a court would scrutinize their conduct from the outset. But by being less than forthcoming, they defrauded the Court. They anticipated that the Court would blindly approve their early-discovery requests, thereby opening the door to more settlement proceeds.

The Principals also obfuscate other facts, especially those concerning their operations, relationships, and financial interests. The Principals' web of disinformation is so vast that the Principals cannot keep track—their explanations of their operations, relationships, and financial interests constantly vary. This makes it difficult for the Court to make a concrete determination.

Still, the Court adopts as its finding the following chart detailing Plaintiffs' relationships. Though incomplete, this chart is about as accurate as possible given Plaintiffs' obfuscation.

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN



As for Van Den Hemel, Lutz, and Hansemeier, they are not without fault even though they acted under orders from the Principals.   They were not merely assimilated; they knowingly participated in this scheme, reaping the benefits when the going was good.  Even so, their status as non-attorneys *and* non-parties severely limits the sanctions that could be levied against them.

Despite these findings, the Court deems these findings insufficient to support a large monetary sanction—a seven-digit sanction adequate to deter Plaintiffs from continuing their profitable enterprise.  Even if the Court enters such a sanction, it is certain that Plaintiffs will transfer out their settlement proceeds and plead paucity.  Yet Plaintiffs' bad-faith conduct supports other more fitting sanctions.

///

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

1    First, an award of attorney's fees to Defendants is appropriate.  This award

2 compensates them for expenses incurred in this vexatious lawsuit, especially for their

3 efforts in countering and revealing the fraud perpetrated by Plaintiffs.

4    So far, only Morgan Pietz and Nicholas Ranallo have appeared.[4]  Upon review,

5 the Court finds Pietz's expenditure of 120.5 hours at an hourly rate of $300 reasonable

6 based on his experience, work quality, and quantity of necessary papers filed with the

7 Court. (ECF No. 102.)  Although many of these hours were spent after the case was

8 dismissed, these hours were spent in connection with the sanction hearings—time well

9 spent.   Similarly, the attorney's fees and costs incurred by Ranallo also appear

10 reasonable.

11    Therefore, the Court awards attorney's fees and costs in the sum of $40,659.86

12 to Doe: $36,150.00 for Pietz's attorney's fees; $1,950.00 for Ranallo's attorney's fees;

13 $2,226.26 for Pietz's costs; and $333.60 for Ranallo's costs.  As a punitive measure,

14 the Court doubles this award, yielding $81,319.72.[5]  This punitive multiplier is

15 justified by Plaintiffs' brazen misconduct and relentless fraud.  The Principals, AF

16 Holdings, Ingenuity 13, Prenda Law, and Gibbs are liable for this sum jointly and

17 severally, and shall pay this sum within 14 days of this order.

18    Second, there is little doubt that that Steele, Hansmeier, Duffy, Gibbs suffer

19 from a form of moral turpitude unbecoming of an officer of the court.  To this end, the

20 Court will refer them to their respective state and federal bars.

21    Third, though Plaintiffs boldly probe the outskirts of law, the only enterprise

22 they resemble is RICO.  The federal agency eleven decks up is familiar with their

23 prime directive and will gladly refit them for their next voyage.  The Court will refer

24 this matter to the United States Attorney for the Central District of California.  The

25 will also refer this matter to the Criminal Investigation Division of the Internal

26

27 [4] They appeared on behalf of the Doe Defendant in the case *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-
8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012).

28 [5] This punitive portion is calculated to be just below the cost of an effective appeal.

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

1  Revenue Service and will notify all judges before whom these attorneys have pending
2  cases.  For the sake of completeness, the Court requests Pietz to assist by filing a
3  report, within 14 days, containing contact information for: (1) every bar (state and
4  federal) where these attorneys are admitted to practice; and (2) every judge before
5  whom these attorneys have pending cases.

6        4.    *Local Rule 83-3 sanctions*

7        For the same reasons stated above, the Court will refer Duffy and Gibbs to the
8  Standing Committee on Discipline (for this District) under Local Rule 83-3.

9                              **V.   CONCLUSION**

10        Steele, Hansmeier, Duffy, Gibbs, Prenda Law, AF Holdings, and Ingenuity 13
11  shall pay, within 14 days of this order, attorney's fees and costs totaling $81,319.72 to
12  Doe.  The Court enters additional nonmonetary sanctions in accordance with the
13  discussion above.

