UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ALAN COOPER,<br><br>    *Plaintiff,*<br><br>v.<br><br>JOHN LAWRENCE STEELE,<br>PRENDA LAW, INC., AF HOLDINGS,<br>LLC, INGENUITY13, LLC<br><br>    *Defendants.* | CASE NO. 1:13-CV-02622 (SRN/LIB) |

**MEMORANDUM IN SUPPORT OF DEFENDANT JOHN STEELE'S MOTION TO TRANSFER VENUE**

The Court should transfer this case to the Northern District of Illinois because: (1) no defendant resides in this District; (2) no event giving rise to this suit occurred in this District; and (3) this action could have been brought in the Northern District of Illinois. Thus, venue is not properly laid here, and this action must be transferred to a district in which venue would be proper, namely the Northern District of Illinois. Even if venue was proper here, and it is not, the interests of justice and convenience of the parties would warrant transferring this case to the Northern District of Illinois.

**I.    FACTUAL BACKGROUND**

    **A.    Procedural Background**

On January 23, 2013, Plaintiff Alan Cooper ("Cooper") served Defendant John Steele ("Steele") by 'pocket service' while Steele was on a two-day visit to Minnesota. Since then, Cooper has failed to take any action to prosecute this case against Steele. The only action Cooper has taken was to move for a default judgment against Defendant

SCANNED
OCT - 8 2013
U.S. DISTRICT COURT MPLS

Prenda Law, Inc. ("Prenda").[1] Mr. Steele first learned that Cooper moved for a default judgment when that motion was denied. The order from the state court also made Mr. Steele aware that Cooper is seeking damages in excess of $4.6 million. Mr. Steele timely filed a motion to remove the case to this Court.

**B.  The Parties**

Mr. Steele is an attorney licensed to practice in Illinois—not Minnesota. Every law firm Mr. Steele has ever been associated with was headquartered in Chicago, Illinois. Cooper alleges that Mr. Steele is a resident of the Northern District of Illinois. *See* ECF No. 1 at 2. ("Defendant John Steele is an individual residing in Cook County, IL"). All of the legal work Mr. Steele performed on AF Holdings' behalf occurred while he was practicing law in Chicago, Illinois.[2]

Another Defendant, Prenda is a law firm headquartered in Chicago, Illinois. (*See* Compl. ¶ 3.) ("Defendant Prenda Law, Inc. is a corporation with principle offices in Chicago, Illinois"). Prenda was incorporated on November 11, 2011, in the state of Illinois, is registered with the Illinois Secretary of State as an Illinois corporation, and is registered with the Illinois State Bar as an Illinois law firm. Prenda's business address at all times was 161 N. Clark Street, Suite 3200, Chicago, Illinois 60601. *See* Affidavit of Paul Duffy attached hereto as Exhibit A ¶ 2. The sole owner of Prenda was, at all times, owned and operated by an Illinois attorney named Paul Duffy. *Id.* at ¶ 1. Mr. Duffy is

---

[1] Mr. Paul Duffy, has already filed an affidavit that neither Prenda Law nor himself were served with the complaint.

[2] The only exception to this statement is an appearance Mr. Steele made on AF Holdings' behalf in a case pending before the U.S. District ¶Court for the District of Columbia.

licensed in Illinois and several other states. Mr. Duffy is not licensed to practice law in the State of Minnesota.

The other two defendants, AF Holdings LLC ("AF Holdings") and Ingenuity13 LLC ("Ingenuity13") are entities formed under the laws of the Federation of St. Kitts and Nevis. Cooper alleges that these two entities are nothing more than alter egos of Mr. Steele—and would therefore have the same lack of contacts with the state of Minnesota as Mr. Steele. (*See* Compl. at ¶ 34.) ("AF Holdings, LLC and Ingenuity 13, LLC exist solely as instruments of Steele and Prenda Law, Inc.")

In sum, Cooper alleges that Chicago-based attorneys, law firms and companies conspired—while in Chicago—to use his identity without his permission. The only connection that Cooper's allegations have to Minnesota is the fact that Cooper lives here. If the Court takes Cooper at his word, it must find that Cooper's allegations regarding Defendants' conduct have no connection to Minnesota whatsoever.

## II. THE CASE MUST BE TRANSFERRED BECAUSE VENUE IS NOT PROPER IN THIS DISTRICT

The propriety of venue in this action is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) If there is no district in which an action may otherwise be brought ... any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

It is undisputed that none of the Defendants reside in the District of Minnesota. Thus, venue is proper here only if "a substantial part of the events or omissions giving rise to the claim occurred" in this District. 28 U.S.C. § 1391(b). They did not.

