UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Alan Cooper, | Court File No. 13-cv-02622 (SRN/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ALAN COOPER'S MOTION FOR REMAND** |
| John Lawrence Steele, Prenda Law, Inc., AF Holdings, LLC, Ingenuity13, LLC. | |
| Defendants. | |

## INTRODUCTION

Plaintiff Alan Cooper asks this Court to remand Hennepin County District Court File No. 27-CV-13-3463, captioned Alan Cooper v. John Lawrence Steele, Prenda Law, Inc., AF Holdings, LLC, Ingenuity13, LLC because removal is untimely and improper. Removal under 28 U.S.C. § 1446 is timely only if a Notice of Removal is filed within 30 days from when the amount in controversy is known. Defendant John Steele had both actual and constructive knowledge of the amount in controversy at least as early as on May 17, 2013. Steele's Notice of Removal is untimely because it was filed over 120 days later, well beyond the 30-day requirement.

## PROCEDURAL HISTORY AND FACTS

The original Hennepin County District Court matter was initiated on January 25, 2013 when defendant John Steele was personally served within Hennepin County with a copy of the Summons and Complaint. Service was perfected on Defendant Prenda Law, Inc. on March 18, 2013. Neither AF Holdings, LLC nor Ingenuity13, LLC have been served and may not exist except as alter egos of either Steele or Prenda and its Principals. On May 6, Prenda had not yet answered and Plaintiff moved for default seeking damages in well in excess of $75,000. A copy of the motion memoranda and supporting documents was served on all parties including defendant Steele. A copy of the email courtesy copies is attached as Exhibit A.

Also on May 6, Judge Otis Wright issued an order for sanctions in the case *Ingenuity13 v. Doe,* (12-cv-8333-ODW C.D.Cal.). In Judge Wright's Order, he found that John Steele was a principal of Prenda Law, Inc. and that Steele, along with the two other principals, Paul Hansmeier and Paul Duffy, owned and controlled Prenda Law, Inc. Judge Wright sanctioned all three principals for their "brazen misconduct and relentless fraud."[1]

Judge Ann Alton issued an Order on September 13, 2013 denying Plaintiff's motion for default, granting leave to Plaintiff to add a claim for

---

[1] A complete copy of the Order appears in [Doc. 1-2] beginning at page 76.

punitive damages, making some limited findings of fact, and ordering defendants to respond to discovery requests that had been served with the Complaint. (Doc. 1-3, page 148). Judge Alton's Order specifically references the Duffy Affidavit offered again in Steele's removal papers by stating:

"This Court finds that the Prenda Law Firm is or has been conducting fraudulent business; therefore, Paul Duffy, as agent of Prenda Law Firm, is entirely incredible and his Affidavit will not be considered for any purpose." (Order, Doc. 1-3 at page 150). However, Judge Alton's Order makes no reference to an amount in controversy. *See Id.*

Defendants have made repeated efforts to avoid service, to falsely claim ineffective service, and to send correspondence without return addresses. In addition to the disregarded Duffy Affidavit, Steele has repeatedly avoided including a mailing address on court documents and mailing correspondence without a return address. (Godfread Decl., Ex. B). Defendants Steele and Prenda Law, Inc. have also demonstrated a willingness to delay proceedings and to avoid responding to discovery. The September 13 Order that Steele alleges is the basis for removal does not speak to amounts in controversy. Steele's representations to this Court are simply false. This plainly untimely and improper removal is merely a continuation of the games Defendants have been playing with the courts.

3

## ARGUMENT

The statute and case law are clear. A defendant can only remove a matter from state court to federal court if that removal is be done within 30 days of the initial filing or within 30 days from when the matter becomes removable. All doubts about removal jurisdiction must be resolved in favor of remand. *In Re Business Men's Assur. Co. of America,* 992 F.2d 181 (8th Cir. 1993) (*citing Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Defendant Steele had both actual and imputed knowledge of the amount in controversy at least as early as May 17, 2013 when he was served with a copy of the motion papers which first stated the alleged amount. Steele provides no evidence that he first learned of the amount in controversy at as late a date as he claims. The documents he suggests are the basis for his claimed late knowledge contain no information that would trigger removal. This case should therefore be remanded.

I. **REMOVAL IS NOT TIMELY BECAUSE STEELE HAD ACTUAL NOTICE OF THE AMOUNT IN CONTROVERSY OVER FOUR MONTHS BEFORE FILING A NOTICE OF REMOVAL.**

Steele had actual notice of the amount in controversy over 120 days before he filed a Notice of Removal. The removal is therefore based on factual error or intent to mislead the Court and should be remanded. Removal must be completed within 30 days of receiving notice of the amount in controversy by

"service or otherwise." 28 U.S.C. § 1446(b)(3). Steele had actual notice of the amount in controversy sometime in May, and no later than May 17, 2013 when undersigned sent copies of the default motion papers to Steele. A copy of the May 17, 2013 email which had several attachments is included as Exhibit A. (Godfread Decl., Ex. A). Steele received copies of the motion papers both by mail and by email. The motion was heard on May 21, 2013. While Judge Alton's Order was not issued until September 13, 2013, that Order is completely silent as to the amount in controversy. Steele simply could not have been informed of the amount in controversy by the September 13 Order. Steele's factual basis for asserting removal jurisdiction is simply incorrect.

