UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alan Cooper, | Court File No. 13-cv-02622 (SRN/LIB) |
| Plaintiff, | |
| v. | MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE |
| John Lawrence Steele, Prenda Law, Inc., AF Holdings, LLC, Ingenuity13, LLC. | |
| Defendants. | |

INTRODUCTION

The motion to transfer venue must be denied for several reasons. First, the case that Defendants seek to transfer is properly before the Hennepin County District Court, and not any federal district court, regardless of venue considerations. Second, Defendants waived objections to venue by answering the Complaint in state court without objecting to venue or jurisdiction. Indeed, the Defendants affirmatively alleged that venue *was proper* in the Hennepin County District Court. Third, while both state and federal courts in Minnesota have personal jurisdiction over the Defendants because they have both Answered and otherwise purposefully availed themselves of the courts here, the counterclaims against Plaintiff cannot be heard in Defendants' district of choice because the Northern District of Illinois does

not have personal jurisdiction over the Plaintiff. Finally, the factual assertions made by Defendants in support of the motion are both incorrect and incomplete. For any one of these reasons, the motion should be denied.

## ARGUMENT

I. THE MOTION TO TRANSFER SHOULD BE DENIED BECAUSE THE CASE MUST BE REMANDED TO HENNEPIN COUNTY DISTRICT COURT

Defendants' motion to transfer venue necessarily depends on a federal district court having jurisdiction over the claims and that the case is properly before a federal district court. Defendant Steele removed this case well after the required 30 day deadline imposed by 28 U.S.C. § 1446(b)(3). As argued more fully in Plaintiff's Motion To Remand, Steele's filing was untimely and improper. (Doc. 11). As Defendant Steele's untimely removal should result in remand to Hennepin County, this motion to transfer should be denied as moot upon the granting of Plaintiff's Motion to Remand.

II. DEFENDANTS PRENDA AND STEELE WAIVED OBJECTIONS TO VENUE IN THEIR ANSWERS

Both Defendants Prenda and Steele waived the right to object to venue by filing an answer in Hennepin County District Court without objections to venue. A failure to state an objection to venue in a responsive pleading or Rule 12 motion acts as a waiver. Fed. R. Civ. P. 12(b)(3); 12(h)(1); *Steward v. Up North Plastics, Inc.,* 177 F.Supp.2d 953, 958 (D. Minn. 2001). The

language of Rule 12 is clear that any failure to raise or preserve such objections in a responsive pleading means that those defenses or objections are waived. The Minnesota Rules of Civil Procedure similarly require objections and defenses to be raised in an initial pleading. *See* Minn. R. Civ. P. 12.02. In their respective Answers, Prenda and Steele admitted that venue was appropriate in Hennepin County District Court. (Godfread Decl., Ex. A, B). Steele in his counterclaims even affirmatively alleged that venue was appropriate in Hennepin County. (Steele Answer, Counterclaims ¶ 4, Godfread Decl., Ex. B). In both instances the opportunity to object to venue was waived clearly and unambiguously. Defendants' motion should therefore be dismissed.

### III. THE MOTION TO TRANSFER IS BASED ON MISREPRESENTATIONS OF THE FACTUAL RECORD

A substantial part of the events giving rise to the claim occurred in Minnesota and therefore Defendant's arguments must fail. Defendant cites to both 28 U.S.C. § 1391(b) and *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995) to support his flawed arguments. Plaintiff does not dispute the cited law, but rather that Defendants' conclusions are based on incorrect facts and are therefore erroneous. The connection to the state of Minnesota is clearly laid out in the Complaint. All defendants have acted, within the State of Minnesota to misappropriate the identity of Plaintiff. They have

filed (or asked others to file) cases in Minnesota that make use of a forgery of Plaintiff's signature. They have caused harm to a Minnesota resident by taking actions within the State of Minnesota.

Additionally, the Defendants are not as Illinois based as alleged. Steele boldly claims that "[e]very law firm Mr. Steele has ever been associated with has been headquartered in Chicago, Illinois." This is simply incorrect. Prenda's predecessor firm, Steele Hansmeier, PLLC, was a Minnesota based limited liability corporation and its name alone suggests that Steele was *at least* involved. (*See* Godfread Decl., Ex. C). One of the principals of Prenda, Paul Hansmeier, currently lives and practices in Minnesota. There is little evidence to indicate that the name change from Steele Hansmeier to Prenda had any impact on the business, other than to hide the continued involvement of both Steele and Hansmeier. Hansmeier appeared as a 30(b)(6) deponent for AF Holdings, further indicating that the other nominal defendants have a base of operation in Minnesota and would be likely to have documents and witnesses located within the state. (*See* transcript excerpts at Doc. 1-2, p. 39)

Any witnesses that would need to be called can be called to testify in Minnesota. Steele has already testified in this district and Mark Lutz appeared for case conferences, but when he was compelled to testify he failed to appear without any apparent excuse. *See AF Holdings, LLC v. Doe*

(12-cv-1445, 12-cv-1446, 12-cv-1447, 12-cv-1448, 12-cv-1449, D. Minn., evidentiary hearing September 30, 2013).

Finally, Steele characterizes the Hennepin County case as somehow having been neglected and incorrectly asserts that no action has been taken to prosecute the case. (Doc. 6 at 1). Steele neglects to mention that discovery has been served on him and which he has refused to answer. Motions have been heard. Leave to amend the complaint to add claims for punitive damages has been granted. A number of third-party subpoenas have been issued as well, one of which has yielded a recording of a phone call where Steele is clearly attempting to impersonate Cooper. The case had been progressing at a normal pace in Hennepin County, whether or not Steele was participating or choosing to acknowledge it.

## CONCLUSION

For the reasons stated above, Plaintiff Alan Cooper respectfully requests that this Court deny Defendants' Motion to Transfer Venue.

Date:  October 15, 2013

By: s/Paul A. Godfread
PAUL A. GODFREAD (0389316)
paul@godfreadlaw.com
100 South Fifth Street, Suite 1900
Minneapolis, MN  55402
Telephone:  (612) 284-7325
*Attorney for Plaintiff Alan Cooper*

## CERTIFICATE OF SERVICE

I hereby certify that all parties who have consented to service through ECF have been served and Defendant Steele has been served via first class mail at:

John L. Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139

Email courtesy copies have been provided via the last known email address of each party.

Date: October 15, 2013                    s/Paul Godfread
                                          Paul A. Godfread (0389136)