# EXHIBIT B

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

_____

| | |
|---|---|
| ALAN COOPER, | ) |
| | ) |
| Plaintiff and Counterdefendant, | ) Court File No.: [not filed] |
| | ) |
| v. | ) Case Type: [not specified] |
| | ) |
| JOHN LAWRENCE STEELE, | ) |
| | ) |
| Defendant and Counterclaimant, and | ) **DEFENDANT JOHN LAWRENCE** |
| | ) **STEELE'S ANSWER, AFFIRMATIVE** |
| PRENDA LAW INC., AF HOLDINGS, | ) **DEFENSES AND COUNTERCLAIMS** |
| LLC, INGENUITY13, LLC | ) **AGAINST ALAN COOPER** |
| | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |

_____

**TO:   PLAINTIFF AND COUNTERDEFENDANT ALAN COOPER AND HIS
ATTORNEY, PAUL A. GODFREAD, GODFREAD LAW FIRM, PC, 100 South
Fifth Street, Suite 1900, Minneapolis, Minnesota 55402.**

Defendant John Lawrence Steele ("Steele") answers each numbered paragraph of the

Complaint served on January 25, 2013, by plaintiff Alan Cooper as to his own activities and on

information and belief as to the activities of others, as follows:

1.      Steele lacks knowledge and information sufficient to form a belief about the truth

of the allegations of Paragraph 1 and on that basis denies such allegations.

2.      Steele admits that he owns land in Aitkin County, MN. Except as so admitted,

Steele denies the allegations of Paragraph 2.

3.      Steele denies the allegations of Paragraph 3.

4.      Steele denies the allegations of Paragraph 4.

5.      Steele admits that AF Holdings LLC is a limited liability company formed under the laws of the Federation of St. Kitts and Nevis. Except as so admitted, Steele denies the allegations of Paragraph 5.

6.      Steele admits that Ingenuity13 LLC is a limited liability company formed under the laws of the Federation of St. Kitts and Nevis. Except as so admitted, Steele denies the allegations of Paragraph 6.

7.      Steele denies the allegations of Paragraph 7.

8.      Steele admits that he hired an individual named "Alan Cooper" as a caretaker for property he owns in Aitkin County, MN. Except as so admitted, Steele denies the allegations of Paragraph 8.

9.      Steele denies the allegations of Paragraph 9.

10.      Steele admits that he has visited his property in Aitkin County, MN and that he has discussed his business initiatives with an "Alan Cooper" during those trips. Except as so admitted, Steele denies the allegations of Paragraph 10.

11.      Steele denies the allegations of Paragraph 11.

12.      Steele denies the allegations of Paragraph 12.

13.      Steele denies the allegations of Paragraph 13.

14.      Steele denies the allegations of Paragraph 14.

15.      Steele denies the allegations of Paragraph 15.

16.      Steele denies the allegations of Paragraph 16.

17.      Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 17 and on that basis denies such allegations.

18.      Steele admits the allegations of Paragraph 18.

19.     Steele admits the allegations of Paragraph 19.

20.     Steele denies the allegations of Paragraph 20.

21.     Steele denies the allegations of Paragraph 21.

22.     Paragraph 22 references "one such document" but does not specify what "one such document" relates to. To the extent a response is required, Steele denies the allegations of Paragraph 22.

23.     Paragraph 23 incorporates a reference from the preceding paragraph to "one such document", a reference that is undefined. To the extent a response is required, Steele denies the allegations of Paragraph 23.

24.     Steele admits that he hired an individual named "Alan Cooper" as a caretaker for property he owns in Aitkin County, MN. Except as so admitted, Steele denies the allegations of Paragraph 24.

25.     Steele denies the allegations of Paragraph 25.

26.     Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 26 and on that basis denies such allegations.

27.     Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 27 and on that basis denies such allegations.

28.     Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 28 and on that basis denies such allegations.

29.     Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 29 and on that basis denies such allegations.

30.     Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 30 and on that basis denies such allegations.

31.    Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 31 and on that basis denies such allegations.

32.    Steele denies the allegations of Paragraph 32.

33.    Steele denies the allegations of Paragraph 33.

34.    Steele denies the allegations of Paragraph 34.

35.    Steele denies the allegations of Paragraph 35.

36.    Steele denies the allegations of Paragraph 36.

37.    Steele admits that he contacted an individual named "Alan Cooper" when he heard that Prenda Law was contacted by an attorney for an "Alan Cooper" to determine whether the Alan Cooper he knows was the same Alan Cooper that was contacting Prenda Law. Except as so admitted, Steele denies the allegations of Paragraph 37.

