UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

ALAN COOPER,

    *Plaintiff*,

v.

JOHN LAWRENCE STEELE,
PRENDA LAW, INC., AF HOLDINGS,
LLC, INGENUITY13, LLC

    *Defendants*.

CASE NO. 1:13-CV-02622 (SRN/LIB)

**MEMORANDUM IN SUPPORT OF DEFENDANT JOHN STEELE'S MOTION
TO DISMISS**

**I.    INTRODUCTION**

In his complaint, Plaintiff alleges two direct causes of action against Defendant John Steele: (1) a common law invasion of privacy claim; and (2) violation of the Minnesota Uniform Deceptive Trade Practices Act ("MDTPA"), Minn Stat. §325D.44. (*See* Compl. Counts I, II.) The remaining four counts—civil conspiracy and three alter ego counts—are all derivative of the initial two. Because Plaintiff has failed to state a claim upon which relief may be granted with respect to his invasion of privacy claim or his MDTPA claim, his entire Complaint should be dismissed with prejudice.

**II.    ARGUMENT**

    **A.    Legal Standard**

To survive motion to dismiss, Plaintiff's claim must include *"factual allegations"* that "raise a right to relief above the *speculative level.*" *Twombly*, 550 U.S. at 555-56 (emphasis added). *Twombly* also explains that courts must rigorously apply pleading

SCANNED
OCT 18 2013
U.S. DISTRICT COURT MPLS

requirements to conspiracy claims, in order to avoid the time and cost associated with litigating "largely groundless claim[s]." *Id.*, 550 U.S. at 558-559; *see also Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 (8th Cir. 2010).

### B. Plaintiff's Count I Fails To State A Claim Under Minnesota Common Law For Invasion Of Privacy.

"Appropriation protects an individual's identity and is committed when one 'appropriates to his own use or benefit the name or likeness of another.'" *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998). A successful suit under an appropriation theory must be based on use of the plaintiff's persona, not just a coincidental use of the same name; liability exists if a defendant, "appropriated to his own use or benefit the reputation, prestige, social or commercial standing, public interest or other values of the plaintiff's name or likeness." Restatement (Second) of Torts § 625C cmt. c (1977). But the Restatement carefully limits the application of the tort:

> The value of the plaintiff's name is not appropriated by mere mention of it, or by reference to it in connection with legitimate mention of his public activities; nor is the value of his likeness appropriated when it is published for purposes other than taking advantage of his reputation, prestige, or other value associated with him, for purposes of publicity. No one has the right to object merely because his name or his appearance is brought before the public, since neither is in any way a private matter and both are open to public observation. It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded.

*Id.* 625C cmt. D (1977).

Plaintiff alleges that Defendants used the name "Alan Cooper" without his express permission, but he does not allege that Defendants' use of the name leveraged Plaintiff's "reputation, prestige, social or commercial standing, public interest or other values of the plaintiff's name or likeness." *Id.* Indeed, Plaintiff's own allegations express uncertainty over whether he is even the "Alan Cooper" referenced in the allegedly-offending documents. (*See* Compl. ¶ 41) ("Defendants have never identified another person by the name of Alan Cooper who could plausibly have signed the documents shown as Exhibit A or Exhibit B.") The reason why Plaintiff is uncertain whether he is the "Alan Cooper" referenced in Plaintiff's documents is the very same reason why his claim must fail: nothing in the documents containing the name "Alan Cooper" is linked to or otherwise leverages the qualities of Plaintiff's persona. Plaintiff does not allege otherwise. Plaintiff has no exclusive right to the use of the generic name "Alan Cooper." Otherwise, any person who signed a document, "Alan Cooper"—that is, even someone whose legal name was Alan Cooper—could be liable for invading Plaintiff's privacy. The Court should dismiss Plaintiff's Count I with prejudice.

### C. The Complaint fails to State a Claim Under the Minnesota Uniform Deceptive Trade Practices Act.

MDTPA claims must be pled with particularity in conformity with Fed. R. Civ. P. 9(b)'s heightened pleading standards. *See, e.g., E-Shops Corp. v. U.S. Bank Nat'l Ass'n,* 678 F.3d 659, 665 (8th Cir. 2012); *see also U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006) (Rule 9(b) requires that a complaint "identify the who, what, where, when, and how of the alleged fraud") (internal quotations omitted). A

3

failure to do so warrants dismissal of an MDTPA claim. *Thunander v. Uponor, Inc.*, No. 11-2322(SRN)(SER), 2012 WL 3430749, at *21 (D. Minn. Aug. 14, 2012) ("[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.") (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2012)). Plaintiff fails to meet this standard for many reasons.

First, Plaintiff fails to particularly describe the "good or service" that the Defendants have associated his name with; instead, he asserts such conclusory allegations as, "Plaintiff is not the source of any of Defendants' goods or services and has never sponsored, approved or certified any of Defendants' goods or services." (*See* Compl. ¶ 50.) Nor could he; the only place that Plaintiff alleges his name appeared was as "an office or director" and on documents associated with court filings. (*See* Compl. ¶¶ 19–28.) Even if Plaintiff's allegations had any factual support—and they do not—they still could not possibly be associated with a "good or service." As such, Plaintiff's MDTPA claim fails.

