UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

ALAN COOPER,

    *Plaintiff,*

v.

JOHN LAWRENCE STEELE,
PRENDA LAW, INC., AF HOLDINGS,
LLC, INGENUITY13, LLC

    *Defendants.*

CASE NO. 1:13-CV-02622 (SRN/LIB)



## DEFENDANT JOHN STEELE'S REPLY TO PLAINTIFF'S OPPOSITION TO TRANSFER VENUE

### INTRODUCTION

Plaintiff's opposition to Defendant Steele's ("Steele") motion to transfer venue fails to rebut any of Steele's arguments in favor of transfer. Instead, Plaintiff states that Steele's motion should be denied because: (1) remand is warranted (and it is not); that (2) waiver is a relevant concept (and it is not); and (3) because Steele's motion to transfer is based on misrepresentations of the factual record (and it is not). As to his third argument, Plaintiff accuses Steele of misrepresenting the record, but fails to rebut Steele's statement of facts that are supported by citations to the record. For all of these reasons, the Court should grant Steele's motion to transfer venue to the Northern District of Illinois.

### ARGUMENT

**I.   REMAND IS NOT WARRANTED**

Plaintiff's opening argument is that Steele's motion to transfer venue should be denied on the grounds that the Court lacks jurisdiction over this matter. Plaintiff does not



actually present any substantive arguments in this regard, but instead references his pending Motion to Remand. Accordingly, Steele hereby incorporates by reference his forthcoming opposition to that motion and otherwise denies that the Court lacks subject matter jurisdiction.

## II. WAIVER IS NOT A RELEVANT CONCEPT

Plaintiff next argues that Steele (and Prenda) waived their right to seek transfer. Yet, the case Defendant relies on for this proposition, *Steward v. Up North Plastics, Inc.*, 177 F. Supp. 2d 953 (D. Minn. 2001), states just the opposite. In *Steward*, the court distinguished between improper venue as a defense, pursuant to 28 U.S.C. § 1406(a). and improper venue as a basis for seeking transfer, pursuant to 28 U.S.C. § 1404(a). *See id.* at 958-959. Regarding the former, improper venue is a defense that can be waived. However, the Steward court makes clear that raising improper venue as a basis for seeking transfer is not waivable. *Steward*, 177 F. Supp. 2d at 959 ("Courts and commentators have also found that a party's failure to timely object to venue does not preclude a motion to transfer under § 1404"); *see also* Wright & Miller, Federal Practice and Procedure § 1352 at 272 (although defense of improper venue may be waived by answering on the merits, defendant may still move to transfer the action); *Montgomery Ward & Co. v. Anderson Motor Serv. Inc.*, 339 F. Supp. 713, 718 (D.Mo. 1971); *James v. Norfolk & Western Ry. Co.*, 430 F. Supp. 1317, 1319 n. 1 (S.D. Ohio 1976).

Just as in this matter, the Defendant in *Steward* did not object to venue in their answer, and actually claimed that venue was proper in the second paragraph of their answer. The Defendant also filed multiple pleadings in the case and conducted extensive

2

discovery. The court carefully explained the difference between 28 U.S.C. § 1406(a), in which objections to venue are waived if not raised in a responsive pleading or Rule 12 motion, and 28 U.S.C. § 1404(a), which makes clear that objections to venue are not waived even if the movant agreed in the past that venue was proper. The *Steward* court explained that "courts and commentators have also found that a party's failure to timely object to venue does not preclude a motion to transfer under § 1404". *Steward* at 959, citing Wright & Miller, Federal Practice and Procedure § 1352 at 272 (although defense of improper venue may be waived by answering on the merits, defendant may still move to transfer the action).

## III. PLAINTIFF'S CONCLUSORY ASSERTIONS ARE UNSUPPORTED

Plaintiff accuses Steele of misrepresenting the record. But Plaintiff fails to rebut Defendant's statements of facts—which are supported by citations to the record—with supported statements of his own. The bottom line, as demonstrated herein, is that this case's only connection to Minnesota is the fact that Plaintiff and his attorney live here.

