

RECEIVED

NOV - 8 2013

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

ALAN COOPER,

       *Plaintiff,*

    v.

JOHN LAWRENCE STEELE,
PRENDA LAW, INC., AF HOLDINGS,
LLC, INGENUITY13, LLC

      *Defendants.*

CASE NO. 13-CV-02622 (SRN/LIB)

## DEFENDANT JOHN STEELE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

The sole point of contention between Plaintiff and John Steele ("Steele") in relation to Plaintiff's Motion to Remand is whether removal was timely under 28 U.S.C. § 1446(b)(3). Plaintiff claims that Steele had actual or constructive notice of the amount-in-controversy as far back as on May 17, 2013, yet he is unable to cite to any evidence or case law in support of his argument. Accordingly, Plaintiff's motion to remand is without merit and the Court should deny it.

### BACKGROUND

**1. The State Court Action**

Steele was served with Plaintiff's complaint on January 25, 2013. The complaint did not specify an amount-in-controversy and Plaintiff does not contend otherwise. Steele



SCANNED

NOV - 8 2013

U.S. DISTRICT COURT MPLS

timely filed an answer and counterclaims.[1] On May 6, 2013, Plaintiff filed 10 documents with the state court. The first nine are listed below:

| Name of document | Asks for monetary damages ? |
|---|---|
| Notice of Motion | (No claim for monetary damages made) |
| Motion for Default | (No claim for monetary damages made) |
| Memorandum in Support | (No claim for monetary damages made) |
| Supporting Exhibits | (No claim for monetary damages made) |
| Affidavit of No Answer | (No claim for monetary damages made) |
| Identification [sic] | (No claim for monetary damages made) |
| Non-Military Status | (No claim for monetary damages made) |
| Proof | (No claim for monetary damages made) |
| Costs and Disbursements. | (No claim for monetary damages made) |

Plaintiff contends that he served the first nine documents on Steele by e-mail and mail. (*See, e.g.,* ECF No. 1-2 at 72) (certificate of service listing documents served on Steele via mail.) While Steele strongly disputes that he received any of these documents, that is ultimately beside the point. What is uncontroverted is that none of the nine documents Plaintiff actually claims to have sent Steele establishes an amount-in-controversy. Plaintiff does not contend otherwise.

The 10th document that Plaintiff filed on May 6, 2013—and that he does *not* contend to have served upon Steele—is the following:

| Name of document | Asks for monetary damages ? |
|---|---|
| Proposed Findings and Order | **DOES** claim monetary damages |

---

[1] A portion of Steele's counterclaims relating to Plaintiff's theft of Steele's property is now moot as Plaintiff returned a portion of the property shortly after the police began investigating the theft.

(ECF No. 1-2 at 74 ¶ 2.) In short, of the ten documents Plaintiff filed on May 6, 2013, the only one he did not send to Steele was the document establishing an amount-in-controversy.

While subsequent documents were filed in connection with the default judgment proceedings, irrespective of whether they establish an amount-in-controversy, the certificates of service associated with these documents establish that they were never served on Steele. (*See, e.g.,* ECF No. 1-3 at 8) (noting service on Prenda Law, Inc., but not Steele.) Attorney Godfread's affidavit states that he e-mailed Steele on May 17, 2013, with courtesy copies of the "attachments of all documents [he] filed in conjunction with the motion for default." (ECF No. 12.) Exhibit A to Godfread's affidavit is simply the transmittal e-mail, and does not specify the documents that were sent. Further, even if any of these unidentified documents established an amount-in-controversy (and there is no evidence in the record that they did), an electronic courtesy copy does not trigger the 30-day window for removal under 28 U.S.C. § 1446(b)(3). *See, e.g., Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (holding that transmission of a "courtesy copy" by facsimile was not "service or otherwise" for purposes of starting the 30-day removal window).

On September 13, 2013, state court Judge Alton issued an order denying Plaintiff's motion for Default Judgment. (ECF No. 148.) In its order, the court stated:

> Second, Plaintiff's Counsel requests additional time to conduct discovery in order to prove his client's damages.
>
> Third, Plaintiff's Counsel seeks leave from the Court in order to amend his Complaint to allow for punitive damages.

3

It was shortly after that order was issued, and a copy of Judge Alton's order was sent to him, that Steele became aware that Plaintiff was seeking monetary damages, Steele filed a timely Notice of Removal to this Court. Plaintiff does not dispute that the amount in controversy exceeds $75,000.

**2. John Steele's relationship with Steele Hansmeier, PLLC and Prenda Law, Inc.**

Steele Hansmeier, PLLC ("SH") is a law firm that was incorporated in late 2010 and whose principal place of business during its entire existence was located in Chicago, IL. The incorporation documents list John Steele and Paul Hansmeier as the only owners or officers of SH. SH never filed a single case in Minnesota. It had an EIN number issued by the Internal Revenue Service to SH. SH was properly registered with the Illinois Attorney Registration and Disciplinary Committee ("ARDC") as a law firm practicing in Illinois and listed John Steele as one of its owners. SH was closed in late 2011. There is no record of any sale, merger or continuation of SH to any other entity or individual.

