UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alan Cooper, | Court File No. 13-cv-02622 (SRN/LIB) |
| Plaintiff, | |
| v. | MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| John Lawrence Steele, Prenda Law, Inc., AF Holdings, LLC, Ingenuity13, LLC. | |
| Defendants. | |

INTRODUCTION

Defendant's Motion To Dismiss (Doc. 17) must be denied for several reasons. First, it is improper because it was brought after an untimely removal that was based on knowing misstatements of fact, specifically that Steele did not know the amount in controversy until September, rather than May 2013. Second, it is untimely and in violation of Rule 12 because it was brought after the filing of an answer. Third, it does not state any reasonable legal basis to dismiss any of the allegations in the Complaint.

The general standard for prevailing on a motion to dismiss is that the complaint has not plead a plausible claim for relief. The Complaint contains not only specific factual allegations, but also several exhibits pointing to exactly what was misappropriated and how. In particular, the Exhibits show

1

where Alan Cooper's name and identity was used and for what purpose, specifically to conceal Steele's involvement as a principal of AF Holdings, Ingenuity13, and Prenda Law. Defendant Steele's Motion To Dismiss fails to raise any serious argument that could show there was not a plausible claim for relief based on his blatant and repeated misconduct. Additionally, his Motion misstates the law in several respects, including adding elements to claims that are expressly not required by statute.

## FACTUAL BACKGROUND AND RELEVANT PUBLIC RECORD

Defendant Steele's motion is frivolous because many of the factual allegations in the Complaint have now been found to be true by more than one court. On May 6, 2013, Judge Otis Wright in the Central District of California found that Steele and the other principals of Prenda Law, Inc. had stolen Cooper's identity for their own purposes. *Ingenuity13, LLC v. John Doe,* 12-cv-8333-ODW-JC [Doc. 130] (C.D.Cal.). Directly relevant to the claims alleged in Alan Cooper's Complaint, Judge Wright found that:

> Steele, Hansmeier, and Duffy ("Principals") are attorneys with shattered law practices. Seeking easy money, they conspired to operate this enterprise and formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy. *Id.* at 3-4.
>
> AF Holdings and Ingenuity 13 have no assets other than several copyrights to pornographic movies. There are no official owners or officers for these two offshore entities, but the

Principals are the de facto owners and officers. *Id.* at 4.

The Principals started their copyright-enforcement crusade in about 2010, through Prenda Law, which was also owned and controlled by the Principals. Their litigation strategy consisted of monitoring BitTorrent download activity of their copyrighted pornographic movies, recording IP addresses of the computers downloading the movies, filing suit in federal court to subpoena Internet Service Providers ("ISPs") for the identity of the subscribers to these IP addresses, and sending cease-and-desist letters to the subscribers, offering to settle each copyright infringement claim for about $4,000. *Id.*

This nationwide strategy was highly successful because of statutory copyright damages, the pornographic subject matter, and the high cost of litigation. Most defendants settled with the Principals, resulting in proceeds of millions of dollars due to the numerosity of defendants. These settlement funds resided in the Principals' accounts and not in accounts belonging to AF Holdings or Ingenuity 13. No taxes have been paid on this income. *Id.*

. . .

The Principals maintained full control over the entire copyright-litigation operation. The Principals dictated the strategy to employ in each case, ordered their hired lawyers and witnesses to provide disinformation about the cases and the nature of their operation, and possessed all financial interests in the outcome of each case. *Id.* at 5.

The Principals stole the identity of Alan Cooper (of 2170 Highway 47 North, Isle, MN 56342). The Principals fraudulently signed the copyright assignment for "Popular Demand" using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings. Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele. There is no other person named Alan Cooper related to AF Holdings or Ingenuity 13. *Id.*

3

> Plaintiffs have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared. Plaintiffs' representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies. But this deception was calculated so that the Court would grant Plaintiffs' early-discovery requests, thereby allowing Plaintiffs to identify defendants and exact settlement proceeds from them. With these granted requests, Plaintiffs borrow the authority of the Court to pressure settlement. *Id.*

The above findings of fact show that Defendants did misappropriate Plaintiff's name for their own financial benefit. Additionally, because Defendants have been willing to obscure, misrepresent, or otherwise lie about their operations, relationships, and financial interests, Plaintiff has had to respond to assertions from Defendants that simply have no basis in fact.

