## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

ALAN COOPER,

      *Plaintiff,*

    v.

JOHN LAWRENCE STEELE,
PRENDA LAW, INC., AF HOLDINGS,
LLC, INGENUITY13, LLC

      *Defendants.*

CASE NO. 1:13-CV-02622 (SRN/LIB)

### REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT JOHN STEELE'S MOTION TO DISMISS

### I.  INTRODUCTION

Plaintiff Alan Cooper's response to Defendant John Steele's Motion to Dismiss does not address the merits of Steele's Motion to Dismiss. Instead, it discusses third-party cases—currently under appeal or stayed by higher courts—as if a discussion of the findings in those cases has any relevance to whether Plaintiff has stated a claim. Plaintiff cites to those cases for the proposition that his allegations are true, but on a motion to dismiss, the truthfulness of Plaintiff's allegations are assumed. The question before the Court is whether Plaintiff's allegations, if true, state a claim upon which relief may granted. They do not, and Plaintiff does not show otherwise.



SCANNED

NOV 2 2 2013

## II.   ARGUMENT

### A.   Plaintiff's Arguments Regarding Remand Are Inapposite

Plaintiff's leading argument in opposition to Steele's Motion to Dismiss is that the case must be remanded. Steele hereby incorporates by reference his opposition to the Plaintiff's Motion to Remand.

### B.   Steele's Motion Is Not Untimely.

Steele's Answer to Plaintiff's complaint was never filed with the Minnesota State Court and is not part of the record before this Court. Regardless, if this Court deems Steele's answer part of the record then it may simply entertain Steele's motion to dismiss as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

### C.   Plaintiff Has Not Pled A Misappropriation Cause of Action

Steele challenged Plaintiff's invasion of privacy claim on the ground that Plaintiff did not allege (and could not allege) that Steele misappropriated the "reputation, prestige, social or commercial standing, public interest or other values of Plaintiff's name or likeness," rather than the generic name "Alan Cooper." Defendant did not address Steele's argument, but instead argued, "Steele had told him about his ligation scheme and that he could be contacted regarding various companies." (ECF No. 23 at 10.) Being "told" about "schemes" is not relevant to the legal standard governing stating a claim for invasion of privacy. *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231 (Minn. 1998). Instead, Plaintiff must allege that some aspect of his persona was misappropriated by Steele. Plaintiff has failed to do so.

**D.     Plaintiff Has Not Pled A Deceptive Trade Practices Claim**

Steele challenged Plaintiff's MDTPA claim on the grounds that it failed to conform with the heightened pleading standards prescribed by Federal Rule of Civil Procedure 9(b). *See, e.g., E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665 (8th Cir. 2012). Without citing to a single of paragraph of his Complaint, Plaintiff states that he did, in fact, plead the "who, what, where, when and how" of the alleged deceptive acts. (*See* ECF No. 23) (citing "*Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)).

Plaintiff leaves completely unaddressed Steele's attacks regarding the "good or service" that Steele apparently provided, the question of whom was deceived, and the question of "how" anyone was deceived by the appearance of Cooper's name in relation to acknowledging assignments on behalf of a third-party company. He does not (and could not), for example, allege that the counterparty to the assignment was deceived. Instead, he creates a straw man argument regarding whether a complainant need prove competition between the parties. Plaintiff's straw man is irrelevant to Steele's arguments.

**E.     Plaintiff Has Not Pled An Alter Ego Claim**

Plaintiff complains that the pleading requirement established in *Iqbal* are, "absurd." (ECF No. 23 at 14.) That is not for Plaintiff or Steele to judge. The pleading requirements are what they are, and simply parroting the generic legal elements of a claim is insufficient to establish civil conspiracy or alter ego liability.

3

## III.   CONCLUSION

For the reasons set forth above, Plaintiff has failed to allege a claim for which relief should be granted, and his entire Complaint should be dismissed with prejudice.


Dated: November 22, 2013

/s John Steele
*Pro se*
1111 Lincoln Road Suite 400
Miami Beach, Florida 33139