UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alan Cooper, | Court File No. 13-cv-02622 (SRN/LIB) |
| Plaintiff, | |
| v. | NOTICE OF SUPPLEMENTAL AUTHORITY |
| John Lawrence Steele, Prenda Law, Inc., AF Holdings, LLC, Ingenuity13, LLC. | |
| Defendants. | |

Plaintiff Alan Cooper brings this Notice of Supplemental Authority to further support his Motion for Remand [Doc. 9], filed on October 15, 2013.

On November 27, Judge G. Patrick Murphy of the U.S. District Court for the Southern District of Illinois issued a Memorandum and Order in *Lightspeed Media v. Smith*,[1] sanctioning defendant John Lawrence Steele, and Paul Hansmeier who appears as counsel for Prenda Law in this action. A copy of that Order and Memorandum is attached as Exhibit A. In *Lightspeed*, defendants had moved for an award of fees and costs against Steele, Hansmeier, the Prenda Law firm and other attorneys who had

---

[1] *Lightspeed Meda Corp. v. Smith, et al.,* Case No. 12-cv-889-GPM (S.D. Ill., November 27, 2013) [Doc. 100].

appeared on behalf of *Lightspeed*. The motions were granted. Steele Hansmeier later filed a motion to vacate.

Much like how Steele has claimed to be aware of the amount in controversy in the Hennepin County action, in *Lightspeed,* Steele claimed that he was not served or was otherwise unaware of the motions pending against him. The Court in *Lightspeed* denied Steele's motion to vacate and sanctioned him pursuant to 28 U.S.C. § 1927.

> The Court also finds that Duffy, Hansmeier, and Steele exhibited a "serious and studied disregard for the orderly process of justice." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006), *quoting Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 119 (7th Cir. 1994). These men have shown a relentless willingness to lie to the Court on paper and in person, despite being on notice that they were facing sanctions in this Court, being sanctioned by other courts, and being referred to state and federal bars, the United States Attorney in at least two districts, one state Attorney General, and the Internal Revenue Service. For example, at the November 13 hearing, Hansmeier skirted the Court's direct questions, Steele made feigned protestations, and both flat-out lied about their association with Prenda Law, Inc. in the face of documentary evidence on the record in this case, and their sworn declarations in other cases.

*Id.* at 10-11 (footnotes omitted).

Here, Steele's main argument for avoiding the strict time deadlines for removal imposed by 28 U.S.C. § 1446(b)(3) is that he was not properly served or notified. The Court should consider that Judge Murphy found that Steele was untruthful in regards to whether or not he was served or notified about cases he was litigating and was untruthful about is association with co-defendant Prenda Law, Inc.

Plaintiff respectfully requests that the Court consider this supplemental authority which was unavailable at the time Plaintiff's Motion to Remand motion was filed.

Date:  December 12, 2013

By:  s/Paul A. Godfread
Paul Godfread (0389316)
paul@godfreadlaw.com
Godfread Law Firm, P.C.
100 South Fifth Street, Suite 1900
Minneapolis, MN  55402
Telephone:  (612) 284-7325
*Attorney for Plaintiff Alan Cooper*

### CERTIFICATE OF SERVICE

I hereby certify that all parties who have consented to service through ECF have been served and Defendant Steele has been served via first class mail at:

John L. Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139

Email courtesy copies have been provided via the last known email address of each party.

Date: December 12, 2013

s/Paul Godfread
Paul A. Godfread (0389136)