14        **IT IS SO ORDERED.**

15        May 6, 2013

16
17
18                              OTIS D. WRIGHT, II
                                **UNITED STATES DISTRICT JUDGE**
19
20
21
22
23
24
25
26
27
28

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

STATE OF MINNESOTA                          DISTRICT COURT
COUNTY OF HENNEPIN                    FOURTH JUDICIAL DISTRICT

| | Court File No.: 27-CV-13-3464 |
|---|---|
| Alan Cooper,<br><br>Plaintiff, | |
| v. | **PROPOSED FINDINGS AND ORDER** |
| John Lawrence Steele; Prenda Law, Inc.; AF Holdings, LLC; Ingenuity13, LLC.<br><br>Defendants | |

The above action came before this Court on Plaintiff's Motion for Default Judgment against Defendant Prenda Law, Inc.. Based on the papers submitted, counsel's arguments, all the records and proceedings, and the entire court file, the Court issues the following Findings and Order.

### FINDINGS OF FACT

1.  Plaintiff completed service of the Summons and Complaint on Defendant Prenda Law on

    March 18, 2013.

2.  Defendant Prenda Law, Inc. failed to answer within the time allowed.

3.  The facts as plead in the Complaint are accepted as true.

4.  Defendant Prenda Law, Inc. has also operated under the names "Steele Hansmeier, PLLC"

    and "Anti Piracy Law Group."

5.  Plaintiff Alan Cooper had been hired in 2006 as a caretaker for a property owned by John

    Steele in Aitkin County. As part of his lease agreement with Steele, Cooper was allowed to

    stay in a guest house on the property and helped with remodeling and general maintenance

    of the property.

6.  During the time that Cooper worked for Steele, Steele's law firm, Defendant Prenda Law,

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

had been actively engaged in a campaign of copyright lawsuits.

7.   Cooper was not aware of details of the lawsuits Prenda had filed, but in November 2012, Cooper was told that his name was being used by Prenda Law clients, specifically AF Holdings, LLC and Ingenuity13, LLC.

8.   Prenda Law has filed copies of copyright assignment agreements that bear the signature of an "Alan Cooper" signing on behalf of its client AF Holdings, LLC.

9.   Plaintiff Alan Cooper was not aware of these documents and did not sign these documents.

10.  On at least one occasion, Prenda Law has asserted that an "Alan Cooper" is the manager of another client, Ingenuity13, LLC.

11.  Plaintiff Alan Cooper is not a manager of Ingenuity13, LLC.

12.  Defendant Prenda Law knowingly used the name of Steele's caretaker, Alan Cooper, so as to conceal the fact that AF Holdings and Ingenuity13 were created by Prenda for its own use.

13.  Prenda keeps all proceeds from litigation and settlements on behalf of its clients AF Holdings and Ingenuity13.

14.  Prenda Law has brought at least 216 lawsuits on behalf of AF Holdings, LLC in federal district courts across the nation within the past several years.

15.  Prenda Law has brought at least 50 lawsuits on behalf of Ingenuity13, LLC in federal district courts across the nation within the past several years.

16.  Prenda Law knew that it did not have authorization to use Alan Cooper's name for any of these lawsuits, and it did so for its own benefit.

17.  AF Holdings and Ingenuity13 were created by Prenda Law and its attorneys solely as a

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

vehicle for litigation.

## CONCLUSIONS OF LAW

18. Defendant Prenda Law, Inc. willfully invaded Alan Cooper's privacy through the misappropriation of his name.

19. Defendant Prenda Law, Inc. violated Minn. Stat. § 325D.44 through the unlawful use of Alan Cooper's name.

20. Defendant Prenda Law, Inc. conspired with co-defendants John Lawrence Steele, AF Holdings, LLC, and Ingenuity13, LLC to harm Plaintiff Alan Cooper.

21. Prenda Law itself has not maintained sufficient corporate records or adequate capitalization sufficient to maintain corporate protection for its shareholders, officers, or directors.

22. Defendant Prenda Law, Inc. has failed to properly conduct itself as a true corporation and its shareholders, officers, and directors will be personally liable for its actions.

23. Prenda Law's shareholders, officers, and directors include: Paul Duffy, John Steele, and Paul Hansmeier, but may include others as well.

24. The Court therefore finds that Plaintiff is entitled to a judgment in the amount of $4,641,000 enforceable against Prenda Law, Inc. and its shareholders, officers, and directors.

## ORDER

1. Plaintiff Alan Cooper's Motion for Default Judgment against Prenda Law, Inc. is GRANTED.

2. Defendant Prenda Law, Inc., and its officers and directors shall pay $4,641,000 in damages to Plaintiff.

Filed in Fourth Judicial District Court
5/13/2013 4:43:22 PM
Hennepin County Civil, MN

3.    Defendant Prenda Law, Inc. and its shareholders, officers, agents, and affiliates shall

immediately cease all further use of Plaintiff Alan Cooper's name.