The Eighth Circuit has explained that, "by referring to 'events and omissions giving rise to the claim,' Congress intended that courts focus on the relevant activities of the *defendant*, not of the plaintiff." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (emphasis added). "Thus, under *Woodke*, ... the Court must determine whether a substantial part of the *defendants'* allegedly wrongful acts or omissions occurred in this district." *Quality Improvement Consultants, Inc. v. Williams*, Civ. No. 02-3994 2003 WL 543393, at *8-*9 (D. Minn. Feb. 24, 2003) (emphasis added) (finding venue improper because plaintiffs failed to identify "any allegedly wrongful act or omission by [defendants] that occurred" in district). The fact that a plaintiff may suffer some harm in a particular district does not render venue proper in that district. "The Eighth Circuit ... has clarified that the district in which 'a substantial part of the events giving rise to the *action* occurred, not where the events giving rise to the plaintiff's *damages* occurred." *Catipovic v. Turley*, Civ. No. 11-3074, 2012 WL 2089552, at *15 (N.D. Iowa June 8, 2012) (emphases in original, citing *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997)).

4

In this case, venue is not proper in this District because not a single "event or omission" giving rise to this suit occurred in the District of Minnesota. The only "allegedly wrongful act" at issue in this case was the Defendants' misappropriation of Cooper's identity. (Compl. at 1) Yet, the persons Cooper has accused of usurping his identity are Chicago-based attorneys, law firms and alleged-alter egos of the same; Cooper does not claim that any of these persons were in Minnesota when the alleged misappropriation occurred. By Cooper's own claims, the "allegedly wrongful act[s]" occurred in the Northern District of Illinois.

Cooper's complaint states that venue is proper here because Cooper's name appeared in "lawsuits filed in the U.S. District Court for the District of Minnesota." (*Id.* ¶ 7.)[3] The relevant inquiry, however, is not where the damage occurred, but where the events or omissions "giving rise to the claim occurred." *See Catipovic*, 2012 WL 2098552, at *15. The act that Cooper has complained of is the unauthorized placement of his name on certain documents associated with AF Holdings and Ingenuity13. (*See* Compl. at Introduction.) He makes no allegation that this act occurred in Minnesota.

And, in any event, Cooper merely alleges that Minnesota is one of several states in which the Defendants have filed lawsuits in which his name has appeared.[4] Cooper makes no factual allegation that a "*substantial* portion" of the lawsuits Plaintiff filed were

---

[3] Plaintiff will ignore, for the sake of this motion, the litigation privilege and anti-SLAPP issues raised by the fact that Cooper's allegations appear to arise from litigation activity.

[4] As a matter of public record, Ingenuity13, LLC has never filed a lawsuit bearing Cooper's name in this District. Nor has Prenda Law, Inc. Nor has Steele.

in this District. Nor could he, as only a very small percentage of these lawsuits filed by Ingenuity13 or AF Holdings were in this District.[5] Further, neither Steele, Prenda nor Ingenuity13 has ever filed a lawsuit, or appeared as counsel on a lawsuit that was associated with Cooper's name in this District.

Allowing venue to rest on bare allegations such as those made by Cooper here would undercut the primary purpose of the venue statutes, to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any district, or wherever found. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939), quoting, *General Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 275 (1922); *see also Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 928 (8th Cir. 1997) ("Venue requirements exist for the benefit of defendants. One of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district having no relationship to the dispute.") (internal citations and quotation marks omitted).

In sum, because substantially all of the events and omissions that gave rise to Cooper's claims occurred in the Northern District of Illinois and not in this District, venue is not proper here. And upon a finding of improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." 28 U.S.C. § 1406(a). "In the interest of justice," Steele

---

[5] Well under 1% of the Defendants' collective litigation activity occurred in this District.

respectfully requests that the Court transfer this case to a district in which it could have been brought: the Northern District of Illinois.[6]

### III. IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED FOR THE CONVENIENCE OF THE PARTIES AND IN THE INTERESTS OF JUSTICE

Even if the Court were to determine that a substantial part of the events or omissions giving rise to the claim occurred in this District, the Court should exercise its discretion to transfer the case under 28 U.S.C. § 1404(a). That section provides that for "the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought." As the Supreme Court has explained, the:

> purpose of the section is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense ...." To this end it empowers a district court to transfer "any civil action" to another district court if the transfer is warranted by the convenience of the parties and witnesses and promotes the interests of justice.

*Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)) (footnote omitted). The reasons to transfer a case under section 1404(a) include ease of access to evidence, the availability of compulsory process, the cost of securing witnesses, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501,

---

[6] In addition to the fact that substantially all of the events and omissions giving rise to Cooper's claims occurred in the Northern District of Illinois, the Defendants all reside (or at least are alleged to reside) in that district. This is an independent reason why venue is proper in that district. 28 U.S.C. § 1391(b)(1).

508 (1947). While the Eighth Circuit has declined to offer an "exhaustive list of specific factors to consider in making the transfer decision," it has explained that "district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (internal quotation marks omitted).

The Northern District of Illinois is a far more appropriate venue for this case for at least two reasons: (1) it is the venue for two cases involving substantially similar facts, parties and allegations; and (2) it is where all of the facts, evidence and material witnesses can be compelled to testify.

### A. The Northern District of Illinois is the venue of two cases involving substantially similar facts, parties and allegations

Prenda and its sole-principal, Paul Duffy ("Duffy") sued Cooper and his attorney, Paul Godfread, for defamation in two cases that are currently pending in the Northern District of Illinois. In retaliation, Cooper counterclaimed against Duffy using the same allegations—literally down to the word—that Cooper asserted in this case. Duffy successfully moved to dismiss Cooper's claims, which the district court described as, "poorly drafted." *Paul Duffy v. Paul Godfread, Alan Cooper and John Does 1-10*, No. 1:13-cv-1569 (N.D. Ill. August 14, 2013) ECF No. 28. Cooper's cross-motion to dismiss was denied. *Id.* The district court granted Cooper leave to re-file his claims and he did. The counterclaims are more developed than the claims Cooper has asserted in this case. Further, Cooper added counterclaims against Prenda, one of the defendants in this case.

Because the Northern District of Illinois is currently the venue for two pending cases involving the same facts and allegations, a transfer of this case to the Northern District of Illinois for eventual consolidation with those cases would promote the interests of justice. First, a transfer to the Northern District of Illinois would avoid inconsistent adjudications of substantially identical claims. *See Amoco Production Co. v. U.S. Dept. of Energy*, 469 F. Supp. 236, 244 (D.C. Del. 1979). Second, a transfer to the Northern District of Illinois would conserve judicial resources by allowing a single court to decide substantially identical questions of law, rather than dividing the labor across courts and districts. *See Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960). Third, the Northern District of Illinois has greater familiarity with the issues presented by Cooper's complaint, having already decided motions to dismiss on the same allegations presented to this Court. Finally, a transfer to the Northern District of Illinois is likely to result in a speedier resolution of the parties' respective claims, as the cases there have advanced beyond the nascent status of this action. *See Securities and Exchange Commission v. Savoy Industries, Inc.*, 587 F.2d 1149, 1156 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979)

**B. The Northern District of Illinois is where all of the evidence and material witnesses can be found**

A second factor warranting transfer is that substantially all of the evidence and material witnesses can be found in the Northern District of Illinois. Cooper alleges that that Chicago-based attorneys, law firms and companies used his identity without his permission. Cooper has not alleged that any of the events underlying this action occurred

in Minnesota. As such, his choice of forum is entitled to little weight. *Holt v. Wyeth*, Civ No. 05-263, 2012 WL 1901290, at *2 (D. Minn. May 25, 2012) (Plaintiff's choice of forum is given less protection where, *inter alia*, the events underlying the action did not occur in Minnesota.").

Further, the key witnesses, including Prenda's owner, Paul Duffy, AF Holdings' and Ingenuity13's sole manager, Mark Lutz, and Defendant John Steele can be compelled to testify in the Northern District of Illinois, but not this District. *See Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048, 1051 (N.D. Ill. 1982). Also, all of Prenda's records and all of the records of any law firm Mr. Steele has ever been associated with are located in the Northern District of Illinois. Perhaps it is the logistical burden of obtaining evidence and testimony from other Districts that explains why Cooper has failed to prosecute his action for nearly one year.

## CONCLUSION

The Court should transfer this action to the Northern District of Illinois.

Dated: October 8, 2013

/s John Steele
*Pro se*
1111 Lincoln Road Suite 400
Miami Beach, Florida 33139