Because Steele's removal is untimely, this court must grant Cooper's motion to remand. Any defects in timeliness of removal are sufficient grounds for remand because the thirty day limitations on removal is mandatory and must be strictly construed. *Office of Lawyers Prof'l Responsibility v. Clark*, Civ. No. 12-1874, 2012 WL 3477035, at *1 (D. Minn. Aug. 15, 2012) (citing *Percell's Inc. v. Cent. Tel. Co.*, 493 F. Supp. 156, 157 (D. Minn. 1980).

Because Steele had actual notice of the amount in controversy by May 17, 2013, he would have needed to file a notice of removal no later than June 16, 2013. Steele did not file until September 23, 2013 which was over three months late. Removal was untimely and the motion to remand should be granted.

5

## II. REMOVAL IS NOT TIMELY BECAUSE STEELE IS A PRINCIPAL OF PRENDA LAW, INC. AND HAS IMPUTED KNOWLEDGE UNDER PRINCIPLES OF AGENCY.

In addition to actual knowledge provided in May, Steele would have had constructive or imputed knowledge of the same facts as early as May. As a principal of Prenda Law, Inc., Steele can be imputed to have knowledge that Prenda Law, Inc. has under principals of agency adopted by Minnesota courts.

> If an agency relationship is found to exist a notification given to an agent is notice to the principal if it is given:
> (a)   to an agent authorized to receive it;
> (b)   to an agent apparently authorized to receive it;
> (c)   to an agent authorized to conduct a transaction, with respect to matters connected with it as to which notice is usually given to such an agent, unless the one giving the notification has notice that the agent is not authorized to receive it

*The Church of the Nativity of Our Lord v. Watpro, Inc.*, 491 N.W.2d 1 (Minn. 1992) (quoting Restatement (Second) of Agency § 268 (1958)). Judge Wright's findings of fact in his May 6, 2013 Order establish that Steele is a principal of both AF Holdings and Prenda. Prenda Law's participation in the Hennepin County motion hearing in May means that under rules of agency, Steele would be deemed to have knowledge of the facts discussed and papers filed in that hearing, whether or not he actually received his mail or emails.

Additionally, because Steele as a principal of AF Holdings can be imputed to have knowledge of filings made by AF Holdings. Filings made in late May,

2013 in *AF Holdings v. Harris* refer to the amount in controversy in *Cooper v. Steele* and are supported by an affidavit written by Steele himself. (*AF Holdings, LLC v. Harris*, 12-cv-02244-GMS, Doc. 56, 59-4, (D. Ariz.)) Even if Steele had somehow not received a mail or email copy of the default motion memoranda which included the amount in controversy, he would be imputed to have knowledge as a matter of law both through the actions of Prenda Law, Inc. and AF Holdings, LLC. All of these actions would have taken place in May and not September.

### III. THE SEPTEMBER ORDER CONTAINS NO INFORMATION RELATING TO AN AMOUNT IN CONTROVERSY AND CANNOT BE THE BASIS FOR THE 30 DAY REMOVAL PERIOD

Defendant Steele's basis for restarting removal, The Order issued on September 13, 2013 contains no information relating to the amount in controversy. Nowhere in the Order is there a mention of amounts of damages alleged. The Order could not start the 30 day removal time period contemplated by 28 U.S.C. § 1446. Steele has either misstated or misconstrued what facts are contained in the record in the Hennepin County case. Steele may have been concerned by the language in the Order or perhaps this removal was simply

7

meant to further delay discovery. Whatever Steele's reasons, it simply cannot be based on anything contained within the Order dated September 13, 2013.

### IV. DEFENDANTS BEAR THE BURDEN OF DEMONSTRATING THAT THIS ACTION WAS PROPERLY REMOVED

Cooper has brought this motion within 30 days of the filing of a notice for remand. Because Cooper's motion for remand is timely, the burden now shifts to the defendants to demonstrate that the action was properly removed. *See Johansen v. Employee Ben. Claims, Inc.*, 668 F. Supp. 1294, 1295 (D. Minn. 1987) (citing *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D. R.I. 1986). All doubts about removal jurisdiction must be resolved in favor of remand. *In Re Business Men's Assur. Co. of America,* 992 F.2d 181 (8th Cir. 1993) (*citing Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Considering the gross misstatements of fact contained within the Notice of Removal and the firm 30 day removal window set forth by law, it is unlikely that Defendants can demonstrate that removal was either timely or appropriate.

## CONCLUSION

This plainly untimely and improper removal is merely a continuation of the games Defendants have been playing with the courts. Based on the foregoing, Plaintiff Alan Cooper respectfully requests the Court to remand the case to Hennepin County District Court and award his just costs and any actual expenses, including attorney's fees, incurred as a result of the improper removal.

Date: October 15, 2013

By: s/Paul A. Godfread
PAUL A. GODFREAD (0389316)
paul@godfreadlaw.com
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Telephone: (612) 284-7325
*Attorney for Plaintiff Alan Cooper*