38.    Steele denies the allegations of Paragraph 38.

39.    Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 39 and on that basis denies such allegations.

40.    Steele denies the allegations of Paragraph 40.

41.    Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 41 and on that basis denies such allegations.

42.    Steele admits that Plaintiff repeats and alleges the above. Except as so admitted, Steele denies the remaining allegations of Paragraph 42.

43.    Steele denies the allegations of Paragraph 43.

44.    Steele denies the allegations of Paragraph 44.

45.    Steele denies the allegations of Paragraph 45.

46.    Steele denies the allegations of Paragraph 46.

47.     Steele admits that Plaintiff repeats and alleges the above. Except as so admitted, Steele denies the remaining allegations of Paragraph 47.

48.     Steele denies the allegations of Paragraph 48.

49.     Steele denies the allegations of Paragraph 49.

50.     Steele denies the allegations of Paragraph 50.

51.     Steele denies the allegations of Paragraph 51.

52.     Steele denies the allegations of Paragraph 52.

53.     Steele denies the allegations of Paragraph 53.

54.     Steele denies the allegations of Paragraph 54.

55.     Steele admits that Plaintiff repeats and alleges the above. Except as so admitted, Steele denies the remaining allegations of Paragraph 55.

56.     Steele denies the allegations of Paragraph 56.

57.     Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required, Steele denies the allegations of Paragraph 57.

58.     Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Steele denies the allegations of Paragraph 58.

59.     Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, Steele denies the allegations of Paragraph 59.

60.     Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, Steele denies the allegations of Paragraph 60.

61.     Steele admits that Plaintiff repeats and alleges the above. Except as so admitted, Steele denies the remaining allegations of Paragraph 61.

62.     Steele denies the allegations of Paragraph 62.

63.     Steele denies the allegations of Paragraph 63.

64.     Steele lacks knowledge and information sufficient to form a belief about the truth
of the allegations of Paragraph 64 and on that basis denies such allegations.

65.     Steele denies the allegations of Paragraph 65.

66.     Steele denies the allegations of Paragraph 66.

67.     Steele denies the allegations of Paragraph 67.

68.     Steele denies the allegations of Paragraph 68.

69.     Steele denies the allegations of Paragraph 69.

70.     Steele denies the allegations of Paragraph 70.

71.     Steele denies the allegations of Paragraph 71.

72.     Steele denies the allegations of Paragraph 72.

73.     Steele denies the allegations of Paragraph 73.

74.     Steele denies the allegations of Paragraph 74.

75.     Paragraph 75 states a legal conclusion to which no response is required. To the
extent a response is required, Steele denies the allegations of Paragraph 75.

76.     Steele admits that Plaintiff repeats and alleges the above. Except as so admitted,
Steele denies the remaining allegations of Paragraph 76.

77.     Steele denies the allegations of Paragraph 77.

78.     Steele denies the allegations of Paragraph 78.

79.     Steele lacks knowledge and information sufficient to form a belief about the truth
of the allegations of Paragraph 79 and on that basis denies such allegations.

80.     Steele lacks knowledge and information sufficient to form a belief about the truth
of the allegations of Paragraph 80 and on that basis denies such allegations.

81.     Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 81 and on that basis denies such allegations.

82.     Steele lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 82 and on that basis denies such allegations.

83.     Steele denies the allegations of Paragraph 83.

84.     Steele denies the allegations of Paragraph 84.

85.     Steele denies the allegations of Paragraph 85.

86.     Steele denies the allegations of Paragraph 86.

87.     Steele denies the allegations of Paragraph 87.

88.     Steele denies the allegations of Paragraph 88.

89.     Steele denies the allegations of Paragraph 89.

90.     Steele denies the allegations of Paragraph 90.

91.     Steele denies the allegations of Paragraph 91.

92.     Steele denies the allegations of Paragraph 92.

93.     Steele admits that Plaintiff repeats and alleges the above. Except as so admitted, Steele denies the remaining allegations of Paragraph 93.