Second, Plaintiff fails to allege who was deceived. (*See generally* Compl.) Plaintiff fails to allege that he was a consumer or competitor of any of the Defendants. According to Plaintiff's allegations, the Defendants are all amalgamations of one another, and the only use of Plaintiff's name was in lawsuits against copyright infringers. Plaintiff cannot plausibly state (nor does he allege) that infringers were more likely to infringe on Plaintiff's works because of some attenuated association with an individual named, "Alan Cooper." As such, Plaintiff's MDTPA claim fails.

Third, Plaintiff fails to allege how the appearance of the name "Alan Cooper" in connection with documents allegedly filed by the various Defendants in legal actions deceived anyone in connection with a good or service. Nor is it plausible to think he could. As such, Plaintiff's MDTPA claim fails.

### D. Plaintiff's Derivative Claims Also Fail

"Accurately speaking, there is no such thing as a civil action for conspiracy" under Minnesota Law. *GSS Holdings, Inc. v. Greenstein*, No. A07-1573, 2008 WL 4133384, at *2 (Minn. Ct. App. Sept. 9, 2008) (internal citations omitted). Rather, "a civil conspiracy claim is merely a vehicle for asserting vicarious or joint and several liability, and hence such a claim is dependent upon a valid underlying tort claim." *Carlson v. A.L.S. Enters., Inc.*, No. 07-3970, 2008 WL 185710, at *5 (D. Minn. Jan. 18, 2008). Because Plaintiff's independent claims fail, so too must his derivative claim of civil conspiracy. The same is true for his alter ego claims, which are also simply a vehicle for asserting vicarious or joint and several liability.

Yet, even if one of Plaintiff's independent claims survives, his civil conspiracy claim must still fail. Plaintiff alleges in conclusory fashion that all Defendants "conspired". As an initial matter, Plaintiff fails to allege any facts directly indicating the existence of this purported nationwide conspiracy involving the four Defendants, hundreds of lawsuits, and thousands of parties, much less the content or scope of any understanding or agreement between the Defendants. Facts that "explicitly refer[] to an understanding between the alleged conspirators," such as allegations describing actual meetings or communications through which the allegedly unlawful conspiracy was

5

formed, are conspicuously absent from the Complaint. *Golden Bridge Tech, Inc. v. Motorola, Inc.*, 547 F.3d 266, 271-72 (5th Cir. 2008).

Most relevant to this matter is the Supreme Court's guidance in *Iqbal* dealing with conclusory statements. Simply put, courts are to assume facts alleged by the non-moving party to be true, but that conclusory statements are not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 664 (2009) ("A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth). For example, the Plaintiff in *Iqbal* claimed that Attorney General John Ashcroft was the principle architect behind the Justice Department detention policy after 9/11. The Supreme Court ruled that the plaintiff's bare assertion that "Ashcroft was that policy's principle architect" was conclusory and not entitled to be presumed true. Likewise, in this case, Plaintiff repeatedly throws out conclusory claims with absolutely no reference to factual allegations that would support such speculation. For example, Plaintiff alleges "Prenda Law, Inc. is a mere instrumentality of Steele." And that "Prenda Law, Inc.'s existence was a mere façade for individual dealings of Steele. (*See* Compl. ¶ 98, 106). These are clearly conclusory statements. There is no allegation of any facts that would support the conclusion that Prenda is a mere instrumentality of Steele.

Plaintiff claims "All Defendants have entered into an agreement ("The Agreement") to use Plaintiff's name as if he were an officer or director of Defendants AF Holdings, LLC and Ingenuity13, LLC". (*See* Compl. ¶ 56). This is the lynchpin of Plaintiff's efforts to drag in Steele to the alleged acts of the other Defendants. However,

6

such a conclusory statement is worthless and should not be assumed to be true by this Court because there are no factual allegations to support that conclusion. Typical factual allegations would be:

- Date, time, circumstances of how Steele and the owners of the other three Defendants entered into the agreement;

- Documents, advertising, emails, or phone calls purporting to show that the Defendants represented that Alan Cooper was an officer of AF Holdings, LLC;

- Documents, advertising, emails, or phone calls purporting to show that the Defendants represented that Alan Cooper was an officer of Inguinity 13, LLC;

- Documents, advertising, emails, or phone calls purporting to show that the Defendants represented that Alan Cooper was a director of AF Holdings, LLC;

- Documents, advertising, emails, or phone calls purporting to show that the Defendants represented that Alan Cooper was a director of Ingenuity 13, LLC; or

- Any facts whatsoever about the details of the conspiracy.

The prodigious use of the phrase, "Upon information and belief", in front of almost every conclusory statement made by Plaintiff does not change the fact that the statements are conclusory. And complete reliance on these conclusions couched as factual allegations are insufficient to state a claim. *See Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012) ("'[c]onclusory statements' and 'naked assertion[s] devoid of further factual enhancement' are insufficient" to survive a motion to dismiss) (quoting *Iqbal*, 556 U.S. at 678).

7

## III. CONCLUSION

For the reasons set forth above, Plaintiff has failed to allege a claim for which relief should be granted, and his entire Complaint should be dismissed with prejudice.

Dated: October 18, 2013

/s John Steele
*Pro se*
1111 Lincoln Road Suite 400
Miami Beach, Florida 33139