First, Plaintiff attempts to rebut Steele's assertions that a substantial part of the events giving rise to the claim occurred in Illinois. In support of his rebuttal, Plaintiff states: (1) that all of the defendants acted within the State of Minnesota to misappropriate the identity of Plaintiff; (2) that the defendants filed cases in Minnesota; and (3) that the defendants caused harm to a Minnesota resident. Plaintiff's first statement is a conclusory assertion that is belied by his complaint, which alleges that Steele is a resident of Illinois, that Prenda is an Illinois law firm and that AF Holdings and Ingenuity13 are Steele's alter egos. Plaintiff's second statement fails to rebut Steele's assertion that irrespective of

whether filing cases is an event giving rise to a claim, only an exceedingly small percentage of cases filed nationwide by either of the Defendants were filed in Minnesota. Plaintiff's final statement misses the point that a "substantial part of the events" refers to the *Defendants'* acts, not where Plaintiff suffered harm.

In his next paragraph, Plaintiff asserts that: (1) Steele Hansmeier PLLC is a Minnesota-based limited liability company, (2) that one of Prenda's principals lives in Minnesota and (3) that a Minnesota citizen appeared as a 30(b)(6) deponent on behalf of AF Holdings. Plaintiff's first statement is simply incorrect. Steele Hansmeier PLLC was organized under the laws of the State of Minnesota, but its headquarters was located at 161 North Clark St., Chicago, Illinois 60601. The Court can take judicial notice of this fact by reference to pleadings filed by Steele Hansmeier nationwide. Plaintiff's statement that a "principal"[1] of Prenda Law lives in Minnesota is completely unsupported. The Illinois Secretary of State's website shows that Paul Duffy is and always has been Prenda Law's sole principal. Finally, the notion that a Minnesota citizen appeared as a 30(b)(6) deponent in one matter does not guarantee that AF Holdings would make the same designation in this matter.

Plaintiff's next paragraph asserts that witnesses could be called to testify in Minnesota and specifically references Mark Lutz and John Steele. Yet, both of these individuals reside outside of the Court's subpoena power and thus cannot, in fact, be compelled to appear. Plaintiff himself notes that Mr. Lutz appeared for a case

---

[1] Plaintiff does not define his usage of the term "principal", which is a vague term that is capable of many meanings.

management conference in this district, but could not be compelled to testify at a subsequent hearing. The bottom line in this regard is that all of the relevant actors, including John Steele, Paul Duffy, Mark Lutz and all of the relevant information, including Prenda Law's books and records are connected to Illinois, not Minnesota.

Finally, Plaintiff attempts to rebut Steele's assertion that the Hennepin County case has been neglected. The case has been pending for nearly one year, and the sum total of Plaintiff's activities are as follows: (1) serve complaints on Steele and Prenda Law with accompanying interrogatories and requests for admission; (2) seek default judgment against Prenda Law; and (3) serve two third-party subpoenas *duces tecum*. That is it.

Finally, Plaintiff continues his practice of making vague conclusory statements that are not sufficient as discussed in Steele's Motion to Transfer Venue. For example, Plaintiff's conclusion that Steele Hansmeier, PLLC was a predecessor law firm to Prenda Law, Inc. is not a sufficient allegation. An example of a more appropriate allegation conforming to the specificity requirement discussed in Steele's Motion to Transfer Venue might be: "On Date mm/dd/yyyy, Steele Hansmeier PLLC filed a notice of name change with the Illinois Secretary of State to change the company name to Prenda Law, Inc." While the former is nothing more than Plaintiff's wishful thinking devoid of any citation or evidence, the latter—if true—would be a proper allegation. The simple reason that Plaintiff does not make proper allegations that that are specific enough to comport with the guidelines discussed in Steele's Motion to Transfer Venue is that the facts do not support Plaintiff's narrative.

## CONCLUSION

Defendant Steele asks this Court to grant his Motion to Transfer Venue

Dated: October 30, 2013

/s John Steele
*Pro se*
1111 Lincoln Road Suite 400
Miami Beach, Florida 33139