Prenda is a law firm incorporated on November 7, 2011. The incorporation documents for Prenda list the only owner or officer to be Paul Duffy, an Illinois resident that is licensed to practice law in the state of Illinois, but not in the state of Minnesota. The Illinois Secretary of State shows that the only owner or officer of Prenda during its existence was Paul Duffy. The business address for Prenda Law was 161 N. Clark St., Suite 3200, Chicago IL, 60601. Prenda has never had any offices in any other state. Prenda's EIN number issued by the Internal Revenue Service and the number used for all

4

of its tax and payroll documentation was unrelated in any way to SH.  Prenda was properly registered with the Illinois Attorney Registration and Disciplinary Committee as a law firm practicing in Illinois and listed Paul Duffy as the only owner.  Paul Duffy has testified numerous times that he was the only owner of Prenda.  Prenda filed for dissolution on July 26, 2013.  According to Paul Duffy, John Steele and the Illinois Secretary of State, John Steele has never held a position as an officer or owner of Prenda.  Steele did appear as 'of counsel' to Prenda on a small number of cases for the limited purpose of appearing for approximately 5 oral arguments.

On April 2, 2013, the Honorable Judge Wright in the Central District held a 12-minute hearing at which no evidence or testimony was taken.  On May 6, 2013, Judge Wright issued an order based on the April 2, 2013 hearing.  That order is currently under appeal to the Ninth Circuit Court of Appeals and has already been abrogated, in part.

## ARGUMENT

### 1.   REMOVAL IS TIMELY

Plaintiff argues that Steele's Motion for Removal filed on September 24, 2013 is untimely and should be denied under 28 U.S.C. § 1446.  Steele agrees with Plaintiff that 28 U.S.C. § 1446(b)(3) is the controlling law:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper from which it may first be ascertained that the case is one which is or has become removable.**

28 U.S.C. § 1446(b)(3) (emphasis added).

In many cases, the date a complaint is served marks the start of the thirty day removal window.  However, that is not always true. In this matter, the final clause in 28 U.S.C. § 1446(b)(3) is operative. The statute is clear that a defendant has 30 days from the date that Defendant receives an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiff does not argue that Steele could not have known the amount in controversy was in excess of $75,000 based on Plaintiff's complaint. Plaintiff then claims that on or about May 6, 2013, Steele should have been aware that he was seeking more than $75,000 in damages. But that is simply not true and is belied by the record.

On or about May 6, 2013, Plaintiff claims he filed several documents with the Court in support of his motion for default judgment.  On the same day, Plaintiff filed a Certificate of Service regarding which documents he served upon Steele.[2]  The complete list of documents Plaintiff swears he served upon Steele are as follows: Notice of Motion, Motion for Default, Memorandum in Support, Supporting Exhibits, and Affidavit of No Answer, Indentification [sic], Non-Military Status, Proof, and Costs and Disbursements. None of those documents list any demand for damages over $75,000.  Thus, by his own admission, attorney Godfread did not send any documents to Steele that asked for damages in excess of $75,000 on May 6, 2013.

There is one document filed on May 6, 2013 that Attorney Godfread admits in his certificate of service that he did not send to Steele. That document is titled "Proposed

---

[2] Steele disputes having received any documents from Attorney Godfread listed on the Certificate of Service, but that is not relevant for this analysis.

Findings and Order". The Proposed Findings and Order have one very important request in it that none of the other documents did. This important and unique aspect to the Proposed Findings and Order is that it is the very first time that Plaintiff requests any damages whatsoever, let alone damages in excess of $75,000. This Court may take judicial notice that of all the documents filed by Attorney Godfread on May 6, 2013, the only pleading Attorney Godfread failed to send out to Steele—according to his own certificate of service—is the one document that asks for monetary damages. So even by Attorney Godfread's admission, Steele never received a pleading with a request for damages in excess of $75,000 from Plaintiff.

Mr. Godfread's behavior also tends to show he was 'hiding the ball' from Steele by hiding Plaintiff's demand for damages. On several occasions in July 2013, Steele spoke with Attorney Godfread regarding several issues relating to Plaintiff's illegal actions taken on Steele's property. On multiple occasions, Steele asked Attorney Godfread, "Are there any other issues pending?" Attorney Godfread purposely failed to mention that he was seeking $4.6 Million dollars in a pending default judgment against Steele.