After learning of the findings made by Judge Wright, Magistrate Judge Noel in the District of Minnesota reopened AF Holdings cases that had been assigned to him[1] and held an evidentiary hearing on September 30, 2013 to determine whether the same copyright assignment agreements bearing a purported signature of "Alan Cooper" on behalf of AF Holdings were fraudulent and whether the court had been a victim of that fraud. On November 6, 2013, Magistrate Judge Franklin Noel issued an Order stating that "the Court concludes that AF Holdings used fraudulent copyright-

---

[1] *AF Holdings v. John Doe,* 12-cv-1445, *AF Holdings v. John Doe,* 12-cv-1446, *AF Holdings v. John Doe,* 12-cv-1447, *AF Holdings v. John Doe,* 12-cv-1448, *AF Holdings v. John Doe,* 12-cv-1449.

assignment agreements, attached to each complaint in all five of the instant cases, in order to expedite discovery and leverage settlement agreements." *AF Holdings, LLC v. John Doe*, 12-cv-1449 [Doc. 83] (D. Minn.).

Those findings of fact should be considered here as well because they are part of the public record and demonstrate that the factual allegations in the Complaint easily exceed the "plausible" and are now essentially proven as true. Defendants did in fact conspire to use Plaintiff's name for their own benefit.

## PROCEDURAL BACKGROUND

Plaintiff Alan Cooper served his Complaint against Defendant Steele on January 25, 2013 and then filed it in Hennepin County District Court. Steele answered and asserted counterclaims on February 14, 2013. Defendant Prenda Law, Inc. was served on March 18, 2013. Defendants AF Holdings, LLC and Ingenuity13, LLC have not been served and are believed by Plaintiff to be fictional and non-existent except as nominal plaintiffs in hundreds of copyright lawsuits brought by Defendants Steele and Prenda. On September 13, 2013, Hennepin County Judge Ann Alton denied Plaintiff's motion for default against Defendant Prenda, but granted Plaintiff's request to amend the Complaint adding claims for punitive damages against all parties. Before an amended complaint was filed, Defendant Steele removed this case to federal court and moved to transfer

the case to the Northern District of Illinois. On October 18, 2013, Defendant Steele brought this Motion To Dismiss.

## ARGUMENT

**I.   THE MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE CASE MUST BE REMANDED TO HENNEPIN COUNTY DISTRICT COURT**

Defendants' motion to dismiss should be denied because the case was improperly removed to this Court. Defendant Steele removed this case well after the required 30 day deadline imposed by 28 U.S.C. § 1446(b)(3). As argued more fully in Plaintiff's Motion To Remand, Steele's filing was untimely and improper. (Doc. 11). As Defendant Steele's untimely removal should result in remand to Hennepin County, this motion to dismiss, in addition to being without merit, should be denied as moot upon the granting of Plaintiff's Motion to Remand.

**II.   LEGAL STANDARD FOR MOTIONS TO DISMISS**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual information to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). In reviewing a motion to dismiss, the Court must take all facts alleged in the complaint to be true and grant all reasonable inferences in favor of the non-moving party.

*Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010). "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove **no set of facts in support of a claim entitling him to relief.**" *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001) (emphasis added).

When reviewing a motion to dismiss, a court may consider the Complaint as well as other materials "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Additionally, a court may consider materials that are part of the public record or that do not contradict the complaint. *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1357 at 199 (1990) (a court may consider matters of public record).

Under the relevant case law, Defendant's motion to dismiss should be denied because the allegations in the Complaint, taken as true, along with its Exhibits, and public records such as the findings of fact and orders cited above, state a plausible claim for relief under Minnesota law. Defendant cannot pick and chose factual allegations to label as conclusory to avoid liability. Nor can Defendant properly ignore the Exhibits or public records

7

in related cases in order to more narrowly read the pleadings. Under any reading of the Complaint full, Defendant's motion must be denied.

### III. DEFENDANT'S MOTION SHOULD BE DENIED AS UNTIMELY

Defendant's motion should be denied, regardless of its merits, because it does not comply with Rule 12. Under Fed. R. Civ. P. 12(b), a motion asserting a failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Defendant served his answer on February 14, 2013 and did not file this Motion until October 18, 2013. Defendant's Motion was filed eight months after the Answer, not before the Answer as Rule 12 requires. Defendant's Motion should therefore be denied as untimely.