4.    Defendant Prenda Law, Inc. and its shareholders, officers, agents, and affiliates shall within

10 days from the date of this Order, notify all other courts where it has filed a case on

behalf of AF Holdings, LLC or Ingenuity13, LLC that it has misappropriated Alan

Cooper's name.

5.    Defendant Prenda Law, Inc., and its shareholders, officers, agents, and affiliates shall

immediately cease sending settlement letters on behalf of AF Holdings, LLC and

Ingenuity13, LLC.

SO ORDERED

DATE:_____                    _____
                                      Judge Ann Leslie Alton

Filed in Fourth Judicial District Court
5/14/2013 6:05:15 PM
Hennepin County Civil, MN

**STATE OF MINNESOTA**                          **DISTRICT COURT**
**COUNTY OF HENNEPIN**                    **FOURTH JUDICIAL DISTRICT**

---

Alan Cooper,                                  Court File No.: 27-CV-13-3463

       Plaintiff,                          Judge: Honorable Ann Leslie Alton

v.

John Lawrence Steele, Prenda Law Inc., AF
Holdings, LLC, Ingenuity13, LLC,

       Defendants.

---

### DEFENDANT PRENDA LAW, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff's motion for default judgment suffers from three fatal defects. First, to this date, Defendant Prenda Law, Inc. ("Prenda") has not been served with the complaint. Second, Plaintiff has not furnished a bond to secure his request for a default judgment against Prenda. Finally, Plaintiff's damages calculation is wildly speculative and inaccurate. Each of these grounds is an independent reason for the Court to deny Plaintiff's motion for default judgment.

### ARGUMENT

**I.   PRENDA HAS NOT BEEN SERVED WITH PLAINTIFF'S COMPLAINT**

To date, Prenda has not been served with Plaintiff's complaint. (Aff. of Paul Duffy, attached hereto.) Plaintiff purports to have served Prenda by substitute service effectuated through the Illinois Secretary of State. The authority of the Illinois Secretary of State to serve as an agent for service of process on behalf of an Illinois corporation is limited to a narrow set of statutorily-defined special circumstances. 804 ILCS 5/5.25. Plaintiff appears to invoke the special circumstances of: "Whenever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State." *Id.*

1

Filed in Fourth Judicial District Court
5/14/2013 6:05:15 PM
Hennepin County Civil, MN

Plaintiff has submitted no evidence (other than checking a box on a form) that he attempted any service on Prenda's registered agent at Prenda's registered office. (Ex. A to Affidavit of No Answer.) At the time of the purported attempted service, Prenda's registered agent, Paul Duffy, conducted his daily business at Prenda's registered address  (Aff. of Paul Duffy ¶ 3.) A reasonably diligent effort of service would have resulted in personal service on Mr. Duffy at Prenda's registered office. (*Id.* ¶ 4.) Indeed, the practice of the receptionist at Prenda's registered office is to notify Mr. Duffy by e-mail whenever a visitor asks for him. (*Id.* ¶ 6.) Mr. Duffy is unaware of any attempts by any person to personally serve him with the Complaint or any other paper in this action at any time. (*Id.* ¶ 6.) Based on Mr. Duffy's affidavit and Plaintiff's total failure to provide any evidence of making reasonably diligent efforts to serve Prenda's registered agent at its registered office, there is no basis for concluding that Prenda has been served. *3M Co. v. John J. Moroney and Co.*, 870 NE 2d 881, 884 (Ill. App. 2007) (Upholding vacating of default judgment where plaintiff failed to make reasonably diligent efforts at service.).

## II.  PLAINTIFF FAILED TO POST THE PROPER BOND NECESSARY FOR SEEKING DEFAULT JUDGMENT AGAINST AN OUT-OF-STATE PARTY

The Minnesota Rules expressly require Plaintiff to post a bond prior to obtaining default judgment when service is made on an out-of-state defendant. Minn. R. Civ. P. 55.01(d) ("When service of the summons has been made by published notice, or by delivery of a copy outside the state, no judgment shall be entered on default until the plaintiff shall have filed a bond, approved by the court . . . ."). As an Illinois corporation, Prenda is plainly an out-of-state defendant. Plaintiff failed to post this bond and no bond was approved by the Court. As a result, no judgment may be entered on default against Prenda until such time as Plaintiff posts an appropriate bond.

2

Filed in Fourth Judicial District Court
5/14/2013 6:05:15 PM
Hennepin County Civil, MN

### III.   PLAINTIFF'S DAMAGES CALCULATION IS WILDLY SPECULATIVE AND INACCURATE .

Plaintiff seeks over $4.6 *million* in damages against Prenda.  Plaintiff reaches this number by estimating the number of defendants sued by AF Holdings, LLC and Ingenuity13, LLC, estimating the percentage of defendants that settle, and estimating the average settlement amount. To obtain a default judgment, Plaintiff must "prove its actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (citing *North Cent. Co. v. Phelps Aero, Inc.*, 139 N.W.2d 258, 263 (Minn. 1965)).