94.     Steele admits the allegations of Paragraph 94.

95.     Steele denies the allegations of Paragraph 95.

96.     Steele denies the allegations of Paragraph 96.

97.     Steele denies the allegations of Paragraph 97.

98.     Steele denies the allegations of Paragraph 98.

99.     Steele denies the allegations of Paragraph 99.

100.    Steele denies the allegations of Paragraph 100.

101.    Steele denies the allegations of Paragraph 101.

102.    Steele denies the allegations of Paragraph 102.

103.    Steele denies the allegations of Paragraph 103.

104.    Steele denies the allegations of Paragraph 104.

105.    Steele denies the allegations of Paragraph 105.

106.    Steele denies the allegations of Paragraph 106.

107.    Paragraph 107 states a legal conclusion to which no response is required. To the extent a response is required, Steele denies the allegations of Paragraph 107.

## AFFIRMATIVE DEFENSES

Steele asserts the following affirmative defenses to Plaintiff's Complaint and each claim therein. Steele also reserves all defenses under the Minnesota Rules of Civil Procedure and the laws of the State of Minnesota, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a claim for relief for any of the claims alleged, or for any other claim for relief.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert some or all of the damages alleged, and/or commence this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## COUNTERCLAIMS

Steele hereby counterclaims against Plaintiff and Counterdefendant Alan Cooper

("Cooper"), as follows:

### PARTIES

1.       Steele is an individual residing in Miami-Dade County, Florida.

2.       On information and belief, Cooper is an individual residing in Mille Lacs County,

Minnesota.

### JURISDICTION AND VENUE

3.       This Court has jurisdiction over Cooper because, *inter alia*, Cooper is a resident

of Minnesota.

4.       Venue is proper pursuant to Mn. Stat. § 542.01.

### FACTS

5.       Steele owns cabin property in Aitkin County, Minnesota that he inherited from his

father. The property consists of 124 acres of forestland, a guest cabin and a main cabin. Steele

built the main cabin in 2006 when he was a law student at the University of Minnesota Law

School.

6.       After graduating from law school in late 2006, Steele started a family law practice

in Chicago, Illinois. Steele continues to be a member in good standing of the Illinois bar.

7.       Due to the need for maintenance and upkeep of his cabin property, and the time

demands associated with running a law practice, Steele decided to secure the services of a

caretaker for his cabin property.

8.      After enquiring with his neighbors in Aitkin County, Minnesota, Steele learned of an individual, Alan Cooper, who expressed interest in performing caretaker services. Steele was introduced to Cooper in mid-2007.

9.      Cooper is a seasonal construction worker who works road construction during the summer and collects unemployment in the off-season. Due to Cooper's financial position, Steele and Cooper agreed to a lease whereby Cooper would be allowed to live in Steele's guest cabin rent-free in exchange for 15 hours per month of caretaker labor. Cooper began to occupy the premises shortly after the effective date of the lease.

10.     Per the lease agreement, Cooper was prohibited from allowing additional people to reside on the property without Steele's written permission, was prohibited from altering or destroying the property without Steele's permission, was prohibited from converting or possessing any personal property on the premises, and was required to assist any agent of Steele to perform work, maintenance, or other service as needed on the property.

11.     From 2007 through 2011, Steele would use his property on average twice a year. During those times Steele befriended Cooper. Cooper expressed his thankfulness for Steele's generosity, mentioning that he "owed" Steele, and asked Steele about opportunities to participate in Steele's various business ventures.

12.     In 2012 Steele began receiving alarming feedback about Mr. Cooper's conduct. This was on or around the time that Steele decided to put his cabin property up for sale. On information and belief, it was also on or around the time that Mr. Cooper was diagnosed with a severe mental illness for which he is currently prescribed medication.

13.     In early 2012 Cooper took a chainsaw and destroyed approximately one-half of the outer north log wall of the guest cabin. This act was done without Steele's permission.

Shortly thereafter, Cooper tore down the main interior wall of the guest cabin. When Steele

learned of this act he demanded that Cooper cease and desist any further destruction of the cabin.

When asked why he was tearing down walls, Cooper claimed it was so he could better watch

television. None of the alterations to the guest cabin were made with Steele's permission.

14.     Also in early 2012, Cooper discharged a firearm at a vehicle that was pulling into

the driveway of Steele's cabin property. Steele demanded that Cooper not discharge firearms at

guests on his property.

15.     In mid-August 2012, Steele's real estate agent Brent Barry arrived at Steele's

cabin property to stage it for a viewing by a prospective buyer. Barry has known Cooper for

many years and Cooper was well aware that Barry was Steele's real estate agent.

16.     Cooper told Barry that he was not allowed on the property and that he was going

to kill him. Cooper repeatedly threatened to damage Barry's car and kill Barry and his girlfriend

who was with him at the time.

17.     Barry immediately contacted Steele and explained the situation to him. Steele

contacted Cooper and told him that he had to allow Steele's agents on the property.