Steele was finally made aware that there were matters pending before Judge Alton shortly after September 13, 2013, when the court issued an order denying Plaintiff's Motion for Default Judgment. Upon reading the order, it became clear that at some point, Plaintiff had gone beyond the relief sought in his complaint. When Steele learned of Plaintiff's attempt to get a default judgment against him, he asked an associate to obtain the entire file in the case. Steele was shocked to discover that Plaintiff, a man whom he

7

had given free room and board to for six years, was now suing him for $4.6 Million dollars. Steele immediately began preparing to remove the case to Federal Court and filed his Notice of Removal on September 23, 2013, less than 10 days after learning of Plaintiff's demand for monetary damages.

By way of background, Attorney Godfread had multiple conversations with Steele in 2012. Attorney Godfread informed Steele that he represented Plaintiff in any matter relating to Steele's claim against Plaintiff. The majority of each conversation related to Plaintiff's theft of Steele's property from his land, the destruction of Steele's cabin, and various other legal causes of action Steele was alleging against Plaintiff. During every single one of those conversations, Attorney Godfread would raise his client's demand that he no longer be associated any longer with AF or I13.[3]  At no time did Attorney Godfread indicate that Plaintiff believed he had suffered any damages or that he was seeking damages against Steele, Prenda, SH, AF, or I13. According to Attorney Godfread, his client was interested solely in injunctive relief preventing AF or I13 from holding his client out to be the CEO of those entities. Steele informed Attorney Godfread that he was not aware of anyone holding Plaintiff out to be the CEO of either AF or I13 and referred him to Mark Lutz, the manager of both entities.

## III.   PLAINTIFF'S IMPUTED KNOWLEDGE THEORY IS BASELESS

Recognizing his inability to demonstrate that Steele was on notice of the amount-in-controversy through "service or otherwise", Plaintiff resorts to labeling Steele a "principal" of Prenda Law and arguing that Prenda Law's notice of the amount-in-

controversy can be imputed to Steele. There are three fundamental problems with this argument.

*First*, Plaintiff appears to misapprehend the meaning of "principal", as it is used in agency law, which defines agency as the:

> fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents to so act.

*See, e.g.,* Restatement (Third) of Agency § 1.01. Here, Plaintiff appears to be using the term "principal" to mean founder or officer, not a member of an agency relationship. To use an example, service of process on a corporation, would not be sufficient to obtain jurisdiction over its chief executive officer, notwithstanding that the executive would be a "principal", as Plaintiff uses the term.

*Second*, Plaintiff fails to cite to any authority for the proposition that service on a corporation constitutes "service or otherwise" for the purposes of 28 U.S.C. § 1446. To the contrary, there is nothing in the statute or otherwise that would indicate this concept has any validity.

*Third,* Plaintiff fails to point to a single piece of actual evidence to support his conclusory statement that Steele is a principal of Prenda Law, Inc. Prenda Law was incorporated under the laws of Illinois, is listed on the website of the Secretary of State of Illinois, obtained an EIN number from the IRS, had employees, ran payroll, registered with the ARDC, opened bank accounts, wrote checks, and conducted litigation in hundreds of cases. Yet, Plaintiff fails to allege <u>one</u> document or verifiable piece of

9

evidence that Steele ever had an ownership interest in Prenda. Surely if Steele owned a law firm that litigated in state and federal courts, there must be some document to that effect. Yet Plaintiff fails to even <u>allege</u> a single fact that would prove Steele owns Prenda. Plaintiff's resorting to conclusory statements rather than specific allegations of such a simple question is telling.

Finally, Plaintiff continues his practice of making vague conclusory statements that are not sufficient as discussed in Steele's Motion to Transfer Venue. For example, Plaintiff's conclusion that Steele Hansmeier, PLLC was a predecessor law firm to Prenda Law, Inc. is not a sufficient allegation. An example of a more appropriate allegation conforming to the specificity requirement discussed in Steele's Motion to Transfer Venue might be: "On Date mm/dd/yyyy, Steele Hansmeier PLLC filed a notice of name change with the Illinois Secretary of State to change the company name to Prenda Law, Inc." While the former is nothing more than Plaintiff's wishful thinking devoid of any citation or evidence, the latter—if true—would be a proper allegation. The simple reason that Plaintiff does not make proper allegations is that the facts do not support Plaintiff's narrative.

## IV.   PLAINTIFF'S ARGUMENTS REGARDING THE SEPTEMBER ORDER ARE SELF-DEFEATING

Plaintiff argues that the September 13, 2013, order issued by the state court contains no information relating to the amount in controversy. Because of this, Plaintiff argues, the 30 day removal time period has not started running. Regardless of whether

this is true, Plaintiff does not dispute that the amount in controversy exceeds $75,000. If

the thirty-day window has not started to run, then removal would still be timely.

## CONCLUSION

Defendant Steele asks this Court to deny Plaintiff's Motion For Remand.

Dated: November 8, 2013

/s John Steele
*Pro se*
1111 Lincoln Road Suite 400
Miami Beach, Florida 33139