### IV. DEFENDANT FAILS TO ALLEGE A PROPER BASIS TO DISMISS ANY OF PLAINTIFF'S CLAIMS

#### a. COOPER HAS ADEQUATELY PLEAD A MISAPPROPRIATION CAUSE OF ACTION

Under Minnesota law, a claim for invasion of privacy by misappropriation requires an allegation that a defendant "appropriates to his own use or benefit the name or likeness of another." *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998). Here, the Complaint sets forth the particular way that Defendants have misappropriated Plaintiff's

name and provides specific examples of that misappropriation in the Exhibits. Defendants used Plaintiff's name on a multitude of court documents to conceal their own financial interest in hundreds of cases. Defendants received the benefit of obscuring their tangled web of relationships and in doing so exposed Plaintiff to the harm of being associated with operations that courts have now correctly deemed to be fraudulent. Cooper's reputation was used and abused by Defendants for their own benefit.

Defendant Steele misrepresents both law and fact in his motion to dismiss. First, there is no uncertainty that the "Alan Cooper" name referenced in the offending documents was meant to be Plaintiff. Defendant injects this "uncertainty" by ignoring the Exhibits and the public record and adding his own speculation. Plaintiff's allegation in the Complaint at paragraph 41 that "Defendants have never identified another person by the name of Alan Cooper who could plausibly have signed the documents shown as Exhibit A or Exhibit B," is merely added to clarify that this series of unusual facts was *not* a mere coincidence. Paragraph 41 is also meant to show that Defendants did not offer any explanation for the apparent fraud once exposed.

Defendant's argument that the name "Alan Cooper" is somehow generic (Doc. 17 at 3), is simply without merit. Plaintiff and Defendant had a prior

9

relationship in the form of the caretaker agreement. Defendant Steele and Prenda Law represented (and owned) companies who offered documents bearing the name "Alan Cooper." Cooper further alleged that Steele had told him about his litigation scheme and that he could be contacted regarding various companies. (Compl. ¶¶ 10, 11, 17). Additionally, Defendant Steele himself has testified under oath that it was Plaintiff's name appearing on the documents, making the factual assertions or conjecture in his motion particularly disingenuous.[2] Steele cannot in good faith argue that the Complaint fails to adequately describe the facts that support the claims in the Complaint.

Defendant's theory that it could be any "Alan Cooper" fails as a matter of law because Defendant must show that plaintiff can prove **no set of facts in support of a claim entitling him to relief,** not merely that there is a

---

[2] *See* November 6, 2013 Order *AF Holdings, LLC v. John Doe* 12-CV-1449 (D.Minn.) at 7 (citations to hearing transcript). "Steele testified that he introduced Cooper to Mark Lutz, the sole principal of AF Holdings. Steele testified that the introduction occurred via telephone. Specifically, Steele testified that after calling Lutz on March 18, 2011, he handed the phone to Cooper who spoke to Lutz. *Id.* at 7:1-8. Steele only heard Cooper's side of the conversation. *Id.* Steele testified that he also heard Cooper's side of a November 2011 conversation with Lutz. *Id.* Steele described Lutz as the controlling member of AF Holdings and testified that he understood Cooper to be working with Lutz in the capacity of "a helper." *Id.* at 8:16-21.
Based upon Cooper's side of these two conversations, Steele testified that it was his "understanding that he [Cooper] had given authority to Mark and his people if he wasn't available, that he could sign the various documents as long as he understood what the document related to . . . ." *Id.* at 7:21-25, 8:1-3. Finding Steele's testimony regarding his "understanding" of an agreement between Cooper and Lutz to be vague, the Court asked directly, "Did you hear Mr. Cooper give Mr. Lutz authority or permission to sign his name to documents?" Steele replied "yes." *Id.* at 7:9-11. The Court expressly disbelieves Steele's testimony in this regard."

10

hypothetical possibility that Plaintiff is incorrect. *See Young,* 244 F.3d 623 at 627. This failed argument coupled with the subsequent findings of fact by Judge Wright and Magistrate Judge Noel make Defendant's arguments and factual assertions completely frivolous.

### b. COOPER HAS ADEQUATELY PLEAD A DECEPTIVE TRADE PRACTICES CAUSE OF ACTION

Plaintiff's claims were plead with sufficient particularity because between the Complaint and its Exhibits, we know the "who, what, where, when, and how" of the alleged deceptive acts. *See Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). The Complaint and its Exhibits show specific documents bearing Plaintiff's name which Plaintiff did not authorize. The Complaint and its Exhibits also include signing and filing dates of the documents, courts in which the Exhibit documents were filed, descriptions of the cases, who filed those documents, what the Defendants' responses were when confronted with the alleged fraud, as well as descriptions of the purpose of the documents. It is simply not true that the Complaint fails to meet the pleading standards for the Minnesota Deceptive Trade Practices Act.