Plaintiff's calculation is not based on expert testimony, statutory damages or reference to any actual harm that he has suffered.   Instead, Plaintiff's damage calculation is simply a summation of statistics that have no relation to the claims alleged in Plaintiff's complaint. Moreover, the statistics alleged by Plaintiff are wildly inaccurate.   For example, Plaintiff estimates that AF Holdings, LLC has brought 213 lawsuits against 3,219 defendants. (Memo. in Support at 3.) Yet, the vast majority of lawsuits brought by AF Holdings, LLC were against a single defendant. Plaintiff's estimation of 3,219 defendants is far in excess of the actual number.

Similarly, Plaintiff estimates that Ingenuity13, LLC brought 71 lawsuits against 1,400 defendants. (Memo. in Support at 3.) All but one case brought by Ingenuity13, LLC, however, involved only a single defendant.   And in that case, Ingenuity13, LLC only sought information regarding 38 defendants. *In re Ingenuity13 LLC*, No. 2:11-mc-00084-JJAM-DAD (E.D. Cal. 2011). The number of defendants involved in Ingenuity13, LLC's cases, therefore, is around 100—*far* less than the 1,400 estimated by Plaintiff.

Further, Plaintiff estimates that 30% of defendants settle. (Memo. in Support at 3.) Again, Plaintiff provides absolutely no support for how he arrived at this number. Plaintiff also estimates the average settlement demand to be $3,400. (Memo. in Support at 3.) The only basis

Filed in Fourth Judicial District Court
5/14/2013 6:05:15 PM
Hennepin County Civil, MN

Plaintiff provides for this number is an inadmissible[1] news article stating that settlements in similar cases are "usually around $3,000." (Ex. C to Affidavit of No Answer.) Plaintiff provides no explanation for why he added $400 or for why the number listed in a Forbes article is accurate as to AF Holdings, LLC or Ingenuity13, LLC. Plaintiff's wild, inaccurate estimations are not a basis for determining an award in a default judgment proceeding. *Everyday Learning Corp.*, 242 F.3d at 818-19; *North Cent. Co.*, 139 N.W.2d at 263.

Finally, Plaintiff improperly seeks damages from entities other than Prenda even though he has no basis for doing so. In his Proposed Findings and Order Plaintiff "seeks $4,641,000 enforceable against Prenda Law, Inc. and its shareholders, officers, and directors" and lists Prenda's shareholders, officers, and directors "Paul Duffy, John Steele, and Paul Hansmeier." (Proposed Findings and Order ¶¶ 23-24.) Seeking to hold these other entities liable for default judgment is improper because Defendant Steele has timely answered Plaintiff's complaint and Paul Duffy and Paul Hansmeier are not parties to this action and have not been put on notice of this proceedings. Further, Defendant Steele and non-party Paul Hansmeier are *not* shareholders, officers, or directors in Prenda, as Plaintiff falsely claims. (Aff. of Paul Duffy ¶ 1.)

## CONCLUSION

The Court should deny Plaintiff's motion for default judgment. Prenda was not properly served with Plaintiff's summons and complaint. Plaintiff failed to post a proper bond party. Plaintiff has failed to substantiate its damages claims against Prenda. Finally, it bears mentioning

---

[1] The Forbes article is inadmissible as hearsay and cannot be used as evidence in Plaintiff's motion. Hearsay is an out-of-court statement offered for the truth of the matter asserted. Minn. R. Evid. 801(a), (c). Unless the hearsay comes within an exception to the general rule of inadmissibility, it must be excluded from evidence. Minn. R. Evid. 802. Plaintiff is attempting to use the article for the truth of the matter asserted, that the average settlement is $3,400, but this out-of-court article written by a non-party does not meet an exception to the general rule of inadmissibility.

Filed in Fourth Judicial District Court
5/14/2013 6:05:15 PM
Hennepin County Civil, MN

that Prenda filed an Answer to Plaintiff's Complaint on May 7, 2013. An entry of default

judgment, therefore, would be contrary to the public policy of resolution of claims on the merits.

Respectfully submitted,

Prenda Law, Inc.

DATED: May 14, 2013

By:     s/ Paul R. Hansmeier
        Paul R. Hansmeier
        Bar No. 0387795
        Alpha Law Firm LLC
        900 IDS Center
        80 South 8th Street
        Minneapolis, MN 55402

Filed in Fourth Judicial District Court
5/14/2013 6:05:15 PM
Hennepin County Civil, MN

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 14, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents.

s/ Paul R. Hansmeier