18.     Cooper responded that Steele had better not have anyone come on the property or

he (Cooper) was going to kill them.

19.     Later that evening, Cooper called Steele and apologized for his conduct and

begged Steele not to call the police. Cooper stated to Steele that he had forgotten to take his anti-

psychotic medicine and that he was now properly medicated.

20.     Steele was not aware of Cooper's medical condition prior to this incident and

explained to Cooper that he could not have Cooper on his property given Cooper's recent

destruction of property and his illegal threats to Steele's agents.

21.     Due to Cooper's erratic and violent conduct, Steele felt it was best to work out Cooper's departure from the property by agreement rather than legal process.

22.     Cooper agreed to move out within 3 weeks. Steele was not present at the property during that time. Cooper left during September 2012.

23.     During these three weeks, Cooper stole Steele's personal property including, but not limited to, eight firearms, tools, equipment, furniture, a trailer and other assets on the property. Cooper also removed a significant quantity of Steele's firewood without permission.

24.     Steele only became aware of Cooper's theft when he visited his property at a later date.

25.     Further, following his departure from Steele's property Cooper entered Steele's property without permission. Steele's property is clearly marked "No Trespassing", Cooper had agreed to never return to Steele's property after his departure and Cooper had no basis for believing he would have permission to enter Mr. Steele's property.

26.     During his unauthorized visits to Steele's property, Cooper shot and removed at least one deer. Cooper tauntingly sent pictures of him with the deer to Steele and his family members.

27.     Steele has demanded repeatedly that Cooper cease and desist entering Steele's property, that Cooper return the stolen property and for reimbursement for property that Cooper has consumed and cannot return. Cooper has refused to take any of these steps.

## COUNT I
### (Common Law Conversion)

28.     Steele restates and incorporates the foregoing paragraphs as though fully set forth herein.

29.     Steele has at all times maintained and asserted a property interest in his personal property including, without limitation, the firearms, tools, equipment, furniture, trailer, firewood and other assets (collectively, the "Personal Property") taken by Cooper.

30.     Steele's Personal Property was taken by Cooper.

31.     Following Cooper's taking of the Personal Property, Steele duly demanded the return of his property and/or payment for it. Cooper refused to do so.

32.     Following Cooper's taking of the Personal Property, Cooper failed to return and/or pay for the same and, instead, has converted the same for his own use.

33.     Cooper's retention of the Personal Property without returning and/or paying for the same has proximately caused Steele damages in an amount in excess of $50,000.00.

### COUNT II
### (Common Law Trespass)

34.     Steele restates and incorporates the foregoing paragraphs as though fully set forth herein.

35.     Steele has a rightful possession in his cabin property.

36.     Steele forbade Cooper from entering on his cabin property and posted "No Trespassing" signs.

37.     Cooper, in violation of Steele's express instructions and "No Trespassing" signs nevertheless entered onto Steele's cabin property and shot deer, harvested lumber and unlawfully took Steele's Personal Property.

### COUNT III
### (Trespass, Minn. Stat. § 561.04)

38.     Steele restates and incorporates the foregoing paragraphs as though fully set forth herein.

39.     Steele has a rightful possession in his property.

40.     Cooper unlawfully interfered with Steele's property.

41.     Defendant's interference with Steele's property caused damage to Steele's property, including his trees and his firewood, under Minn. Stat. § 561.04.

## COUNT IV
### (Common Law Intentional Interference With Prospective Contractual Relations)

42.     Steele restates and incorporates the foregoing paragraphs as though fully set forth herein.

43.     Cooper knew or should have known that threatening Steele's real estate agent with grave bodily injury would interfere with Steele's sale of the cabin property.

44.     Cooper's threats were a proximate cause of Steele's inability to enter into a contract for the sale of his cabin property on favorable terms.

45.     Cooper's threats did, in fact, prevent Steele from acquiring a contractual relation to sell the cabin property.

## RELIEF REQUESTED

**WHEREFORE,** Steele requests judgment against Cooper as follows:

   a.     For actual and/or statutory money damages in favor of Steele in an amount determined by the jury;

   b.     For punitive money damages in favor of Steele in an amount determined by the jury;

   c.     For reasonable attorneys' fees, costs and interest as allowed by law; and

   d.     For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Steele requests a jury trial for any and all Counts for which a trial by jury is permitted by

law.

Respectfully submitted,

DATED: February 14, 2013

By: _____

John Steele – *pro se*