Plaintiff's name appeared without authorization on copyright assignment agreements and other documents related to Defendants' litigation. Defendants who are a lawyer, his law firm, and the fictitious

11

clients who are owned and controlled by that lawyer and law firm cannot plausibly claim that *litigation* was not a part of their "business, vocation, or occupation." *See* Minn. Stat. § 325D.44 subd. 1.  Defendant's theory that Cooper should be required to more accurately describe the services with which he is not involved is not reasonable, nor is it required by the Minnesota Deceptive Trade Practices Act. It is sufficient to plead, as Plaintiff has, that Defendants used his name to conceal their own association with whatever services were being offered by AF Holdings, Ingenuity13, and Prenda, including the litigation itself. Whether Defendants violated the Act does not depend a more precise definition of the "services" Defendants were offering.

Defendant also asserts that Plaintiff did not allege that he was a consumer or competitor, though Defendant does not suggest why this is a requirement for liability under the Minnesota Deceptive Trade Practices Act. This is because no such requirement exists. The statute in relevant part reads:

> A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:
> . . .
> (2)   causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
> (3)   causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

> . . .
>
> (5)   represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;
>
> . . . or
>
> (13)   engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.
>
> Subd. 2. **Proof.**
>
> In order to prevail in an action under sections 325D.43 to 325D.48, *a complainant need not prove competition between the parties* or actual confusion or misunderstanding.

Minn. Stat. § 325D.44. (emphasis added)

Here, Defendant adds elements that do not appear in the statute without reason or explanation. Furthermore, it is an element that is expressly **not required** by the statute. Simply put, Plaintiff and Defendants do not have to be competitors for a Deceptive Trade Practices Act claim. *See* Minn. Stat. § 325D.44, subd. 2. A party seeking relief based on an improper suggestion of affiliation, sponsorship, or approval would not need to be a consumer or competitor. Under the plain language of the Act, Plaintiff has a right not to be falsely affiliated or associated with Defendant, which is precisely what has been alleged.

Finally, Defendant's assertion that no one has been deceived by the use of the name "Alan Cooper" is simply not true. On this point, we have

the findings and conclusions of Judge Wright and Magistrate Judge Noel showing that at a minimum, the federal courts were deceived and defrauded. *See Ingenuity13, LLC v. John Doe*; *AF Holdings, LLC v. John Doe*.

### c. PRENDA, AF HOLDINGS, AND INGENUITY13 ARE ALTER EGOS OF STEELE

The pleading requirements Defendant seeks to impose are absurd. Defendant suggests that without details of a specific agreement between the Defendants, a civil conspiracy claim is not adequately plead. (Doc. 17 at 6). If we were to accept the standard suggested by Defendant, no civil conspiracy claim could succeed unless there was an actual document, found by the Plaintiff, that set forth in detail how a conspiracy to commit forgery and defraud others was to be carried out. It would not be surprising if such a document did not in fact exist, but that alone cannot defeat a civil conspiracy claim. Defendants' coordinated activities can be inferred from their interrelationships. It cannot be that a Plaintiff would be held to the standard of knowing in advance of discovery the specific details of a conspiracy such as the one described in the Complaint.

However, even with the fairly high standard proposed by Defendant, there are still allegations in the Complaint as to how the conspiracy was carried out and specifically there are Exhibits showing how Plaintiff was falsely shown to be an officer or director of AF Holdings and Ingenuity13.

In addition, there are now findings of fact that help establish that there was a conspiracy.

## CONCLUSION

For the reasons stated above, Plaintiff Alan Cooper respectfully requests that this Court deny Defendants' Motion to Dismiss. This case was improperly removed, the Motion is untimely under Rule 12, and is furthermore without any merit. For any or all of these reasons, the Motion to Dismiss is properly denied.

Date:  November 8, 2013

By:  s/Paul A. Godfread
PAUL A. GODFREAD (0389316)
paul@godfreadlaw.com
100 South Fifth Street, Suite 1900
Minneapolis, MN  55402
Telephone:  (612) 284-7325
*Attorney for Plaintiff Alan Cooper*

## CERTIFICATE OF SERVICE

I hereby certify that all parties who have consented to service through ECF have been served and Defendant Steele has been served via first class mail at:

John L. Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139

Email courtesy copies have been provided via the last known email address of each party.

Date: November 8, 2013                    s/Paul Godfread
                                          Paul A. Godfread (0389136)